1

2

3

4

5                IN THE UNITED STATES DISTRICT COURT

6              FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  RIZALINA ABELLAN,                        No. C 08-00252 SI

9          Plaintiff,              **ORDER GRANTING APPLICATION**
                                   **TO PROCEED IN FORMA PAUPERIS**
10   v.                            **AND DISMISSING PLAINTIFF'S**
                                   **COMPLAINT**
11 SUPERIOR COURT OF CALIFORNIA, et al.,

12          Defendants.
                                        /
13

14       Now before the Court are plaintiff's complaints and application to proceed *in forma pauperis*

15 ("IFP"), filed on January 14, 2008.  For the reasons set forth below, the Court hereby GRANTS

16 plaintiff's IFP application and DISMISSES plaintiff's complaint with leave to amend.

17

18                              **BACKGROUND**

19       Plaintiff Rizalina Abellan has filed a complaint against the Superior Court of California, an

20 attorney who opposed her interests in a prior state court proceeding, her brother, Roseller Abellan, the

21 Sheriff's Department of San Francisco, Farmers Insurance, and an individual named Phoebe Kwong.

22 Following the filing of her original complaint, plaintiff filed a first amended complaint on February 2,

23 2008, and more recently filed a second amended complaint on February 20, 2008.  Plaintiff appears to

24 be suing these defendants in an attempt to appeal an unfavorable state court ruling.  Plaintiff's various

25 complaints mention claims for fraud, obstruction of justice, attorney malpractice, civil RICO, Title VII,

26 and possibly other statutes, though it is unclear what plaintiff's complaints actually allege.  What is clear

27 is that plaintiff takes issue with the state court's handling of her prior lawsuits.  The factual

28 circumstances that led plaintiff to file this lawsuit cannot be discerned from the unintelligible  papers

**United States District Court**
For the Northern District of California

1  she has filed thus far.

2

3                                        **LEGAL STANDARD**

4         IFP applications are reviewed under a two-part analysis under 28 U.S. C. § 1915. This analysis

5  looks first to whether a plaintiff meets the requisite financial status to be permitted to proceed in federal

6  court without first paying a filing fee.  28 U.S.C. § 1915(a)(1).  The second stage of the analysis

7  examines a plaintiff's complaint to ensure that it states cognizable, non-frivolous claims.  28 U.S.C.

8  § 1915(e)(2)(B)(i)-(ii).  The Court may, "at any time," dismiss an IFP claim if it determines that "the

9  allegation of poverty is untrue," or the complaint "(i) is frivolous or malicious; (ii) fails to state a claim

10 on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

11 such relief."  28 U.S.C. § 1915(e)(2)(B); *see Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995)

12 (noting that a court may dismiss an action under § 1915 if the "complaint neither identifies any

13 constitutional or statutory right that was violated nor asserts any basis for federal subject matter

14 jurisdiction . . .").

15        Courts treat the second prong of the analysis similarly to a motion to dismiss filed by a

16 defendant.  If it is "clear that no relief could be granted under any set of facts that could be proved

17 consistent with the [plaintiff's] allegations," then it is proper to dismiss an IFP. *See Ascon Properties,*

18 *Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989) (applying standard of review for motions to

19 dismiss under Federal Rule of Civil Procedure 12(b)(6)).  Also similar to a motion to dismiss, all

20 material allegations in an IFP complaint are taken as true and construed in the light most favorable to

21 the plaintiff. *See NL Ind., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  A pro se litigant bringing

22 an IFP suit is entitled to notice and an opportunity to amend the complaint to overcome any deficiency

23 unless it is clear that no amendment could cure the defect. *See Cato*, 70 F.3d at 1106.

24

25                                         **DISCUSSION**

26 The first stage of IFP analysis requires that a plaintiff file an affidavit describing the totality of

27

28                                             2

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1  the plaintiff's assets and stating that the plaintiff is unable to pay the required fee.  28 U.S.C.

2  § 1915(a)(1).  Plaintiff has filed such an affidavit, indicating that she is retired, receives a monthly

3  pension of $1550, and that her only significant assets are a 1986 BMW vehicle.  Although plaintiff's

4  affidavit does not quantify her monthly living expenses, it does indicate that she pays about $500 per

5  month to creditors and has two children whom she supports.  Assuming that plaintiff is being truthful

6  in her IFP application, plaintiff is within the parameters necessary to grant an IFP application due to her

7  low monthly income, prior debts, and lack of assets.  Accordingly, her application to proceed without

8  the payment of a filing fee is GRANTED.

