Lee J. Danforth, Esq. - SBN 73695
Richard G. Grotch, Esq. - SBN 127713
Richard S. Baum, Esq. - SBN 178760
Kathryn C. Klaus, Esq. - SBN 205923
**CODDINGTON, HICKS & DANFORTH**
A Professional Corporation, Lawyers
555 Twin Dolphin Drive, Suite 300
Redwood City, California 94065-2133
Tel. (650) 592-5400
Fax.(650) 592-5027

**ATTORNEYS FOR** Defendant
Fire Insurance Exchange

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIZALINA ABELLAN,<br><br>             Plaintiff,<br><br>vs.<br><br>SUPERIOR COURT OF CALIFORNIA,<br>ATTY GARY LIEBERMAN<br>FIRE INSURANCE EXCHANGE<br>MISS PHOEBE KWONG<br>SAN FRANCISCO SHERIFFS DEPT.<br><br>             Defendants.<br>_____/ | No. C 08-0252 SI<br><br>NOTICE OF MOTION AND MOTION BY DEFENDANT FIRE INSURANCE EXCHANGE TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6), OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]<br><br>Date:        April 18, 2008<br>Time:       9:00 a.m.<br>Courtroom:  10<br><br>Honorable Susan Illston |

TO PLAINTIFF IN THE ABOVE-ENTITLED MATTER:

PLEASE TAKE NOTICE that defendant Fire Insurance Exchange ("FIE") hereby moves and will move the Court on the date, time, and place set forth above, to dismiss plaintiff's Second Amended Complaint filed in this action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds:

1.        Plaintiff's claim under Business & Professions Code Section 17200, *et seq*. fails to state a cognizable cause of action;

2.        Plaintiff's claim under the Cartwright Act fails to state a cognizable cause of action;

///

---

3. Plaintiff's claim under Insurance Code Section 790.03 fails to state a cognizable cause of action;

4. Plaintiff's claim under the McCarren-Ferguson Act (15 U.S.C. Section 1012(b)) fails to state a cognizable cause of action;

5. Plaintiff's claim under Code of Civil Procedure Section 377.2 fails to state a cognizable cause of action;

6. Plaintiff's claim under Civil Code Sections 1380.1-1392.1 fails to state a cognizable cause of action;

7. Plaintiff's claim under 10 CCR 2695.4(e) fails to state a cognizable cause of action;

8. Plaintiff's prayer for punitive damages is not properly alleged; and

9. Plaintiffs have failed to allege any facts that will give rise to a cause of action against FIE.

In the alternative, FIE moves this Court for an order requiring a more definite statement as FIE cannot be reasonably required to submit a responsive pleading to any of the causes of action given the vague, ambiguous and incomprehensible language of the Second Amended Complaint, pursuant to F.R.C.P. 12(e).

This motion is based on this notice and motion, the following memorandum of points and authorities and request for judicial notice filed herewith, the pleadings and papers filed herein, and on such other matters as may be brought to the attention of the Court and the parties at or before the hearing on this motion.

Dated: March 10, 2008                             CODDINGTON, HICKS & DANFORTH

By: /s/ Kathryn C. Klaus
    _____
    Kathryn C. Klaus
    Attorneys for Defendant
    Fire Insurance Exchange

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI        2

FIE hereby submits the memorandum of points and authorities in support of its motion to dismiss and/or alternative motion for a more definite statement:

# I.

# TABLE OF CONTENTS

I. Table of Contents .................................................... 2

II. Table of Authorities .................................................. 3

III. Introduction ......................................................... 5

IV. Statement of Issues to be Determined ................................. 6

V. Standard of Review ................................................... 7

VI. Argument ............................................................. 7

    A. Plaintiff Fails to State a Cognizable Claim Under Business & Professions Code Sections 17200 and 17203 ........................................ 7

    B. Plaintiff's Second Amended Complaint Fails to State a Cognizable Cause of Action Under the Cartwright Act ....................................... 8

    C. Plaintiff Cannot, As a Matter of Law, Bring a Private Right of Action Under Insurance Code Section 790.03 ......................................... 10

    D. Plaintiff Fails to State a Cognizable Claim for Violation of the McCarren-Ferguson Act - 15 U.S.C. Section 1012(b) ...................... 10

    E. Plaintiff Fails to State a Cognizable Claim Under Code of Civil Procedure Section 377.2 ......................................................... 11

    F. Civil Code Sections 1380.1-1392.1 Were Repealed in 1992 and, Therefore, Plaintiff's Claims Should be Dismissed .................................. 11

    G. Plaintiff Fails to State a Cognizable Cause of Action Under 10 CCR 2695.4(e)    12

    H. Plaintiff's Claim for Punitive Damages Pursuant to Civil Code Section 3294 Should be Dismissed ................................................... 13

    I. Plaintiff's Second Amended Complaint Fails to Allege Any Facts Which Would Give Rise to a Cognizable Cause of Action Against FIE; Amendment Will Not Cure the Pleading Defects ..................................... 14

    J. Alternatively, Because Plaintiff's Second Amended Complaint is Vague, Ambiguous, and Incomprehensible, a More Definite Statement Should be Required ........................................................... 16

VII. Conclusion ........................................................... 16

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

# II.

# TABLE OF AUTHORITIES

**A.     Case Law Authorities**

*3250 Wilshire Boulevard Bldg. v. Employers Ins. of Wausau*,
    39 Cal. App.4th 1277, 46 Cal. Rptr. 2d 399 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*AICCO, Inc. v. Insurance Company of North America*,
    90 Cal. App. 4th 579, 109 Cal. Rptr. 2d 359 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Balistreri v. Pacifica Police Department*,
    901 F.2d 696 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Barney v. Aetna Casualty & Surety Co.*,
    185 Cal. App. 3d 966, 230 Cal. Rptr. 215 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Beck v. State Farm Mut. Auto. Ins. Co.*,
    54 Cal. App 3d. 347, 126 Cal. Rptr. 602 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Business Electronics Corp. v. Sharp Electronics Corp.*,
    485 U.S. 717, 108 S. Ct. 1515 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Clauson v. Superior Court*,
    67 Cal. App. 4th 1253, 79 Cal. Rptr. 2d 747 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Determined Productions, Inc. v. R. Dakin & Co.*,
    514 F. Supp. 645 (N.D. CA 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*G.H.I.I. v. Mts, Inc.*,
    147 Cal. App. 3d 256, 195 Cal. Rptr. 211 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*GTE Sylvania, Inc. v. Continental T. V., Inc.*,
    537 F.2d 980 (9th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*James 3 Corp. v. Truck Ins. Exchange*,
    91 Cal. App.4th 1093, 111 Cal. Rptr. 2d 181 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Karim-Panahi v. Los Angeles Police Dep't.*,
    839 F.2d 621 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Leeds v. Meltz*,
    85 F.3d 51 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Manufacturer's Life Insurance Co. v. Superior Court*,
    10 Cal. 4th 257, 41 Cal. Rptr. 2d 220 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*McHenry v. Renne*,
    84 F.3d 1172 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Moradi-Shalal v. Fireman's Fund Ins. Co.*,
    46 Cal. 3d 287, 250 Cal. Rptr. 116 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

///

**CODDINGTON, HICKS
& DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI          3

*Quelimane Co. v. Stewart Title Guar. Co.*,
    19 Cal 4th 26, 77 Cal. Rptr. 2d 709 (1998) .................................... 9

**B.    Statutory Authorities**

15 U.S.C. Section 1012 ............................................................. 10

42 U.S.C. Section 1983 ............................................................. 11

Business & Professions Code Section 16700 ................................. 8

Business & Professions Code Section 16720 ................................. 8, 9

Business & Professions Code Section 17200 ................................. 6, 7, 8

Business & Professions Code Section 17203 ................................. 7

Civil Code Section 1380.1 (repealed) .......................................... 6, 11

Civil Code Section 1392.1 (repealed) .......................................... 6, 11

Civil Code Section 3294 ........................................................... 6, 13

Code of Civil Procedure Section 377.2 ........................................ 6, 11

Insurance Code Section 790.03 .................................................. 6, 8, 9, 10

**C.    Regulatory Authorities**

10 CCR 2695.4(e) .................................................................... 6, 12, 13

**CODDINGTON, HICKS & DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI     4

# III.

# INTRODUCTION

FIE is nothing more than an unfortunate new party to an ongoing dispute between plaintiff and her brother, the Administrator of her parents' estate. The gist of plaintiff's action has nothing to do with FIE whatsoever. Instead, it arises out of a probate proceeding originally venued in the San Francisco County Superior Court, which apparently has been frustrated and delayed by the continual interference of plaintiff[1]. Her attempts to appeal or otherwise obtain relief from both the Courts of Appeal and the California Supreme Court have repeatedly been denied. (See various unnumbered exhibits to SAC, including Denial of Request for Stay dated June 1, 2001; Denial of Petition for Writ of Mandate dated October 29, 2007; Denial of Writ dated November 9, 2007; Denial of Application for Stay and Petition for Review dated November 15, 2007.) The transfer of this matter to this Court is merely an attempt to sidestep the decisions issued by the California courts; all matters pertaining to the dispute concerning the estate ought not to be re-tried in the Federal court system.[2]

Notwithstanding the questionable motivation underlying the removal of this matter to Federal court, there are basic procedural issues which preclude the advancement of this action. Namely, plaintiff's Second Amended Complaint is incomprehensible. Although there are formal claims listed on the face page of the pleading, it is impossible to determine from the rambling, incoherent text of the pleading itself which claims are alleged against whom and for what reason. What is clear, as will be discussed in detail below, is that the formal claims cannot stand as against FIE. Accordingly, FIE respectfully requests that this Court dismiss the action or, in the alternative, order that plaintiff provide a more definite statement.

///
///
///

---

[1] Plaintiff's dilatory tactics resulted in an order declaring her a vexatious litigant on July 9, 2002. (See Exhibit A to the Request for Judicial Notice, filed concurrently herewith.)

[2] An unpublished decision by the Court of Appeal is attached as Exhibit B to the Request for Judicial Notice. The decision provides some background information on the State court proceedings.

**CODDINGTON, HICKS & DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI    5

## IV.

## **ISSUES TO BE DETERMINED**[3]

1. Whether plaintiff's claim under Business & Professions Code Section 17200, *et seq*. fails to state a cognizable cause of action;

2. Whether plaintiff's claim under the Cartwright Act fails to state a cognizable cause of action;

3. Whether plaintiff's claim under Insurance Code Section 790.03 fails to state a cognizable cause of action;

4. Whether plaintiff's claim under the McCarren-Ferguson Act fails to state a cognizable cause of action;

5. Whether plaintiff's claim under Code of Civil Procedure Section 377.2 fails to state a cognizable cause of action;

6. Whether plaintiff's claim under Civil Code Sections 1380.1-1392.1 fails to state a cognizable cause of action;

7. Whether plaintiff's claim under 10 CCR 2695.4(e) fails to state a cognizable cause of action;

8. Whether plaintiff fails properly to allege a prayer for punitive damages under Civil Code Section 3294;

9. Whether plaintiff has failed to allege any facts that would give rise to a cause of action against FIE; and,

10. Whether plaintiff's Second Amended Complaint is so vague and ambiguous that FIE cannot reasonably be required to frame a responsive pleading, and a more definite statement pursuant to FRCP 12(e) is thus required.

---

[3] The issues to be determined are those listed as formal allegations on the face page of plaintiff's Second Amended Complaint, at least those that were readily understandable. Making sense of other claims, which are vaguely and incoherently alleged in the text of the pleading, is virtually impossible. FIE opted, for economy's sake, to focus on the identifiable claims that were formally listed on the face page. Additionally, all of the listed causes of action were addressed as there is no way to discern against which defendant or defendants the causes of action were specifically alleged. FIE assumed, again for purposes of efficiency, that all formal allegations are made against all defendants, including FIE.

**CODDINGTON, HICKS & DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI     6

## V.

## STANDARD OF REVIEW

FRCP 12(b)(6) provides that a defendant may make a motion to dismiss for "failure to state a claim upon which relief can be granted." When ruling upon a motion to dismiss under FRCP 12(b)(6) the court is only required to accept as true *well-pleaded* allegations. It is not required to accept conclusions of law. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1993) ["While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice."]. A dismissal pursuant to FRCP 12(b)(6) is proper where there is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

Rules of pleading are particularly important in this instance. FRCP 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, "each averment of a pleading shall be simple, concise, and direct." FRCP 8(e)(1). There are authorities which stand for the proposition that the pleading rules are somewhat relaxed for pro se litigants. *See, e.g, Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623 (9th Cir. 1988). However, the policy to protect pro se litigants does not require that the Court allow pleadings that violate Rule 8 and leave the answering party to guess and speculate when framing a responsive pleading. *See McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 1996) ("Despite all the pages, requiring a great deal of time for perusal, one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery. ... If the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then [the purpose of Rule 8] is defeated. Only by months or years of discovery and motions can each defendant find out what he is being sued for.".)

## VI.

## ARGUMENT

**A. Plaintiff Fails to State a Cognizable Claim Under Business & Professions Code Sections 17200 and 17203**

Plaintiff's Second Amended Complaint fails to state a cognizable cause of action under

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI

7

Business & Professions Code Section 17200, *et seq*. It is virtually impossible to deconstruct plaintiff's allegations to make sense of her claim that FIE somehow violated Sections 17200 and 17203. Taking the allegations in the best possible light, though, plaintiff appears to allege that counsel's routine, pre-litigation attempts to settle the matter constituted an unfair claims settlement practice pursuant to Insurance Code Section 790.03 and that FIE should be "prevented" pursuant to Section 17200 from committing certain undefined acts which are "injurious to consumers like us or me."[4] (See Second Amended Complaint [hereinafter "SAC"] at pp. 6-8; See Correspondence dated February 13, 2008 attached as unnumbered exhibit to SAC.)

It is difficult to fathom a ruling to the effect that parties should refrain from attempts to settle cases short of litigation or that such settlement efforts would be unfair or injurious, but, in any event, the law upon which plaintiff relies does not support her theory of liability. Though the statute applies to most "unlawful" business practices, it is well-established that the statutory scheme may not act as a vehicle to circumnavigate the bar against asserting a private cause of action for violation of Insurance Code Section 790.03. *AICCO, Inc. v. Insurance Company of North America*, 90 Cal. App. 4th 579, 596-597, 109 Cal. Rptr. 2d 359 (2001); *Manufacturer's Life Insurance Co. v. Superior Court*, 10 Cal. 4th 257, 283, 41 Cal. Rptr. 2d 220 (1995). Thus, claims under Section 17200, *et seq.* are barred where the sole basis for the cause of action is an alleged violation of Insurance Code Section 790.03.

Because plaintiff appears to base her Section 17200 claim on an alleged violation of Insurance Code Section 790.03 and/or a benign, routine attempt at pre-litigation settlement, the claim should be dismissed.

**B.    Plaintiff's Second Amended Complaint Fails to State a Cognizable Cause of Action Under the Cartwright Act**

Plaintiff's Second Amended Complaint fails to state a cognizable cause of action under the Cartwright Act (Business & Professions Code Section 16700, *et seq.*). Specifically, plaintiff alleges violation of Sections 16699 and 16720 of the Cartwright Act. (See SAC at p.1.) Section 16699 of the Act could not be located and, therefore, will not be addressed herein. With respect to the allegations

---

[4] Plaintiff makes other references to Business & Professions Code Section 17200, but this is the only reference which somewhat makes sense in the context of the other, related allegations and the only one which (arguably) specifically identifies an underlying legal violation.

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI    8

1  concerning violation of Section 16720, it is clear that the Cartwright Act was intended to address
2  restraint of trade and anti-competitive conduct, issues which are irrelevant in this litigation.
3  Accordingly, these claims should be dismissed.

4      In order to maintain a cause of action for violation of Section 16720 of the Cartwright Act, at
5  a minimum plaintiff must allege as follows: (1) the formation and operation of the conspiracy; (2) the
6  wrongful act or acts done pursuant thereto; and (3) the damage resulting from such act or acts.
7  *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal 4th 26, 77, 77 Cal. Rptr. 2d 709 (1998) (citations
8  omitted). Generally, there are two forms of conspiracy that may be used to establish a violation of the
9  Section 16720. *G.H.I.I. v. Mts, Inc*., 147 Cal. App. 3d 256, 195 Cal. Rptr. 211 (1983). The conspiracy
10 element may be shown through a "horizontal restraint," which consists of a collaboration among
11 competitors. *Id*. at 267. It may also be shown through a "vertical restraint", which generally arises in
12 the context of exclusive dealerships or territorial franchisee agreements in the manufacturer-dealer
13 business model. *Business Electronics Corp. v. Sharp Electronics Corp*., 485 U.S. 717, 108 S. Ct. 1515
14 (1988); *GTE Sylvania, Inc. v. Continental T. V., Inc*., 537 F.2d 980 (9th Cir. 1976); *Determined
15 Productions, Inc. v. R. Dakin & Co.*, 514 F. Supp. 645, 647 (N.D. CA 1979).

16     There are no allegations in the Second Amended Complaint to the effect that FIE was part of
17 a conspiracy to restrain trade, either vertically or horizontally. Indeed, the only allegations concerning
18 the Cartwright Act are as follows:

19      As Unfair Insurance Practices Act, Ins. Code section 790.03 prohibits
     deceptive unfair practices which insurance commissioner must
20   enforce as to Cartwright Act Bu. And Prof. Code sub-section 16600,
     16724 et seq. As to anti-competitive effect that violation both section
21   790.03 and Cartwright Act. Sec. 16699.16720 following as to
     damages and attorney's fees can be maintained. Insurers were sued
22   for boycott of settlement.

23 (See SAC at p. 10.) It is simply impossible to understand what, if anything, plaintiff intended to claim
24 as a violation of the Cartwright Act. Her allegations are unreadable. Realistically, though, from a
25 superficial standpoint, it is inconceivable that this action, which stems from a probate proceeding, has
26 anything at all to do with a restraint of trade.

27     Based on the foregoing, FIE respectfully requests that this Court dismiss plaintiff's cause of
28 action under the Cartwright Act.

**CODDINGTON, HICKS
& DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI

9

**C.    Plaintiff Cannot, As a Matter of Law, Bring a Private Right of Action Under Insurance Code Section 790.03**

Plaintiff alleges that FIE violated Insurance Code Section 790.03. It is well-established that plaintiff cannot bring any such cause of action and, therefore, the claim must be dismissed.

In 1988, the California Supreme Court in *Moradi-Shalal v. Fireman's Fund Ins. Co.*, 46 Cal. 3d 287, 250 Cal. Rptr. 116 (1988) specifically held that no private cause of action could be stated for violation of Insurance Code Section 790.03. In so holding, the Court found, inter alia, that the Legislature never intended Section 790.03 to form the basis for a private cause of action; rather, its provisions were intended only to allow for administrative remedies for violation of the statute. Plaintiff cites to the *Moradi-Shalal* decision, which does not support, but instead actually precludes, her cause of action. (SAC at p. 7.)

Based on the foregoing, FIE respectfully requests that this Court dismiss plaintiff's cause of action for violation of Insurance Code Section 790.03.

**D.    Plaintiff Fails to State a Cognizable Claim for Violation of the McCarren-Ferguson Act - 15 U.S.C. Section 1012(b)**

Plaintiff makes a vague claim for relief under the McCarren-Ferguson Act. 15 U.S.C. Section 1012(b). Plaintiff fails to state a cognizable claim against FIE and, therefore, the cause of action should dismissed.

The applicable section of the McCarren-Ferguson Act (15 U.S.C. Section 1012(b)) provides as follows:

> Federal regulation. No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance: Provided, That after June 30, 1948, the Act of July 2, 1890, as amended, known as the Sherman Act [15 USCS §§ 1 et seq.], and the Act of October 15, 1914, as amended, known as the Clayton Act, and the Act of September 26, 1914, known as the Federal Trade Commission Act, as amended [15 USCS §§ 41 et seq.], shall be applicable to the business of insurance to the extent that such business is not regulated by State law.

This section of the Act essentially exempts the business of insurance from federal anti-trust regulation, thus leaving the individual States more latitude to regulate the industry.

With respect to this cause of action, plaintiff apparently alleges that she was the victim of

**CODDINGTON, HICKS & DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI    10

discrimination, that she has a Fourteenth Amendment right to an attorney from a business such as FIE, and that insurance companies cannot unreasonably discriminate against her. (SAC at p. 10.) She concludes as follows:

> McCarran-Ferguson Act enacted for the purpose of Regulatory Insurance unless such Federal law specifically relates to the business of insurance as in my case

(Id. at pp.10-11.) Plaintiff then launches into an argument under 42 U.S.C. Section 1983. Even when these allegations are taken in the *best possible* light, it is impossible to discern what plaintiff is actually alleging. Plaintiff's contention that she has a constitutional right to have FIE appoint an attorney to represent her is certainly novel, but what connection, if any, this claim has to her cause of action under the McCarren-Ferguson Act is completely unclear.

Based on the foregoing, FIE respectfully requests that this Court dismiss plaintiff's cause of action under the McCarren-Ferguson Act.

**E.    Plaintiff Fails to State a Cognizable Claim Under Code of Civil Procedure Section 377.2**

Code of Civil Procedure Section 377.2 has absolutely no bearing on this matter as it relates to FIE, or any of the other defendants for that matter. Section 377.2 is California's survival statute, which precludes the abatement of a decedent's cause of action. This action stems from the probate proceedings following the death of plaintiff's parents and has been ongoing since at least 2001. (See unnumbered exhibits to SAC.) There are no allegations in the text of the Second Amended Complaint concerning causes of action that survived the death of plaintiff's parents and, even if there were, statute of limitations issues would certainly operate to preclude any such claims.

Based on the foregoing, FIE respectfully requests that this Court dismiss the cause of action under Code of Civil Procedure Section 377.2.

**F.    Civil Code Sections 1380.1-1392.1 Were Repealed in 1992 and, Therefore, Plaintiff's Claims Should be Dismissed**

Plaintiff alleges a cause of action under Civil Code Sections 1380.1-1392.1, but these statutes were repealed in 1992. Accordingly, plaintiff fails to state a cognizable cause of action and her claims should be dismissed.

///

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI     11

**G.    <u>Plaintiff Fails to State a Cognizable Cause of Action Under 10 CCR 2695.4(e)</u>**

Plaintiff alleges that FIE violated 10 CCR 2695.4(e). However, plaintiff's claims are literally undecipherable; her allegations fail to state a cognizable claim and should be dismissed.

Section 2695.4 is part of the California Fair Claims Settlement Practices Regulations and it generally concerns an insurer's representations of policy provisions and benefits. The regulation provides, in relevant part, as follows:

No insurer shall:

> (1) request that a claimant sign a release that extends beyond the subject matter which gave rise to the claim payment unless, prior to execution of the release, the legal effect of the release is disclosed and fully explained by the insurer to the claimant in writing. For purposes of this subsection, an insurer shall not be required to provide the above explanation or disclosure to a claimant who is represented by an attorney at the time the release is presented for signature;
>
> (2) be precluded from including in any release a provision requiring the claimant to waive the provisions of California Civil Code Section 1542 provided that, prior to execution of the release, the legal effect of the release is disclosed and fully explained by the insurer to the claimant in writing. For purposes of this subsection, an insurer shall not be required to provide the above explanation or disclosure to a claimant who is represented by an attorney at the time the release is presented for signature.

10 CCR 2695.4(e). Clearly this portion of the regulation relates to parameters on the language in settlement agreements and releases used by insurers.

There is no allegation, nor can there be, that the provisions of a settlement agreement and/or release entered into between FIE and plaintiff somehow violated the law. Rather, plaintiff alleges in a rambling, incoherent manner that,

> [A]s to defense, cost damages, causation as to tort, fraud, are payable to us by [FIE] as the Policy apply. 1st Part Property, 3rd Part liability to defend damages incurred as to resistance must be sanctioned. Insurer's bad faith under unfair claims practices regulations prohibits insurers claims for dismissal or release, Cal. Code Reg. Section 2695.4 e ...

(SAC at p. 5.) Taking the allegations in the *best* light, it is possible that plaintiff is attempting to allege that FIE's request for the dismissal constituted a violation of Section 2695.4(e). (See Stipulation and [Proposed] Order for Dismissal of Defendant Fire Insurance Exchange [Erroneously Sued Herein as Farmers Insurance] Only [FRCP 41] and February 13, 2008 correspondence, attached as unnumbered

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI        12

exhibit to SAC.) However, the plain language of the regulation applies only to releases. And there really is no plausible justification for the notion that a request for dismissal, particularly when related to allegations that have no support in the law whatsoever, could somehow violate the law or constitute an unfair practice.

Based on the foregoing, FIE respectfully requests that the Court dismiss plaintiff's claims under 10 CCR 2695.4(e).

### H. Plaintiff's Claim for Punitive Damages Pursuant to Civil Code Section 3294 Should be Dismissed

Plaintiff prays for the imposition of punitive damages pursuant to Civil Code Section 3294, and specifically requests an award in the amount of $2 million. (SAC at p. 13.) Plaintiff fails to plead her claim with sufficient specificity and, therefore, it should be dismissed.

It is well settled that the ultimate facts showing an entitlement to relief in the form of punitive damages must be pled by a plaintiff. *Clauson v. Superior Court*, 67 Cal. App. 4th 1253, 1255, 79 Cal. Rptr. 2d 747 (1998). This is because exemplary or punitive damages are imposed only in the rarest of circumstances. *Beck v. State Farm Mut. Auto. Ins. Co.*, 54 Cal. App 3d. 347, 126 Cal. Rptr. 602 (1976) ("the law does not favor punitive damages and they should be granted only with the greatest of caution"). Consequently, to support an award of exemplary and/or punitive damages, an insurer's conduct must go beyond that ordinarily characterized as "bad faith" and there must be "clear and convincing evidence" of "oppression, fraud or malice." Civil Code Section 3294(c)(3).

In support of her prayer for exemplary and punitive damages, plaintiff alleges only conclusory statements and no facts. The mere recital and characterization that conduct is malicious, intentional or oppressive is insufficient as a matter of law in and of itself to support a claim for exemplary and/or punitive damages. Plaintiff must allege actual facts illustrating "despicable conduct" carried out by defendant with a "willful and conscience disregard of the rights and safety of others." Civil Code Section 3294(c)(1).

Plaintiff has failed properly to allege her claim for punitive damages. Because her Second Amended Complaint fails to state a cognizable claim under any theory of liability against FIE and because it contains only conclusory allegations concerning the imposition of punitive damages, her

**CODDINGTON, HICKS & DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI

13

claim should be dismissed.

## I. Plaintiff's Second Amended Complaint Fails to Allege Any Facts Which Would Give Rise to a Cognizable Cause of Action Against FIE; Amendment Will Not Cure the Pleading Defects

Plaintiff's Second Amended Complaint fails to allege any facts which would give rise to a cognizable cause of action against FIE. Again, this matter stems from a probate proceeding originally venued in the San Francisco County Superior Court. (See various unnumbered exhibits to SAC.) Taking the pleading as a whole, it appears that plaintiff contends that FIE owed her duties with respect to first and third party claims under the policy of insurance. (See SAC at p. 3.) However, the remaining allegations simply do not add up to any cognizable cause of action nor is there any possibility that amendments would cure the deficiency.

With respect to the first party claim, plaintiff vaguely alleges that she is entitled to $349,000 for the property in San Pablo. (SAC at pp. 6-7.) However, the policy provides, in relevant part, as follows:

**CONDITIONS**

1. *Insurable Interest and Limit of Insurance.* Even if more than one **person** or organization has an insurable interest in the covered property we shall *not* pay more than:

   a. An amount equal to the **insured's** interest, or
   b. The applicable amount of insurance.

(See FIE policy booklet attached as unnumbered exhibit to SAC.) And plaintiff conveniently failed to attach as an exhibit to her pleading the court documents showing that the San Pablo property was part of her parents' estate and its sale was overseen and ultimately confirmed by the San Francisco Superior Court on or about May 3, 2007.[5] (See Exhibits C through H to the Request for Judicial Notice, filed concurrently herewith.) Plaintiff had no ownership interest in the property and, therefore, was not entitled to make a first party claim for the policy limits. Plaintiff does not support her claim with any degree of specificity because she cannot actually point to any facts or evidence which would lead to the conclusion that a cognizable claim could be made against FIE with respect to a valid first party claim

---

[5] Plaintiff did attach an order pertaining to the other property owned by the Estate and located at 101 Campbell Street in San Francisco. (See Writ of Execution, attached as unnumbered exhibit to SAC.)

**CODDINGTON, HICKS & DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI

14

for coverage under the policy.

With respect to the duty to defend, plaintiff apparently alleges that, pursuant to the Fourteenth Amendment, she is entitled to have an attorney appointed for her by FIE. (SAC at p. 10.) She also vaguely alleges that FIE refused to provide her with a defense. (Id. at p.4.) Notwithstanding the obvious problems with such a contention, the fact of the matter is that FIE has no contractual obligation to provide her with an attorney to prosecute her action against her brother, as the Administrator of the Estate, and his attorney, defendant Gary Lieberman.

The FIE policy contains a standard liability provision, which provides in relevant part, as follows:

> **Section II - Business Liability Coverages**
>
> **Coverage E - Business Liability**
>
> We shall pay as damages from an **occurrence** which an **insured** is legally liable to pay because of **bodily injury,** personal injury, or **property damage** arising out of the ownership, maintenance, or use of the **insured location** covered by this policy.

(See FIE policy booklet attached as unnumbered exhibit to SAC.) Liability provisions generally obligate an insurer to defend an insured against actions concerning the insured property. The duty to defend, however, does not include the duty to prosecute. In California, it is generally understood that a liability provision does not obligate an insurer to prosecute affirmative actions on behalf of insureds. See *James 3 Corp. v. Truck Ins. Exchange*, 91 Cal. App.4th 1093, 1104-1106, 111 Cal. Rptr. 2d 181 (2001) (insurer not obligated to fund and prosecute cross-complaints even if related to or intertwined with action against insured); *Barney v. Aetna Casualty & Surety Co.*, 185 Cal. App. 3d 966, 975, 230 Cal. Rptr. 215 (1986) (insurer has no contractual duty to file cross-complaint on behalf of insured); *3250 Wilshire Boulevard Bldg. v. Employers Ins. of Wausau*, 39 Cal. App.4th 1277, 1280, 46 Cal. Rptr. 2d 399 (1995) (insurer has no duty to prosecute insured's affirmative claims). Plaintiff has not alleged nor has she attached as evidence anything to suggest that she was subject to an action arising out of the insured property. Indeed, the evidence actually shows that she is and always has been the moving party. (See various unnumbered exhibits to the SAC.)

Because plaintiff has failed to allege any facts which would give rise to a cause of action

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI

15

1 against FIE and, because she could not possibly amend the complaint to include any such facts, this
2 matter should be dismissed.

### J. Alternatively, Because Plaintiff's Second Amended Complaint is Vague, Ambiguous, and Incomprehensible, a More Definite Statement Should be Required

Federal Rule of Civil Procedure 12(e) provides in relevant part that "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." The problems with the Second Amended Complaint do not require elaboration; plaintiff's failure to follow even the most basic rules of pleading is clear from even a cursory reading of her papers. Accordingly, if this Court declines to dismiss the action in its entirety, it should order the plaintiff to provide a more definite statement.

## VII.

## CONCLUSION

Plaintiff fails to allege facts sufficient to constitute a cognizable cause of action under any of the formal allegations listed on the face page of her Second Amended Complaint. The majority of the claims simply are not supported by the allegations, even when the allegations are cobbled together and read in the best possible light. Although there are some claims which are more readily discernable, even then, assumptions must be made and, in any event, such claims lack support both in the facts and the law. Finally, while plaintiff makes vague allegations to first and third party obligations on the part of FIE, plaintiff's own exhibits as well as court documents from the underlying litigation demonstrate that no such obligations exist. This action stems from a probate proceeding wherein plaintiff's attempt to frustrate and delay the administration of the estate were wholly and repeatedly rejected by the California State courts; plaintiff should not be allowed to sidestep those decisions and dismissal of this matter is entirely proper.

At the very least, the Court should order a more definite statement. Even then, though, the equities do not weigh in plaintiff's favor. This is not your typical pro se litigant - as the exhibits to her Second Amended Complaint demonstrate, she has been filing actions in pro per for years. Yet, after all this time, she still fails to follow even the most basic rules of pleading. And herein, plaintiff has filed

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI    16

1  a number of amended pleadings, none of which have improved upon the last. Still, if this Court declines
2  to dismiss the action in its entirety, a more definite statement is necessary to allow FIE to form a
3  responsive pleading.
4      Based on the foregoing, defendant FIE respectfully requests that the Court dismiss this action
5  in its entirety or, in the alternative, order plaintiff to provide a more definite statement.

Dated: March 10, 2008                      Respectfully submitted,

CODDINGTON, HICKS & DANFORTH

/s/ Kathryn C. Klaus

By:_____
Kathryn C. Klaus
Attorneys for Defendant
Fire Insurance Exchange

---

**CODDINGTON, HICKS & DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Notice of Motion And Motion By Defendant Fire Insurance Exchange To Dismiss Pursuant To F.R.C.P. 12(b)(6), Or In The Alternative, Motion For A More Definite Statement [F.R.C.P. 12(e)]- Case No. C 08-0252 SI    17