Lee J. Danforth, Esq. - SBN 73695
Richard G. Grotch, Esq. - SBN 127713
Richard S. Baum, Esq. - SBN 178760
Kathryn C. Klaus, Esq. - SBN 205923
**CODDINGTON, HICKS & DANFORTH**
**A Professional Corporation, Lawyers**
555 Twin Dolphin Drive, Suite 300
Redwood City, California 94065-2133
Tel. (650) 592-5400
Fax.(650) 592-5027

**ATTORNEYS FOR** Defendant
Fire Insurance Exchange

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIZALINA ABELLAN, | No. C 08-0252 SI |
| Plaintiff, | |
| vs. | DEFENDANT FIRE INSURANCE EXCHANGE'S REQUEST FOR JUDICIAL NOTICE |
| SUPERIOR COURT OF CALIFORNIA, ATTY GARY LIEBERMAN FIRE INSURANCE EXCHANGE MISS PHOEBE KWONG SAN FRANCISCO SHERIFFS DEPT. | Date:        April 18, 2008 Time:        9:00 a.m. Courtroom:   10 |
| Defendants. | Honorable Susan Illston |

Defendant Fire Insurance Exchange (hereinafter "FIE") hereby requests that this Court take judicial notice of the pleadings, findings of fact, conclusions of law, decisions, and judgments rendered by the California Courts as follows:

1.      Order Following Hearing wherein the plaintiff was found to be a vexatious litigant by the San Francisco County Superior Court, document dated July 9, 2002 and attached hereto as Exhibit A;

2.      Unpublished opinion and subsequent Remittitur from the Court of Appeal, First Appellate District, documents dated May 14, 2003 and July 13, 2003 respectively and attached hereto as Exhibit B;

3.      Notice of Intention to Sell Real Property at Private Sale, dated May 16, 2006 and attached hereto as Exhibit C;

1    4.    Ex Parte Order to Enter Into and Execute Exclusive Listing Agreement, dated July 14, 2006

2    and attached hereto as Exhibit D;

3    5.    Order for Authority to Borrow Money and to Execute a Deed of Trust, dated August 23,

4    2006 and attached hereto as Exhibit E;

5    6.    Ex Parte Petition to Enter Into and Execute Exclusive Listing Agreement, dated December

6    27, 2006 and attached hereto as Exhibit F;

7    7.    Ex Parte Order to Renew Exclusive Listing Agreement, dated January 3, 2007 and attached

8    hereto as Exhibit G; and,

9    8.    Order Confirming Sale of Real Property, dated May 3, 2007 and attached hereto as Exhibit

10   H.

11       Such a request is proper on the grounds that the District Court may properly take judicial notice

12   of court filings and other matters of public record. See *Burbank-Glendale-Pasadena Airport Auth. v.*

13   *City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998).

14   Dated: March 10, 2008                    CODDINGTON, HICKS & DANFORTH

15

16                                           /s/ Kathryn C. Klaus
                                       By:_____
17                                           Kathryn C. Klaus
                                             Attorneys for Defendant
18                                           Fire Insurance Exchange

19

20

21

22

23

24

25

26

27

28

**CODDINGTON, HICKS**
**& DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

2

Defendant Fire Insurance Exchange's Request for
Judicial Notice – No. C 08-0252 SI

EXHIBIT A

1  GARY R. LIEBERMAN, ESQ. CSB 71684
   McCarty & Lieberman
2  Wood Island Office Center-Larkspur Landing
   60 East Sir Francis Drake Boulevard, Suite 206
3  Larkspur, California 94939
   Telephone (415) 461-2339
4  Facsimile (415) 461-6352

5  Attorney for ROSELLER ABELLAN

```
 F I L E D
San Francisco County Superior Court

   JUL - 9 2002

GORDON PARK-LI, Clerk
BY: _____
              Deputy Clerk
```

6

7              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

9

In Re The Estate of          )  Case No.: No. 280338
10                           )
RUFINA ALBANIA ABELLAN,      )  ORDER FOLLOWING HEARING
11                           )
         Deceased.           )
12                              DATE OF HEARING: 6/18/02
                                TIME OF HEARING: 9:00 A.M.
13 ─────────────────────────────  DEPARTMENT NO : Probate, Room 204

14      The Order to Show Cause Re Contempt, Imposing Sanctions and Finding

15 RIZALINA ABELLAN a Vexatious Litigant, having been continued to this date

16 from 6/4/02 at the request of RIZALINA ABELLAN, came on regularly for hearing

17 this date before the Honorable John Dearman, Judge Presiding. GARY R.

18 LIEBERMAN appeared on behalf of Petitioner, RIZALINA ABELLAN failed to

19 appear. Good Cause appearing therefore, IT IS ORDERED that a Body Attachment

20 issue for RIZALINA ABELLAN, to be brought before this Court on a Tuesday or

21 Wednesday, to show cause why she should not be found in Contempt of Court,

22 liable for Sanctions and found to be a Vexatious Litigant.

23      Further status of this matter is set for July 9, 2002 at 9:00 a.m.

24 Dated: _June 26_, 2002

25                                    _____
                                     JUDGE OF THE SUPERIOR COURT
                                     JOHN DEARMAN

                      ORDER FOLLOWING HEARING - 1

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE CITY AND COUNTY OF SAN FRANCISCO

**FILED**

San Francisco County Superior Court

JUL - 9 2002

GORDON PARK-LI, Clerk

BY: _Albenyei Aspay_

Deputy Clerk

ROSELLER ABELLAN, Administrator of
the Estate of RUFINA ALBANIA ABELLAN

          Petitioner    xPRMMMK

          vs.

RIZALINA ABELLAN

          Respondent    Batendmat,

No. 280338

ORDER FOR WARRANT OF
ATTACHMENT FOR CONTEMPT

*(handwritten in left margin: WARRANT ISSUED)*

It appearing from the declaration of ........ ROSELLER ABELLAN ........

                                                                (Name)

that........ RIZALILNA ABELLAN ........,

     defendant/plaintiff                                         (Name)

has been found in contempt of the order(s) of this Court on ........ June 18, 2002 ........ xxx :

IT IS HEREBY ORDERED that a warrant of attachment of the body of........

RIZALINA ABELLAN

                    (Name)                    ........issue out of this Court, commanding the

Sheriff of the City and County of San Francisco to attach........ RIZALINA ABELLAN

                                                                (Name)

/her
and bring him before this Court on........ 7-23-02 ........, ymm at 9:00 a.m., or as

soon thereafter as apprehended, then and there to answer the charge of contempt contained in the declara-
tion.

IT IS FURTHER ORDERED that a copy of the declaration be served on ........ Rizalina Abellan

                                                                (Name)

at the time of his arrest under this warrant of attachment.

Said warrant shall expire 60 days after issuance thereof.

Dated : ........ JUL - 9 2002 ........

                                        _John Dearman_

                                        Judge of the Superior Court

                                        **JOHN DEARMAN**

Co. Clerk F 1375          ORDER FOR WARRANT OF ATTACHMENT          CC49

EXHIBIT B

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 2

FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2003 JUL 17 AM 8: 04

GORDON PARK - LI, CLERK

BY: Cynthia G. Herbert
DEPUTY CLERK

Office of the County Clerk
San Francisco Superior Court - Civil Division
Attention: Civil Appeals
400 McAllister Street - 1st Fl
San Francisco, CA 94102-4512

In re the Estate of RUFINA ABELLAN, Deceased.

RIZALINA ABELLAN,
Plaintiff and Appellant,

v.

ROSELLER ABELLAN,
Defendant and Respondent.

A098284
San Francisco County No. PES280338

AFFIRMED

* * REMITTITUR * *

I, Ron D. Barrow, Clerk of the Court of Appeal of the State of California, for the First Appellate District, do hereby certify that the attached is a true and correct copy of the original opinion or decision entered in the above-entitled cause on May 14, 2003 and that this opinion has now become final.

\_\_\_\_Appellant ✓ Respondent to recover costs
\_\_\_\_Each party to bear own costs
\_\_\_\_Costs are not awarded in this proceeding
\_\_\_\_See decision for costs determination

Witness my hand and the Seal of the Court affixed at my office this **JUL 14 2003**

Very truly yours,
Ron D. Barrow
Clerk of the Court

**IMELDA SANTOS**
Deputy Clerk

P.O. Report:           \_\_\_\_
Marsden Transcript:    \_\_\_\_
Boxed Transcripts:     \_\_\_\_
Exhibits:              
None of the above:     ✓

rem1

COPY

Filed 5/14/03

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION TWO

**FILED**

Court of Appeal - First App. Dist.

MAY 14 2003

RON D. BARROW, CLERK

By _____

DEPUTY

| | |
|---|---|
| RIZALINA ABELLAN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ROSELLER ABELLAN, Individually and as Administrator etc.,<br><br>    Defendant and Respondent. | A098284<br><br>(San Francisco County<br>Super. Ct. No. 280338) |

## I.

### INTRODUCTION

On March 12, 2002, we filed a nonpublished opinion in a pro. per. appeal taken by appellant Rizalina Abellan (Rizalina) (*Abellan v. Abellan* (A094392)). In her first appeal, Rizalina sought to overturn numerous orders entered by the San Francisco Superior Court in the distribution of her mother's estate. She also questioned many of the actions taken by respondent Roseller Abellan (Roseller), Rizalina's brother and administrator of their mother's estate. We found Rizalina had "failed to develop any of her issues with a comprehensible legal argument supported by citations to relevant authorities and references to the record." (Opn. p. 3.) We concluded, "Rizalina's contentions are waived on account of her failure to present any intelligible legal argument . . . ." (Opn. p. 4.)

Rizalina, still acting in pro. per., has filed a second appeal that suffers from the same defects as the first. Once again, we affirm because Rizalina has failed to establish any error or abuse of discretion by the trial court.

1

## II.

### FACTS AND PROCEDURAL HISTORY

We repeat the basic facts from our prior opinion. Roseller is the duly appointed and acting administrator of the estate of Rufina Abellan, who died intestate on April 18, 2000, leaving 13 children. At the time of her death, Rufina owned two pieces of real property, 101 Campbell Street, San Francisco, California, and 1609 California Avenue, San Pablo, California. An inventory and appraisal of the two properties has been filed with the court showing the value of the properties to be $450,000.

There is no cash in the estate. There is a mortgage on the San Francisco property, property taxes and insurance due and owing on both properties, and debts of the decedent, which have not been paid. Roseller, the estate's administrator, requested and received permission from the court to sell the real properties in order to pay the decedent's debts and the expenses of administrating the estate.

There is family discord regarding the use and enjoyment of the real property and there is a dispute as to certain of the heirs' entitlement to live in the San Francisco property. Also, there are allegations that Rizalina, appellant herein, has considered herself to be the personal representative of the estate and has seized control of the estate assets, to the exclusion of Roseller's authority as the duly appointed personal representative of the estate.

The court has very firmly and repeatedly warned Rizalina that she has no authority whatsoever to act as personal representative of Rufina's estate and that she is to cease and desist from such conduct. At the hearing held on January 2, 2001, the court admonished: "Let's get this settled. . . . Only Mr. Rosler [sic] Abellan has the right to take care of that property. He is the administrator of this estate."

Rizalina has filed volumes of pleadings and documents in this proceeding. For instance, Roseller discovered that on December 11, 2000, Rizalina filed an unlawful detainer action in connection with the rental property in the Richmond branch of the Contra Costa County Superior Court. Furthermore, Roseller discovered that in June 2000 (at a time when she was instructed by the court that she was not the personal

2

representative of the estate), Rizalina, without Roseller's knowledge or consent, entered into a written rental agreement for the same property that is the subject of the unlawful detainer proceeding. Roseller sought and obtained a permanent injunction enjoining Rizalina "from prosecuting, and continuing to prosecute" the unlawful detainer action in the Richmond branch of the Contra Costa County Superior Court.

Rizalina's docketing statement indicates the instant appeal is from an order dated February 27, 2002. The order states, in pertinent part, "Mrs. Abellan has not provided Mr. Lieberman [the estate administrator's attorney] with her accounting. She has filed a petition for removal . . . . Court is not going to require an accounting from Mrs. Abellan. Mr. Lieberman is allowed to proceed to evict the people that are in the S.F. property and to proceed to sell the properties. Mrs. Abellan and her brothers' shares will be deducted for amount of reasonable rent. Court is staying the contempt order [for disobeying court's orders] until this is completed. Court will surcharge Mrs. Abellan and her brothers that are in the property."

## III.

### DISCUSSION

Rizalina has presented a number of incomprehensible arguments in an attempt to convince this court that error has permeated these proceedings. We discern from her often rambling and incoherent narratives that she is principally challenging the portion of the order requiring sale of the San Francisco property. For example, her brief begins with the following statement, "This ruling violates statutory requirements that are abused by the defendant and the court." But then her argument deteriorates into legal gibberish: "Appellant was in superceded privileged thus violates or breach our contractual agreement." Furthermore, Rizalina's brief contains no statement or summary of material facts, no relevant procedural history, and no statement of the nature of the action and relief sought, as required by rule 13 of the California Rules of Court. The brief fails to support Rizalina's factual assertions with references to the record, as required by rule 15(a) of the California Rules of Court. But most important, she has failed to develop

any of her issues with a cogent legal argument supported by citations to relevant authorities and references to the record.

We emphasize that an appellant appearing in propria persona is entitled to the same, but no greater consideration than other litigants and attorneys. (*Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1056; *Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121; *Williams v. Pacific Mutual Life Ins. Co.* (1986) 186 Cal.App.3d 941, 944.) It is not our function as a reviewing court to act as "backup counsel" for the parties. We are not required to make an independent, unassisted study of the record to determine whether it supports appellant's contentions. Nor are we required to construct Rizalina's legal arguments for her. Rather, when no comprehensible legal argument is made on a particular point, we may treat the point as waived and pass it without consideration. (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546; see also *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115-1116.) Relying on this authority, we conclude that Rizalina's contentions are waived on account of her failure to present any intelligible legal argument in her appeal.

### III.

### Disposition

The judgment is affirmed.

_____

Ruvolo, J.

We concur:

_____

Kline, P.J.

_____

Lambden, J.

A098284, *Abellan v. Abellan*

5

EXHIBIT C

1  GARY R. LIEBERMAN, ESQ. CSB 71684
   McCarty & Lieberman
2  1615 Hill Road, suite 1
   Novato, California 94947
3  Telephone: (415) 897-2226
   Facsimile: (415) 897-3335
4
   Attorney(s) for ROSELLER ABELLAN, Administrator
5

**FILED**
San Francisco County Superior Court

MAY 1 6 2006

GORDON PARK-LI, Clerk
BY: _____
                    Deputy Clerk

6

7              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                          COUNTY OF SAN FRANCISCO

9
   In Re The Estate of                    CASE NO: 280388
10
   RUFINA ALBANIA ABELLAN,                NOTICE OF INTENTION TO SELL REAL
11              Deceased.                  PROPERTY AT PRIVATE SALE

12

13

14  ─────────────────────────

15      NOTICE is hereby given that, subject to confirmation by this Court, on

16  June 30, 2006 at 10:00 A.M., or thereafter within the time allowed by law,

17  the undersigned as Administrator of the Estate of the above-named decedent,

18  will sell at private sale to the highest and best net bidder on the terms and

19  conditions hereinafter mentioned, all right, title, and interest of the

20  decedent, in the real property located in Contra Costa County, California, as

21  follows:

22          That certain real property located in the City of San Pablo, County
            Of Contra Costa, State of California, legally described as follows:
23              Lot 28, Block 21, Map of Emeric Subdivision Map #2,
                Filed May 4, 1908, Map Book 1, page 1, Contra Costa
24              County; Assessor's Parcel No. 410-142-007-5

25

              NOTICE OF INTENTION TO SELL REAL PROPERTY AT PRIVATE SALE

              ESTATE OF RUFINA ALBANIA ABELLAN; CASE 280388 - 1

1    This property is commonly referred to as 1609 California Avenue, San

2 Pablo California.

3    The sale is subject to current taxes, covenants, conditions,

4 restrictions, rights, rights of way, tenant's rights, health and safety code

5 violations and easements of record, with any encumbrances of record to be

6 satisfied from the purchase price.

7    The property is to be sold on an "as-is" basis, except for title.

8    Bids or offers are invited for this property and must be in writing and

9 will be received at the office of Gary R. Lieberman, Attorney for the

10 Administrator, at 1615 Hill Road, Suite 1, Novato, California, or delivered

11 to Gary R. Lieberman personally, at any time after first publication of this

12 notice and before any sale is made.

13    The property will be sold on the following terms: all cash; 10% of the

14 amount of the bid to accompany the offer by certified check, and the balance

15 to be paid of confirmation of sale by the Court.  Taxes, rents operating and

16 maintenance expenses, and premiums on insurance, shall be prorated as of the

17 date of recording of conveyance. Examination of title, recording of

18 conveyance, and any title insurance, shall be paid by the purchaser.  Seller

19 shall pay the recording of conveyance and transfer taxes.

20    The undersigned reserves the right to refuse to accept any bids.

21

22 Dated: 4/30, 2006

23                                    ROSELLER ABELLAN, Administrator

24

25

NOTICE OF INTENTION TO SELL REAL PROPERTY AT PRIVATE SALE

ESTATE OF RUFINA ALBANIA ABELLAN; CASE 280388 - 2

EXHIBIT D

1  Gary R. Lieberman, Esq.  SBN #71684
   McCarty & Lieberman
2  1615 Hill Road, Suite 1
   Novato, California 94947
3  Telephone:  (415) 897-2226
   Facsimile:  (415) 897-3335
4
   Attorney for ROSELLER ABELLAN, Administrator
5

**F I L E D**
San Francisco County Superior Court
JUL 1 4 2006
GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10

11 In the Matter of the Estate of          )  CASE NO: 280338
                                           )  EX PARTE
12 RUFINA ALBANIA ABELLAN,                 )  ORDER ~~ON EX PARTE PETITION~~ TO ENTER
                                           )  INTO AND EXECUTE EXCLUSIVE LISTING
13            Deceased.                     )  AGREEMENT

14                                            DATE OF HEARING: EX PARTE
                                              TIME OF HEARING: N/A
15                                            DEPARTMENT: PROBATE-ROOM 2042

16

17 _____

18        The Ex Parte Petition of ROSELLER ABELLAN, Administrator of the Estate of the above-

19 named decedent, to Enter Into and Execute Exclusive Listing Agreement was heard Ex Parte in the

20 above-entitled Court; the Honorable Judge ____DOROTHY L. McMATH____, Presiding.
                                                 Judge Pro Tempore

21        GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED THAT:

22        1. The Petition is granted and Petitioner is granted the authority to enter into an Exclusive

23 Listing Agreement with Estate Realty, Inc., 3450 Geary Boulevard, Suite 209, San Francisco, California

24 94118, telephone (415) 666-3029, for the sale of the real property commonly know as 1609 California
                                            subject to Court confirmation

25 Avenue, San Pablo, California, in the form set forth in the Petition, for a period of Ninety (90) days.

26 Dated: July 13, 2006

27                                            _____
                                             JUDGE OF THE SUPERIOR COURT
28                                               DOROTHY L. McMATH
                                                  Judge Pro Tempore

        ORDER ON EX PARTE PETITON TO ENTER INTO EXCLUSIVE LISTING AGREEMENT
              ESTATE OF RUFINA ALBANIA ABELLAN; CASE 280338

EXHIBIT E

1  GARY R. LIEBERMAN, ESQ. CSB 71684
   McCarty & Lieberman
2  1615 Hill Road, Suite 1
   Novato, California 94947
3  Telephone (415) 897-2226
   Facsimile (415) 897-3335
4
   Attorney for ROSELLER ABELLAN
5

**FILED**

San Francisco County Superior Court

AUG 23 2006

GORDON PARK-LI, Clerk

BY: _____
                    Deputy Clerk

6            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7            IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

8

9   In Re The Estate of          ) Case No.: No. 280338
                                 )
10  RUFINA ALBANIA ABELLAN,      ) ORDER FOR AUTHORITY TO BORROW MONEY
                                 ) AND TO EXECUTE DEED OF TRUST
11          Deceased.            )
                                 DATE OF HEARING: August 14, 2006
12                               TIME OF HEARING: 9:00 A.M.
                                 DEPARTMENT NO : Probate, Room 204
13

14       The matter of the Petition for Authority to Borrow Money and to Execute

15  Deed of Trust filed by Petitioner ROSELLER ABELLAN, came on regularly this

16  day for hearing before the Honorable ___DOROTHY L. McMATH___, Judge of the   *Pro Tem*

17  Superior Court. Gary R. Lieberman appeared on behalf of Petitioner and

18  Personal Representative ROSELLER ABELLAN. _____ appeared on

19  behalf of himself/herself.

20       Upon oral argument and good cause appearing therefor;

21       THE COURT FINDS as follows:

22       1. Due notice of the time and place of the hearing of the Petition has

23          been regularly given as required by law;

24       2. The Petition is granted and Petitioner is authorized to borrow the

25          gross sum of $29,000.00 and to execute a Note and Deed of Trust

                        ORDER FOLLOWING HEARING

              Estate of Rufina Albania Abellan; Case 280338 - 1

As security for the loan on the real property of the estate located
at 1609 California Avenue, San Pablo, California, legally described
as follows:

> Lot 28, Block 21, Map of Emeric Subdivision Map #2,
> Filed May 4, 1908, Map Book 1, Page 21, Contra Costa
> County Records.

> Assessor's Parcel No. 410-142-007-5

The terms of the Note and Deed of Trust ~~to be as set~~ *to be as set* forth in the
Petition filed herein ~~on~~ 7/6/06.

Dated: *Aug 18*, 2006

*[signature]*

JUDGE OF THE SUPERIOR COURT

DOROTHY L. McMATH
Judge Pro Tempore

ORDER FOLLOWING HEARING

Estate of Rufina Albania Abellan; Case 280338 - 2

1  GARY R. LIEBERMAN, ESQ. CSB 71684
   McCarty & Lieberman
2  1615 Hill Road, Suite 1
   Novato, California 94947
3  Telephone (415) 897-2226
   Facsimile (415) 897-3335
4
   Attorney for ROSELLER ABELLAN
5

**FILED**
San Francisco County Superior Court

AUG 2 3 2006

GORDON PARK-LI, Clerk
BY: _____
        Deputy Clerk

6              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7              IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

8

9  In Re The Estate of              )  Case No.: No. 280338
                                    )
10 RUFINA ALBANIA ABELLAN,          )  ORDER FOR AUTHORITY TO BORROW MONEY
                                    )  AND TO EXECUTE DEED OF TRUST
11         Deceased.                )

                                    DATE OF HEARING: August 14, 2006
12                                  TIME OF HEARING: 9:00 A.M.
                                    DEPARTMENT NO : Probate, Room 204
13

14     The matter of the Petition for Authority to Borrow Money and to Execute

15 Deed of Trust filed by Petitioner ROSELLER ABELLAN, came on regularly this

16 day for hearing before the Honorable ___DOROTHY L. McMATH___, Judge of the

17 Superior Court. Gary R. Lieberman appeared on behalf of Petitioner and

18 Personal Representative ROSELLER ABELLAN. _____ appeared on

19 behalf of himself/herself.

20     Upon oral argument and good cause appearing therefor;

21     THE COURT FINDS as follows:

22     1. Due notice of the time and place of the hearing of the Petition has

23        been regularly given as required by law;

24     2. The Petition is granted and Petitioner is authorized to borrow the

25        gross sum of $29,000.00 and to execute a Note and Deed of Trust

                        ORDER FOLLOWING HEARING

              Estate of Rufina Albania Abellan; Case 280338 - 1

1   As security for the loan on the real property of the estate located

2   at 1609 California Avenue, San Pablo, California, legally described

3   as follows:

4          Lot 28, Block 21, Map of Emeric Subdivision Map #2,
           Filed May 4, 1908, Map Book 1, Page 21, Contra Costa
5          County Records.

6          Assessor's Parcel No. 410-142-007-5

    The terms of the Note and Deed of Trust ~~to be as set~~ *to be asset* forth in the

    Petition filed herein ~~on~~ 7/6/06.

8

9

    Dated: _Aug 18_ , 2006

10

11                          _[signature]_

                       JUDGE OF THE SUPERIOR COURT

12                          DOROTHY L. McMATH
                            Judge Pro Tempore

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER FOLLOWING HEARING

Estate of Rufina Albania Abellan; Case 280338 - 2

EXHIBIT F

DE-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

GARY R. LIEBERMAN, ESQ.    (State Bar # 71684)
McCarty & Lieberman
1615 Hill Road, Suite 1
Novato, CA 94947
TELEPHONE NO: (415) 897-2226    FAX NO. *(Optional):* (415) 897-3335
E-MAIL ADDRESS *(Optional):* glieberman11@verizon.net
ATTORNEY FOR *(Name):* ROSELLER ABELLAN, ADMINISTRATOR

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

**F I L E D**
San Francisco County Superior Court

DEC 2 7 2006

GORDON PARK-LI, Clerk
BY _____ Deputy Clerk

[X] ESTATE OF *(Name):*    [ ] IN THE MATTER OF *(Name):*
RUFINA ALBANIA ABELLAN
[X] DECEDENT    [ ] TRUST    [ ] OTHER

**AFFD. OF MAILING**

EX PARTE    NOTICE OF HEARING—DECEDENT'S ESTATE OR TRUST

CASE NUMBER:
280338

This notice is required by law.
This notice does not require you to appear in court, but you may attend the hearing if you wish.

1. NOTICE is given that *(name):* ROSELLER ABELLAN
   *(representative capacity, if any):* ADMINISTRATOR
   has filed *(specify):*\* EX PARTE PETITION TO ENTER INTO AND EXECUTE EXCLUSIVE LISTING
   AGREEMENT

2. You may refer to the filed documents for more information. *(Some documents filed with the court are confidential.)*

3. A HEARING on the matter will be held as follows:

   a.    Date: EX PARTE    Time:    Dept.: Probate    Room: 204

   b.    Address of court [X] shown above    [ ] is *(specify):*

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Order* (form MC-410). (Civil Code section 54.8.)

\* Do not use this form to give notice of a petition to administer estate (see Prob. Code, § 8100 and form DE-121) or notice of a hearing in a guardianship or conservatorship (see Prob. Code, §§ 1511 and 1822 and form GC-020).

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
DE-120 [Rev. July 1, 2005]

**NOTICE OF HEARING—DECEDENT'S ESTATE OR TRUST**
(Probate—Decedents' Estates)

Probate Code §§ 851, 1211,
1215, 1216, 1230, 17100
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council

| [X] ESTATE OF (Name): | [ ] IN THE MATTER OF (Name): | CASE NUMBER: |
|---|---|---|
| RUFINA ALBANIA ABELLAN | [X] DECEDENT  [ ] TRUST  [ ] OTHER | 280338 |

## CLERK'S CERTIFICATE OF POSTING

1. I certify that I am not a party to this cause.
2. A copy of the foregoing *Notice of Hearing—Decedent's Estate or Trust*
   a. was posted at (address):

   b. was posted on (date):

Date: _____        Clerk, by _____ , Deputy

## PROOF OF SERVICE BY MAIL *

1. I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred.
2. My residence or business address is (specify): 1615 Hill Road, Suite 1
   Novato, CA 94947

3. I served the foregoing *Notice of Hearing—Decedent's Estate or Trust* on each person named below by enclosing a copy in an envelope addressed as shown below AND
   a. [X] depositing the sealed envelope on the date and at the place shown in item 4 with the United States Postal Service with the postage fully prepaid.
   b. [ ] placing the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. a. Date mailed: December 20, 2006  b. Place mailed (city, state): Novato, California

5. [X] I served with the *Notice of Hearing—Decedent's Estate or Trust* a copy of the petition or other document referred to in the Notice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 20, 2006

GARY R. LIEBERMAN
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)        (SIGNATURE OF PERSON COMPLETING THIS FORM)

## NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

| | Name of person served | Address (number, street, city, state, and zip code) |
|---|---|---|
| 1. | see attached list | |
| 2. | | |
| 3. | | |
| 4. | | |

[X] Continued on an attachment. *(You may use Attachment to Notice of Hearing Proof of Service by Mail, form DE-120(MA)/GC-020(MA), for this purpose.)*

* Do not use this form for proof of personal service. You may use form DE-120(P) to prove personal service of this Notice.

DE-120 [Rev. July 1, 2005]

## NOTICE OF HEARING—DECEDENT'S ESTATE OR TRUST
(Probate—Decedents' Estates)

Page 2 of 2

*LexisNexis® Automated California Judicial Council*

**Mailing List**
**Estate of Rufina Albania Abellan**
**Case Number 280338**

Rosemary Abelian Bautista
101 Campbell Ave.
San Francisco, CA 94134

Pepsi Abelian
340 Naple Street
San Francisco, CA 94112

Alicia Abelian Levita
19A 11 'h Street
West Rembo, Manila
Philippines

Philippines Consulate General
447 Sutter Street, 6'h Floor
San Francisco, CA 94108

H.M. Vreeland Agency
1109 Vicente Street, Suite 102
San Francisco, CA 94116

**Mailing List**
**Estate of Rufina Albania Abellan**
**Case Number 280338**

Rizalina Abellan
264 Faxon Street
San Francisco, CA 94112

Antonio Abellan
57 Luassane Ave.
Daly City, CA 94014

Resitituto Abellan
23246 Jorgensen Lane
Hayward, CA 94541

Ester Bantang
112 Tucker Ave.
San Francisco, CA 94134

Roberto Abellan
101 Campbell Ave.
San Francisco, CA 94134

Rosevilla Galzote
101 Pope Street
San Francisco, CA 94112

Romeo Abellan
101 Campbell Ave.
San Francisco, CA 94134

Roseller Abellan
13400 Twin Cities Road,
Herald, CA 95638

David Abellan
101 Campbell Ave.
San Francisco, CA 94134

Marilyn Abellan
2184 Pyramid Drive
Richmond, CA 94803

Gary R. Lieberman, Esq.  SBN #71684
McCarty & Lieberman
1615 Hill Road, Suite 1
Novato, California 94947
Telephone: (415) 897-2226
Facsimile: (415) 897-3335

Attorney for ROSELLER ABELLAN, Administrator

**FILED**
San Francisco County Superior Court

DEC 27 2006

GORDON PARK-LI, Clerk
BY _____
                    Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

In the Matter of the Estate of

RUFINA ALBANIA ABELLAN,

Deceased.

)
)
)
)
)
)
)

CASE NO: 280338

EX PARTE PETITION TO ENTER INTO AND
EXECUTE EXCLUSIVE LISTING
AGREEMENT
         (Probate Code Section 10150)

Petitioner, ROSELLER ABELLAN alleges:

1. Petitioner is the duly appointed and acting Administrator of the Estate of RUFINA
ALBANIA ABELLAN, the above-named decedent.

2. Petitioner seeks permission to enter into and execute an Exclusive Listing Agreement with
Estate Realty, Inc., a California licensed real estate brokerage, located at 3450 Geary Blvd. Ste. 209, San
Francisco, California 94118; (415) 666-3029 for a period of ninety (90) days, to sell the estate's real
property described as follows:

This property is commonly known as 1609 California Avenue, San Pablo, California (hereinafter
the "property") consisting of a single family dwelling which has been condemned and ordered
demolished by the City of San Pablo. The sale is for the lot value only. The property is more particularly
described as:

Lot 28, Block 21, Map of Emeric Subdivision Map #2, filed May 4, 1908,
Map Book 1, page 21, Contra Costa County Records.
Assessor's Parcel No: 410-142-007-5

3. The Exclusive Listing Agreement to be executed is exemplified by Exhibit "A" attached hereto and incorporated herein by this reference.

4. The Court is requested to take Judicial Notice of the pleadings and records of this case regarding Rizalina Abellan's unauthorized and illegal possession, custody and control of the property as well as the unauthorized and illegal renting of the property, which has heretofore precluded the administration of the estate and the ability to have access to the property. Petitioner, by and through his counsel, has only recently discovered that apparently the last tenant (illegal) of Rizalina Abellan, has vacated the property. The property has recently been "red-tagged" for health and safety code violations and has been condemned and ordered to be demolished. The sale is therefore for "Lot Value" only.

5. Petitioner and his counsel have solicited or consulted with several real estate brokers regarding the prospective listing and sale of the property. Of those so solicited or consulted, Estate Realty, Inc. is the only real estate brokerage that will agree to list and sell the property; the reasons therefor are as follows: 1) Because of the history of this case involving the litigious nature of Rizalina Abellan by her repeated motions, appeals, writs and objections, the likelihood that the sale will be completed, and thus payment of the commission, within a reasonable amount of time, if at all, is remote, 2) the fact that the property has been "red-tagged" and ordered demolished, thereby making it difficult to market and show, and, 3) the relatively small amount of potential commission in relation to the amount of work and costs involved.

6. Based upon the foregoing, it is necessary and to the advantage of the estate that such an agreement with Estate Realty, Inc. be executed in order to have the property placed on the multiple listing service so that the property will have the maximum market exposure possible, thus attaining the highest price.

Wherefore, Petitioner prays for an Order of this Court permitting him to enter into and execute an Exclusive Listing Agreement for the sale of the estate's real property located at 1609 California Avenue, San Pablo California with Estate Realty, Inc. a California licensed real estate brokerage, for a period of ninety (90) days and for all other proper Orders.

Dated: __11/22__, 2006

_Roseller Abellan_
ROSELLER ABELLAN

1
2
3
4

## VERIFICATION

5

I, ROSELLER ABELLAN, declare:

6
7

I am the Petitioner in the above-entitled matter. I have read the foregoing and know the contents

8

thereof and the same is true of my own knowledge except as to those matters which are stated on

9

information and belief, and as to those matters, I believe it to be true.

10

I declare under penalty of perjury under the laws of the State of California that the foregoing is true

11

and correct.

12
13

Dated: 11/22/ , 2006

14
15

ROSELLER ABELLAN

16
17
18
19
20
21
22
23
24
25
26
27
28

**CALIFORNIA
ASSOCIATION
OF REALTORS®**

# PROBATE LISTING AGREEMENT
### Under Authority of the Probate Code

1. **EXCLUSIVE RIGHT TO SELL:** *ESTATE OF RUFINA ALBANIA ABELLAN*
   the court-appointed representative of the ☒ estate, ☐ conservatorship or ☐ guardianship identified by Superior Court case
   name as _____ *ROSELLER ABELLAN* _____, case # _____
   ("Seller"), hereby employs and grants *ESTATE REALTY, INC.* ("Broker") the exclusive and irrevocable right,
   commencing on (date) _____ and expiring at 11:59 P.M. on (date) _____
   ("Listing Period") (not to exceed 90 days), to sell or exchange the real property in the City of _____ *SAN PABLO*
   County of _____ *CONTRA COSTA* _____, California, described as follows: _____ *1609 CALIFORNIA AVENUE*
   _____ *SAN PABLO, CA* ("Property").

2. **COURT CONFIRMATION** of any sale ☐ is required (limited authority), ☒ may not be required (full authority).

3. **TERMS OF SALE:**
   A. **LIST PRICE:** The listing price shall be: _____
      _____ ($ *(80,000.00)* ).
   B. **PERSONAL PROPERTY:** The following items of personal property are included in the above price: _____
      _____
      _____
   C. **ADDITIONAL TERMS:** *LOT VALUE ONLY, HOUSE HAS BEEN ORDERED TO BE DEMOLISHED BY THE CITY*
      *OF SAN PABLO*

4. **MULTIPLE LISTING SERVICE:** Information about this listing ☒ will, ☐ will not, be provided to a multiple listing service
   ("MLS") of Broker's selection and all terms of the transaction will be provided to the MLS for publication, dissemination and use by
   persons and entities on terms approved by the MLS. Seller authorizes Broker to comply with all applicable MLS rules.

5. **TITLE:** Seller warrants that title to the Property is as follows: _____
   _____

6. **COMPENSATION TO BROKER:**
   **Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker
   individually and may be negotiable between Seller and Broker. (Local court rules may establish maximum
   permissible amounts.)**
   A. Seller agrees to pay to Broker from the proceeds of the sale, as compensation for services, irrespective of agency
      relationships, and subject to California Probate Code, or an amount determined by the court, either ☒ _*6.000*_
      percent of the sales price, OR ☐ $ _____, AND _____
      if Broker, cooperating broker, Seller, or any other person, produces a buyer who purchases the Property on the above price
      and terms or any other terms or conditions acceptable to Seller during the Listing Period or any extension.
   B. Broker is authorized to cooperate with other brokers, and divide with other brokers the above compensation in any manner
      acceptable to Broker, or as allowed or determined by the Court.
   C. Seller warrants that Seller has no obligation to pay compensation to any other Broker regarding the transfer of the Property
      except: _____
      if the Property is sold to anyone listed above during the time Seller is obligated to compensate another broker: (a) Broker is
      not entitled to compensation under this Agreement; and (b) Broker is not obligated to represent Seller with respect to such
      transaction.

Seller and Broker acknowledge receipt of copy of this page, which constitutes Page 1 of ___*2*___ Pages.
Seller's Initials ( ____ )( ____ )     ( ____ )( ____ )

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY
PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE,
CONSULT AN APPROPRIATE PROFESSIONAL.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or
computerized formats. Copyright © 1989-1999, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

--- OFFICE USE ONLY ---
Reviewed by Broker or Designee ___
Date ___

**REVISED 10/99**
**EXCLUSIVE AUTHORIZATION AND RIGHT TO SELL PROBATE (PL-11 PAGE 1 OF 2)**

GARY R. LIEBERMAN
Estate Realty, Inc.     1615 Hill Road Suite 1, Novato CA 94947     Phone: (415) 666-3029     Fax: (415) 893-0587     1609 CALIFORNIA

Property Address: _1609 CALIFORNIA AVENUE, SAN PABLO, CA_ _____ Date: _____

7. **BROKER'S AND SELLER'S DUTIES:** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Agreement, and is authorized to advertise and market the Property in any medium selected by Broker. Seller agrees to consider offers presented by Broker, and to act in good faith toward accomplishing the sale of the Property. Seller further agrees, regardless of responsibility, to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments and attorney's fees arising from any incorrect information supplied by Seller, whether contained in any document, omitted therefrom, or otherwise, or from any material facts which Seller knows but fails to disclose.

8. **AGENCY RELATIONSHIPS:** Broker shall act as the agent for Seller in any resulting transaction. Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Seller and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Seller any election to act as a dual agent representing both Seller and Buyer. If a Buyer is procured directly by Broker or an associate licensee in Broker's firm, Seller hereby consents to Broker acting as a dual agent for Seller and such Buyer. In the event of an exchange, Seller hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Seller understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or purchase through Broker, property the same as or similar to Seller's Property. Seller consents to Broker's representation of sellers and buyers of other properties before, during, and after the expiration of this Agreement.

9. **DEPOSIT:** Broker is authorized to accept and hold on Seller's behalf a deposit to be applied toward the sales price.

10. **LOCKBOX:**
    A. A lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, and accompanied prospective buyers.
    B. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are not insurers against theft, loss, vandalism or damage attributed to the use of a lockbox. Seller is advised to verify the existence of, or obtain, appropriate insurance through Seller's own insurance broker.
    C. (If checked:) [X] Seller authorizes Broker to install a lockbox. If Seller does not occupy the Property, Seller shall be responsible for obtaining occupant(s)' written permission for use of a lockbox.

11. **SIGN:** (If checked:) [X] Seller authorizes Broker to install a FOR SALE/SOLD sign on the Property.

12. **EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state, and local anti-discrimination laws.

13. **ADDITIONAL TERMS:** _____
    [✓] Probate Advisory (C.A.R. Form PAL-11) _____
    _____
    _____
    _____
    _____

14. **ENTIRE CONTRACT:** All prior discussions, negotiations, and agreements between the parties concerning the subject matter of this Agreement are superseded by this Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. This Agreement and any supplement, addendum, or modification, including any photocopy or facsimile, may be executed in counterparts.

Seller warrants that Seller has the authority to execute this agreement.
Seller acknowledges that Seller has read and understands this Agreement, and has received a copy.

Date _11/22/6_ at _____ , California    Date _____ at _____ , California
By _Roseller Abellan_ _____    By _____
    ROSELLER ABELLAN, ADMIN
Court-Appointed Representative(s) of _ESTATE OF RUFINA ALBANIA ABELLAN_ _____
Address _____    Address _____
City, State, Zip _____    City, State, Zip _____
Phone/Fax/Email _____    Phone/Fax/Email _____
Real Estate Broker (Firm) _____    By (Agent) _____ Date ____
Address _____
City _____ State ____ Zip ____    Phone _____
                                   Fax/Email _____

This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION of REALTORS® who subscribe to its Code of Ethics.

**REVISED 10/99**
Page 2 of _2_ Pages.

┌─ OFFICE USE ONLY ─────┐
│ Reviewed by Broker or Designee _____ │
│ Date _____ │
└──────────────────────┘



**EXCLUSIVE AUTHORIZATION AND RIGHT TO SELL PROBATE (PL-11 PAGE 2 OF 2)**

1609 CALIFORNI



**CALIFORNIA
ASSOCIATION
OF REALTORS®**

**PROBATE ADVISORY**
**For Probate, Conservatorship and**
**Guardianship Properties**

*1609 CALIFORNIA AVENUE*
*SAN PABLO, CA*

The sale of the Property described as (address) _____ ,
pursuant to the attached Probate Listing Agreement (C.A.R. form PL-11) is made under authority of the California Probate
Code. The Seller is not the title owner, but instead is a representative of a probate estate, a guardianship or a
conservatorship. The sale may require a court order. Many obligations imposed upon sellers, particularly sellers of real
property containing one-to-four dwelling units, may not be applicable to the sale of this property. However, even though the
seller is exempt from many obligations, the seller must still comply with many others. Further, any real estate licensee
representing Buyer or Seller in the transaction may have duties independent of the principals. This Advisory is intended to
inform Buyer and Seller of their rights and obligations independent of those established by the attached agreement.

**EXEMPTIONS:**
1. **TDS, NHD, Mello-Roos:** Seller is <u>exempt</u> from providing Buyer with the Real Estate Transfer Disclosure Statement
   (TDS), Natural Hazard Disclosure Statement (NHD), and a Mello-Roos district lien disclosure, pursuant to California
   Civil Code either for "transfers pursuant to court order" or for "transfers by a fiduciary in the course of the administration
   of a decedent's estate, guardianship, conservatorship, or trust."

2. **Earthquake Guides:** Seller is <u>exempt</u> from providing either a Homeowner's or Commercial Property Owner's Guide to
   Earthquake Safety.

3. **Smoke Detectors:** The sale is <u>exempt</u> from the State requirements that, for <u>single family residences</u>, operable smoke
   detectors be in place and that a written statement of compliance be provided to Buyer.

**REQUIREMENTS:**
1. **Disclosures:** Seller is <u>not exempt</u> from common law and statutory duties concerning fraud and deceit, even though the
   specific TDS form is not required to be completed. Seller remains obligated to disclose known material facts affecting
   the value and desirability of the property.

2. **Hazard Zones:** Seller is <u>not exempt</u> from applicable statutory obligations to disclose earthquake fault zones, seismic
   hazard zones, state fire responsibility areas, very high fire hazard severity zones, special flood hazard areas and flood
   hazard zones pursuant to the Public Resources Code, Government Code and United States Code, even though,
   pursuant to the Civil Code, the specific NHD form is not required to be completed.

3. **Water Heaters:** The sale is <u>not exempt</u> from the State requirement that water heaters be properly anchored, braced or
   strapped.

4. **Lead-based Paint:** The Seller is <u>not exempt</u> from the federal obligation to (i) disclose known lead-based paint and
   lead-based paint hazards, (ii) provide Buyer copies of reports or studies covering lead-based paint and hazards on the
   property, (iii) provide Buyer with the pamphlet "Protect Your Family From Lead In Your Home," and (iv) give Buyer a
   10-day opportunity to inspect for lead-based paint and hazards, if the Property contains residential dwelling units and
   was constructed prior to 1978.

5. **Data Base Disclosure:** The sale is <u>not exempt</u> from the requirement that residential sales contracts contain a notice
   regarding the availability of information about registered sex offenders.

Seller acknowledge receipt of copy of this page, which constitutes Page 1 of __2__ Pages.

Seller's Initials ( _____ ) ( _____ )

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR
ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE
TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark
which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means,
including facsimile or computerized formats. Copyright © 1999, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

Published and Distributed by:
**REAL ESTATE BUSINESS SERVICES, INC.**
*a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

REVISED 10/99



**PROBATE ADVISORY (PAL-11 PAGE 1 OF 2)**

GARY R. LIEBERMAN
Estate Realty, Inc.    1615 Hill Road Suite 1, Novato CA 94947          Phone: (415) 666-3029      Fax: (415) 893-0587      1609 CALIFORNI

1  Gary R. Lieberman, Esq.  SBN #71684
   McCarty & Lieberman
2  1615 Hill Road, Suite 1
   Novato, California 94947
3  Telephone:  (415) 897-2226
   Facsimile:  (415) 897-3335
4
   Attorney for ROSELLER ABELLAN, Administrator
5

**FILED**
San Francisco County Superior Court

DEC 2 7 2006

GORDON PARK-LI, Clerk
BY _____
            Deputy Clerk

6

7

8                     SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10

11  In the Matter of the Estate of        )   CASE NO: 280338
                                          )
12  RUFINA ALBANIA ABELLAN,               )   DECLARATION OF NOTICE OF
                                          )   EX PARTE PETITION TO ENTER INTO AND
                    Deceased.             )   EXECUTE EXCLUSIVE LISTING
13                                        )   AGREEMENT
                                          )      (Probate Code Section 10150)
14                                            DATE OF HEARING:  EX PARTE
                                             TIME OF HEARING:
15                                           DEPARTMENT      :  PROBATE-ROOM 204

16

17  _____

18

19         I, GARY R. LIEBERMAN, declare:

20         On December 20, 2006 at 10:00 A.M., I mailed a copy of the Ex Parte Petition to Enter Into and

21  Execute Exclusive Listing Agreement, Order and Notice to all persons listed in the Attached Exhibit

22  "A" which is incorporated herein by this reference. I also mailed a copy of the Petition to David Carter,

23  H.M. Vreeland Agency, at P.O. Box  2628, Petaluma, California 94953 and 1109 Vicente Street, Suite

24  102, San Francisco, California 94118.

25         I declare under penalty of perjury under the laws of the State of California that the foregoing is

26  true and correct.

27  Dated: December 20, 2006

28                                        _____
                                          GARY R. LIEBERMAN

_____

DECLARATION RE NOTICE OF EX PARTE PETITON TO ENTER INTO EXCLUSIVE LISTING AGREEMENT
ESTATE OF RUFINA ALBANIA ABELLAN; CASE 280338

**Mailing List**
**Estate of Rufina Albania Abellan**
**Case Number 280338**

Rizalina Abellan
264 Faxon Street
San Francisco, CA 94112

Antonio Abellan
57 Luassane Ave.
Daly City, CA 94014

Resitituto Abellan
23246 Jörgensen Lane
Hayward, CA 94541

Ester Bantang
112 Tucker Ave.
San Francisco, CA 94134

Roberto Abellan
101 Campbell Ave.
San Francisco, CA 94134

Rosevilla Galzote
101 Pope Street
San Francisco, CA 94112

Romeo Abellan
101 Campbell Ave.
San Francisco, CA 94134

Roseller Abellan
13400 Twin Cities Road,
Herald, CA 95638

David Abellan
101 Campbell Ave.
San Francisco, CA 94134

Marilyn Abellan
2184 Pyramid Drive
Richmond, CA 94803

**Mailing List**
**Estate of Rufina Albania Abelian**
**Case Number 280338**

Rosemary Abelian Bautista
101 Campbell Ave.
San Francisco, CA 94134

Pepsi Abelian
340 Naple Street
San Francisco, CA 94112

Alicia Abelian Levita
19A 11 'h Street
West Rembo, Manila
Philippines

Philippines Consulate General
447 Sutter Street, 6'h Floor
San Francisco, CA 94108

H.M. Vreeland Agency
1109 Vicente Street, Suite 102
San Francisco, CA 94116

EXHIBIT G

1  Gary R. Lieberman, Esq.  SBN #71684
   McCarty & Lieberman
2  1615 Hill Road, Suite 1
   Novato, California 94947
3  Telephone:  (415) 897-2226
   Facsimile:  (415) 897-3335
4
   Attorney for ROSELLER ABELLAN, Administrator
5

**FILED**
San Francisco County Superior Court

JAN 0 3 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  In the Matter of the Estate of               CASE NO: 280338
                                                 EX PARTE /                    RENEW
12  RUFINA ALBANIA ABELLAN,                      ORDER ON EX PARTE PETITION TO ENTER
                                                 INTO AND EXECUTE EXCLUSIVE LISTING
            Deceased.                            AGREEMENT
13

14                                               DATE OF HEARING: EX PARTE
                                                 TIME OF HEARING: N/A
15                                               DEPARTMENT: PROBATE-ROOM 204

16

17  ─────────────────────────

18       The Ex Parte Petition of ROSELLER ABELLAN, Administrator of the Estate of the above-

19  named decedent, to Enter Into and Execute Exclusive Listing Agreement was heard Ex Parte in the

20  above-entitled Court; the Honorable Judge _____, Presiding.

21       GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED THAT:

22       1. The Petition is granted and Petitioner is granted the authority to enter into an Exclusive
                                                                              renew the
23  Listing Agreement with Estate Realty, Inc., 3450 Geary Boulevard, Suite 209, San Francisco, California

24  94118, telephone (415) 666-3029, for the sale of the real property commonly know as 1609 California
                                                          subject to Court consideration/  filed on 12/27/06
25  Avenue, San Pablo, California, in the form set forth in the Petition, for a period of Ninety (90) days.

26  Dated: Dec 28, 2006

27                                               _____
                                                 JUDGE OF THE SUPERIOR COURT
28
                                                 DOROTHY L. McMATH
                                                 Judge Pro Tempore

ORDER ON EX PARTE PETITON TO ENTER INTO EXCLUSIVE LISTING AGREEMENT
ESTATE OF RUFINA ALBANIA ABELLAN; CASE 280338

EXHIBIT H

DE-265/GC-065

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
After recording return to:
**GARY R. LIEBERMAN, ESQ.  (State Bar # 71684)**
McCarty & Lieberman
1615 Hill Road, Suite 1
Novato, CA 94947
TELEPHONE NO.: (415) 897-2226
FAX NO. *(Optional):* (415) 897-3335
E-MAIL ADDRESS *(Optional):* glieberman11@vcrizon.net
ATTORNEY FOR *(Name):* ROSELLER ABELLAN,

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

FOR RECORDER'S USE

- [X] ESTATE OF
- [ ] CONSERVATORSHIP OF  *(Name):* RUFINA ALBANIA ABELLAN
- [ ] GUARDIANSHIP OF

[X] DECEDENT   [ ] CONSERVATEE   [ ] MINOR

**ORDER CONFIRMING SALE OF REAL PROPERTY**
[ ] and Confirming Sale of Other Property as a Unit

CASE NUMBER: **280338**

1. Hearing date: 04/3/2007    Time: 9:00 A.M.  Dept.: Probate Rm.: 204

FOR COURT USE ONLY

**FILED**
San Francisco County Superior Court

MAY 0 3 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

THE COURT FINDS
2. All notices required by law were given and, if required, proof of notice of sale was made.
3. a. [ ] Sale was authorized or directed by the will
   b. [X] Good reason existed for the sale
   of the property commonly described as *(street address or location):*
   1609 California Avenue
   San Pablo, California
4. The sale was legally made and fairly conducted.
5. The confirmed sale price is not disproportionate to the value of the property.
6. [X] Private sale: The amount bid is 90% or more of the appraised value of the
   property as appraised within one year of the date of the hearing.
7. An offer exceeding the amount bid by the statutory percentages [X] cannot be obtained  [ ] was obtained in open court.
   The offer complies with all applicable law.
8. The [X] personal representative  [ ] conservator  [ ] guardian  of the estate of the decedent, conservatee, or minor
   has made reasonable efforts to obtain the highest and best price reasonably attainable for the property.

THE COURT ORDERS
9. The sale of the real property legally described  [X] in item 15 on page 2  [ ] on Attachment 9
   [ ] and other property sold as a unit described  [ ] in item 15 on page 2  [ ] on Attachment 9  is confirmed to *(name):*
   PHOEBE KWONG

   *(manner of vesting title):* to be designated at close of escrow
   for the sale price of: $ 101,000.00    on the following terms *(use item 15 on page 2 or Attachment 9 if necessary):*
   Property is sold "As-Is". All cash to estate.

   [ ] Continued in item 15 on page 2.    [ ] Continued on Attachment 9.
10. The [X] personal representative  [ ] conservator  [ ] guardian  of the estate of the decedent, conservatee, or minor
    *(name):* ROSELLER ABELLAN
    is directed to execute and deliver a conveyance of the estate's interest in the real property described in item 9
    [ ] and other property described in item 9 sold as a unit  upon receipt of the consideration for the sale.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
DE-265/GC-065 [Rev. January 1, 2006]

**ORDER CONFIRMING SALE OF REAL PROPERTY**
(Probate—Decedents' Estates and Guardianships and Conservatorships)

Probate Code, §§ 2543, 10313
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council*

DE-265/GC-065

| [X] ESTATE ☐ CONSERVATORSHIP ☐ GUARDIANSHIP OF | CASE NUMBER: |
|---|---|
| *(Name):* RUFINA ALBANIA ABELLAN | 280338 |

11. a. ☐ No additional bond is required.
  b. [X] Additional bond is required in the amount of: $ 85,000 , surety, or otherwise, as provided by law.
  c. ☐ Net sale proceeds must be deposited by escrow holder in a blocked account to be withdrawn only on court order. Receipts must be filed. *(Specify institution and location):*

12. a. ☐ No commission is payable.
  b. [X] A commission from the proceeds of the sale is approved in the amount of: $ 6,060.00
    to be paid as follows *(specify):* $3,030.00 to Estate Realty, Inc.
    $3,030.00 Exit Realty

13. Other *(specify, use Attachment 13 if necessary):*

14. Number of pages attached: _____

Date:

JUDICIAL OFFICER

☐ Signature follows last attachment.

15. [X] *(Check all that apply):* [X] Legal description of the [X] real property ☐ personal property In item 9:
    ☐ Additional terms of sale from item 9:

Lot 28, Block 21, Map of Emeric Subdivision Map #2, filed May 4, 1908, Map Book 1, page 21, Contra Costa County Records.
Assessor's Parcel No. 410-142-007-5

MAY - 2 2007

*by* JOHN DEARMAN
*JUDGE OF THE SUPERIOR COURT*

| [SEAL] | CLERK'S CERTIFICATE |
|---|---|
| | I certify that the foregoing *Order Confirming Sale of Real Property,* including any attached description of real or personal property, is a true and correct copy of the original on file in my office. |
| | Date: _____ CLERK, by _____, Deputy |

DE-265/GC-065 [Rev. January 1, 2006]

**ORDER CONFIRMING SALE OF REAL PROPERTY**
(Probate—Decedents' Estates and Guardianships and Conservatorships)

Page 2 of 2

*LexisNexis® Automated California Judicial Council*