FILED

ADR -4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Rizalina Abellan
   264 Faxon Avenue
2  San Francisco, CA 94112

3

4                  **IN THE UNITED STATES DISTRICT COURT**

5                   **NORTHERN DISTRICT OF CALIFORNIA**

                                             No. C 08-0252 SI     5℄
6

7  | RIZALINA ABELLAN, Et. al. | Rejection for Dismissal of my |

              Plaintiff          Complaint
8                                Of FIE Fraud C.C.P. 32993399
                                 P.C. 494495 Relief under C.C.P.
   Vs.                           473, 473(B) Sanction C.C.P.
9                                664.6 for Jurisdiction, Hon.
   SUPERIOR COURT OF CALIFORNIA  Judge Susan Illston
10 ATTY. GARY LIEBERMAN
   FIRE INSURANCE EXCHANGE       Plaintiff In Fee Absolute
11 MISS PHOEBE KWONG
   SAN FRANCISCO SHERIFFS DEPT.  Probate Code 2132, 2130 (b),
12                               2130(a), 10519, Illegal
                                 Contest, Fraud, C.C.P. 3291 -
13          Defendants.          3399, P.C. 494, P.C. 495
                                 Probate Code 217001 (e), Bu.
14                               And Prof. Code section  61036

15

16

17 _____

18

19        Rizalina Abellan, Plaintiff et. al exercise power

20 without giving notice under my proposed action and complain

21 under Probate Code sub-section 10580 et. seq. because of my

22 status Trustee Representative have to manage, control, sell or

23 incorporate under Probate Code 10512 or to borrow  Probate Code

24 section 10514 Transfer to the Person Probate Code 10516 or to

25 complete a contract Probate Code section 10517 or held by

- 1 -

1  "void" and "voidable" by Plaintiff or appellant Rizalina Abellan
2  under Probate Code section 10519.  "Revoked" contest of a will
3  was not executed by the decedent in the manner and form required
4  by law, illegally issued by Superior Court of San Francisco
5  Probate Department is "void".  Contest of a will before Probate,
6  Probate Code sub-section 1043 (a), 8004 (b) section Grounds of
7  Opposition section Probate Code 8250, 8254 as opposed and
8  rejected the first filing dated July 27, 2000 and the second
9  filing dated April 3, 2007 as no legal right.  Take judicial
10  notice filled July 30, 2007 appealed as to  Writ of Mandate
11  issued to their Denial as to Eviction Notice by Sheriffs
12  Department summary  denials on the merits issued dated January
13  9, 2007 and *act 2 8/07* and petition for review of eviction notice
14  and status of plaintiffs supersedea as  in the fee absolute
15  status issued Summary Denials on the merits against the eviction
16  issued by Supreme Court issued en banc, Summary Denials on the
17  merits  to deny defendants of all the corrupt filings and
18  fraudulent offense to mislead plaintiff et. al. to the right of
19  property in 1609 California Ave. property and 101 Campbell St.
20  property of San Francisco, California 94134 as in fee absolute
21  because status non-probate all the defendants F.I.E. Insurance
22  Co.  cannot contest under the will nor Superior Court of San
23  Francisco.  Attorney Gary Lieberman, Roseller Abellan, Atty.
24  Kathryn Klaus, Atty. Lee  Danforth, Phoebe Kwong cannot buy the
25  property as  opposed by representative Rizalina Abellan  and

1  remainders under the property are qualified Residential Trust
2  disclaims all defendant for illegal contest probate code section
3  10518 as held by me. Representative as ground for opposition
4  and rejected Probate Code 1043 (a) 8004 (b) 8250, 8254.
5  Purported will was not executed for Probate as to non-Probatee
6  status decedent did not execute in the manner and form required
7  by law for execution of a will. Superior Court, Attorney Gary
8  Lieberman, illegally take mortgage in the amount of $29,000
9  interfered in taking rents, bank account in Bank of the West
10 bank. Illegally issued letters of administration or executor
11 that I disclaim and void as illegal. Fraud under C.C.P. 3294,
12 P.C. 494, P.C. 495 conspired in selling under RICO Act.
13 Exercised their vexatious illegal filing when they knew it is
14 illegal , concerted for the second illegal filing of F.I.E.
15 Insurance. Lawyers Atty. Kathryn Klaus and Atty. Lee Danforth
16 continue to illegally contest the status of the Deed of the
17 decedent , twisted everything. To steal, mislead the court the
18 Honorable Susan Illston, abuse the process, abuse Probate Court
19 discretion, discriminate me as representative in fee as Proper
20 Litigant because they don't want to pay and still keep on
21 concealing the true status of non-probate of the properties
22 defiant and persistent by disobeying the Higher Court's
23 decision bifurcated or split the case illegally done under
24 C.C.P. 430.10. Determined and concluded under my first appeal,
25 issued my Supersedea and my Remititur under my appeal. All of

- 3 -

these defendants who filed illegal filing should be sanctioned under Business and Professional Code violation. It violates covenant of good faith and fair dealings which should strip off their licenses. Judges of the Probate Code are disqualified under 170.1, 170.6, 170.7 under the Cannons of Judges 1,2,3 to be observed because of their concerted act of conspiracy as to stealing property without rights under the Deed or Title that is why I disclaim their contest against the Letters of Administration as illegal fraud, C.C.P. 3294, P.C. 494, 495 for Grand Theft. Attachments as evidences under evidence code 352 and section Evid. Code 791, disclaimed by the Plaintiff who have superior right under the law and deed. Disclaimed their illegal filing as vexatious, frivolous and malicious prosecution without merit should be sanctioned as to criminal offense as was concluded to the Plaintiff bye the Higher Court and twisted these case by the defendants F.I.E., Atty. Gary Lieberman, Superior Court, Atty. Kathryn Klaus, Atty. Lee Danforth filing a tortuous, twisted, concealment, filing of the illegal filling of Atty. Lieberman's document which are illegal documents and used as evidence against me. These are my evidence against them as defendant for fraud, C.C.P. 3294, a notice to conceal, mislead filed by F.I.E., Attorney Kathryn Klaus, Atty. Lee Danforth as they refused to settle, defend my meritorious case under the contract and under Atty. Lieberman under the purported will that I disclaimed against defendant, twisted, fraud offense,

1  Probate Code 10519  as to completed contract, concluded by the
2  Court of Appeals and Supreme Court as evidence, self explanatory
3  attachment.   Supersedea and remititur, summary denials issued
4  against corrupt lawyers who do not have jurisdiction under
5  C.C.P. 664.6 in Rem and in Personam.   Voluntary dismissal of
6  hearing date, April 18, 2008  requested with express consent
7  C.C.P. 581  (b)  (2),  581  (e),  581(B)  (1)  (2)as trial deem
8  commence waste of time, money of court, no more form Civ. 110 as
9  to Rules of Court. All defendants should stop acting as
10 conspirator as illegal criminal as my power exercised under
11 Probate Code in fee Probate Code sub-section 10580 et. seq. as
12 to my manage and control estate property Prob. Code 10531 (a)
13 should stop concealing, sabotaging misleading the court.   Hon.
14 Judge Susan Illston Court of Appeals and Supreme Court, no
15 respect, money hungry, greedy defendants, refused to pay for
16 their crime or offense against State of California, against
17 Probate Code that they violated should settle amicably and not
18 prolonging it because it was tortuous waste of time and can't go
19 any place because it was a settled case and must pay for their
20 crime of conspiracy as to vexatious filing held by me the
21 property under Probate Code .  Reasonable Prob. Code 10503, as
22 to the completed contract by the Decision under higher court
23 determination. Probate Code section 10517 and all who contest as
24 to defendants are fraud, C.C.P. 3294, nuisance.  Such my power
25 under sub-section 10580 et. seq. are exercised and all

1  defendants are claimed as illegal Prob. Code 10519 contest are
2  fraud C.C.P. 3294, 3399, P.c. 494, 495 as  beneficiary had no
3  probable cause nor trial court to decide under Probate Code
4  section 2132, Probate Code 2130b, 21307 does not have "safe
5  harbor" as the provision of no contest clause.  There is a term
6  limit also under the Law of Perpetuities  of 21 years as to Law
7  of  Succession.   Remainders  will  follow  in  which  subject
8  Remainders  are qualified for Residential Trust as to Life
9  Estate or a nominal *fee of i dollar* may be a part of a valid
10 disinheritance clause valid to administrator, executor void on
11 its face as contestant "without consent" to representative
12 Rizalina Abellan as I disclaimed  issuance of Letters of
13 Administrator as "void"  as the will in Joint Tenancy.  The
14 Decedent intent of inter-vivos falls on disinheritance provision
15 or "no-contest" clause of both Property 1609 California Ave.
16 property in San Pablo, community property status non-probate,
17 another is 101 Campbell St. property in San Francisco 94134 zip
18 code.  Attorneys, juries and have no jurisdiction on these both
19 properties in Rem and in Personam.  As all contestant are
20 disinherited under the will "with out-issue" as the Probate
21 court, Attorney Gary Lieberman, Atty. Kathryn Klaus, Attorney
22 Lee Danforth violated the provision and the will under the
23 contract of Probate Code section 213 (b), 2130 (b), 21307 does
24 not have "safe harbor" subject to cost  and damages for illegal
25 sale, theft, rents stolen, bank account stolen, cost of lawsuit,

- 6 -

1  mental and emotional distress, tort and fraud to mislead,
2  deceive and illegal probate and vexatiously litigated so many
3  times and I continue to disclaim their  persistent defiant
4  attitude to sell that resorted to all beneficiaries. Economic
5  loss and mental, emotional distress subject to their fraudulent
6  behavior converted act to deceive willfully and maliciously
7  negligent and tried to evade my meritorious claim under the law
8  C.C.P. 3294, 3399, P.C. 494, P.C. 495 as sufficient to
9  disinherit the heir e.g. see: Van Strien v. Jones 1956 46 Cal.
10 2d. 705, 707, 299 P.2d.I. I imposed these without issue to my
11 brother, Roseller Abellan as defiant on Saturday, March 22,
12 2008. I believe Atty. Gary Lieberman asked my brother to
13 harass my brother and told them to take their belongings in the
14 house so the appraiser can come and eventually sell the house
15 without consent. These are accrual of their crime of fraud and
16 deceit, a violation of Civil Code section 1623. "Fraud" three
17 (3) times the amount of penalty as the void executor or Atty.
18 Gary Lieberman and Superior Court cannot convey, take mortgage,
19 steal rent, as these property are "Life Estate" does not include
20 thereby the power to mortgage the realty or property of 1609
21 California Avenue, San Pablo property or 101 Campbell sT.
22 property, San Francisco, California 94134 subject to claims of
23 damages, willfull intent of fraud, malice and deceit C.C.P. 3294
24 disclaimed under the provision of M.         c. 191.A. as I am
25 the trustee representative beneficiary of interest, legal and

- 7 -

1  equitable as to equitable interest or estate, whether present,
2  future or contingent, in any real or personal property or in any
3  fractuarial part, share or portion thereof, or in any specific
4  assets or assets thereof. I did not  consent and file Probate
5  contest  on  July 27, 2000, Notice of Appeal filed March 5,
6  2001, Declaration of Remainders' Joint-Tenant filed May 24,
7  2001. Motion to vacate Judgment dated August 3, 2001. Subject
8  filing of the defendants Attorneys are void and barred by
9  statute as splitting cases and re-filing are violation of C.C.P.
10 430.10 as barred and estoppel. During the oral argument dated
11 *[illegible handwritten]*. Plaintiff orally stated that he will sell the
12 property. He will pay three (3) times of the amount and then
13 Hon. Judge Cline ask Attorney Gary Lieberman what is your pay
14 counsel he left the Court and refused to answer and we left. As
15 he tried to sell and was settled orally that if he sell, he got
16 to pay three (3) times. All are entitled to the penalty for
17 fraud of all illegal taking based on the oral argument. I was
18 issued  supersedea based on the interpretation of Grantors Deed
19 as to decedent intent and not to court Superior Court
20 authorization to probate, sell or take mortgage or rent because
21 it is illegally done as the will are or have no-contest claim
22 provision with a nominal devise of $1.00 (one dollar) to
23 contestant, if those persons contested the will as testamentary
24 language should an intent to exclude as to contesting devise as
25 "without issue" within his right as        and within my rights

- 8 -

1  as to Trustee Representative to disclaim and revoke as to fraud
2  of the defendants.    Subject to *damughs* Loss and all damages
3  done, no *right* *of* trust property non-Probate status illegal.
4  During the oral argument dated _2 or / appul_.      Defendants
5  and the Courts have no jurisdiction on Rem and in Personal and
6  only requesting for the offenses under the Title as to Probating
7  a non-Probate when in fact it is illegal under the Probate Code
8  stated and contest and appeal that had been done as divided and
9  concluded on the merits of the   appellant and only requesting
10 jurisdiction based on the Rules of Court based on the crimes
11 done that are subject to litigation or complaint filed as
12 illegal and damages that they cause and duty to pay, defend for
13 damages done for illegal and fraud abuses of defendants under
14 C.C.P. 664.6 as jurisdiction imposed on defendants of their
15 abusive and vexatious filing and continuous action to defend my
16 right, surety and interest as to Honest Proper Litigant in these
17 complaint under my appeals. Superior Court claims and complaint
18 under Honorable Judge Susan Illston, jurisdiction defendant
19 continuous illegal abuse of the court system, as to process
20 decision barred by statute collateral estoppel as concluded   on
21 my merits as to Representative Trustee as to status of property,
22 life, estate non-probate not subject to distribution-contestant
23 without issue subject to no-contest clause of $1.00  penalty and
24 disinherited.    It's been seven (7) years of abuse of Superior
25 Court Probate Department, Atty. Gary Lieberman violates Law of

- 9 -

1  Respondeat Superior also Insurance FIE – Fire Insurance Exchange
2  as to payment and defense under the First and Third Party
3  obligation, violates Law of Respondeat Superior.

4  Honorable Judge should issue mandatory permanent
5  injunction base on the status of no contest clause under Deed
6  illegally conveyed and sued 1609 Property as Subject to three 3x
7  Penalty # Subject Property Price comparable to $349,000.00 x 3 =
8  $1,047,000.00 as was discussed and orally argued in the Court of
9  Appeal in front of Honorable Jay Cline, Hon. E. Ruvalo and Hon.
10 Lambden on March 31, 2008. My brother called my brother David
11 to get out of the house because he wants to sell the property
12 illegally thru the order of the Atty. Gary Lieberman and the
13 Superior Court. The status of the Property in 101 Campbell a
14 non probate Life Estate "deed attached" self explanatory.
15 Decided and concluded issue are no jurisdiction cannot be tried
16 in court. So trial court should stay enforcement c.c. p. 918 as
17 to accomplishment of justice as to palpable abuse. They have to
18 pay their crime. See: Superior Court(1945) 72. Cal.App.2d.
19 123, 124, 164, P.2d. 26) as to accomplish end of Justice.
20 Request for Hon. Judge Susan Illston injunction permanently as
21 appeal because it is unfair. See: Adams v. Bell (1993) 219 Cal.
22 503, 505, 27 P. 2d. 757. Stay C.C.P. section 918 a appeal
23 C.C.P. 718c supersedes C.C.P.681a. As to sale enforcement
24 fraud Barred by statute C.C.P. 430.10. No jurisdiction in any
25 form as to consummation of contract. Section 115 Cal. App. 4th

- 10 -

1  389, 403. No personal jurisdiction of all as to Service of
2  Summons dated April 18, 2008 at 9:00. Disclaimed Barred as to
3  concluded violates C.C.P. 430.10 collateral estoppel.    Filing
4  disclaimed for no personal jurisdiction in fee absolute claimed.
5  Privilege and  interest, See:  Renoir v. Redstar Corp. (2004)
6  123 Cal. App. 4th, 1145-1149 Cal. Rptr. 3d 603 as to filing act
7  of all under RICO Act. Malicious deceit and courts decision to
8  misled and abuse their discretion that is why I filed the
9  disqualification of Judge under C.C.P. 170.1, 170.6 summons
10  1,2,3 offenses an unconscionable of power and immunity to out of
11  the question.  See: Sheldon Appeal Co. v. Albert & Oliker Supra
12  47 3d at 831, 254, CR at 346-347; Citiwide.  Preferred couriers,
13  Inc. v. Golden Eagle Ins. Corp. (2004) 114 CA.4 IV 906,912,
14  8 CR.3d.199, 203, 204) as these people they already lost and
15  continuing prosecution  as to lack of probable cause actionale
16  as to Legal malpractice, Fraud Title violation as  proper under
17  the cover 1981: Section 1983. violation.  See: Zamos v. Stroud
18  supra, 32C. 4th at 966, 12 CR.3d.60 (emphasis) Liability of
19  Insurer's counsel for insurer action acted with malice towards
20  plaintiff as the interference of Malice (See: Camarina v.
21  Sequioa  Ins. Co. Supra.( 90CA 3d.at 1098,235,CR, at 826) as to
22  instigation and interference as also to character assassination
23  with out basis as to dishonesty and fear as plaintiffs is on the
24  merits as the record suggest subject to anti-slapp status C.C.P.
25  section  425.16  as  to  non-meritorious  claims  as  early

1  unmeritorious claims   of Atty. Lee Danforth early in the
2  litigation. See: Jarron Formulas, Inc. v. La March (2003) 31 c.
3  4th 728, 735, 641, as these claims are in conviction with my free
4  speech, claims with merits, constitutional rights in connection
5  with Public Issues as defined in the statute C.C.P. 425.16
6  (B)(1) as to my honest claim as vicarious liable under
7  respondent superior for tortious acts committed to claimants
8  either for the courts abuse insurance abuse attorney Gary
9  Liebermann's abuse that should be settled under courts delay
10 reduction acts as damage accrue as these sets of torture
11 offenses ratifies as to these acts. See: Shultz Steel Co. v.
12 Harford Acc. And Indem. Co. (1986) 187 CA 3d 513, 518, 231,
13 CR.715, 717).

14     Conspiracy to convert as continuing concert of action
15 lasting so long, seven (7) years as agreement to exercise
16 dominion over property o another continues even they are Barred
17 by Statute, De Vries v. Brumkack (1960) 53 Cal. 2d. 643, 647, 2
18 Cal. Rptr. 764, 349, P. 2d. 352 sanctionally as to fraud and
19 minimal as to torts as measures of damages in action against
20 other and third party for conspiracy and illegal conveyance or
21 conversion of personal and business property as actual value of
22 property which she was deprived of prospective profit, lost as
23 natural and direct consequence of wrongful conduct of
24 defendants, F.I.E. Court, Atty. Gary Lieberman, Roseller Abellan
25 and Phoebe Kwong. See: Ellis V. Navarro (1943) 61 Cal. App. 2d,

- 12 -

1   755, 759, 760, 143 P.2d. 735 as inferences.  Defendant Attorney
2   Gary Lieberman was found to be interfering in my administration
3   of San Pablo property.  Concluded on my merits dated February
4   $(\zeta - 2m)$ under Judge Diyane Becton Smith and interference on
5   the lost renters conspired with also.  Summary Denials of
6   Eviction of 101 Campbell property was issued by Appeals Court
7   and Hon. Ronald George.  Summary denials against defendants
8   Court Superior Probate Department to Roseller and Attorney Gary
9   Lieberman as void.  Fraud all I disclaimed as no jurisdiction in
10  Rem and in Personam.  Notice of Rejection opposition were filed-
11  control of Estate Property Code sub-section 10580, 105311a.

12      Complainant Rizalina Abellan interpose as answer that
13  denial and dismissal of Insurance Co. have an obligation  based
14  on contract coverage 1st party and 3rd party liability denial of
15  coverage was insurer's bad faith. Aetna Casualty and Surety Co.
16  v. Humboldt Loaders, In. 1988, 202 Cal. App. 3d. 921 for
17  dismissal or relief (C.C.P. sec. 581 (1) section 581 (b)(I)(i))
18  entitling the complainant for relief to cost and damages.  In
19  re-Mercantile Guaranty Co.(1968) 263, Cal. App. 2d. 346,351,69
20  Cal. Rptr. 361) against insurer's coverage, covenant of Good
21  Faith and fair dealing obligates the insurer ton consider the
22  insured's interest as well as its own.   The existence of
23  Probable Cause element and its reasonable complain obligation
24  and institution of prior action of defendants.    Legal
25  malpractice of all was legally          sale of property, grand

- 13 -

1    theft to property, interference of all defendants are a
2    question of law vs. factual basis for these lawsuit and should
3    be determined by the Trial Courts as to their state and federal
4    offenses.   As to my grounds asserted in the prior action
5    determined in the Plaintiff's favor and subsequent return for
6    the sale of the property as concerted that the grantor actually
7    owns the property transferred to me as the Grantee.    See:
8    McCormick v. Marcy (1913) 165 Cal. 886.132 P.449 operated to
9    pass title after acquisition that request of F.I.E. as to
10   dismissal violates C.C.P. 173.3 as to Service of Summons to
11   Plaintiff barred by statute as dismissal for hearing notice
12   dated April 18, 2008 is void, barred by statute, negligent and
13   malicious as to fraudulent claims.   Exhibits of filing as
14   evidence filed by Attorney Lieberman suggesting as discovery are
15   fraud and determined by Court of Appeals, decision supersedes
16   issued Remititur on the Plaintiff Courts of taking of voided
17   Judicial Notice is abuse of discretion, perjury and obstruction
18   of justice to as to Equal Justice to Justice Act must be
19   observed as I am on the merit.   As final and conclusive on my
20   appeal conclusive as to expedited resolution of the appeal on
21   the merits.   The party were advancing rather than eroding public
22   trust in the legal profession and judiciary.   This violates
23   C.C.P. 430.10 as to determination and bifurcation of cases is
24   barred by statute collateral estoppel as to all answer and
25   filing of frivolous, malicious prosecution as to all defendants

- 14 -

1   negligence F.I.E. Atty. Lieberman Superior Court, Atty. Kathryn
2   Klaus and Attorney Lee Danforth, Sheriffs Dept. and Phoebe
3   Kwong, no-jurisdiction in Rem and in Personam. Based on the
4   case, nature of Title of all properties non-Probate status
5   C.C.P. $3294, 3399$ as Request for Judicial Notice of Honorable
6   Susan Illston's and request for sanction for malicious
7   prosecution as bar to all defendant C.C.P.aud C.C.P. 3294, 3399,
8   no-jurisdiction of all C.C.P. 664.6. I did not authorize and
9   rejected opposed, never consented as Trustee Representative
10  invoked my privilege under the Deed of Testamentary Trust in fee
11  absolute and subject to law of perpetuities. Restitution and
12  damages request as to summary judgment and relief C.C.P. 473 and
13  473 (b). Private action as to complaint obligation as to
14  vexatious litigant for bifurcation of cases when already decided
15  on my merits. Torts recovery is available if Attorney is
16  establish to be non-representative of the insured's claim but
17  give rise to a cause of action for fraud, deceit, mislead and
18  negligent representation that it become frivolous and malicious
19  prosecution on the part of plaintiffs' claims and causes of
20  meritorious claims that involve deceitful abuse of process
21  unmeritorious claims that refused to pay and defend claims but
22  instead mislead the Judge the court system that violated RICO
23  Act in concerted acts of insurance. Fire Exchange Attorney's K.
24  Kraus, L. Danforth, G. Lieberman and Superior Court organized
25  conspiracy because they don't want to settle their criminal

- 15 -

1    offense and all defected violations of illegal taking of
2    property by probating a non-probate property interference of
3    Attorney Gary Lieberman of San Pablo property lost in unlawful
4    detainer case of interference in my property administration
5    under Judge Diana Becton Smith on February 2001 and tried their
6    conspiracy with the Insurance Co. Because of all of them created
7    an alliance to defraud the Plaintiff Rizalina Abellan et. al.
8    refuses to settle when deep in their hearts and soul that they
9    are guilty and created a tactic using my Remititur and my
10   supersedea when in fact I won it. Because I was the Appellant
11   and I appeal not to sell the property because the property is
12   non-probate joint tenancy and community property, a non-probate
13   property under the statutory rule barred, estoppel. I alerted
14   all the Filipino newspaper companies to change their Insurance
15   Co. because of corruption and refusal of coverage and defending
16   my case, not only that interfered in case which is against the
17   law. This filing of attorney's of Insurance Co. hurtful because
18   you pay a policy instead they created a scheme to sabotage. I
19   cannot sleep for weeks created an enormous mental stress and
20   depression in my part and my family. These created scheme of
21   Breach of Contract, Grant Theft, stealing of Rent, putting me to
22   jail without jurisdiction in Rem and in Personam because their
23   motive to win and not to pay is vivid and unconscionable to
24   think about it, if it happens to you, I cannot even fathom. For
25   a while, I was disturbed and it is so hurtful, even my brothers

- 16 -

1  and sisters were disgusted about your conspiracy and scheme to
2  defraud when you don't have a way out but to pay, settle your
3  obligation according to law, statutes, Codes, Penal Code, Civil
4  Code, Act that you all violated.  It is mortal sin that you
5  created these mess but still persistent for years or abuse that
6  is why the public hated lawyers 99% and the court systems.  Who
7  cannot give justice   instead corrupted the system violated
8  Judges Cannon's and obligations under the laws, abuse the court
9  systems, discretion just to get the share of the properties that
10 was  sold,  money  taken  because  of  persistent,  years  of
11 corruption.  We are not stupid, we know what is right and what
12 is wrong, but you people ignored us.  The law and order of the
13 state and these also should be addressed by the State Bar of
14 California for frivolous, malicious illegal taking of property,
15 illegal  vending,  escapegoating  tactic  of  attorneys  and
16 defendant's attorneys.  That I am requesting to be fired and
17 answerable for all the offenses that was created because it
18 violated Law of Respondeat Superior because they created these
19 scheme  to  defraud,  tried  to  cover  up  my  affirmance  and
20 supersedea, their interference, fraud, deceit and willful malice
21 in these causes of my complaints and meritorious claims under
22 the  law.   It was exhaustive to deal with these actors and
23 corrupt  defendants.     A  RICO  Act  offense  is  concerted.
24 Defendants Fire Exchange request for Judicial Notice addressed
25 to Honorable Judge Susan Illston for dismissal is abuse of

1  process and should be sanctioned.  Fire Insurance Exchange,
2  F.R.C.P. 2 (b) or definite statement, F.R.C.P. 121 (c) are
3  barred by statute under C.C.P. 430.10 splitting of case or cause
4  of action in part is a rule of abatement and in part a rule of
5  res-judicata when defendants had no legal rights to divide and
6  enforce it in two suits.  The second suit is in abatement, same
7  parties, same course of action as to objection of corrupt,
8  twisted motive.

9      Defendant allegation FIE numbered 1 to 8 were fraudulent
10  act to mislead Plaintiff as to the Title and Status of the Deed.
11  If Kathryn Klaus is intelligent, she is not supposed to be
12  continuing the footstep of all these fraudulent defendant,
13  Superior Court, Atty. Gary Lieberman, Phoebe Kwong and Sheriffs
14  Department.  You are welcome to the club of corruption as
15  concerted actors to steal and defraud the Plaintiff e. al. of
16  all my rights as to property, two properties involved in these
17  action.  We ask you to defend and settle your insurance
18  obligation to defend me, not sell to wrongdoer.  You don't
19  interfered with these property.  It is not for Probate, your
20  obligation is to policy limits and defense and to determine
21  losses under the Third Party corruption of the Court.  Your
22  filings are garbage paper that had been adjudicated on my case
23  no. 280338 on the merits.  Reversal of Trial Court Judgment had
24  been issued by the Court of Appeal.  Not to sell the property
25  was won by me.  Do not steal my appeal Remititur.  Illegal sale

1 | happen and you have pay! All of you defendants! Don't make it
2 | muddy "okay". May 16, 2006 is fraudulent act of concealment.
3 | They are vexatious litigants, all of you because you all have
4 | no right to the property in Rem or in Personam. The Deed
5 | suggest non-Probate of both property. All of you interfered in
6 | my administration as owner under the statute and probate. Don't
7 | abuse and corrupt the system, sanctionable for abuse of process.
8 | Confirming sale is fraud. As May 3, 2007 is void and barred by
9 | statute under C.C.P. 430.10, matters of public record is void
10 | and barred res-judicata collateral estoppel as Attorney Kathryn
11 | Klaus and Lee Danforth are barred statute under C.C.P. 430.10
12 | splitting of cases when already won by me in

13 | Filing remititur. My exercise of power without notice under my
14 | action and complaint under probate code section 10580 et. seq.
15 | A disclaimer of all defendant must be judicially notice by Hon.
16 | Judge Susan Illston, Prob. Code section 10519 as to reasonable
17 | in fee absolute. Prob. Code section 10512, completed a contract,
18 | Prob. Code section 10516 as to supersedea and Remititur issued
19 | Probate Code section 10517 held by another Prob. Code section
20 | 10518 and Notice of Eviction msut be revoked for fraud,
21 | interference C.C.P. 3299, 3399. As to management and control of
22 | Estate Prob. Code section 10531 (b) as to Insurance fulfillment.
23 | Summary of Punishment of contempt committed in the presence of
24 | court, contempt of all C.C.P. section 1215, attachment or Bench
25 | Warrant or Commitment to show cause or order to show cause,

1  section 1214.   Warrant of attachment section 1214, arrest and
2  detention of Respondent and Respondeat Superior of all.
3  Punishment of fine $1,000.00 payable to the Court for violation
4  of such actors or in prison for five (5) days for willful
5  concealment, perjury and obstruction of Justice and Equal
6  Justice to Justice Act and Title VII section 1981 and 1983 under
7  the color.   Because I am proper, minority litigant on the
8  merits, violates unruh act as I am not accommodated. Sabotaged
9  and created scheme to steal remititur or affirmance on my first
10 appeal, not to sell the property.  Subject filing of dismissal
11 is not possible, dated March 10, 2008 filed by Attorney Kathryn
12 Klaus as to a question of law or statutory Court Rules, violates
13 C.C.P.  430.10.    Bifurcated to mislead, conceal Plaintiffs
14 decision by appeals on my case no. A094392  See: attached
15 Supersedea, Remititur, Reversal on me as trying to steal,
16 twisted to their comfort?   No.   As the interest of Insurance
17 attorneys to defraud outweigh the erosion of public trust.  See:
18 In re Rashad H. 2000 79 Cal. App. 45h 376, 378, 380, 92 Cal.
19 Rptr. 2d. 783, as has an adverse effect on the Plaintiff et. al.
20 clearly erroneous as to sabotage a vexatious litigant "Per se".
21 So as not to impair legal rights that had been decided on my
22 merits as to accomplish ends of justice as appeal were final and
23 conclusive and should not be bifurcated or splitting case is
24 against the law barred by statute and I don't consent,  C.C.P.
25 430.10 C.C.P. 3294 as fraud as to malicious prosecution.  See:

- 20 -

1 | Webb v. Yourman (1967) 248, Cal. App. 2d 851, 854, 57 Cal. Rptr.
2 | 11 (Civil) as to proceedings on April 18, 2008 barred by statute
3 | as action barred by statute see Hardy v. Vial (1957) 48 Cal.2d.
4 | 572, 586, 311 P. 2d. 494. Voluntary dismissal on April 18, 2008
5 | hearing notice requested by plaintiff or taken with the
6 | plaintiff's express consent. See: Code Civ Proc. Section 581 (b)
7 | (1) (2) (e) Datner v. Mann Theatres Corp. (1983) 145 Cal. App.
8 | 3d. 768, 770, 193 Cal. Rptr. 676 using term voluntary dismissal
9 | to refer to dismissal requested by Plaintiff before trial as to
10 | special proceeding C.C.P. section 581 complaint and cross
11 | complaint not on the merits C.C.P. 581 (a) (2) defendants' cross
12 | defendant C.C.P. 581 (a)(4) as void. [ court should take notice
13 | c.c.[. section 581 a(3)] as to may control of meritorious claim
14 | in controlling course of litigation that I plaintiff et.al.
15 | initialed [see Willson v. L.A. county Civil Service Com. (1954)
16 | 126 Cal. App. 2d. 679, 273, P.2d. 34] as these defendant and
17 | cross defendant File to conceal and deceit as willful are void
18 | malicious and negligent and violates Bus. and Prof. Code as
19 | dismissal of a complaint of this defendant should be dismissed
20 | but settle and defend accordingly as to true statute for damages
21 | so assertion had fraudulent effect and Judge Susan Illston
22 | should take notice for the last filling of defendant Fire
23 | Insurance Exchange concept attorneys Kathryn Klause, atty. Lee
24 | Danforth under C.C.P. section 581 (e) notice of these F.I.E
25 | complaint will follow with Proof of Service Cal. Rules of Ct.

31390 Section 212.271 Frivolous No. Jurisdiction and void as hounded in c.c.p. Section 581 (a)(1) These is a matter of my right as to a ministerial one see: Parents v. Lifeline Blood Bank 707 as to my absolute right in   fee simple absolute. Pending complaint is undisturbed involving other cross complainants and cross-defendants see: Sanabria v. Embry (2001) 92 Cal. App. 4th 422, 425 111 Cal. Rptr. 2d. 837] as plaintiff is Et.al. are entitled for relief and summons judgment as these defendants have their obligation under the Insurance contract's bad scheme.  Bad faith and duty to defend and defeat a fraudulent scheme sustained my demurer complaint without leave to amend.  See: Goldtree v. Spreckles (1902) 135 Cal. 666, 67 P. 109 135 Cal. 666, 673, 67 P. 109     under C.C.P. section 581 as to defendant complaint be dismissed C.C.P. section 591 (f) (2) as to defendant motion as fraud.  Cravens v. State Bd. Of equal (1997) 52 Cal. App. 4th 253, 255 60 Cal. Rptr. 2d. 436. Thus, Plaintiffs et. al. Request Summary Judgment request under C.C.P. 473, 473 (b) C.C.P. 3299, 3399, P.C. 494, 495 that was filed by Plaintiff as to damages and cost of  lawsuit for seven (7) years of abuse of court rules, discretion law, statutes, Penal Codes, Civil Codes that  had been filed.  Self explanatory as to lawyer's number and title as discovery orders, void, malicious, negligent, misleading and no jurisdiction in Rem or in my Personam et.al. supersedes on the merits been issued a Remititur as I am the Real Party in Interest.

1    My General Demurer C.C.P. sub-section 430.1 and e, 430.30
2    (a) action barred on its face by statute of limitation C.C.P.
3    sec. 335.1  Seven (7) years, abuse of process, Mefaddin V.H.S.
4    Crocker Co. (1963) 219 Cal. App. 2d. 585, 590, 591, 33 Cal.
5    Rptr. 389.

6        Defendant's arguments and filings cannot be changed  as to
7    conceal fraud C.C.P. 3294 appellant procured the Judgment as to
8    rejection and no jurisdiction. Barred.

9        Beneficiary Roseller Abellan FIE Attorney, Trial  Court
10   Attorney Gary Lieberman and all defendants had no probable cause
11   to decide under Probate Code section 21320 (b), 21330 (b), 21307
12   does not have safe harbor as the will had provision of no-
13   contest clause and Law of Perpetuities.

14       As to my cross-appeal as to attach of illegal trial motion
15   of  FIE  Ins.  Lawyer  try  to  corrupt  and  steal  applicant
16   affirmance. As action subject of Bus. and Prof. code violation
17   section 61036 as deceit.  Probate section 15687 as to dual
18   compensation, acting Trustee when they are not as to benefit
19   probate Code 217001 (a).

20       The prior action was initiated with malice, Sheldon Appel
21   Co. v. Albert and Aliker (1989) 47 Cal. 3d. 863, 871, 254 Cal.
22   Rptr. 336 765 P. 2d. 498 (civil) (criminal)  Robbins v. Blicker
23   (1997) 52 Cal. App. 4th, 886, 892-8936 Cal. Rptr. 2d 815)  The
24   Plaintiff suffered an injury or damages as a result (Maxon v.
25   Security Ins. Co. (1963) 214 Cal. App. 2d. 603, 613, 29 Cal.

Rptr. 586 (criminal) as to element of tort viewed from defendants abuse, malice, deceit and illegal taking of property without probable cause or merit as non-probate joint tenancy and community, property. So this defendant I disclaimed them against their violation subject to damages under Probate Code 21320 (b) 2139 without issue subject to C.C.P. 3294, 3399, 27307 as to allege malice of all defendants concerted act. As my complaint misuse of the court process against Plaintiff are tortuous in order to gain advantage, see: Templeton Feed and Grain v. Ralston Rurina Co. (1968) 69 Cal. 2, 461, 466, 72 Cal. Rptr. 344, 464 P. 2d. 152. When everybody knew that they don't have jurisdiction in Rem Property and my personam Plaintiff Rizalina Abellan as all persons are guilty "defendants."

Insurance Code section 2071 – Loss was subject to property sold and demolished in the amount of $349,000.00. Such in the progressive loss Tomaselle v. Transamerica Ins. Co. (1994), 4th Dist. 25 Cal. App. 4th 1269, 1279, 1280 31 Cal. Rptr. 2d. 433, 437 as to *summary* of damage and inception of our losses, see: Presidential (MI Com. Ins. V. Sup. Ct. 1990) 51 Cal. 3d. 674, 686-687, 274 Cal. Rptr. 387, 395 798 P.2d. 1230. When court stated as to approvable damage as notified promptly the FIE Ins. Co. one year period tolled.

Declaration C.C.P. section 2015.5 Remainder's are entitled for Qualified Residential Trust as to Life Estate Probate Code 21320 (b) 2130 (b) 21307 as to Provision of no-contest clause

1    Declaration C.C.P. section 2015.5 Remainder's are entitled
2    for Qualified Residential Trust as to Life Estate Probate Code
3    21320 (b) 2130 (b) 21307 as to Provision of no-contest clause
4    Law of Perpetuities, C.C.P. Proc. Section   527 (a) as to
5    verified complaint as to evidence self-explanatory C.C.P.   352
6    C.C.P. section 791 as to my General Denials of defendant's
7    claim. Barred. No jurisdiction 431.3 (d) as to supersedea.
8    C.C.P. 430.10 (e)  C.C.P. 430.3 (a) as to statute of limitation
9    C.C.P. sec. 335.1.

10    Request to show cause why they sold without consent and
11    "Production of Will" cannot enter court juries or jurisdiction.
12    As to my complaint for compensatory damages Civ. Code sec. 3333,
13    Punitive Civil Code section 3294, damages for malicious
14    prosecution action, abuse or process C.C. sec. 3303 as process
15    was not designed and misuse of power. See: Younger v. Solomon
16    (1974) 38 Cal. App. 3d. 219, 297,113 Cal. Rptr. 113 entire range
17    of procedures incident to litigation filed by both attorneys,
18    Atty. Gary Lieberman, Atty. Kathryn Klaus and Atty. Lee
19    Danforth, abusive behavior as to sanction and State Bar
20    suspension as to corruption, Perjury obstruction of Justice to
21    Plaintiff and Appellant Rizalina Abellan using against me,
22    interrogating for improper filing done by Kathryn Klause using
23    No. 1 to 8 illegal Bifurcated action void under the statute
24    C.C.P. 430.10 Estoppel, No Jurisdiction of all. As to my mental
25

- 25 -

1 | suffering in abuse of process action, see: Spellens v. Spellens

2 | (1957) 49 Cal. 2d. 210, 230, 317, P. 2d. 613.

3 | Plaintiff request for Judicial Notice Permanent injunction

4 | (Bus. Prof. Code section 17200 et. seq. Civil Code section 3422,

5 | Plaintiff or appellant affirmative defense C.C.P. 431.30 (b) (2)

6 | as to absolute Priviledge Civ. Code section 47 (b) for

7 | Publication in Judicial Proceedings. Litigant as authorized by

8 | law C.C.P. section 57 (2) as to applicable for action of

9 | defendant illegal motive in relation of their abuse of Process

10 | as to filing of void public records as to status no jurisdiction

11 | as to barred by statute as I disclaimed.

12 | Wherefore Plaintiffs et. al. request for the following

13 | complaint C.C.P. 425.10 for the following as to knowledge of

14 | Defendants.

15 | 1. Compensatory damages three (3) times of the amount -

16 | $1,345,000;

17 | 2. Punitive or exemplary Civil Code section 3294 for

18 | $2,000,000.00 to egregious, malicious as vexatious;

19 | 3. Injury based on conspiracy conversion and willful intent

20 | of all defendants to defraud for torts, and emotional

21 | distress as to intentional - $1,000,000.00;

22

23

24

25

- 26 -

4.    Or as the courts deems proper.

Dated : April 1, 2008

Respectfully submitted:

Rizalina Abellan
In Proper Persona
(415) 992-1853


# V E R I F I C A T I O N

I declare under the Law of State of California that the forgoing rejection and opposition and my amended complaint under the rule Probate Code statutory of Bifurcation and Splitting cases under the court Rules and Statement of fraudulent scheme of all of the defendants filed March 10, 2008 are true and correct.

Rizalina Abellan
In Proper Persona
(415) 992-1853

- 27 -

PROOF OF SERVICE

I, Rizalina Abellan declare that:

I am at least 18 years of age and a party to the above-entitled action. My Extension of Time, to file my amended complaint. My business address is 264 Faxon Avenue, San Francisco, CA 94112. *as to my rejection and complaint dated 4-4-08*

I served the foregoing motion on 03-12-08, by depositing Extension of Time thereof in the United States mail in Daly City, California, enclosed in sealed envelopes, with postage fully prepaid, addressed to District of California under Judge Susan Illston and the following persons will be served.

1. *District court of northern calif. 450 Golden gate ave. S.F. Ca. 94102*
2. *Superior court of calif. San Francisco. 400 mc allester st. S.F. Ca. 94102*
3. *atty Kathryn Klaus & atty Sue Bradforth 444 Jackson Belyen ker. Suite 3 or redwood shores*
4. *atty mary Luku man Redwood city Ca. 94065 144 South Hill Dr. Suite 7 redwood calif. 94997*
5. *Sheriffs dept. of San Francisco Pell st. Atty Hall rme 456 S.F. Ca. 94102*
6. *miss Phoebe lewong 18819 crest ave. Castro Valley Ca. 94546*
7. *court of appeal 350 mcallister st. S.F. Ca. 94102*
8. *Supreme court of calif. 350 mcallister st. S.F. Ca. 94102*
9. *atty general of calif 350 Golden gate ave. Ca. 94102*
10. *Solicitor General of U.S.F. Ca. 94102 Paul Gunmington D.C. 10530 10th consullar. ave washington ave. wash D.C. Rizalina Abellan In propia persona 415-992-1853 dated 4-4-08*

1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6              FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   RIZALINA ABELLAN,                          No. C 08-00252 SI

9              Plaintiff,                       **ORDER GRANTING PLAINTIFF'S
                                                MOTION FOR AN EXTENSION OF**
10   v.                                         **TIME**

11   SUPERIOR COURT OF CALIFORNIA, et al.,

12              Defendants.
                                              /
13

14

15          On February 28, 2008, the Court dismissed plaintiff's complaint with leave to amend. Plaintiff's

16   third amended complaint was due March 14, 2008. On March 12, 2008, plaintiff filed a motion for an

17   extension of time in which to file her third amended complaint. The Court hereby GRANTS plaintiff's

18   motion for an extension [Docket No. 17]. **If plaintiff chooses to amend her complaint, she must file**

19   **her new complaint no later than April 4, 2008.**

20          On March 10, 2008, defendant Fire Insurance Exchange filed a motion to dismiss based on an

21   earlier version of plaintiff's complaint. That earlier version has already been dismissed by this Court's

22   February 28, 2008 order. Accordingly, the March 10, 2008 motion [docket # 14] is denied as moot and

23   the hearing date is vacated.

24          **IT IS SO ORDERED.**

25   Dated: March 24, 2008

26
                                              SUSAN ILLSTON
27                                            United States District Judge

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RIZALINA ABELLAN,

Plaintiff,

v.

SUPERIOR COURT OF CALIFORNIA et al,

Defendant.

_____/

Case Number: CV08-00252 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 27, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rizalina Abellan
264 Faxon Ave
San Francisco, CA 94112

Dated: March 27, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk



Rizalina Abellan

264 Faxon Avenue

San Francisco, CA 94112

In the United States District Court

Northern District of California

450 Golden Gate Avenue

San Francisco, CA 94102

No. C-08-0252S1

Rizalina Abellan et al.

Plaintiff

Sup. Ct. No. 280338

A – 120113

VS.

Superior Court of California

Atty: Gary Leiberman

Fire Insurance Exchange

San Francisco Sheriff's Department

To the Honorable Judge Susan Illston. Please take notice that Plaintiff Rizalina request for extension of time based on the ff:

1. The defendant Coddington Hicks and Danforth served motion to dismiss fire exchange insurance under F.R.C. P. 12(b)(6) as to statement of facts requested.

2. In the middle of my deadline filed by your office. I have a deadline to amend my case up to March 14, 2008. I like to consolidate and answer their motion so I will not amend again and opposed in another filing. I am requesting 20 days extension of time to join my response in their frivolous, malicious motion and character assassination as these actors join forces to disregard me as a claimant. They are wrong. To mislead the court is abuse of process. They also violated Title VII Section 1981-1983 and Unruh Act as they refuse to accommodate me base on my race, sex and prose litigant when I have a meritorious case base on the law and justicability and should be stopped.

3. I have also a brief to make under Court of Appeals Case No. 120113

4. if they think they can sabotage the case and use a scapegoat then they are wrong. They violated and used Federal Racketeering Act. Conspired to dispose my case by R.I.C.O. Act as these violate C.C.P. 3294 as fraudulent to conceal, misled willfully as to meritorious claim issued supersceder, remitutur by the Court of Appeals and summarily denied on the merits if they even can understand the ruling of the higher court. It is eggrigious and despicable, nuisance and vexatious claim to exit a responsibility and negligent defendants.

Wherefore Plaintiff request for extension time be extended and

1      affirmed as I am prose. I deal with my day to day life and time is the

2      essence.

3

4

5      Dated 03-12-08

6

7

8                                          Respectfully Submitted

                                         Rizalina Abellan

9

10                                          In Propia Persona

11                                          415-992-1853

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2    I declare under penalty of perjury under the laws of the State of Califonia that the

3    foregoing is true and correct

4

5

6    03-12-08

7

8

9

10

11                                          Rizalini Abellan

12

13                                          Rizalina Abellan

14

15

16

17

18

19

20

21

22

23

24

25

# **VERFICATION**

I, Rizalina Abellan declare:

I am the Plaintiff in the extension of time. I am aware of my time and because of unexpected response of Coddington Hicks and Danforth Law office my extension is true and correct. I declare under penalty and perjury under the laws of California that my statement in true and correct.

Dated: 3-12-08

Rizalina Abellan
Proper

PROOF OF SERVICE

I, Rizalina Abellan declare that:

I am at least 18 years of age and a party to the above-entitled action. My Extension of Time, to file my amended complaint. My business address is 264 Faxon Avenue, San Francisco, CA 94112.

I served the foregoing motion on 03-12-08, by depositing Extension of Time thereof in the United States mail in Daly City, California, enclosed in sealed envelopes, with postage fully prepaid, addressed to District of California under Judge Susan Illston and the following persons will be served.

1. atty Lee Danforth 555 Twin Dolphin Dr. Suite 300 Redwood City Calif. 94065
2. atty Katryn Klaus 405 Twin Dolphin Dr. Suite 300 Redwood City Ca. 94065
3. Superior court of calif 400 McAllister St. S.F. Ca.
4. atty Harry Liebman 1615 South Muy Avenue Suite 1 700 City Calif. 94947
5. Northern District court of California 450 Golden Gate Ave. S.F. Ca. 94102
6. Miss Phobe Wong 2881A crest way Castro valley calif 94546
7. S.F. Sheriff Dept. S.F. City Hall Rm. 456 San Francisco calif 94102
8. court of appeal 350 McAllister St. S.F. Ca. 94102
9. Fire Insurance Exchange Oklahoma city Oklahoma
10.

Rizalina Abellan
264 Foxan ave. S.F. Ca.
94112 - 415 - 334-5085

Superior court of california
County of San Francisco
appeals division

Rizalina Abellan
antonio abellan
ester Batang
Ruberto abellan
Romeo abellan
Marilyn abellan
Pepsi abellan
Roseville Balzate
Rosemary Bautista
david abellan
alma Lonita
Petitioner

" VS. "

Roseller abellan
gary Lieberman atty.
Respondent

Case No. PES-00-280338

notice of appeal
notice designating
clerk's transcript
and Reporters trans-
cript for Record
on appeal.

Estate of Rufina
abellan

**FILED**

San Francisco County Superior Court

MAR 5 2001

GORDON PARK-LI, Clerk

BY: _____ Deputy Clerk

(To the clerk of the above entitled court.)
notice is given that Rizalina
abellan, its heirs and remaindermen
appeals from all the portions of the
judgment or order of the above intitled
court entered herein Jan 2 2001.
in favor of Respondent judgment
denial.

order a portion thereof appealed
from.

Notice is Further given That Plain-
tiff designates the following papers
or records on file or lodged with
the clerk of court all Petitions filed
seated as follows

1. July 27 2011     5 Dec. 4, 2011
2. aug 7, 2011     6 Jan 12, 2001
3. Sept. 10 2011    7. Restraining Order
4. Oct. 3 2011        Dated Feb. 20, 2001

Notice is further given That Plaintiff
requests Preparation of the reporters
transcript of the oral Proceedings in
this action and all instruction refused
by court. as of the ff:
1. Probate of the will
2. administratorship
3. Restraining order
seated in S.F. March 5, 2010

By. Azalina Akllan
Representative
Petitioner

Supporting declaration

I, Bzalina Abullan appellant of the
intitled action on Jan 7, 2001 denial
of administratorship and Homestead
rights was denied by Judge T. McGrath.
in favor of Respondent Rosllen Abullan
+ atty Gary Silberman also on Feb. 20,
2001 appellant was restraint for unlaw-
ful detainer action.

At this time March 5, 2001 declarant
filled a notice of appeal. Enforcement
is not stayed and should be stayed, by
perfecting the appeal
The following issues will be raised
on appeal and Judgment should be stayed
for the following reasons.

1. Petitioner Supersedes

2. Petitioner and remainder men has
an absolute Power, Right Priviledge
in-munity and interest based on the
law. Restatement of the Law of
Property, Trust and Freehold interest
as to the Law of Perpetuities. Possess
by the owner of the Estate 1st Taker
in fee simple absolute. Statutory estate
for life of the Remainder men.
Violations of all Statutes in the Restate-
ment Law of Property.

I declare under penalty and perjury under the laws of california that the foregoing is true and correct.

March 5, 2001

Respectfully submitted

Zalin aballan

Name and address of Person to Whom
notice was mailed

1. antonio abellan 57 Lausanne St. Daly City 94d.
2. Restituto abellan Jr 16329 forgisten St. Haywd. cd.
3. Rosillen abellan 134th Twin cities R.D. Pinola Ca. 94738
4. Ester abellan 112 SuthWst. S.F. Ca. 94739
5. Roberto abellan 101 campbell St. S.F Ca. 94134
6. Romeo abellan 101 campbell St. S.F. Ca. 94112
7. David abellan "    "
8. Rose mary abellan 101 campbell St. S.F. Ca. 94134
9. Pepsi abellan    "    "    "
10. Rosevilla Salzoli 101 pope St. S.F. Ca. 94112
11. Marilyn Palo abellan 2184 pyramid St. Ruchmd Ca. 94803

I served The foregoing person
named above in U.S. Postal Service
postage fully Prepaid

I declare under Penalty of perjury.
under the Laws of the State of Calif
that the foregoing is true + correct

Date : 1 — 18 — 2001        Rizalina Abellan
S.F. Ca. 94112                    Representative

*Selina Abell.*
*4 Park Oak*
*94112*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

400 McAllister St. San Francisco, CA 94112

**FILED**

San Francisco County Superior Court

SEP 12 2007

GORDON PARK-LI, Clerk

BY: _____
Deputy Clerk

|  |  |
|---|---|
| In re: | ) Case No.: No. 280338 |
|  | ) |
| ROSELLER ABELLAN, , GARY R. LIBBERMAN | ) Leave of Court |
|  | ) |
| Petitioner, | ) Amended Rejection for the Sale of |
|  | ) Properties C.C.P   Fraud see : |
| and | ) 9571 Sec. 252 and Sec. 253 Influence |
|  | ) conspiracies under RICO  Business and |
| RIZALINA ABELLAN, | ) Prof. Code 6175-4 Violation, |
|  | ) Disqualification of Judge C.C.P. |
| Respondent | ) 170.6, 170.1 and 3, Declaratory |
|  | ) Relief Request for        of Judgment |
|  | ) and Decision and Relief under C.C.P. |
|  | ) 473. *For Sale of Property as to* |
|  | *such code.* |

Petitioner Gary Lieberman and the courts violates Civil Code Sub-
section 715 and 716 see: Estate of Walkerey (1895) 108 Cal. 627, 41 P. 7 72
49 St. Rptr. 97.   Estate of Carasly, Estate of Philips (1928) 182 Cal. 752,
190, P 17 as violates Rule against perpetuities citing Civil Code 715 without
discussion.     Imposed by the Supreme Court that the provision of the
Constitution has the Rule under English common law imposing a period of lives
in being twenty-one years in case the person in whom estate or interest
should then vest as in my case vested for 21 years absolute interest in
possession cannot conveyed and every future interest is void and don't
consent.  See: Estate of Goldtree v. Thompson (1889) 79, Cal. 613, 620, 22 P.
50 See: Estate of Mcray  (1928) 204, Cal. 399, 268 P. 647.

- 1 -

1    Judgment Order of Notice to Vacate was taken after a timely

2  Notice from the Judgment Order. Plaintiffs and Remainders cross

3  appeals from the Judgment Order appellant cross appeals on

4  multiple issues namely:

5    1.  Sanctions for no contract clause.  Probate Code 21303;

6    2.  Fraudulent Act of willful intent to defraud and to lose

7        benefit under the will;

8    3.  Larceny;

9    4.  Grand theft;

10   5.  Federal Racketeering under RICO Act;

11   6.  Title VII Section 1981 - 1983  Race, color,  and natural

12       origin;

13   7.  As to ADA - American with disability under the ADA Act

14       Discriminatory;

15   8.  Vexatious Litigant as to determination under the

16       Entitlement of supersedea issued and Remititur issued

17       subject to Jurisdiction under C.C.P. 664.6;

18   9.  Summary Denial determination of the Appeals Court and

19       Supreme Court.  Denials on the merits as an affirmance;

20   10. Request for Declaratory Relief and Damages for Fraud under

21       C.C.P. 3299, 3284 P.C. 494, 495.  Grand theft P.C. 387,

22       emotional distress cost of lawsuits, punitive damages as

23       to compensatory and exemplary damages as a deterrent as

24       the court attorney, Insurance Company, Phoebe Kwong did

25       intentional unconscionable act of willful fraud and undue

- 2 -

1    influence as violates RICO Act as conspirators and bound

2    by Law of Respondent Superior. They want to steal money,

3    property when they knew it is wrong and very jealous to

4    make all means to defraud because of greed of money uses

5    undue influence, concealment, deception, obstruction of

6    Justice Courts violates my 14th amendment, equal to Justice

7    Act. He is even the investigator, deceive my brothers. A

8    shameful act as aggregious personas. Even I filed no

9    jurisdiction in "Rem" and in "Personam." Probate Court

10   still ignored it. You people steal to a lot of litigant e

11   using your numbers to defraud, to corrupt. Dishonest, no

12   integrity, messes the country's morality, integrity and

13   world respectabililty and State and Court

14   trustworthiness, beneficiary predeceased without issue.

15       Wherefore, Appellant prays for Writ of Possession and

16   prays for damages ask on the record.

17   Dated : 12/17/2007

Respectfully Submitted:

*Rizalina Abellan*

Rizalina Abellan
In Propia Persona
(415) 992-1853

- 3 -

*Superin court of aulif.*

RIZALINA ABELLAN

769 FAXON ALL.

S.F.A. 94112

IN THE SUPERIOR COURT OF APPEAL OF

THE STATE OF CALIFORNIA

350 McALLISTER ST. SAN FRANCISCO, CA 94102

APPELATE DISTRICT

DIVISION II

ENDORSED
F I L E D
San Francisco County Superior Court

JUN 2 1 2006

GORDON PARK-LI, Clerk
BY: _____ HONS YUNG
                    Deputy Clerk

In re:

ROSELLER ABELLAN, GARY R. LIBBERMAN,

Attorney for Roseller Abellan,

       Petitioner,

    and

RIZALINA ABELLAN,

       Respondent

)  Case No.: No. ~~200338~~ 272270
)  an suit to Petition
)  ~~Notice of Motion~~ Complain for
)  Actual Fraud of Petitioner. Re-
)  Contempt Malicious Prosecution under
)  Civil Code 1566-1590
)
)  Element of Tort and Court has no
)  Jurisdiction in Rem or in Personam
)
)
)
)
)

Appelate Court decision has become final its adjudication against the
Petitioner against the Petitioner.  Set of facts against the same parties in
the interest of the same purpose. See: Over street v. County of Butte (196)
57 Cal.2d 504,506, 20 and Rptr 631370 P. 2d 335 Calhoun v. Superior Court
(1958) 51 Cal. 2d 251, 262, 331 P. 2d 248.

Lack of Jurisdiction - Wisely v. Superior Court (1985) Cal. App. 3d
267, 270220 Cal Rptr. 893.

Disqualification of Judge under Cio. Proc. Par. 170.5, Code cio. Proc.
Far. 170.3d.  Discriminatory to Respondent violation of Equal Protection of
Law, Abuse of Process and Propendorance of Evidence.

OPPOSITION FOR RE-CONTEMPT - 1

056

Reformation – under Civ. Code 3399 as to declaratory relief C. Punder B 1060 et seq. Deed  should be cancelled void or voidable cio.. Code par. 3412 to quilt Title Malicious civil action – Webb v. administrative proceedings may be basis for malicious prosecution action (Hardy v. Vial) (1957) 48 cal. 2d 577,581,311 P 2d 494) as to denial of Privileges that triggers the right to appeal though the appeal proceeding actually triggered by a Malicious prosecution by Plaintiff (Coxline v. Saint Joshua  Hoop and Health Center (1998) 63 Cal app. 4th 907, 916, 917, 74 Cal. Rptr. 2d 385 as my priviledge as successor to Life Estate and Trustee Representative.

To secure reinstatement of a position or a License then a Malicious Prosecution may lie.  Lemig v. Farrar (1977) 70 cal. App. 3d 48, 60, 138, Cal. Rptr 540.

Court cannot make new agreement under Civil Code 3399.  Fraud,  Breach of Contract subject to declaratory relief under C.P. par 1060 et. Seq. and must be cancelled to reform deed under Civ. Code 3412 because it is void and voidable, intentional fraud, mistake, malicious prosecution Civ. Code 3399 and should be dismissed.

█████████ Lack of capacity to contract

1.   Contract is breached – lack of capacity

2.   Void and Fraud

3.   Malicious Prosecution

4.   Lack of Consent, menace fraud under influence mistakes Procedure Code Sec. 142

5.   No consent Prof. Conduct Rules 3-310

6.   Evidence attached Remititur mandate of Prohibition. Court paper
     at Superior Court in Richmond under Judge Diana Becton-Smith a
     proper venue of court.

7.   Les Pendens, expunge under preponderance of evidence C.C.P.
     Section 405.32.

Determination of the court is to Respondent's favor.  Respondent
suffered an injury and damages as a result of repeated malicious
prosecution not favored by law.

1.   Duties owed attorneys to their clients as not intended to
     create new civil action.  Prof. Conduct Rules, rule 1 – 100
     (A) settings parameters of the duties owed by their attorneys
     to their clients.  As to Breach of Prof. Conduct Rules, 4-101
     and 5-101 used by court  to establish standard of case Day v.
     Rosenthal (1`985, 2d dest) 170 Cal app. 3d sec. 25, 217 Cal.
     Rptr 8,9 Cert. den 475 US 1048, 90L Ed 2d 576 S. Ct., 1267
     Violation of Professional Rules, Not Breaches of Legal
     Technicalities but also violation of Professional Standard
     Court Compelled to Notice, as leading to suspension and
     disbarment as to in most cases rise to level of Professional
     negligence.  As to intentional with reckless disregard or
     repeated faiure to perform  attorneys competently while the
     standard for breach of duty in a malpractice action is
     negligence.  As attorney fall below standard of care. See:
     United Community Church v. Garcen 1991 2nd district 231 Cal.
     App. 3d 327, 282 Cal. Rprt. 368.  Failure to file responsive
     Pleadings.

Based on the foregoing, Respondent request dismissal of this action because of premeditated intentional fraud, malicious prosecution violation of Bu. and Prof. Code as to vexations, deceit and negligence subject to malpractice, lawsuit and  conspiracies by the Petitioner Roseller and Attorney Libberman.

Wherefore, Plaintiff demands judgement against the  Petitioners as follows :

1.    For an order by this court that the administrator is void and should be cancelled as to fraud.

2.    For an order of this court to quiet title.

3.    For cost of suit determined by this court of  $25,000.00 before.

4.    Cost of lawsuit and appeal that was incurred for  tortuous conduct inflicted to the family of the Respondent amounting to $100,000.00 that lawsuit existed for four (4) years.

5.    For such further relief as the court deems proper.

Dated : June 21, 2006

Respectfully Submitted :

RIZALINA ABELLAN

Representative

In Proper Persona

**TO BE FILED IN THE COURT OF APPEAL**

**APP-004**

| CIVIL CASE INFORMATION STATEMENT | Court of Appeal Case Number *(if known)*: |
|---|---|

COURT OF APPEAL, _____ APPELLATE DISTRICT, DIVISION _II_

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

Rizalina Abellan
264 Fixon ave. S.F Ca. 94112

**FOR COURT USE ONLY**

TELEPHONE NO. 415-993-13N FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Rizalina Abellan

APPELLANT: Rizalina Abellan

RESPONDENT: SUPERIOR court of california
atty Jury Silber man- Necklen additions

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS 400 Mcallister st. S.F Ca.

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

FILED
First appellate district
JAN 15 2008
DIANA HERBERT, CLERK
_____ DEPUTY CLERK

A. 120113

JUDGES *(all who participated in case)* Judge Newman John, Judge
Taylor, My Grath, Judge P. Mirdng

Superior Court Case Number:
case no. 280238
case no. 463948

**NOTE TO APPELLANT:** You must file this form with the clerk of the Court of Appeal within 10 days after the clerk mails you a notice that this form must be filed. You must attach to this form (1) a copy of the judgment or order being appealed that shows the date it was entered (see Cal. Rules of Court, rule 8.104 for definition of "entered") and (2) proof of service of this form on all parties to the appeal. (CAUTION: An appeal in a limited civil case (Code Civ. Proc., § 85) may be taken ONLY to the appellate division of the superior court (Code Civ. Proc., § 904.2), or to the superior court (Code. Civ. Proc., § 116.710 [small claims cases]).

## PART I – APPEAL INFORMATION

A. APPEALABILITY

1. Appeal is from:
   - [ ] Judgment after jury trial
   - [x] Judgment after court trial
   - [ ] Default judgment
   - [ ] Judgment after an order granting a summary judgment motion
   - [ ] Judgment of dismissal under Code Civ. Proc., §§ 581d, 583.250, 583.360, or 583.430
   - [ ] Judgment of dismissal after an order sustaining a demurrer
   - [ ] An order after judgment under Code Civ. Proc., § 904.1(a)(2)
   - [ ] An order or judgment under Code Civ. Proc., § 904.1(a)(3)–(13)
   - [ ] Other *(describe and specify code section that authorizes this appeal)*:

2. Does the judgment appealed from dispose of all causes of action, including all cross-actions between the parties?
   - [ ] Yes [x] No  If no, please explain why the judgment is appealable:

B. TIMELINESS OF APPEAL *(Provide all applicable dates.)*

1. Date of entry of judgment or order appealed from: _11 | 7 |08_

2. Date that notice of entry of judgment or a copy of the judgment was mailed by the clerk or served by a party under California Rules of Court, rule 8.104: _11 | 9 |07_ - court prohibition.

3. Was a motion for new trial, judgment notwithstanding the verdict, reconsideration, or to vacate the judgment made and denied?
   - [x] Yes [ ] No  If yes, please specify the type of motion: dismissal

   Date motion filed: _11-11 5 |07_ Date denied: _11 | 15 |07_ Date denial served: Supreme court Summary denials on the merits

4. Date notice of [ ] appeal or [ ] cross-appeal filed: _11 | 26 |07_

C. BANKRUPTCY OR OTHER STAY

Is there a related bankruptcy case or a court-ordered stay that affects this appeal? [ ] Yes [x] No  *(If yes, please attach a copy of the bankruptcy petition [without attachments] and any stay order.)*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
APP-004 [Rev. July 1, 2007]

**CIVIL CASE INFORMATION STATEMENT**
**(Appellate)**

1    In the Supreme Court of the

2    State of California

3    In the Court of Appeal

4    Division Two                    **SUPREME COURT**

5    Or                              **FILED**

6    Superior Court of California

7    Couny of San Francisco          NOV 14 2007

8                                    **Frederick K.Ohlrich Clerk**

9  Rizalina Abellan, et. al.           A-094392        **Deputy**

10     Plaintiff - Appellant          A-095079

11       Vs.                          A-11 7479
                                      2-15 7912
12 The Superior Court              Superior Court No. 280338

13 Atty. Gary Lieberman            Request for Stay Order

14 Roseller Abellan

15     Defendant

16

17           In the Supreme Court of California

           The Honorable Judge Robert Goerge
18
        Petitioner, appellant Rizalina Abellan and Remainders Joint
19
    Tenant Roberto, Romeo and David Abellan request the Honorable
20
    Judge Robert George to issue a mandatory Stay Order, Writ of
21
    Prohibition or Possession, a set aside or vacate "Notice to
22
    Vacate".   It is illegally done.   Property is non-probate
23
    exhibits a Joint Tenancy statue subject to my clearing Title:
24
    see: Exhibits as numbered. This case was adjudicated in June 1,
25
    2001 as supersedea issued  by Court of Appeals A-No.-095079.

    The Remititur issued March 12, 2002.   Ron I. Barron, Clerk

    - : -

1  and Cannons 1,2 and 3, a Mandatory Injunction by the Supreme

2  Court and affirmance.  My case is Law of the Case, a Precedent.

3

4  Dated :  November 14, 2007

5

6                          Respectfully Submitted:

7                          *Rizalina Abellan*

8                          Rizalina Abellan
                           In Propia Persona
9                          Appellant
                           (415) 992-1853

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1       In the Supreme Court of the

2       State of California

3       Or

4       In the Court of Appeal

5       Division Two

6       Or

7       Superior Court of California

8       County of San Francisco

9                                    *A-094392*
                                     *A-095079*

10  Rizalina Abellan              Civil No. 280338
                                     *A-119359*
11     Petitioner              Memorandum In Support of

12     Vs.                       Petition for Writ of

13  The Superior Court           Prohibition

14  Atty. Gary Lieberman         C.C.P. Sub-section 1102 1103

15  Roseller Abellan             Cal Rules of Court 8490

16  Real Party In Interest

17

18

            In the Supreme Court of California
19
            The Honorable Robert George
20
        Petitioner  Rizalina  Abellan  and  Remainders  Joint  Tenant
21
    Roberto,  Romeo  and  David  Abellan  request  the  Honorable  Judge
22
    Robert George for Writ of Prohibition and a Notice to Vacate or
23
    set aside Notice to Vacate dated          2007.   The Notice to
24
    Vacate is illegal, subject to Res-Judicata collateral Estoppel
25
    issued  dated  July  14,  2003,  Remititur  issued  and  Supersedea

- 1 -

1   issued June 2, 2001.   Splitting of causes of action violates
2   C.C.P. 43010 as it was adjudicated.   It is Barred by Statue.
3   The Judgment rendered by Court of Appeal dated June 2, 2001 and
4   July 14, 2003 suffice as provided in C.C.P. sub-section 917.1
5   917.9 C.C.P. 116.810 / C.C.P. section 916 (a) see: Travis v.
6   County of Santa Cruz (2002) 100 Cal. App. 4th 609, 618-619 122
7   Cal. Rptr. 2d. 713 (Trial Court lacked Jurisdiction and is
8   Barred Judgment on day after appeal was perfected July 14, 2003.
9   Remititur issued Orders of Notice to Vacate are in violation as
10  to Larceny P.C. 494 495 and Grant Theft 487 (b) (c).   A
11  Mandatory Injuction is requested and stayed order because the
12  Resident is adversely affected by these fraudulent willful act
13  of concealment and deceit.   As to Issuance of Writ of Mandate
14  Pending Review, see: Johnson v. Jones (1925) 74 Cal. App. 272,
15  P. 862 (decided under predecessor statute) automatic  stay as in
16  "fee" simple absolute C.C.P.  916 by operation of C.C.P. 916.
    We are in Surety.

17      The Superior Court and Atty. Lieberman are in negligent
18  handling of lawsuit that affected my Insurance under Farmers
19  claimed.   Grand theft, mortgage taken at 1609 California Avenue,
20  San Pablo property also which gave rise for legal malpractice, a
21  malicious prosecution, see:  Sukoff v. Lemkin (1988, 4th Dist.)
22  202 Cal. App. 3d. 740, 249 Cal. Rptr. 42.   Negligence cited in
23  handling Notice to Vacate, illegal barred as to Business matter,
24  see: Jeffer, Mangels and Butter v. Glickman (1991, Cal. App. 2nd
25  Dist.) 234, Cal. App. 3d. 1432, 286 Cal. Rptr. 243 as to risk
    involved and Probate matters, non-Probate as to negotiation for

- 2 -

1   Sale of Property is illegal to Miss Phoebe Kwong.  Fraud of both

2   undue influence, Federal Racketeering as to RICO Act and Barred

3   by Law of Respondent.  Superior as losing my Testamentary Right,

4   see: Lucas v. Hanum (1961) 56 Cal. 2d. 583, 15 Cal. Rptr. 821

5   P.2d. 685 Cert. den. 368.

6       Petitioner request for Writ of Prohibition or Stay Order as

7   we have given this Notice to Vacate as illegal as higher Court

8   as Court of Appeals denied of Supersedea, basis Losses of

9   Jurisdiction as appeal was perfected and        in the hands of

10  the Supreme Court to issue under C.C.P. 664.6 as to your

11  Jurisdictional power by higher Court as we are on the merits as

12  to Precedent and Law of the Case.  As to Review Judicial Act of

13  Lower Court is void and barred by statue as re adversely

    affected by this Noticed to Vacate as illegal.

14      As it was Emergency needed because of our rights to issued

15  Writ, Stay Order or Mandatory Injunction by the Court and

16  affirmance.

17  Dated : November 13, 2007

18                              Respectfully submitted:

19                              Rizalina Abellan

20                              Rizalina Abellan
                                Petitioner

21

22

23

24

25

- 3 -

1    In the Supreme Court of the

2    State of California

3    In the Court of Appeal

4    Division Two

5    Or

6    Superior Court of California

7    Couny of San Francisco

8

9    Superior Court of California          A-094392

10   County of San Francisco              A-095079

11       Petitioner                       Case No. 280338

12   Atty. Gary Lieberman                 Stay Order

13   Roseller Abellan

14       Respondent

15       Real Party in Interest

16       Roberto, Romeo, David and

17       Rizalina Abellan

18

19   The Honorable Judge Robert Goerge

20       Petition    for  Extraordinary Relief with Request for Stay

     Order / application for Stay Order and Good Cause appearing

21   Exhibits as in fee Joint Tenant Non-Probate Statues Remititur

22   issued.

23       Real Party of Interest Petition Supreme Court for Writ of

24   Mandate as Court issues Final Decision.  Respondent Atty. Gary

25   Lieberman   violates   C.C.P.   430.10   Res-Judicata   collateral

- 3 -

1  Estoppel as final decision was rendered by Court of Appeals
2  dated July 14, 2003.  They are Barred by Statute C.C.P. sub-
3  section 1102, 1103.  It is Larceny, the Notice to Vacate P.C.
4  494,495 decided under statute C.C.P. 916.  In "fee" surety.
5  Dated : November 13, 2007

6
7
8                                      _____
9                                          Title of Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

- 2 -

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOR THE

FIRST APPELLATE DISTRICT

DIVISION TWO

**FILED**

Court of Appeal - First App. Dist.

JUN 1 - 2001

RON D. BARROW, CLERK

RIZALINA ABELLAN,

    Plaintiff and Appellant,

        vs.

ROSELLER ABELLAN, et al.,

    Defendants and Respondents.

A095079

                    DEPUTY

San Francisco County
Super. Ct. No. 280338

_____/

**BY THE COURT:**

    The "amended writ of mandate and prohibition or supersedeas to cure defect denied May 14, 2001 be restored or issued" and the "urgent" request for a stay are denied.

Dated _____

_____P.J.

SAN FRANCISCO, CA 94102
DIVISION 2

Rizalina Abellan
264 Faxon Ave.
San Francisco, CA 94112

In re the Estate of RUFINA ABELLAN, Deceased.

RIZALINA ABELLAN, et al.,
Plaintiffs and Appellants,
v.
ROSELLER ABELLAN,
Defendant and Respondent.

A094392
San Francisco County No. PES00280338



* * REMITTITUR * *

I, Ron D. Barrow, Clerk of the Court of Appeal of the State of California, for the First Appellate District, do hereby certify that the decision entered in the above-entitled cause on March 12, 2002 has now become final.

_____Appellant  ✓ Respondent to recover costs
_____Each party to bear own costs
_____Costs are not awarded in this proceeding
_____See decision for costs determination

    Witness my hand and the Seal of the Court affixed at my office this            JUL 7  2002

                                        Ron D. Barrow
                                        Clerk of the Court


                                        Deputy Clerk

msck

## GMAC Mortgage Account Statement

**CUSTOMER INFORMATION**

Name: **RESTITUTO P. ABELLAN ESTATE**
      **RUFINA ABELLAN ESTATE**
Account Number:       **0305395253**
Home Phone #:         **(415)467-3017**

**PROPERTY ADDRESS**

**101 CAMPBELL AVENUE**
**SAN FRNCSC CA 94134**

# GMAC Mortgage

For questions on the servicing of your account,
call 1-800-766-4622.

### MESSAGES

**Please see your 1098 Mortgage
Interest Statement below. For your
convenience, we have printed this
information on an easily detachable
form.**

862198 09/03/04 16 00 0021905 20050121 DA261206 GMACHX   I OZ DOM DA261200000• 148316   GM
**#BWNHJPY**
**#KW042B7195746#**

II..I..II...II..II..I.II.I..II.I.I..II.I.I.II..I.II

RESTITUTO P. ABELLAN ESTATE
RUFINA ABELLAN ESTATE
RIZALINA ABELLAN REPRESENTATIVE
264 FAXON AVE
SAN FRANCISCO CA 94112-2214



**See Reverse Side For Important Information**

## Account Information

| | | | |
|---|---|---|---|
| Account Number | 0305395253 | Principal and Interest | $999.88 |
| Current Statement Date | January 18, 2005 | Subsidy/buydown | $0.00 |
| Maturity Date | May 01, 2023 | Escrow | $135.63 |
| Interest Rate | 7.50000 | Additional Products/Services | $0.00 |
| Current Principal Balance* | $110,123.07 | Amount Past Due | $0.00 |
| Current Escrow Balance | $348.61 | Outstanding Late Charges | $0.00 |
| Interest Paid Year-to-Date | $0.00 | Other | $487.81- |
| Taxes Paid Year-to-Date | $0.00 | Total Amount Due | $647.70 |
| | | Account Due Date | February 01, 2005 |

## Details of Amount Due/Paid

## Account Activity Since Last Statement

| Description | Due Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Receipt | 01/01/05 | 01/07/05 | $567.76 | | | | | | $567.76 |
| Interest on Escrow | 01/01/05 | 12/31/04 | $3.79 | | $3.79 | | | | |
| Fee Paid | 01/01/05 | 12/28/04 | $0.01 | | | | | | $0.01 |
| Receipt | 01/01/05 | 12/28/04 | $0.01- | | | | | | $0.01- |
| Payment | 01/01/05 | 12/28/04 | $567.76 | $309.68 | $690.20 | $135.63 | | | $567.75- |
| Receipt | 12/01/04 | 12/10/04 | $567.76 | | | | | | $567.76 |
| Fee Paid | 12/01/04 | 11/26/04 | $0.01 | | | | | | $0.01 |
| Receipt | 12/01/04 | 11/26/04 | $0.01- | | | | | | $0.01- |

*This is your Principal Balance only, not the amount required to pay your loan in full.

---

RECIPIENT'S/LENDER'S name, address, city, state and ZIP code

**GMAC MORTGAGE CORPORATION**
**3451 HAMMOND AVE**
**WATERLOO IA 50702**
**800-766-4622**

⅃ **CORRECTED (if checked)**

* Caution  The amount shown may not
be fully deductible by you  Limits based
on the loan amount and the cost and
value of the  secured property  may
apply  Also you may only deduct
interest to the extent it was incurred by
you  actually paid by you  and not
reimbursed by another person

OMB No. 1545-0901

# 2004

Form **1098**

# Mortgage Interest Statement

**Copy B
For Payer**
The information in boxes 1, 2
and 3 is important tax
information and is being
furnished to the Internal
Revenue Service  If you are
required to file a return  a
negligence penalty or other
sanction may be imposed on
you if the IRS determines that
an underpayment of tax results
because you overstated a
deduction for this mortgage
interest or for these points or
because you did not report this
refund of interest on your
return

| RECIPIENT'S Federal identification no. | PAYER'S social security number |
|---|---|
| 23-1694840 | 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 |

PAYER'S/BORROWER'S name (first, middle  last) street address  city  state  and ZIP code

**RESTITUTO P. ABELLAN ESTATE**
**RUFINA ABELLAN ESTATE**
**RIZALINA ABELLAN REPRESENTATIVE**
**264 FAXON AVE**
**SAN FRANCISCO CA 94112-2214**

Account number (optional)

**0305395253**

1 Mortgage interest received from payer(s)/ borrower(s)*

8,455.49

2 Points paid on purchase of principal residence (See Box 2 on back )

0.00

3 Refund of overpaid interest (See Box 3 on back )

0.00

4 Real Estate Taxes Paid

1,204.70

Substitute  **1098**

(Keep for your records.)

Department of the Treasury - Internal Revenue Service

## Your Payment Will Automatically Be Drafted

RECORDING REQUESTED BY:
Fidelity National Title

Bruce Jamison, Recorder
DOC— E901287
FIDELITY NATIONAL TITLE
Tuesday, May 07, 1991      08:00:00am
Rec     5.00 --- Pg      5.00
Mic     1.00 --- Amt     9.00
TOTAL  -> $9.00
REEL F376 IMAGE 0074

WHEN RECORDED MAIL TO:

RESTITUTO P. ABELLAN
RUFINA ABELLAN
101 CAMPBELL AVENUE
SAN FRANCISCO, CA 94134

—————— RECORDERS USE ONLY ——————

ORDER NO.
ESCROW NO. 354760-MO

## GRANT DEED (INDIVIDUAL)

The undersigned grantor(s) declare(s):

Documentary transfer tax: $ 0.00
(xxx) Computed on full value of property conveyed.
(XXX) Computed on full value less value of liens and encumbrances remaining at time of sale.
(  ) Unincorporated area (XXX) City of  SAN FRANCISCO
     Tax Parcel No.  6206/1

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Restituto P. Abellan and Rufina Abellan, husband and wife,
and Marilyn A. Abellan, an unmarried woman

hereby GRANT(S) to

RESTITUTO P. ABELLAN AND RUFINA ABELLAN, HUSBAND AND WIFE AS JOINT TENANTS

the following described real property in the city of SAN FRANCISCO
County of , State of California:

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

Dated  April 18, 1991

Restituto P. Abellan
Rufina Abellan
Marilyn A. Abellan

STATE OF CALIFORNIA      ) s.s.
County of San Francisco  )

On this ___30th___ day of ___May___, 19_91_, before me, the undersigned,
a Notary Public in and for said County and State, personally appeared
RESTITUTO P. ABELLAN ——

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person
whose name ___is___ subscribed to the within instrument and
acknowledged that ___he___ executed the same.

WITNESS my hand and official seal.

Notary Public in and for said County and State          (Notary Seal)

FD-100 (Rev. 1/89)          MAIL TAX STATEMENT AS DIRECTED ABOVE

Through the courtesy of :
**Fidelity National Title**
INSURANCE COMPANY

STATE OF CALIFORNIA }
County of ___San Francisco__ }ss.

**E901287**                    (Acknowledgement)

On this ___1st___ day of ____May____ ... ..he year 19 __91__, before me, ___S. J. Waller___.

a Notary Public in and for the said County and State, residing therein, duly commissioned and sworn, personally appeared ___RUFINA ABELLAN and MARILYN A. ABELLAN___

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s):

☒ (INDIVIDUAL) — Whose name is subscribed to this instrument, and acknowledged that he (she or they) executed it.

☐ (CORPORATION) — Who executed the within instrument as _____ president and _____ secretary, on behalf of the corporation therein named, and acknowledged to me that such corporation executed the within instrument pursuant to its articles and by-laws and a resolution of its Board of Directors.

☐ (PARTNERSHIP) — That _____ executed the within instrument on behalf of the partnership, and acknowledged to me that the partnership executed it.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, in and for said County and State, the day and year first above written.

_Notary signature_
Notary Public in and for said County and State of California
My commission expires: ___6/13/1994___

OFFICIAL SEAL
S. J. WALLER
NOTARY PUBLIC - CALIFORNIA
San Francisco County
My Commission Expires June 13, 1994

FD-18

§ 440.10  Flow Chart

440-5

(Rel. 162-5/2006  Pub.101)

## IS PROBATE NECESSARY?



I. IS THERE PROPERTY PASSING BY CONTRACT? → CONTACT INSURANCE COMPANIES, FINANCIAL INSTITUTIONS, EMPLOYERS, AND COMPLETE FORMS

IS THERE PROPERTY REMAINING?

II. IS THERE JOINT TENANCY PROPERTY? → CLEAR DECEDENT'S NAME FROM TITLE; NO ADMINISTRATION

Forms: See § 44 310 et seq.

IS THERE PROPERTY REMAINING?

III. IS NET VALUE OF ESTATE $20,000 OR LESS, AND DOES DECEDENT LEAVE SURVIVING SPOUSE AND/OR CHILDREN? → FILE PETITION TO SET ASIDE ESTATE

Forms: See § 44 293 et seq.

IS THERE PROPERTY REMAINING?

IV. DOES PROPERTY PASS TO SURVIVING SPOUSE? → FILE SPOUSAL PROPERTY PETITION — OR → ELECT PROBATE ADMINISTRATION

Forms: See § 44 335 et seq.

Forms: See §§ 44 330, 44 331 and Ch. 442

| | |
|---|---|
| Roberto I. Abellan  David Abellan  Romeo Abellan<br>101 Campbell Street<br>San Francisco, CA 94134 | **San Francisco Sheriff  Civil Section**<br>**1 Dr. Carlton B. Goodlett PL**<br>**Rm 456  Civil Divison**<br>**San Francisco, CA 94102**<br><br>**(415) 554-7235** |
| San Francisco - Superior Court<br>400 McAllister Street<br>San Francisco, CA  94102 | |
| Roseller Abellan, Administrator Estate of<br>Roberto Abellan, David Abellan, and Romeo Abellan | |

| **Notice to Vacate** | 2007347237 | 280338 |
|---|---|---|

By virtue of the Writ of Execution for Possession/Real Property (eviction), issued out of the above court, you are hereby ordered to vacate the premises described on the writ.

| **Eviction Address:** | 101 Campbell Street<br>San Francisco, CA 94134 |
|---|---|

Final notice is hereby given that possession of the property must be turned over to the landlord on or before:

| **Eviction day, date and time:** | **Wednesday, November 07, 2007, at 6:01 AM** |
|---|---|

Should you fail to vacate the premises within the allotted time, I will immediately enforce the writ by removing you from the premises.  All personal property upon the premises at that time will be turned over to the landlord, who must return said personal property to you upon your payment of the reasonable cost incurred by the landlord in storing the property from the date of eviction to the date of payment.  If the property is stored on the landlord's premises, the reasonable cost of storage is the fair rental value of the space necessary for the time of storage.  If you do not pay the reasonable storage cost and take possession within fifteen (15) days, the landlord may either sell your property at a public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CCC), or, if the property is valued at less than $300.00, the landlord may dispose of your property or retain it for his own use.(715.010(b)(3), 1174 CCP)

If you claim a right of possession of the premises that accrued prior to the commencement of this action, or if you were in possession of the premises on the date of the filing of the action and you are not named on the writ, complete and file the attached Claim of Right to Possession form with this office.  No claim of right to possession can be filed if box 9a(1) located on the back of the writ is checked.


Michael Hennessey, Sheriff

By: _____

Sheriff's Authorized Agent

**EJ-130**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number and address):*<br>GARY R. LIEBERMAN, ESQ.    (State Bar # 71684)<br>McCarty & Lieberman<br>1615 Hill Road, Suite 1<br>Novato, CA 94947 | **FOR COURT USE ONLY** |

TELEPHONE NO.: (415) 897-2226    FAX NO. *(Optional):* (415) 897-3335
E-MAIL ADDRESS *(Optional):* glieberman11@verizon.net
ATTORNEY FOR *(Name):*
[X] ATTORNEY FOR  [X] JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 MCALLISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco  94102
BRANCH NAME:

PLAINTIFF: ROSELLER ABELLAN, ADMINISTRATOR ESTATE OF RUFINA ALBANIA

DEFENDANT: ROBERTO ABELLAN, DAVID ABELLAN, and ROMEO ABELLAN

| | | |
|---|---|---|
| **WRIT OF** | [ ] EXECUTION (Money Judgment)<br>[X] POSSESSION OF  [ ] Personal Property<br> [X] Real Property<br>[ ] SALE | **CASE NUMBER:**<br>280338 |

1. **To the Sheriff or Marshal of the County of:** San Francisco

    You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. *(Name):* Roseller Abellan, Administrator Estate of Rufina Albania Abellan

    is the [X] judgment creditor  [ ] assignee of record  whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name and last known address):*

    ROBERTO ABELLAN
    101 CAMPBELL STREET
    SAN FRANCISCO, CA 94134

    DAVID ABELLAN
    101 CAMPBELL STREET
    SAN FRANCISCO, CA 94134

    [ ] Additional judgment debtors on next page

5. Judgment entered on *(date):*
    April 3, 2007

6. [ ] Judgment renewed on *(dates):*

7. **Notice of sale under this writ**
    a. [X] has not been requested.
    b. [ ] has been requested *(see next page).*

8. [ ] Joint debtor information on next page.

9. [X] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.
11. Total judgment . . . . . . . . . . . . . . . . . . $
12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . . . . $
13. Subtotal *(add 11 and 12)* . . . . . . . . . $ ___ 0.00
14. Credits . . . . . . . . . . . . . . . . . . . . $
15. Subtotal *(subtract 14 from 13)* . . . . . . $ ___ 0.00
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees). . . $
17. Fee for issuance of writ . . . . . . . . . . . . $
18. Total *(add 15, 16, and 17)* . . . . . . . . . . $ ___ 0.00
19. Levying officer:
    (a) Add daily interest from date of writ *(at the legal rate on 15)* (not on GC 6103.5 fees) of. . . . . . $
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3; CCP 699.520(i)) . . . . . . . . . . . . $
20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

[SEAL]

Issued on *(date)* OCT 12 2007    Clerk, by _____, Deputy

GORDON PARK -LI

L. DIONISIO

**NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.**

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2006]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010,
Government Code, § 6103.5
www.courtinfo.ca.gov

Rozaline Abellar
264 Foxom ave
S.F. cu. 94112

1

2        Superior court of California
3            400 McAllis
4    Superior court of california
5    county of San Francisco
6            Petitioner                    case no. 280338
7    atty Gary Siederman          Petition for
8    Roseller abellan              Stay order
9        Respondent

10   Real Party in Interest.
11   Roberto, Rome, claims
12   and Rozalina abellan

13

14   Petition for extraordinary Relief a wit
15   Request for Stay order / application
16   for Stay order and Good cause appearing
17   Exhibits as in the Joint Tenant Non-Probate
18   Status Remittitur issued 7/14/07 appeals ct.
19   Real Party of Interest Petition Supreme
20   court for writ of mandate as court
21   issued final decision. Respondent atty
22   Gary Sieberman violates c.c.A. 430.90
23   Res-Judicuta collateral Ed appeal as final
24   decision was Rendered by court of appeals
25   dated July 14, 2003 They are Barred by
     statute c.c.P. Sub. Section 1102,1103. It is
     Larceny The notice To Vacate P.C. 494,495
     decided under statute c.c.P. 916. On the
     Surety          plate 11/13/07          Exhibits inside

       - 6 -
                              Title of Judge

NOV 13 2007

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

```
┌────────────────────────────────────────┐
│                 FILED                   │
│ Court of Appeal First Appellate District│
│              OCT 2 9 2007               │
│          Diana Herbert, Clerk           │
│ By_____Deputy Clerk  │
└────────────────────────────────────────┘
```

RIZALINA ABELLAN,

      Petitioner,

v.

THE SUPERIOR COURT OF SAN FRANCISCO COUNTY,

      Respondent;

ROSELLER ABELLAN, ET AL.,

      Real Parties in Interest.

A119359

(San Francisco County
Super. Ct. No. 280338)

BY THE COURT:

    The petition for writ of mandate is denied.

Dated: _____OCT 2 9 2007_____       _____KLINE, P. J._____ P.J.

1

ANDREA ANGWIN
115 SIERRA DRIVE
WALNUT CREEK, CA 94596-4712

April 18, 2001

Rizalina Abellan
264 Faxton Avenue
San Francisco, CA  94112

RE:  Abellan v. Reyes
     #059729

Dear Ms. Abellan;

I received your request for the transcript of the proceedings which occurred 2/15/2001 in the above-entitled case in Department 30 of the Contra Costa Superior Court before the Hon. Diana Becton Smith.

The cost for preparation and delivery of the same is $11.00.  Please submit a check to the above address. Enclosed you'll find an envelope for your convenience.

Thank you,

ANDREA ANGWIN, CSR, RPR
Certified Court Reporter

LINS ABELLA
415-587-
Single Property Profile

**NDC**   | HOME | BACK | SEARCHTYPE | NEW SEARCH | PRINT | SUPPORT | LOG OUT |

PARCEL SEARCHES   MAP LOCATION   COMP SEARCH   VIEW PLAT MAP   GET FLOOD DATA
AND APPRAISER DATA   CREATE EXPORT FILE

| Property Location | | Last Updated: 8/2/2007 | | | |
|---|---|---|---|---|---|
| Address: | 1609 CALIFORNIA AVE | | City: | SAN PABLO | Zip: | 94806 |
| APN#: | 410-142-007-5 | Use Code: | Single Family Residence | County: | Contra Costa |
| Driving Directions | | Tract | 0 | Census Tract | 3680.00 | Zone: | R1 |
| Map Page/Grid: | 588/G4 | Legal Desc: | EMERIC SUBN #2 LOT 28 BLK 21 | | |

| Appraisal Tax Information | | | |
|---|---|---|---|
| Total Assessed Value: | 43,694.00 | Tax Amount: | 1,014.78 |
| Percent Improvement: | 40.99 | Tax Year: | 2006 |

| Current Owner Information | | | |
|---|---|---|---|
| Current Owner: | KWONG,PHOEBE | Owner Address: | 18819 CREST AVE |
| City, State: | CASTRO VALLEY CA | Zip: | 94546 |
| Last Transaction: | 07/02/2007 | Deed Type: | deed of trust |
| Amount: | 0 | Document | 0000190727 |

| Last Sale Information | | REVIEW DEED DOCUMENT   VIEW DEEDS | |
|---|---|---|---|
| Transferred From: | ABELLAN,RUFINA A | Seller Address: | |
| Sale Date: | 05/11/2007 | Prior Sale Date: | 03/19/1986 |
| Most Recent Sale Price: | 101,000.00 | Prior Sale Price: | 6,000.00 |
| Document Number: | 139403 | Prior Document No.: | 12789460 |
| Document Type: | grant deed/deed of trust | Prior Document Type: | |

| Lender Information: | | | |
|---|---|---|---|
| Lender: | | Full/Partial: | F |
| Loan Amount / 2nd Trust Deed: | 0 / 0 | Loan Type: | conventional |

| Physical Information | | | | | |
|---|---|---|---|---|---|
| Building Area: | 630 | # of Bedrooms: | 2 | Lot Size: | 3150 |
| Additional: | 0 | # of Bathrooms: | 1.00 | Year Built/Effective: | 1942 / 0 |
| Garage: | 0 | # of Stories: | 0 | Heating: | |
| First Floor: | 630 | Total Rooms: | 5 | Cooling: | |
| Second Floor: | 0 | # of Units: | 1 | Roof Type: | |
| Third Floor: | 0 | Garage/Carport: | / | Construction/Quality: | 0 / 0 |
| Basement Finished: | 0 | Fireplaces: | | Building Shape: | 0 |
| Basement Unfinished: | 0 | Pool/Spa: | | View: | |

| Flood Data | | | ❓ | FLOOD MAP | GET FLOOD DATA |
|---|---|---|---|---|---|
| Panel Date: | | Comm/Panel Number: | | Flood Zone: | |

PARCEL SEARCHES   MAP LOCATION   COMP SEARCH   VIEW PLAT MAP
ADD APPRAISER DATA   CREATE EXPORT FILE

Copyright © 1998-2005 National Data Collective. All rights reserved.

LINA ABELLAN

# NDCData.com

**Single Property Profile**

| Property Location | | Last Updated: 5/17/2007 | | | | |
|---|---|---|---|---|---|---|
| **Address:** | 101 CAMPBELL AVE | | | **City:** | SAN FRANCISCO | **Zip:** 94134 |
| **APN#:** 6206 -001 | **Use Code:** | Single Family Residence | | | **County:** | San Francisco |
| **Driving Directions** | **Tract** 0 | | **Census Tract** 264.02 | | **Zone:** | RH1 |
| **Map Page/Grid:** 688/A2 | **Legal Desc:** BLK 44 | | | | | |

**Appraisal Tax Information**

| | | | |
|---|---|---|---|
| **Total Assessed Value:** | 116,718.00 | **Tax Amount:** | 1,277.48 |
| **Percent Improvement:** | 61.04 | **Tax Year:** | 2006 |

**Current Owner Information**

| | | | |
|---|---|---|---|
| **Current Owner:** | ABELLAN,RESTITUTO P & RUFINA | **Owner Address:** | 101 CAMPBELL AVE |
| **City, State:** | SAN FRANCISCO CA | **Zip:** | 94134 |
| **Last Transaction:** | | **Deed Type:** | |
| **Amount:** | 0 | **Document** | |

**Last Sale Information**

REVIEW DEED DOCUMENT    |    VIEW DEED

| | | | |
|---|---|---|---|
| **Transferred From:** | | **Seller Address:** | |
| **Sale Date:** | | **Prior Sale Date:** | |
| **Most Recent Sale Price:** | 0 | **Prior Sale Price:** | 0 |
| **Document Number:** | | **Prior Document No.:** | |
| **Document Type:** | | **Prior Document Type:** | |

**Lender Information**

| | | | |
|---|---|---|---|
| **Lender:** | | **Full/Partial:** | |
| **Loan Amount / 2nd Trust Deed:** | 0 / NA | **Loan Type:** | |

**Physical Information**

| | | | | | |
|---|---|---|---|---|---|
| **Building Area:** | 1458 | **# of Bedrooms:** | 2 | **Lot Size:** | 1189 |
| **Additional:** | 0 | **# of Bathrooms:** | 1.00 | **Year Built/Effective:** | 1947 / 0 |
| **Garage:** | 0 | **# of Stories:** | 2 | **Heating:** | |
| **First Floor:** | 0 | **Total Rooms:** | 5 | **Cooling:** | |
| **Second Floor:** | 0 | **# of Units:** | 1 | **Roof Type:** | |
| **Third Floor:** | 0 | **Garage/Carport:** | yes / | **Construction/Quality:** | wood frame / 0 |
| **Basement Finished:** | 0 | **Fireplaces:** | | **Building Shape:** | irregular |
| **Basement Unfinished:** | 0 | **Pool/Spa:** | | **View:** | |

**Flood Data**       (?)    FLOOD MAP    |    GET FLOOD DATA

| | | | |
|---|---|---|---|
| **Panel Date:** | | **Comm/Panel Number:** | **Flood Zone:** |

Copyright © 1998-2005 NDCData.com

LINA ABELLAN

## Property Details

**For Property Located At**
**1609 California Ave**
**San Pablo, CA 94806-4777**
**Contra Costa County**

**Owner Info:**

| | | | |
|---|---|---|---|
| Owner Name: | Abellan Restituto | Tax Billing Zip+4: | 4777 |
| Owner Name 2: | Abellan Rufina | Recording Date: | 11/27/1985 |
| Tax Billing Address: | 1609 California Ave | Annual Tax: | $1,015 |
| Tax Billing City & State: | San Pablo, CA | County Use Code: | Single Family |
| Tax Billing Zip: | 94806 | Universal Land Use: | SFR |

**Location Info:**

| | | | |
|---|---|---|---|
| School District: | W Contra Costa Unif | Panel Date: | 04/16/2004 |
| Subdivision: | Emeric | Flood Zone Code: | X |
| Census Tract: | 3680.00 | Zoning: | R1 |
| Carrier Route: | C030 | Map Page/Grid: | 588-G4 |
| Flood Zone Panel: | 0600360001E | | |

**Tax Info:**

| | | | |
|---|---|---|---|
| Tax ID: | 410-142-007-5 | Total Assessment: | $43,694 |
| Tax Year: | 2006 | % Improv: | 41% |
| Annual Tax: | $1,015 | Tax Area: | 11019 |
| Assessment Year: | 2006 | Legal Description: | Emeric Subn #2 Lot 28 Blk 21 |
| Land Assessment: | $25,782 | Lot Number: | 28 |
| Improved Assessment: | $17,912 | Block ID: | 21 |

**Characteristics:**

| | | | |
|---|---|---|---|
| Lot Acres: | .0723 | Bedrooms: | 2 |
| Building Sq Ft: | 630 | Total Baths: | 1 |
| Ground Floor Area: | 630 | Full Baths: | 1 |
| Total Rooms: | 5 | Year Built: | 1942 |

**Last Market Sale:**

| | | | |
|---|---|---|---|
| Recording Date: | 11/27/1985 | Deed Type: | Grant Deed |
| Settle Date: | 11/00/1985 | Owner Name: | Abellan Restituto |
| Sale Price: | $90,000 | Owner Name 2: | Abellan Rufina |
| Document No: | 12637-787 | Seller: | Straughn Loren E |

**Sales History:**

| | | |
|---|---|---|
| Recording Date: | 03/19/1986 | 11/27/1985 |
| Sale Price: | $6,000 | $90,000 |
| Buyer Name: | Abellan Restituto & Rufina | Serkes Ira M |
| Seller Name: | Serkes Ira M | Straughn Loren E |
| Document No: | 12789-460 | 12637-787 |
| Document Type: | Grant Deed | Grant Deed |

**Mortgage History:**

| | | | | |
|---|---|---|---|---|
| Mortgage Date: | 09/07/2006 | 03/19/1986 | 03/19/1986 | 11/27/1985 |
| Mortgage Amt: | $29,000 | $2,900 | $27,000 | $86,970 |
| Mortgage Lender: | Budget Fin Co | | | |
| Mortgage Type: | Conventional | Private Party Lender | Private Party Lender | Private Party Lender |

MC-950

| | |
|---|---|
| PLAINTIFF/PETITIONER: *atty Gary Litterman* | CASE NUMBER: |
| DEFENDANT/RESPONDENT: *Rosilina Abellan* | 280338 |
| OTHER: *Rozaline Abellan* | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is (specify):

   *Patricia Honan   2u4 taton Ave. S.F. Ca. 94112*

2. I served copies of the *Notice of Limited Scope Representation* (form MC-950) by enclosing each of them in a sealed envelope with first-class postage fully prepaid and (check one):

   a. ☒ deposited the sealed envelopes with the United States Postal Service.

   b. ☐ placed the sealed envelopes for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. Copies of the *Notice of Limited Scope Representation* (form MC-950) were mailed:

   a. on (date): *11/13/07*

   b. from (city and state): *San Francisco California 94117*

4. The envelopes were addressed and mailed as follows:

   a. Name of person served: *atty: Gary Litterman*
      Street address: *10 N South Hill Rd suite i*
      City: *Novato calif 94947*
      State and zip code:

   b. Name of person served: *Superior court*
      Street address: *4 N maallister St*
      *calif. S.F. calif. 94102*
      City:
      State and zip code: *S.F. CA. 94102*

   c. Name of person served: *Honorable Judge cline*
      Street address: *350 mcallister st.*
      City:
      State and zip code: *S.F. CA. 94102*

   d. Name of person served: *Hn. Judge Feng*
      Street address: *350 mcallister st.*
      City:
      State and zip code: *S.F. calif. 94102*

   ☒ Names and addresses of additional persons served are attached. (You may use form POS-030(P).)

   declare under penalty of perjury under the laws of the State of California that the foregoing and all attachments are true and correct.

Date: *11/13/07*

*Rozalina Abellan*
*Respectfully Submitted*
*Rozalina Abellan*
*In Propria Persona.*
*appellant/Petitioner*

**MC-950**

| | |
|---|---|
| PLAINTIFF/PETITIONER: *atty Gary Sickerman* | CASE NUMBER |
| DEFENDANT/RESPONDENT: *Rosulia Abellan* | *280338* |
| OTHER: *Rizalina Abellan* | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

   *Patricia Honan  2404 faxon Ave.  S.F. Ca.  94112*

2. I served copies of the *Notice of Limited Scope Representation* (form MC-950) by enclosing each of them in a sealed envelope with first-class postage fully prepaid and *(check one)*:

   a. ☒ deposited the sealed envelopes with the United States Postal Service.

   b. ☐ placed the sealed envelopes for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. Copies of the *Notice of Limited Scope Representation* (form MC-950) were mailed:

   a. on *(date)*: *11/13/07*

   b. from *(city and state)*: *San Francisco California 94117*

4. The envelopes were addressed and mailed as follows:

   a. Name of person served: *atty: Gary Sickerman*
   Street address: *1015 South Hill Rd suite 1*
   City: *Novato Calif 94947*
   State and zip code:

   c. Name of person served: *Honorable Judge cline*
   Street address: *350 McAllister st.*
   City:
   State and zip code: *S.F. Ca. 94192*

   b. Name of person served: *Superin court*
   *S. Calif. 400 McAllister St*
   Street address: *S.F. Calif. 94102*
   City:
   State and zip code: *S.F. CA. 94102*

   d. Name of person served: *Hon. Judge Feng*
   Street address: *350 McAllister st.*
   City:
   State and zip code: *S.F. Calif. 94192*

☒ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

declare under penalty of perjury under the laws of the State of California that the foregoing and all attachments are true and correct

ate: *11/13/07*

*Rizalina Abellan*
*Rizalina Abellan*
*Property ...*
*...*
*...*
*...*
*Roberto abellan*
*David A Abellan*

**TO BE FILED IN THE COURT OF APPEAL**

APP-004

| CIVIL CASE INFORMATION STATEMENT | Court of Appeal Case Number *(if known)* |
|---|---|
| COURT OF APPEAL, _____ APPELLATE DISTRICT, DIVISION _II_ | |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

*Rizalina Abellan*
*451 Fern, apt. S.F. CA 94112*

TELEPHONE NO *415-996-1x8* FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional)*

ATTORNEY FOR *(Name):* *Rizalina Abellan*

FOR COURT USE ONLY

APPELLANT: *Rizalina Abellan*

RESPONDENT: *Superior Court of California*
*atty Jerry Felkerman, Ma Alice Phillips*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF *San Francisco*
STREET ADDRESS *400 McAllister St. S.F. CA.*
MAILING ADDRESS
CITY AND ZIP CODE:
BRANCH NAME

A. 170113

JUDGES (all who participated in case): *Judge Deitman Jaym Judge*
*Dorothy McGrath Judge P. Maring*
*Judge Lindsey Er*

Superior Court Case Number:
*case no 280157*
*case no 408948*

**NOTE TO APPELLANT: You must file this form with the clerk of the Court of Appeal within 10 days after the clerk mails you a notice that this form must be filed. You must attach to this form (1) a copy of the judgment or order being appealed that shows the date it was entered (see Cal. Rules of Court, rule 8.104 for definition of "entered") and (2) proof of service of this form on all parties to the appeal. (CAUTION: An appeal in a limited civil case (Code Civ. Proc., § 85) may be taken ONLY to the appellate division of the superior court (Code Civ. Proc., § 904.2), or to the superior court (Code. Civ. Proc., § 116.710 [small claims cases]).**

## PART I – APPEAL INFORMATION

A. APPEALABILITY

1. Appeal is from:
   - [ ] Judgment after jury trial
   - [x] Judgment after court trial
   - [ ] Default judgment
   - [ ] Judgment after an order granting a summary judgment motion
   - [ ] Judgment of dismissal under Code Civ. Proc., §§ 581d, 583.250, 583.360, or 583.430
   - [ ] Judgment of dismissal after an order sustaining a demurrer
   - [ ] An order after judgment under Code Civ. Proc., § 904.1(a)(2)
   - [ ] An order or judgment under Code Civ. Proc., § 904.1(a)(3)–(13)
   - [ ] Other *(describe and specify code section that authorizes this appeal)*

2. Does the judgment appealed from dispose of all causes of action, including all cross-actions between the parties?
   - [ ] Yes  [x] No   If no, please explain why the judgment is appealable:

B. TIMELINESS OF APPEAL *(Provide all applicable dates.)*

1. Date of entry of judgment or order appealed from: _11 17 108_
2. Date that notice of entry of judgment or a copy of the judgment was mailed by the clerk or served by a party under California Rules of Court, rule 8.104: _11 9 107 - writ application_
3. Was a motion for new trial, judgment notwithstanding the verdict, reconsideration, or to vacate the judgment made and denied?
   [x] Yes  [ ] No   If yes, please specify the type of motion: *reconsider*

   Date motion filed: _11 15 07_  Date denied: _11 15 07_  Date denial served: *supreme court*
   *Superior court reinstate in*
4. Date notice of [ ] appeal or [ ] cross-appeal filed: _11 21 07_  *file merits.*

C. BANKRUPTCY OR OTHER STAY

Is there a related bankruptcy case or a court-ordered stay that affects this appeal?  [ ] Yes  [x] No   *(If yes, please attach a copy of the bankruptcy petition [without attachments] and any stay order.)*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
APP-004 [rev. July 1, 2002]

**CIVIL CASE INFORMATION STATEMENT**
**(Appellate)**

1  Rizalina Abellan

2  264 Faxon Avenue

3  San Francisco, CA 94112

4

5                    In the Court of Appeals

6                    350 McAllister Street

7                    San Francisco, CA 94102

8                         Division II

9          Re: Estate of Rufina Abellan

10

11  Rizalina Abellan                Appeal No. A-120113

12  Appellant / Plaintiff           Sup. Ct. No. 280338

13         Vs.                      Civil Case Information

14  Superior Court of California      Statement

15  Atty. Gary Lieberman            Rules of Ct. 8100 (f) (2)

16  Roseller Abellan
                                    Request for Jurisdiction under
17
                                    C.C.P. 664.6
18

19

20          Appellant seeks extraordinary relief from this court

21  due to resistance of the Lower Court Attorney Gary Lieberman,

    Roseller Abellan who was abused by attorney as deceived as to
22
    his rate, rights and obligations under the Laws and Deed are of
23
    Public and General interest of the People of the State of
24
    California. As to speedy resolution, there is urgent need for
25

- 1 -

1    uniformity of the decision within the State, as was issued a

2    Notice to Vacate.  These are act of willful intent to defraud,

3    conspiracy, injustice, constitutional violation.  An attack on

4    the will as to testator's intent, a no-contest clause. Prof.

5    Code sec. 21320 (a) an unfair advantage, oppressive or distress

6    or act to deceive which not true, Civil Code section

7    Party to a Contract citing issuance of fraud, "executor",

8    sanction Probate code section 21303.

9        The Deed of Joint Tenancy, a Life Estate is what you call

10   inter-vivos that the life of the decedent was transferred to me,

11   a Gift to Life, to one another as the decedent intended "Life

12   Estate" non-probate status.  Gifts under the trust in which

13   cannot be revoked enacted by Congress.  No juries, nor courts

14   can take bound by no jurisdiction in Rem or in Personam and Law

15   of Perpetuities.  The Probate Court and Attorney Gary Lieberman

16   are in violation of Probate Code section 21350 (Probate Code

17   section 21306 to transfer to a disqualified person, my brother,

18   Roseller Abellan who was brainwashed by corrupt and negligent

19   lawyer, Attorney  Gary Lieberman, conspirator Judge Jolin

20   Dearman, Judge Dorothy McGrath, Reporter and Clerks of the

21   Superior Court who tampered records and transcripts, a RICO Act

22   violation and obstruction of Justice under my 14th amendments and

23   abuse of Property Rights and Liberty due to putting me to jail.

24   This also violates my Civil Rights of 1964, section 1981, 1983,

25   sex and as a "proper" status "litigant".  A no-contest clauses

- 2 -



1  are enforceable against the beneficiary who with reasonable

2  cause brings a contest on the grounds of forgery, fraud or

3  transfer to a contract losser, fraudulent persons, the court and

4  the judges of the Probate Court, a willful intent to defraud,

5  deceit, undue influence, larceny and grand theft to property,

6  stealing personal property, jewelry and things of the

7  Remainder's home at 101 California, who were issued a Notice to

8  Vacate by the Sheriff Department of San Francisco in Nov. 7,

9  1007 and continue to enforce on Dec. 12 and Dec. 22, 2007 up to

10  present.  An unconscionable abuse of property rights that all of

11  them have no jurisdiction in Rem or in Personam.  Court of

12  Appeals Division II issued a Summary Denials on the merits of

13  Writs, Mandate and Supreme Courts issued a Summary Denials En

14  Banc.  In which relief previously sought in appeals issued a

15  Remititur in affirmance as those denials means they referred to

16  exercise jurisdictions and summary denials are on the merits.

17  You cannot ask for the second time because I won already in

18  March, 2001,  2002 and 2003 affirmed on the merits.  Attorney

19  Gary Lieberman cannot accept defeat nor the Superior Court an

20  undue influence and conspiracy untenable grounds.  A cheating,

21  corrupt and criminal people, felonious persons.  As these is

22  bound correction by extraordinary writ as a duty for mandate,

23  writ of possession as to facts and evidence asserted by me in

24  fee absolute for relief and damages sought in my record

25  summarizes all the underlying judicial act or failure to act

- 3 -

1  which the appellant and plaintiff seeks relief as to writ and
2  damages as I am on the merits  even though they were put to
3  illegally probate.  We won by contract,  they breached the
4  contract, illegal corruption and abuse by the lower court and
5  Attorney Lieberman that violate Law of Respondeat Superior as my
6  brother is blinded by these corrupt attorney.  He never
7  explained right or wrong, an embarrassment to State Bar
8  association, a ground for disbarment.  As to his errors and
9  allegation of facts, stealing by them without notice to us, a
10 disgusting people eggregious and vexatious as for his second
11 filing when in fact he lost the court and Attorney Lieberman is
12 barred by statute and estoppel, a ground for dismissal filed in
13 July 30, 2007 with Declaratory and Summary Judgments for relief.
14 Termination of this Executor's contract is my duty to terminate
15 as unperformed, keep on interfering and abusing the court system
16 due to undue influence, with an existing agreement on the terms
17 with the consequences stated in the agreement.  A contract bound
18 by fraud, interference, undue influence, RICO Act as to
19 conspiracy of Phebe Kwong, Farmer's Insurance Co.  see: Grant v.
20 Acrodraulics Co. (1949) 91 Cal. app. 2d 68 73, 204 P. 2d. 683
21 (Sanborn v. Ballafonte (1929) Cal. app. 482, 488, 277 P. 152) as
22 Atty. Gary Lieberman lost resorted to fraud, undue influence,
23 larceny, theft and RICO Act of conspiracy as the first action of
24 our winning the case in Supersedea Remititur issued in
25 affirmance provide adequate dismissal to respondent Attorney

- 4 -



1   Gary Lieberman and Roseller Abellan as it was already won by me
2   and Remainder's, too.  A plea of abatement is non requested as
3   there was a disposition of the first action (Shuffer v. Board of
4   Trustees (1977) 67 Cal. app. 3d. 208, 217, 136 Cal Rptr.  527)
5   (Code of civil procedure section 1049.  Second action of second
6   filing on April 3, 2007 which was contested by the Remainder's
7   Roberto, Romeo and David Abellan stating that as no legal rights
8   is sufficient and same in Aug. 14, 2007 as no legal rights and
9   not an owner is sufficient and was sabotaged by Judge John
10  Dearman, Phoebe Kwong and Atty. Lieberman.  My brother was not
11  present in the hearing, Roseller Abellan don't know what is
12  happening and use deception tactic with him even when they lost.
13  Violates Law of Respondeat Superior, violates Business and
14  Professional 1700 Codes C.C.P. 170.1, 170.6, Cannons 1, 2, 3 of
15  the Judges concerned obstruction of Justice 14th Amendment, RICO
16  Act, undue influence Title VII.  Barred, Estoppel, Summary
17  Denials is an abatement to Respondent and Denial on the merits
18  to appellant and plaintiff Rizalina Abellan as affirmance to me
19  on the merits.  A no-contest clause permissibly provide that an
20  entire class or group of beneficiaries will lose their benefit
21  under the will or trust if any of them contest it. See: Tunstall
22  v. Wells 2006 144 Cal. app 4th 554, 557-558 50 Cal. Rptr. 3d.
23  468 as to lose their testamentary gifts under the trust as was
24  contested fraudulently as to theft, sale and willful intent to
25  defraud.  As decedent intention were violated  within his right

- 5 -

1   as a testator (Tunstall v. Wells (2006) 144 Cal. app. 4th, 554,
2   558, 50 Cal. Rptr. 3d. 468) as the contestor will be
3   predeceased by my decedent intent were violated as I am bound to
4   issue, to devise contesting "without issue" as penalized for the
5   contest, an intent  to exclude  under the testamentary  trust a
6   valid part of disinheritance clause, see: Estate of Hershi
7   (1980) 113 Cal. app. 3d. 681 170 Cal. app. 3d 681 170 Cal. Rptr.
8   186 as I  to any person contested the will as a nominal devise
9   as an intent to exclude because it creates mental and physical
10  abuse, lost of money, attorney's fees, filing document and
11  credit expenditures, lost of rent, property, addiction,
12  intimidation, harassment, constitutional violation, human
13  rights, violation , conspiracy under RICO Act.  Loss of
14  property, loss of wage due to research, time, of every member of
15  the family concerned resulting to bad credit.   This class of
16  people are compared to barbaric attitude using my court document
17  to themselves, loss of investment money as they steal thru
18  mortgage, an unauthorized sale, criminal and  felonies done.
19  They should pay enormously under C.C.P. 3399, P.C. 494, 495,
20  Grand theft, contempt, disbarment, dismissal. C.C.P. Proc.
21  Section 430.10 (c) the Rule of Exclusive and Concurrent
22  Jurisdiction apply.

23      Petitioner seeks Extraordinary Relief from this Court of
24  First Instance in addition to the matters set out because of in
25  excess and abuse of discretion of Judge Dearman and authorizing

- 6 -

1 sale of both properties, a non-probate status enacted by
2 Congress as "no" courts nor juries has jurisdiction because of
3 Life Estate status with boundaries as to law of perpetuities as
4 to fine of succession that they have to follow as to 101
5 Campbell Avenue is a qualified residential trust and the 1609
6 California Avenue is an investment trust and was sabotaged and
7 interfered since February of 2000 lost in Superior Court under
8 Hon. Judge Deana Becton Smith. That these matter are of public
9 and general interest to the people of the State of California
10 and that they require a speedy resolution because they acquired
11 a Notice to Vacate that deprived Remainders of the qualified
12 Residential Trust under the will of succession, the next after
13 21 years as they don't have no place to stay and those are the
14 Testator Intent or Decedent Intent. That should be followed,
15 they present a question of law there is an urgent need for
16 uniformity of decision within the State. This was summarily
17 denied by the Supreme Court on the merits as these are refusal
18 of the Courts to exercise jurisdiction over the matter as when a
19 review is only authorized made of appellate review. Summary
20 denial is denial on the merits as susceptible for correction by
21 extraordinary writ or writ of prohibition as we are entitled for
22 these relief. Exhaustion of all remedies as failure to act will
23 result to lost of these properties to fraud under C.C.P. 3294,
24 P.C. Code 494, 495 as larceny, grand theft, illegal mortgage to
25 property that should be punished because what they did are

- 7 -

1  against the law, a RICO Act. Obstruction of justice, breach of
2  contract, undue influence, covenant of good faith and fair
3  dealings violation. Equal Justice to Justice Act under the 14th
4  Amendment, Human Rights violation under the law, Title VIII,
5  race, color, sex and A.D.A. violations that all these counts of
6  offenses and failure of correction are grounds for relief under
7  C.C.P. 473 (d) (b) as these petitioner and remainders Roberto,
8  Romeo and David seek justice that must prevail under the law and
9  the Law of Life Estate. As these claims are meritorious, the
10 date of rejection was heard on April 3, 2007, August 14, 2007
11 and September 12, 2007. This pendency of action filed rejection
12 and opposition, sale barred arising from 1st action as ground to
13 abate the second but never our case and complaint as we acquired
14 an Exclusive Jurisdiction and restrain another court from
15 proceeding if it is threatening to do so. See: Scott v.
16 Industrial Acci.com   (1956) 46 Cal. 2d. 76, 81, 293 p. 2d 18,
17 Brown v. Superior Court (1940) 16 Cal. 2d. 593, 597, 107 p. 2d.
18 I Myers v. Superior Court (1946) 75 Cal. 2d. 925 929-930, 172 P.
19 2d. 84.

20     Superior Court have no jurisdiction in Rem or in Personam
21 Act filed by Attorney Gary Lieberman and instigated by corrupt
22 Judge John Dearman, obstructing justice to me and remainders as
23 to the law and  property rules of inter-vivos will and
24 succession  rule as to extinguish defendant's rights of Roseller
25 Abellan as void barred by statute. We are in supersedea,

- 8 -

1   remititur issued, summary denials on the merits by Court of
2   Appeals and  Supreme Court, 13 Judges en banc as to non-
3   existence right of them or no entitlement whatsoever  in the
4   property.  See: Shaffer v. Heitner (1977) 433 U.S. 186, 199 n.
5   17, 97 S, Ct. 2569, 531, #d. 2d. 683.  Hanson v. Denekla (1958)
6   357, U.S. 235, 246 n. 12 S. Ct. 2h. Ed. 2d. 1283.  Because
7   testator's intent were also violated, abusive and vexatious.
8   Qualified as seeking relief for Writ of Prohibition or extra-
9   ordinary relief as Exhaustion of Remedies are done as to perform
10  a mandated duty of the court as Prima Facie case of facts were
11  filed and done.  As barred in  any proceedings as ground to
12  abate and this persistent corruption and abuse must stop.  See:
13  Scott v. Industrial Acc.com (1956) 46 Cal. 2d. 7681 293, P. 2d.
14  18, Brown v. Superior Court (1940) 16 Cal. 2d. 593, 597 107 P.
15  2d.I.  This people are designed to harass the owner and
16  remainders which we have to push out as injustice and sabotage
17  exist violates bribery statute.  As I try to obtain a motion to
18  stay filed was also sabotage which should  be considered as
19  submitted , see: Leadford v. Leadford (1992) 6 cal. app. 4th 571,
20  575, 8 Cal Rptr. 2d. 9 and Honorable Judge Jay Cline must  issue
21  a stay because my brothers have no place to stay as a "home".
22  Abuse of locking the property instigated by  Attorney Gary
23  Lieberman and Honorable Judge Dearman is a sabotage to justice
24  and rights to property. They keep on using all kinds of scheme.
25  Fraud of willful unconscionable method of abuse, a felony and is

- 9 -

1  criminal.  Will you leave this case be sabotaged, harrased and
2  abused?  People look up for the right  clear justice.  America
3  is going down because of these people who are corrupt using
4  undue influence when they are entitled to nothing.  They are
5  people "without issues."  A punishment by testator's intent that
6  was sabotaged and corpus which is  also sabotaged, prohibits
7  distribution under the will and I request for the restitution,
8  return or rent money, taking of illegal mortgage, damages
9  requested.  Statute of limitations has run out brought by
10  Attorney Lieberman, Superior Court of California when the
11  instrument in writing fraudulent letters of administration, void
12  on its face occurs First Code of Civil Procedure section 340 as
13  it commence to run on the occurrence of the act of the event
14  C.C.P. section 340 (b) as to act of negligent malpractice
15  occurs, see: Heyer v. Flaig (1969) 70 Cal. 2d. 223 230, 74 Cal.
16  Rptr. 225, 449, P. 2d. 161 as to causes of action accrues as to
17  abuses as to the death of Testators as to negligent failure of
18  Testamentary scheme becomes irremediable and the impact of
19  injury occurs citing again case Law Heyer v. Flaig as to no
20  legal recognized rights under the will of Rufina Abellan and the
21  causes of  action accrues.  As to Attorney malpractice, action
22  on illegal probate of the will C.C.P. 340.6, see:  Laird v.
23  Blacker (1992) 2 Cal. 4th 606, 611, 7 Cal. Rptr. 550, 828, P.2d.
24  691.  Irremediable damage as to negligent drafting of the will
25  as to fraud, grand theft, rent taking, bank account taking as in

1   malicious prosecution, undue influence under the RICO Act of all
2   conspirators.  As to abuse of process, fraud C.C.P, section 338
3   (d), See: Security First National Bank v. Ross (1963) 214 Cal.
4   App. 2d. 424, 429, 29 Cal. Rptr. 538 as to summary judgment on
5   the merit under C.C.P. 473, 473 (d), also on the record
6   submitted in the Lower Court.

7   As to defendant reformation of contract on ground of fraud.  As
8   Court of Appeals requires to stay or issue a Stay Order action
9   to vacate judgment obtained through fraud. See: Goodfellow v.
10  Barrett 1933 130 Cal. App. 548 556-557, 20 P. 2d. 740  as to
11  contract fraud as to discovery thus putting us on injury,  see:
12  Hobart Estate Co. (1985) 165 Cal. App. Ed. 120, 131-135, 211
13  Cal. Rptr. 271) as to their Unclean Hands as attorney liable for
14  third party non-client for misrepresentation under Civil Code
15  section 47(b) as in connection with the legal proceedings or
16  abuse of process as  absolutely privileged as to participant.
17  Also, this attorney violated Business and Professional Code
18  section 6128 to gain advantage to us as grounds for disciple and
19  disbarment. See:  Postman v.  George McDonald Law Corp. (1979)
20  99 Cal. App. 3d. 988, 991, 160 Cal. Rptr. 505.  As to judicial
21  proceedings privilege.  As to Civil Code section 47 (b), Barred,
22  Estoppel and should be dismissed and insist on dismissal as to
23  statutory privileges that we claimed as to our filings of
24  rejection and opposition.

25

- 11 -

1   Wherefore, appellant request for court hearings for Summary

2   Judgment and Declaratory relief under C.C.P. 473, 473 (d) as to

3   punitive and all acts of abuse before and after.

4   I declare under penalty of perjury under the laws of the

5   State of California that the foregoing statement of facts and

6   evidences are true and correct.

7   Dated : January 15, 2008.

8

9                                   Respectfully Submitted:

10

11

12                                  Rizalina Abellan

13                                  In Propia Persona

14                                  415) 992-1853

15

16

17

18

19

20

21

22

23

24

25

- 12 -



OFFICE OF THE CLERK
FIRST DISTRICT COURT OF APPEAL
350 McALLISTER STREET
SAN FRANCISCO CA 94102-4712

Mr. Liebenson,                                         Nov 24/07

all the facts of the filing + quashing
for Summary Judgment. They call it.
Summary Denial, all the courts no more
jurisdiction. Summary Denial... on the
merits is an affirmance because Supervisor
was reviewed and remitted or affirmance one him
only. O.K.

R. Allison, Petitioner, Trustee

350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 2

Rizalina Abellan
264 Faxon Ave.
San Francisco, CA 94112

In re the Estate of RUFINA ABELLAN, Deceased.

RIZALINA ABELLAN, et al.,
Plaintiffs and Appellants,
v.
ROSELLER ABELLAN,
Defendant and Respondent.

A094392
San Francisco County No. PES00280338

* * REMITTITUR * *

I, Ron D. Barrow, Clerk of the Court of Appeal of the State of California, for the First Appellate District, do hereby certify that the decision entered in the above-entitled cause on March 12, 2002 has now become final.

___Appellant ✓Respondent to recover costs
___Each party to bear own costs
___Costs are not awarded in this proceeding
___See decision for costs determination

Witness my hand and the Seal of the Court affixed at my office this

Ron D. Barrow
Clerk of the Court

Deputy Clerk

mvck

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 2

In re the Estate of RUFINA ABELLAN, Deceased.

RIZALINA ABELLAN, et al.,
Plaintiffs and Appellants,

v.

ROSELLER ABELLAN,
Defendant and Respondent.

A094392
San Francisco County No. PES00280338

Dear Counsel:

This case is now fully briefed and has been tentatively assigned to the judicial panel indicated below. Counsel are directed to advise the Court *immediately* if settlement discussions are underway or are being considered or if there is any other basis for an early dismissal of the appeal.

Many cases are submitted for decision without oral argument on the basis of the written briefs which have been thoroughly reviewed by the Court. Such submissions are entirely appropriate. In the rare event the Court determines that oral argument would be helpful in a case where argument has been waived, counsel will be notified when to appear.

Notwithstanding the foregoing, if either party feels that oral argument is necessary, a written request with a proof of service upon all parties must be filed in this Court within ten calendar days of the date of this notice. If no request for oral argument is received within the indicated ten-day period, it will be submitted at such time as the Court approves the waiver. (California Rules of Court, rule 22.5.)

If oral argument is requested by any party or deemed warranted by the Court, counsel will be notified subsequently of the date and time for oral argument. A continuance of argument will be granted only upon a showing of good cause; counsel may not stipulate to a continuance.

Hon. J. Anthony Kline
Presiding Justice

November 16, 2001

The assigned judicial panel is:

__ Kline, P.J.    __ Haerle, J.    __ Lambden, J.    __ Ruvolo, J.

wav2

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOR THE

FIRST APPELLATE DISTRICT

DIVISION TWO

**FILED**

Court of Appeal - First App. Dist.

**JUN 1 - 2001**

RON D. BARROW, CLERK

By_____ DEPUTY

RIZALINA ABELLAN,

Plaintiff and Appellant,

vs.

ROSELLER ABELLAN, et al.,

Defendants and Respondents.

_____/

A095079

San Francisco County

Super. Ct. No. 280338

BY THE COURT:

The "amended writ of mandate and prohibition or supersedeas to cure defect denied May 14, 2001 be restored or issued" and the "urgent" request for a stay are denied.

Dated _____

_____P.J.

ᴊᴊᴏ ᴍᴄᴀʟʟɪꜱᴛᴇʀ ꜱᴛʀᴇᴇᴛ
SAN FRANCISCO, CA 94102
DIVISION 2


Rizalina Abellan
264 Faxon Ave.
San Francisco, CA 94112

In re the Estate of RUFINA ABELLAN, Deceased.

RIZALINA ABELLAN, et al.,
Plaintiffs and Appellants,
v.
ROSELLER ABELLAN,
Defendant and Respondent.

A094392
San Francisco County No. PES00280338


### * * REMITTITUR * *

  I, Ron D. Barrow, Clerk of the Court of Appeal of the State of California, for the First Appellate District, do hereby certify that the decision entered in the above-entitled cause on March 12, 2002 has now become final.

___Appellant __✓Respondent to recover costs
___Each party to bear own costs
___Costs are not awarded in this proceeding
___See decision for costs determination

  Witness my hand and the Seal of the Court affixed at my office this     2002


            Ron D. Barrow
            Clerk of the Court


            Deputy Clerk

msck

Court of Appeal, First Appellate District, Div. 2 - No. A119359
**S157912**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

RIZALINA ABELLAN, Petitioner,

v.

SUPERIOR COURT OF SAN FRANCISCO COUNTY, Respondent;

ROSELLER ABELLAN, Real Party in Interest.

The application for stay and petition for review are denied.

SUPREME COUR'
**F I L E D**

NOV 1 5 2007

**Frederick K. Ohirich**

**DEPUTY**

**GEORGE**
Chief Justice

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 2



RIZALINA ABELLAN,
Petitioner,

v.
SUPERIOR COURT SAN FRANCISCO,
Respondent;
ROSELLER ABELLAN,
Real Party in Interest.



A119686
San Francisco County No. 280338

BY THE COURT:

The application for waiver of filing fees and costs is granted as to filing fee only.

Date: NOV - 9 2007

KLINE, P.J.

_____P.J.



# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

RIZALINA ABELLAN,

      Petitioner,

v.

THE SUPERIOR COURT OF SAN
FRANCISCO COUNTY,

      Respondent;

ROSELLER ABELLAN,

      Real Party in Interest.

FILED
Court of Appeal First Appellate

NOV - 9 2007

Diana Herbert, Clerk
By_____

A119686

(San Francisco County
Super. Ct. No. 280338)

**BY THE COURT:**

    The petition for writ of prohibition/supersedeas/stay is denied.

Dated:    NOV - 9 2007            KLINE, P. J      P.J.

1

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

RIZALINA ABELLAN,

Petitioner,

v.

THE SUPERIOR COURT OF SAN
FRANCISCO COUNTY,

Respondent;

ROSELLER ABELLAN, ET AL.,

Real Parties in Interest.

FILED
Court of Appeal First Appellate District

OCT 2 9 2007

Diana Herben, Clerk
By_____ Deputy Clerk

A119359

(San Francisco County
Super. Ct. No. 280338)

BY THE COURT:

The petition for writ of mandate is denied.

Dated: _____ OCT 2 9 2007 _____          _____ KLINE, P. J. _____ P.J.

**MC-950**

| PLAINTIFF/PETITIONER: *atty Gary Subrigman* | CASE NUMBER |
| DEFENDANT/RESPONDENT: *Rosilina ahllan* | |
| OTHER: *Rozalina Hellan* | *280338* |

### PROOF OF SERVICE BY FIRST-CLASS MAIL

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

   *Patricia Honan 349 Eaton Ave. S.F. ca. 94112*

2. I served copies of the *Notice of Limited Scope Representation* (form MC-950) by enclosing each of them in a sealed envelope with first-class postage fully prepaid and *(check one)*:

   a. ☒ deposited the sealed envelopes with the United States Postal Service.

   b. ☐ placed the sealed envelopes for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. Copies of the *Notice of Limited Scope Representation* (form MC-950) were mailed:

   a. on *(date)*  *1/11/08*

   b. from *(city and state)*:  *San Francisco California 94112*

4. The envelopes were addressed and mailed as follows:

   a. Name of person served: *atty: Gary Subrigman*
      Street address: *16N South Hill Rd suit*
      City: *Novato calif 94947*
      State and zip code:

   c. Name of person served: *Honorable Judge*
      Street address: *cline*  *350 McAllister st*
      City:
      State and zip code: *S.F. CA. 94102*

   b. Name of person served: *Superior court*
      *& atty. 400 McAllister St*
      Street address: *5.F. calif. 94102*
      City:
      State and zip code: *S.F. CA. 94102*

   d. Name of person served: *Hon. Judge Feng*
      Street address: *350 McAllister st.*
      City:
      State and zip code: *S.F. calif. 94102*

☒  Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing and all attachments are true and correct.

*Date 1/11/08*

*Respectfully Submitted*
*Rozalina Hellan*

## NAMES AND ADDRESSES OF PERSONS
## NOTICE WAS MAILED

1. Rizalina Abellan, Daughter, adult, 264 Faxon Street, San Francisco, Ca 94112

2. Antonio Abellan, Son, adult, 57 Luassane Avenue, Daly City, Ca 94014

3. Restituto Abellan, Sr., son, adult, 23246 Jorgensen Lane, Hayward, Ca 94541

6. Rosevilla Galzote, daughter, adult, 101 Pope Street, San Francisco, Ca 94112

7. Romeo Abellan, son adult, 101 Campbell Avenue, San Francisco, Ca 94134

8. Roseller Abellan, son, adult, 13400 Twin Cities Road, Herald, Ca 95638

9. David Abellan, son adult, 101 Campbell Avenue, San Francisco, Ca 94134

10. Marilyn Abellan, daughter, adult, 2184 Pyramid Dr., Richmond, Ca 94803

11. Rosemary Abellan Bautista, daughter, adult, 101 Campbell Ave., SF. Ca 94134

12. Pepsi Abellan, daughter, adult, 340 Naple Street, San Francisco, CA 94112

13. Alicia Abellan Levita, daughter, adult, 19-A 11th Str. West Rembo., Manila, Philippines

14. Gary Lieberman, attorney, 60 East Sir Francis Drake Blvd, S-286, Larkspur, California 94939

15. Superior Court, 400 McAllister Street, San Francisco, Ca 94102

*Date 1/11/08*

*Respectfully Submitted*
*Rzaturia Abellan*
*In Propia Persona*
*415-792-1853*

**MC-950**

| | |
|---|---|
| PLAINTIFF/PETITIONER: *Rizzilino Abello, Rosauto* | CASE NUMBER: *JW* |
| DEFENDANT/RESPONDENT: *Romeo + David Solodar* | *468948* |
| OTHER: *Superior ct of calif 94102* | |

*atty Gary Lieberman, miss Phue/owerg Farmers Ins.*
*Sheriffs dept of S.F.CA.*

### PROOF OF SERVICE BY FIRST-CLASS MAIL

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):* *71 Leora St. San Francisco CA 94134*

2. I served copies of the *Notice of Limited Scope Representation* (form MC-950) by enclosing each of them in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☒ deposited the sealed envelopes with the United States Postal Service.
   b. ☒ placed the sealed envelopes for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. Copies of the *Notice of Limited Scope Representation* (form MC-950) were mailed: *San Fran cis co Leland Post office 941*
   a. on *(date):* *1/14/08*
   b. from *(city and state):* *S.F. calif. 94134*

4. The envelopes were addressed and mailed as follows:
   a. Name of person served: *Sheriffs dept of S.F. CA.* c. Name of person served: *miss Phue/owarm*
   Street address: *rm 456 S.F. CA. 9410 civil division, Leanton* Street address: *castro valley*
   City: *S.F.* *Aordlett Pl.* City:
   State and zip code: *94102* State and zip code: *castro valley CA.*

   b. Name of person served: *atty Gary Lieberman* d. Name of person served: *Farmers Ins. Co.*
   Street address: *1615 South Hill rd Suite* Street address:
   City: *Nvato calif. 94947* City:
   State and zip code: State and zip code:

   ☒ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*
   *Superior court of california Probate dept. 350 McAllister St. 57*

I declare under penalty of perjury under the laws of the State of California that the foregoing and all attachments are true and correct.

Date: *1/14/08*

| | |
|---|---|
| *Robert V. Potu* | ▶ *[signature]* |
| TYPE OR PRINT NAME OF DECLARANT) | (SIGNATURE OF DECLARANT) |

**NOTICE OF LIMITED SCOPE REPRESENTATION**

Page 3 of 3