Lee J. Danforth, Esq. - SBN 73695
Richard S. Baum, Esq. - SBN 178760
Kathryn C. Klaus, Esq. - SBN 205923
**CODDINGTON, HICKS & DANFORTH**
**A Professional Corporation, Lawyers**
555 Twin Dolphin Drive, Suite 300
Redwood City, California 94065-2133
Tel. (650) 592-5400
Fax.(650) 592-5027

**ATTORNEYS FOR** Defendant
Fire Insurance Exchange

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIZALINA ABELLAN, | No. CV 08 0252BZ |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FIRE INSURANCE EXCHANGE'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) |
| vs. | |
| SUPERIOR COURT OF CALIFORNIA, ATTY GARY LIEBERMAN FIRE INSURANCE EXCHANGE MISS PHOEBE KWONG SAN FRANCISCO SHERIFFS DEPT. | Date:  May 30, 2008<br>Time: 9:00 a.m.<br>Dept.: 10<br>Judge: Judge Susan Illston |
| Defendants. | |

Defendant Fire Insurance Exchange (hereinafter "FIE") hereby submits its memorandum of points and authorities in support of its motion to dismiss pursuant to FRCP 12(b)(6):

//
//
//
//
//
//
//

---

Memorandum of Points and Authorities in Support of
Defendant Fire Insurance Exchange's Motion To
Dismiss Pursuant To F.R.C.P. 12(b)(6) - Case No. CV-08-
0252BZ

**I.**

# TABLE OF CONTENTS

I.   Table of Contents ................................................................. i

II.  Table of Authorities ............................................................. ii

III. Introduction ...................................................................... 1

IV.  Statement of Issues to be Determined ............................................. 2

V.   Standard of Review ............................................................... 2

VI.  Argument ......................................................................... 3

    A.  Plaintiff Has Not Established Grounds for Federal Jurisdiction ............... 3

    B.  Plaintiff's Rejection of Dismissal Does Not Constitute an Amended Complaint ............................................................ 3

    C.  Plaintiff's Formal State Court Claims Fail to State a Cognizable Cause of Action ............................................................... 4

    D.  Plaintiff's Rejection of Dismissal Fails to Allege Any Facts Which Would Give Rise to a Cognizable Cause of Action Against FIE ................. 5

VII. CONCLUSION ....................................................................... 6

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum of Points and Authorities in Support of Defendant Fire Insurance Exchange's Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6) - Case No. CV-08-0252BZ

i

**II.**

**TABLE OF AUTHORITIES**

**A.   Case Law Authorities**

*3250 Wilshire Boulevard Bldg. v. Employers Ins. of Wausau*,
    39 Cal. App.4th 1277, 46 Cal. Rptr. 2d 399 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Balistreri v. Pacifica Police Department*,
    901 F.2d 696 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Barney v. Aetna Casualty & Surety Co.*,
    185 Cal. App. 3d 966, 230 Cal. Rptr. 215 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*James 3 Corp. v. Truck Ins. Exchange*,
    91 Cal. App.4th 1093, 111 Cal. Rptr. 2d 181 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Karim-Panahi v. Los Angeles Police Dep't.*,
    839 F.2d 621 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Leeds v. Meltz*,
    85 F.3d 51 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*McHenry v. Renne*,
    84 F.3d 1172 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**B.   Statutory Authorities**

Civil Code Section 3291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Civil Code Section 3399 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Code of Civil Procedure Section 473 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Code of Civil Procedure Section 664.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Penal Code Section 494 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Penal Code Section 495 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Probate Code Section 58 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Probate Code Section 10519 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**CODDINGTON, HICKS
& DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

## III.

## **INTRODUCTION**

FIE is nothing more than an unfortunate new party to an ongoing dispute between plaintiff and her brother as the Administrator of her parents' estate. The gist of plaintiff's action has nothing to do with FIE whatsoever. Instead, it arises out of a probate proceeding originally venued in the San Francisco County Superior Court, which apparently has been frustrated and delayed by the continual interference of plaintiff. Her attempts to appeal or otherwise obtain relief from both the Courts of Appeal and the California Supreme Court have repeatedly been denied. (See various unnumbered exhibits to "Rejection for Dismissal of My Complaint" [hereinafter "Rejection of Dismissal"], including Denial of Request for Stay dated June 1, 2001; Denial of Petition for Writ of Mandate dated October 29, 2007; Denial of Writ dated November 9, 2007; Denial of Application for Stay and Petition for Review dated November 15, 2007.[1]) The transfer of this matter to this Court is merely an attempt to sidestep the decisions issued by the California courts; all matters pertaining to the dispute concerning the estate ought not to be re-tried in the Federal court system.[2]

Plaintiff's Rejection of Dismissal follows an order by this Court dismissing her Second Amended Complaint on various grounds. The problems with the Rejection of Dismissal do not require much explanation; the pleading is defective on its face. Despite this Court's guidance on the issue of Federal jurisdiction, plaintiff failed to address or even touch upon that important matter in the Rejection of Dismissal. Moreover, and despite this Court's guidance on basic rules of pleading, FIE (and the other parties) are still left to guess what causes of action are actually alleged and against whom. Consequently, and in accordance with this Court's previous order, this matter should be dismissed without leave to amend.

//

//

---

[1] It is quite clear from the text of the Rejection of Dismissal that plaintiff is under the mistaken belief that she was the prevailing party with respect to her various appeals and petitions for writs.

[2] An unpublished decision by the Court of Appeal is attached as Exhibit B to the Request for Judicial Notice. The decision provides some background information on the State court proceedings.

**CODDINGTON, HICKS & DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum of Points and Authorities in Support of Defendant Fire Insurance Exchange's Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6) - Case No. CV-08-0252BZ     1

## IV.

## ISSUES TO BE DETERMINED

1. Whether this Court has jurisdiction over this matter;

2. Whether plaintiff's most recent filing constitutes an amended complaint;

3. Whether plaintiff's formal State court claims for relief fail to state a cognizable cause of action; and,

4. Whether plaintiff has failed to allege any facts that would give rise to a cause of action against FIE.

## V.

## STANDARD OF REVIEW

FRCP 12(b)(6) provides that a defendant may make a motion to dismiss for "failure to state a claim upon which relief can be granted." When ruling upon a motion to dismiss under FRCP 12(b)(6) the court is only required to accept as true *well-pleaded* allegations. It is not required to accept conclusions of law. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1993) ["While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice."]. A dismissal pursuant to FRCP 12(b)(6) is proper where there is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

Rules of pleading are particularly important in this instance. FRCP 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, "each averment of a pleading shall be simple, concise, and direct." FRCP 8(e)(1). There are authorities which stand for the proposition that the pleading rules are somewhat relaxed for pro se litigants. *See, e.g, Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623 (9th Cir. 1988). However, the policy to protect pro se litigants does not require that the Court allow pleadings that violate Rule 8 and leave the answering party to guess and speculate when framing a responsive pleading. *See McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 1996) ("Despite all the pages, requiring a great deal of time for perusal, one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery. ... If the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating

**CODDINGTON, HICKS & DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum of Points and Authorities in Support of Defendant Fire Insurance Exchange's Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6) - Case No. CV-08-0252BZ

2

which defendants are liable to plaintiffs for which wrongs, based on the evidence, then [the purpose of Rule 8] is defeated. Only by months or years of discovery and motions can each defendant find out what he is being sued for.".)

## VI.

## ARGUMENT

**A.  Plaintiff Has Not Established Grounds for Federal Jurisdiction**

Rule 8 of the Federal Rules of Civil Procedure sets forth the general rules of pleading, the first and foremost of which provides as follows:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

FRCP 8(a)(1). Plaintiff was put on notice that jurisdiction was problematic - this Court's previous order dismissing plaintiff's second amended complaint raised the question of whether Federal jurisdiction existed. (Order Granting Application to Proceed in Forma Pauperis and Dismissing Plaintiff's Complaint [hereinafter "Order"] at pp. 3-4.) Therein, the Court correctly pointed out that both subject matter and diversity jurisdiction appeared to be lacking. (Id.) Despite that, plaintiff's most recent pleading does not touch upon the issue of jurisdiction; there is no mention whatsoever as to the grounds for this Court's jurisdiction over this particular matter. Although plaintiff cites in passing to various Federal laws, it is still impossible to determine the factual and legal grounds for such claims and against whom the claims are actually alleged. Therefore, because plaintiff has not followed the most basic rules of pleading and has failed to address this Court's concerns in that regard, this matter should be dismissed without leave to amend

**B.  Plaintiff's Rejection of Dismissal Does Not Constitute an Amended Complaint**

Plaintiff filed a "Rejection for Dismissal of My Complaint," which does not constitute an amended complaint in either form or substance. While some liberties may be granted to pro per litigants, no such liberties are warranted in this instance. As the exhibits to recent filing demonstrate, plaintiff has been filing actions in pro per for years. And this Court's previous order dismissing the second amended complaint provided plaintiff with some clear guidelines, i.e., establish Federal

**CODDINGTON, HICKS & DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum of Points and Authorities in Support of Defendant Fire Insurance Exchange's Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6) - Case No. CV-08-0252BZ      3

jurisdiction, be clear in the causes of action being advanced and specify against whom the various claims are alleged. Yet, after all the time spent in State courts and after this Court expressly advised plaintiff about the basic rules of pleading, she once again has filed a wholly incoherent document that is virtually impossible to decipher. Although plaintiff cites to various statutes on the face page of the pleading, the content of the document reads like a speaking objection to this Court's previous order rather than an actual complaint. (Rejection of Dismissal at pp. 18-23.) Indeed, at times plaintiff appears to be addressing various parties on a personal level. (Id. at p. 17.) Consequently, because the Rejection of Dismissal does not constitute an actual amended pleading, this matter should be dismissed without leave to amend.

**C.    Plaintiff's Formal State Court Claims Fail to State a Cognizable Cause of Action**

The face page of plaintiff's Rejection of Dismissal makes reference to a number of State based claims, none of which constitute a cognizable cause of action herein. With judicial efficiency in mind, the substantive problems with plaintiff's various formally listed claims are *briefly* addressed as follows:[3]

1.    Code of Civil Procedure Section 473 has no application in this Court. The Federal Rules of Civil Procedure govern the procedure of actions commenced in the United States district courts. See FRCP 1.;

2.    Code of Civil Procedure Section 664.6 allows the California State courts to exercise continuing jurisdiction over parties in order to enforce the terms of settlement. Even if this matter involved some form of a settlement between the parties, which it surely does not, State procedural rules do not apply herein. See FRCP 1.;

3.    Probate Code Section 10519 provides a personal representative with the power to make a disclaimer. However, the term "personal representative" is defined by the Probate Code to be an "executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to Section 7660, or a person who performs

---

[3] The claims addressed are those listed on the face page of plaintiff's recent pleading. Making sense of other claims, which are vaguely and incoherently alleged in the text of the pleading, is virtually impossible. FIE opted, for economy's sake, to focus on the identifiable claims that were formally listed on the face page and assumed, again for purposes of efficiency, that all formal allegations are made against all defendants, including FIE.

**CODDINGTON, HICKS & DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum of Points and Authorities in Support of Defendant Fire Insurance Exchange's Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6) - Case No. CV-08-0252BZ    4

substantially the same function under the law of another jurisdiction governing the person's status." Probate Code Section 58. Plaintiff is not the executor of her parents' estate - that title belongs to her brother and constitutes the very matter over which plaintiff takes exception. (See Exhibits to Request for Judicial Notice generally.) These issues have been decided by the California courts and cannot be relitigated herein.

    4.    Code of Civil Procedure Section 3291 could not be located. However, there is a Civil Code Section 3291 relating to interest on damages sought for personal injury, which is obviously not relevant herein.

    5.    Code of Civil Procedure Section 3399 could not be located. However, there is a Civil Code Section 3399 which concerns reformation of contracts, but without more information and/or context, it is impossible to discern what contract plaintiff seeks to reform and upon what grounds.

    6.    Penal Code Sections 494 and 495 concern larceny, specifically written instruments of security that are never delivered and severing fixtures from realty. These statutes have no apparent or discernable relevance to these proceedings.

    7.    Probate Code Sections 2130, 2132, 217001 and 494495 could not be located nor could Business & Professions Code Section 61036.

Because none of the formal claims listed on the face page of the most recent filing are viable, this matter should be dismissed without leave to amend.

**D.    Plaintiff's Rejection of Dismissal Fails to Allege Any Facts Which Would Give Rise to a Cognizable Cause of Action Against FIE**

Even when plaintiff's most recent filing is construed in the best possible light, the text of the document fails to allege sufficient facts to give rise to a cognizable cause of action against FIE. Again, this matter stems from a probate proceeding originally venued in the San Francisco County Superior Court. (See Request for Judicial Notice; see exhibits to Rejection of Dismissal.) In addition to claims relating to that probate action, it appears that plaintiff vaguely contends that FIE owed her duties with respect to first and third party claims under the policy of insurance. (See Rejection of Dismissal at pp. 13, 18, 22 and 24.)

With respect to the first party claim, plaintiff vaguely alleges that she is entitled to $349,000 for

**CODDINGTON, HICKS & DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum of Points and Authorities in Support of Defendant Fire Insurance Exchange's Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6) - Case No. CV-08-0252BZ    5

the property in San Pablo. (Rejection of Dismissal at p. 24.) However, the policy provides, in relevant part, as follows:

> **CONDITIONS**
>
> 1. *Insurable Interest and Limit of Insurance.* Even if more than one **person** or organization has an insurable interest in the covered property we shall *not* pay more than:
>
>     a. An amount equal to the **insured's** interest, or
>     b. The applicable amount of insurance.

(See FIE policy booklet at Exhibit I to Request for Judicial Notice.) And plaintiff conveniently failed to attach as an exhibit to her pleading the court documents showing that the San Pablo property was part of her parents' estate and its sale was overseen and ultimately confirmed by the San Francisco Superior Court on or about May 3, 2007. (See Exhibits C through H to the Request for Judicial Notice, filed concurrently herewith.) Plaintiff had no ownership interest in the property and, therefore, was not entitled to make a first party claim for the policy limits. Plaintiff does not support her claim with any degree of specificity because she cannot actually point to any facts or evidence, e.g., title documents, which would lead to the conclusion that a cognizable claim could be made against FIE with respect to a valid first party claim for coverage under the policy.

With respect to the duty to defend, plaintiff alleges that FIE failed to "defend my meritorious case" against defendant Gary Lieberman relating to the probate matter. (Rejection of Dismissal at pp. 4-5.) The fact of the matter is that FIE has no contractual obligation to provide her with an attorney to fund her action to contest the administration of her parents' estate. The FIE policy contains a standard liability provision, which provides in relevant part, as follows:

> **Section II - Business Liability Coverages**
>
> **Coverage E - Business Liability**
>
> We shall pay as damages from an **occurrence** which an **insured** is legally liable to pay because of **bodily injury,** personal injury, or **property damage** arising out of the ownership, maintenance, or use of the **insured location** covered by this policy.

(See FIE policy booklet at Exhibit I to Request for Judicial Notice.) Liability provisions generally obligate an insurer to defend an insured against actions concerning the insured property. The duty to defend, however, does not include the duty to prosecute. In California, it is generally understood that

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum of Points and Authorities in Support of Defendant Fire Insurance Exchange's Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6) - Case No. CV-08-0252BZ

6

a liability provision does not obligate an insurer to prosecute affirmative actions on behalf of insureds. See *James 3 Corp. v. Truck Ins. Exchange*, 91 Cal. App.4th 1093, 1104-1106, 111 Cal. Rptr. 2d 181 (2001) (insurer not obligated to fund and prosecute cross-complaints even if related to or intertwined with action against insured); *Barney v. Aetna Casualty & Surety Co.*, 185 Cal. App. 3d 966, 975, 230 Cal. Rptr. 215 (1986) (insurer has no contractual duty to file cross-complaint on behalf of insured); *3250 Wilshire Boulevard Bldg. v. Employers Ins. of Wausau*, 39 Cal. App.4th 1277, 1280, 46 Cal. Rptr. 2d 399 (1995) (insurer has no duty to prosecute insured's affirmative claims). Plaintiff has not alleged nor has she attached as evidence anything to suggest that she was subject to an action arising out of the insured property. Indeed, the evidence actually shows that she is and always has been the moving party. (See exhibits to Request for Judicial Notice.)

Because plaintiff has failed to allege any facts which would give rise to a cognizable cause of action against FIE, this matter should be dismissed.

## VII.

## CONCLUSION

Plaintiff's Rejection of Dismissal is defective on many levels. The document reads more as a speaking objection to the Court's previous dismissal of the Second Amended Complaint, as opposed to a new amended pleading setting forth causes of action which plaintiff seeks to have adjudicated in this Court. Even when the pleading is read in the best possible light, it is obvious that Federal jurisdiction is lacking and that plaintiff is merely seeking to relitigate State court matters which have already been determined. With respect to FIE, while plaintiff makes vague allegations to first and third party obligations under a contract of insurance, plaintiff's own exhibits as well as court documents from the underlying litigation demonstrate that no such obligations exist. This action stems from a probate proceeding wherein plaintiff's attempt to frustrate and delay the administration of the estate were wholly and repeatedly rejected by the California State courts; plaintiff should not be allowed to sidestep those decisions and dismissal of this matter is entirely proper.

//
//
//

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum of Points and Authorities in Support of Defendant Fire Insurance Exchange's Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6) - Case No. CV-08-0252BZ    7

1  //

3  Based on the foregoing, defendant FIE respectfully requests that the Court dismiss this action in its entirety in accordance with its previous Order.

Dated: April 21, 2008                           CODDINGTON, HICKS & DANFORTH

By:   /s/ Kathryn C. Klaus
      Kathryn C. Klaus
      Attorneys for Defendant
      Fire Insurance Exchange

**CODDINGTON, HICKS & DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Memorandum of Points and Authorities in Support of Defendant Fire Insurance Exchange's Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6) - Case No. CV-08-0252BZ      8