9        The Court's grant of plaintiff's IFP application does not mean, however, that she may continue

10  to prosecute his complaint. The Court may review "at any time" plaintiff's complaint to determine

11  whether it states a cognizable cause of action against defendants.  28 U.S.C. § 1915(e)(2).

12        Plaintiff's complaints, all of which are entirely distinct in content yet uniform in their lack of

13  clarity, fail to state a claim upon which relief can be granted and are frivolous.  It is unclear what causes

14  of action plaintiff seeks to present to the Court and what facts underlie these causes of action.  It appears

15  plaintiff's chief concern is the way the state courts have handled plaintiff's prior lawsuits.  To the extent

16  plaintiff seeks review of a state court order, the Court informs plaintiff that she may not file suit in

17  federal court as an alternative to appeal from a judgment of a state court.  Federal district courts, as

18  courts of original jurisdiction, may not review the final determinations of a state court.  *See District of*

19  *Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263

20  U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Doe*

21  *& Assoc. v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001); *Olson Farms, Inc. v. Barbosa*, 134

22  F.3d 933, 936 (9th Cir. 1998).  This is so even when the state court judgment is not made by the highest

23  state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), and when

24  federal constitutional issues are at stake, *see Branson v. Nott*, 62 F.3d 287, 291 (9th Cir.), *cert. denied*,

25  516 U.S. 1009 (1995); *Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995).  This rule is referred to as

26  the *Rooker-Feldman* doctrine.

27

28                                                3

1    In addition, it is unclear from plaintiff's complaints whether this court has subject matter

2  jurisdiction over her suit. Federal courts are courts of limited jurisdiction and cannot hear every dispute

3  presented by litigants. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d

4  1221, 1225 (9th Cir. 1989). Federal courts may only adjudicate cases which the Constitution or

5  Congress authorize them to adjudicate: (1) those cases involving diversity of citizenship (where all

6  plaintiffs are from different states from all defendants and the amount in controversy is at least \$75,000),

7  *see* 28 U.S.C. § 1332; (2) those cases raising a federal question, *see* 28 U.S.C. § 1331; or (3) those cases

8  to which the United States is a party, *see*, *e.g.*, 28 U.S.C. § 1346. Federal courts are presumptively

9  without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party

10  asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

11    Plaintiff's complaints indicate that this court may not exercise jurisdiction pursuant to 28 U.S.C.

12  § 1332 because there is not complete diversity between plaintiff, a California resident, and the other

13  California defendants. In addition, although plaintiff's complaints mention, at times, various federal

14  statutes such as Title VII and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), it is

15  impossible to determine why plaintiff is bringing these federal claims, against whom she is bringing

16  them, and what facts support the claims. Indeed, it appears that plaintiff primarily pleads state law

17  causes of action against the various defendants, such as fraud, malpractice, violation of state insurance

18  laws, and breach of contract. Thus, plaintiff's complaints must also be dismissed for lack of subject

19  matter jurisdiction.

20    In sum, because plaintiff is seeking judicial review of a state court determination, and because

21  plaintiff has not demonstrated that this Court may exercise its jurisdiction over her claims, plaintiffs'

22  complaints are DISMISSED. Although plaintiff has now filed three complaints, none of which have

23  made the contours or details of her case any clearer, the Court will grant plaintiff one additional

24  opportunity to amend her complaint. In addition, to the extent plaintiff's filing of a second amended

25  complaint may be construed as a motion for leave to file an amended complaint, the Court GRANTS

26  plaintiff leave to file the second amended complaint, but notes that it does nothing to save her prior

27

28                                                                4

**United States District Court**
For the Northern District of California

1  complaints from dismissal.

2

3  **CONCLUSION**

4       For all of the foregoing reasons, the Court GRANTS plaintiff's request to proceed IFP [Docket

5  No. 3] and GRANTS plaintiff's motion for leave to file a second amended complaint [Docket No. 12].

6  The Court also DISMISSES plaintiff's complaints WITH LEAVE TO AMEND.  **If plaintiff chooses**

7  **to amend her complaint, she must file the amended complaint no later than March 14, 2008.**

8

9       **IT IS SO ORDERED.**

10

11  Dated: February 28, 2008

                SUSAN ILLSTON

12                  United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                5

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


RIZALINA ABELLAN,

          Plaintiff,

   v.

SUPERIOR COURT OF CALIFORNIA et al,

          Defendant.

                              /

Case Number: CV08-00252 SI

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 28, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Rizalina Abellan
264 Faxon Ave
San Francisco, CA 94112

Dated: February 28, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk