1  Lee J. Danforth, Esq. - SBN 73695
   Richard G. Grotch, Esq. - SBN 127713
2  Richard S. Baum, Esq. - SBN 178760
   Kathryn C. Klaus, Esq. - SBN 205923
3  **CODDINGTON, HICKS & DANFORTH**
   **A Professional Corporation, Lawyers**
4  555 Twin Dolphin Drive, Suite 300
   Redwood City, California 94065-2133
5  Tel. (650) 592-5400
   Fax.(650) 592-5027
6
   **ATTORNEYS FOR** Defendant
7  Fire Insurance Exchange

8          **IN THE UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11  RIZALINA ABELLAN,                    No. CV 08 0252BZ

12              Plaintiff,
                                         DEFENDANT FIRE INSURANCE
13  vs.                                  EXCHANGE'S REQUEST FOR JUDICIAL
                                         NOTICE
14  SUPERIOR COURT OF CALIFORNIA,
    ATTY GARY LIEBERMAN
15  FIRE INSURANCE EXCHANGE
    MISS PHOEBE KWONG                    Date:   May 30, 2008
16  SAN FRANCISCO SHERIFFS DEPT.         Time:   9:00 a.m.
                                         Dept.   10
17              Defendants.              Judge: Judge Susan Illston

18  _____/

19

20          Defendant Fire Insurance Exchange (hereinafter "FIE") hereby requests that this Court take

21  judicial notice of the pleadings, findings of fact, conclusions of law, decisions, and judgments rendered

22  by the California Courts as follows:

23      1.      Order Following Hearing wherein the plaintiff was found to be a vexatious litigant by the

24          San Francisco County Superior Court, document dated July 9, 2002 and attached hereto

25          as Exhibit A;

26      2.      Unpublished opinion and subsequent Remittitur from the Court of Appeal, First Appellate

27          District, documents dated May 14, 2003 and July 13, 2003 respectively and attached hereto

28          as Exhibit B;

_____
Defendant Fire Insurance Exchange's Request for
Judicial Notice

3.      Notice of Intention to Sell Real Property at Private Sale, dated May 16, 2006 and attached hereto as Exhibit C;

4.      Ex Parte Order to Enter Into and Execute Exclusive Listing Agreement, dated July 14, 2006 and attached hereto as Exhibit D;

5.      Order for Authority to Borrow Money and to Execute a Deed of Trust, dated August 23, 2006 and attached hereto as Exhibit E;

6.      Ex Parte Petition to Enter Into and Execute Exclusive Listing Agreement, dated December 27, 2006 and attached hereto as Exhibit F;

7.      Ex Parte Order to Renew Exclusive Listing Agreement, dated January 3, 2007 and attached hereto as Exhibit G;

8.      Order Confirming Sale of Real Property, dated May 3, 2007 and attached hereto as Exhibit H; and,

9.      Second Amended Complaint, dated February 20, 2008 and attached hereto as Exhibit I.

Such a request is proper on the grounds that the District Court may properly take judicial notice of court filings and other matters of public record. See *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998).

Dated: April 21, 2008                    CODDINGTON, HICKS & DANFORTH


By:   /s/ Kathryn C. Klaus
        Kathryn C. Klaus
        Attorneys for Defendant
        Fire Insurance Exchange

**CODDINGTON, HICKS & DANFORTH**
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

2

Defendant Fire Insurance Exchange's Request for Judicial Notice

EXHIBIT A

```
 1   GARY R. LIEBERMAN, ESQ. CSB 71684
     McCarty & Lieberman
 2   Wood Island Office Center-Larkspur Landing
     60 East Sir Francis Drake Boulevard, Suite 206
 3   Larkspur, California 94939
     Telephone (415) 461-2339
 4   Facsimile (415) 461-6352

 5   Attorney for ROSELLER ABELLAN
```

**FILED**
San Francisco County Superior Court

JUL - 9 2002

GORDON PARK-LI, Clerk
BY: _____
                    Deputy Clerk

```
 6
              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
 7
                IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO
 8

 9
     In Re The Estate of          ) Case No.: No. 280338
10                                )
     RUFINA ALBANIA ABELLAN,       ) ORDER FOLLOWING HEARING
11                                )
               Deceased.           )
12                                 DATE OF HEARING: 6/18/02
                                   TIME OF HEARING: 9:00 A.M.
13   _____      DEPARTMENT NO : Probate, Room 204

14        The Order to Show Cause Re Contempt, Imposing Sanctions and Finding

15   RIZALINA ABELLAN a Vexatious Litigant, having been continued to this date

16   from 6/4/02 at the request of RIZALINA ABELLAN, came on regularly for hearing

17   this date before the Honorable John Dearman, Judge Presiding. GARY R.

18   LIEBERMAN appeared on behalf of Petitioner, RIZALINA ABELLAN failed to

19   appear. Good Cause appearing therefore, IT IS ORDERED that a Body Attachment

20   issue for RIZALINA ABELLAN, to be brought before this Court on a Tuesday or

21   Wednesday, to show cause why she should not be found in Contempt of Court,

22   liable for Sanctions and found to be a Vexatious Litigant.

23        Further status of this matter is set for July 9, 2002 at 9:00 a.m.

24   Dated: June 26, 2002

25                                            _____
                                              JUDGE OF THE SUPERIOR COURT
                                              JOHN DEARMAN
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE CITY AND COUNTY OF SAN FRANCISCO

**FILED**
San Francisco County Superior Court

JUL - 9 2002

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

ROSELLER ABELLAN, Administrator of
the Estate of RUFINA ALBANIA ABELLAN

Petitioner     vs.

No. 280338

RIZALINA ABELLAN

Respondent

ORDER FOR WARRANT OF
ATTACHMENT FOR CONTEMPT

It appearing from the declaration of ........... ROSELLER ABELLAN ...........,
(Name)

that ........ RIZALILNA ABELLAN ............
defendant/plaintiff                          (Name)

has been found in contempt of the order(s) of this Court on .......... June 18, 2002 ....... :

IT IS HEREBY ORDERED that a warrant of attachment of the body of.............................
........ RIZALINA ABELLAN .......................issue out of this Court, commanding the
(Name)

Sheriff of the City and County of San Francisco to attach........ RIZALINA ABELLAN .......
(Name)

and bring him/her before this Court on.......... 7 - 23 - 02 ........ at ...9:00... a.m., or as

soon thereafter as apprehended, then and there to answer the charge of contempt contained in the declaration.

IT IS FURTHER ORDERED that a copy of the declaration be served on.... Rizalina Abellan ....
(Name)

at the time of his arrest under this warrant of attachment.

Said warrant shall expire 60 days after issuance thereof.

Dated :........... JUL - 9 2002 ...........

_____
Judge of the Superior Court
**JOHN DEARMAN**

Co. Clerk F 1376                    **ORDER FOR WARRANT OF ATTACHMENT**                    CC49

EXHIBIT B

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 2

FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2003 JUL 17 AM 8: 04

GORDON PARK-LI, CLERK

BY: _____
DEPUTY CLERK

Office of the County Clerk
San Francisco Superior Court - Civil Division
Attention: Civil Appeals
400 McAllister Street - 1st Fl
San Francisco, CA 94102-4512

In re the Estate of RUFINA ABELLAN, Deceased.

RIZALINA ABELLAN,
Plaintiff and Appellant,

v.

ROSELLER ABELLAN,
Defendant and Respondent.

A098284
San Francisco County No. PES280338

AFFIRMED

* * REMITTITUR * *

    I, Ron D. Barrow, Clerk of the Court of Appeal of the State of California, for the First Appellate District, do hereby certify that the attached is a true and correct copy of the original opinion or decision entered in the above-entitled cause on May 14, 2003 and that this opinion has now become final.

___Appellant _✓_Respondent to recover costs
___Each party to bear own costs
___Costs are not awarded in this proceeding
___See decision for costs determination

    Witness my hand and the Seal of the Court affixed at my office this **JUL 14 2003**

Very truly yours,
Ron D. Barrow
Clerk of the Court

**IMELDA SANTOS**
Deputy Clerk

| | |
|---|---|
| P.O. Report: | ___ |
| Marsden Transcript: | ___ |
| Boxed Transcripts: | ___ |
| Exhibits: | ✓ |
| None of the above: | ✓ |

rem1

**COPY**

Filed 5/14/03

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION TWO

**FILED**

Court of Appeal - First App. Dist.

MAY 1 4 2003

RON D. BARROW, CLERK

By _____
                                    DEPUTY

| | |
|---|---|
| RIZALINA ABELLAN, | |
|     Plaintiff and Appellant, | A098284 |
| v. | |
| ROSELLER ABELLAN, Individually and as Administrator etc., | (San Francisco County Super. Ct. No. 280338) |
|     Defendant and Respondent. | |

## I.

### INTRODUCTION

On March 12, 2002, we filed a nonpublished opinion in a pro. per. appeal taken by appellant Rizalina Abellan (Rizalina) (*Abellan v. Abellan* (A094392)). In her first appeal, Rizalina sought to overturn numerous orders entered by the San Francisco Superior Court in the distribution of her mother's estate. She also questioned many of the actions taken by respondent Roseller Abellan (Roseller), Rizalina's brother and administrator of their mother's estate. We found Rizalina had "failed to develop any of her issues with a comprehensible legal argument supported by citations to relevant authorities and references to the record." (Opn. p. 3.) We concluded, "Rizalina's contentions are waived on account of her failure to present any intelligible legal argument . . . ." (Opn. p. 4.)

Rizalina, still acting in pro. per., has filed a second appeal that suffers from the same defects as the first. Once again, we affirm because Rizalina has failed to establish any error or abuse of discretion by the trial court.

1

## II.

### FACTS AND PROCEDURAL HISTORY

We repeat the basic facts from our prior opinion. Roseller is the duly appointed and acting administrator of the estate of Rufina Abellan, who died intestate on April 18, 2000, leaving 13 children. At the time of her death, Rufina owned two pieces of real property, 101 Campbell Street, San Francisco, California, and 1609 California Avenue, San Pablo, California. An inventory and appraisal of the two properties has been filed with the court showing the value of the properties to be $450,000.

There is no cash in the estate. There is a mortgage on the San Francisco property, property taxes and insurance due and owing on both properties, and debts of the decedent, which have not been paid. Roseller, the estate's administrator, requested and received permission from the court to sell the real properties in order to pay the decedent's debts and the expenses of administrating the estate.

There is family discord regarding the use and enjoyment of the real property and there is a dispute as to certain of the heirs' entitlement to live in the San Francisco property. Also, there are allegations that Rizalina, appellant herein, has considered herself to be the personal representative of the estate and has seized control of the estate assets, to the exclusion of Roseller's authority as the duly appointed personal representative of the estate.

The court has very firmly and repeatedly warned Rizalina that she has no authority whatsoever to act as personal representative of Rufina's estate and that she is to cease and desist from such conduct. At the hearing held on January 2, 2001, the court admonished: "Let's get this settled. . . . Only Mr. Rosler [sic] Abellan has the right to take care of that property. He is the administrator of this estate."

Rizalina has filed volumes of pleadings and documents in this proceeding. For instance, Roseller discovered that on December 11, 2000, Rizalina filed an unlawful detainer action in connection with the rental property in the Richmond branch of the Contra Costa County Superior Court. Furthermore, Roseller discovered that in June 2000 (at a time when she was instructed by the court that she was not the personal

2

representative of the estate), Rizalina, without Roseller's knowledge or consent, entered into a written rental agreement for the same property that is the subject of the unlawful detainer proceeding. Roseller sought and obtained a permanent injunction enjoining Rizalina "from prosecuting, and continuing to prosecute" the unlawful detainer action in the Richmond branch of the Contra Costa County Superior Court.

Rizalina's docketing statement indicates the instant appeal is from an order dated February 27, 2002. The order states, in pertinent part, "Mrs. Abellan has not provided Mr. Lieberman [the estate administrator's attorney] with her accounting. She has filed a petition for removal . . . . Court is not going to require an accounting from Mrs. Abellan. Mr. Lieberman is allowed to proceed to evict the people that are in the S.F. property and to proceed to sell the properties. Mrs. Abellan and her brothers' shares will be deducted for amount of reasonable rent. Court is staying the contempt order [for disobeying court's orders] until this is completed. Court will surcharge Mrs. Abellan and her brothers that are in the property."

## III.

### DISCUSSION

Rizalina has presented a number of incomprehensible arguments in an attempt to convince this court that error has permeated these proceedings. We discern from her often rambling and incoherent narratives that she is principally challenging the portion of the order requiring sale of the San Francisco property. For example, her brief begins with the following statement, "This ruling violates statutory requirements that are abused by the defendant and the court." But then her argument deteriorates into legal gibberish: "Appellant was in superceded privileged thus violates or breach our contractual agreement." Furthermore, Rizalina's brief contains no statement or summary of material facts, no relevant procedural history, and no statement of the nature of the action and relief sought, as required by rule 13 of the California Rules of Court. The brief fails to support Rizalina's factual assertions with references to the record, as required by rule 15(a) of the California Rules of Court. But most important, she has failed to develop

3

any of her issues with a cogent legal argument supported by citations to relevant authorities and references to the record.

We emphasize that an appellant appearing in propria persona is entitled to the same, but no greater consideration than other litigants and attorneys. (*Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1056; *Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121; *Williams v. Pacific Mutual Life Ins. Co.* (1986) 186 Cal.App.3d 941, 944.) It is not our function as a reviewing court to act as "backup counsel" for the parties. We are not required to make an independent, unassisted study of the record to determine whether it supports appellant's contentions. Nor are we required to construct Rizalina's legal arguments for her. Rather, when no comprehensible legal argument is made on a particular point, we may treat the point as waived and pass it without consideration. (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546; see also *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115-1116.) Relying on this authority, we conclude that Rizalina's contentions are waived on account of her failure to present any intelligible legal argument in her appeal.

## III.

## Disposition

The judgment is affirmed.

_____
Ruvolo, J.

We concur:

_____
Kline, P.J.

_____
Lambden, J.

A098284, *Abellan v. Abellan*

5

EXHIBIT C

1    GARY R. LIEBERMAN, ESQ. CSB 71684
     McCarty & Lieberman
2    1615 Hill Road, suite 1
     Novato, California 94947
3    Telephone: (415) 897-2226
     Facsimile: (415) 897-3335
4

     Attorney(s) for ROSELLER ABELLAN, Administrator
5

**FILED**

San Francisco County Superior Court

MAY 1 6 2006

GORDON PARK-LI, Clerk

BY: _____
                    Deputy Clerk

6

7          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                 COUNTY OF SAN FRANCISCO

9

10   In Re The Estate of             CASE NO: 280388

11   RUFINA ALBANIA ABELLAN,       NOTICE OF INTENTION TO SELL REAL
            Deceased.           PROPERTY AT PRIVATE SALE

12

13

14   _____

15      NOTICE is hereby given that, subject to confirmation by this Court, on

16   June 30, 2006 at 10:00 A.M., or thereafter within the time allowed by law,

17   the undersigned as Administrator of the Estate of the above-named decedent,

18   will sell at private sale to the highest and best net bidder on the terms and

19   conditions hereinafter mentioned, all right, title, and interest of the

20   decedent, in the real property located in Contra Costa County, California, as

21   follows:

22      That certain real property located in the City of San Pablo, County
     Of Contra Costa, State of California, legally described as follows:
23          Lot 28, Block 21, Map of Emeric Subdivision Map #2,
         Filed May 4, 1908, Map Book 1, page 1, Contra Costa
24          County; Assessor's Parcel No. 410-142-007-5

25

       NOTICE OF INTENTION TO SELL REAL PROPERTY AT PRIVATE SALE

         ESTATE OF RUFINA ALBANIA ABELLAN; CASE 280388 - 1

1      This property is commonly referred to as 1609 California Avenue, San

2   Pablo California.

3      The sale is subject to current taxes, covenants, conditions,

4   restrictions, rights, rights of way, tenant's rights, health and safety code

5   violations and easements of record, with any encumbrances of record to be

6   satisfied from the purchase price.

7      The property is to be sold on an "as-is" basis, except for title.

8      Bids or offers are invited for this property and must be in writing and

9   will be received at the office of Gary R. Lieberman, Attorney for the

10   Administrator, at 1615 Hill Road, Suite 1, Novato, California, or delivered

11   to Gary R. Lieberman personally, at any time after first publication of this

12   notice and before any sale is made.

13      The property will be sold on the following terms: all cash; 10% of the

14   amount of the bid to accompany the offer by certified check, and the balance

15   to be paid of confirmation of sale by the Court.   Taxes, rents operating and

16   maintenance expenses, and premiums on insurance, shall be prorated as of the

17   date of recording of conveyance. Examination of title, recording of

18   conveyance, and any title insurance, shall be paid by the purchaser.   Seller

19   shall pay the recording of conveyance and transfer taxes.

20      The undersigned reserves the right to refuse to accept any bids.

21

22   Dated: 4/30, 2006

23                                    ROSELLER ABELLAN, Administrator

24

25


NOTICE OF INTENTION TO SELL REAL PROPERTY AT PRIVATE SALE

ESTATE OF RUFINA ALBANIA ABELLAN; CASE 280388 - 2

EXHIBIT D

1  Gary R. Lieberman, Esq.  SBN #71684
   McCarty & Lieberman
2  1615 Hill Road, Suite 1
   Novato, California 94947
3  Telephone: (415) 897-2226
   Facsimile:  (415) 897-3335
4
   Attorney for ROSELLER ABELLAN, Administrator
5

**FILED**
San Francisco County Superior Court

JUL 1 4 2006

GORDON PARK-LI, Clerk
BY:_____
Deputy Clerk

6

7

8                  SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF SAN FRANCISCO

10

11 In the Matter of the Estate of          )  CASE NO: 280338
                                           )  Ex Parte
12 RUFINA ALBANIA ABELLAN,                 )  ORDER ~~ON EX PARTE PETITION~~ TO ENTER
                                           )  INTO AND EXECUTE EXCLUSIVE LISTING
13              Deceased.                   )  AGREEMENT
                                           )
14                                         )  DATE OF HEARING: Ex Parte
                                              TIME OF HEARING: N/A
15                                            DEPARTMENT: PROBATE-ROOM 204 2

16

17  _____

18       The Ex Parte Petition of ROSELLER ABELLAN, Administrator of the Estate of the above-

19  named decedent, to Enter Into and Execute Exclusive Listing Agreement was heard Ex Parte in the

20  above-entitled Court; the Honorable Judge ___DOROTHY L. McMATH___, Presiding.
                                              ~~Judge Pro Tempore~~

21       GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED THAT:

22       1. The Petition is granted and Petitioner is granted the authority to enter into an Exclusive

23  Listing Agreement with Estate Realty, Inc., 3450 Geary Boulevard, Suite 209, San Francisco, California

24  94118, telephone (415) 666-3029, for the sale of the real property commonly know as 1609 California
                                              subject to Court confirmation

25  Avenue, San Pablo, California, in the form set forth in the Petition, for a period of Ninety (90) days.

26  Dated: July 13, 2006

27                                         _____
                                           JUDGE OF THE SUPERIOR COURT
28                                           DOROTHY L. McMATH
                                             Judge Pro Tempore

EXHIBIT E

1    GARY R. LIEBERMAN, ESQ. CSB 71684
       McCarty & Lieberman
2    1615 Hill Road, Suite 1
       Novato, California 94947
3    Telephone (415) 897-2226
       Facsimile (415) 897-3335
4

   Attorney for ROSELLER ABELLAN

**FILED**
San Francisco County Superior Court

**AUG 2 3 2006**

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

5

6          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7          IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

8

9    In Re The Estate of        )   Case No.: No. 280338
                      )
10   RUFINA ALBANIA ABELLAN,     )   ORDER FOR AUTHORITY TO BORROW MONEY
                      )   AND TO EXECUTE DEED OF TRUST
11        Deceased.           )

                       DATE OF HEARING: August 14, 2006
12                        TIME OF HEARING: 9:00 A.M.
                       DEPARTMENT NO : Probate, Room 204
13

14       The matter of the Petition for Authority to Borrow Money and to Execute

15    Deed of Trust filed by Petitioner ROSELLER ABELLAN, came on regularly this

16    day for hearing before the Honorable    DOROTHY L. McMATH   , Judge of the

17    Superior Court. Gary R. Lieberman appeared on behalf of Petitioner and

18    Personal Representative ROSELLER ABELLAN. _____ appeared on

19    ~~behalf of himself/herself.~~

20       Upon oral argument and good cause appearing therefor;

21       THE COURT FINDS as follows:

22       1. Due notice of the time and place of the hearing of the Petition has

23          been regularly given as required by law;

24       2. The Petition is granted and Petitioner is authorized to borrow the

25          gross sum of $29,000.00 and to execute a Note and Deed of Trust

ORDER FOLLOWING HEARING

Estate of Rufina Albania Abellan; Case 280338 - 1

1    As security for the loan on the real property of the estate located

2    at 1609 California Avenue, San Pablo, California, legally described

3    as follows:

4          Lot 28, Block 21, Map of Emeric Subdivision Map #2,
           Filed May 4, 1908, Map Book 1, Page 21, Contra Costa
5          County Records.

6          Assessor's Parcel No. 410-142-007-5

7    The terms of the Note and Deed of Trust ~~to be as set~~ *to be as set* forth in the

8    Petition filed herein ~~on~~ 7/6/06.

9

10   Dated: _Aug 18_, 2006

11                              JUDGE OF THE SUPERIOR COURT

12                              DOROTHY L. McMATH
                                 Judge Pro Tempore
13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER FOLLOWING HEARING

Estate of Rufina Albania Abellan; Case 280338 - 2

1  GARY R. LIEBERMAN, ESQ. CSB 71684
   McCarty & Lieberman
2  1615 Hill Road, Suite 1
   Novato, California 94947
3  Telephone (415) 897-2226
   Facsimile (415) 897-3335
4
   Attorney for ROSELLER ABELLAN
5

**FILED**
San Francisco County Superior Court

AUG 23 2006

GORDON PARK-LI, Clerk
BY: _____
                    Deputy Clerk

6          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7            IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

8

9  In Re The Estate of            ) Case No.: No. 280338
                                  )
10 RUFINA ALBANIA ABELLAN,        ) ORDER FOR AUTHORITY TO BORROW MONEY
                                  ) AND TO EXECUTE DEED OF TRUST
11          Deceased.             )

12                                 DATE OF HEARING: August 14, 2006
                                   TIME OF HEARING: 9:00 A.M.
13                                 DEPARTMENT NO : Probate, Room 204

14      The matter of the Petition for Authority to Borrow Money and to Execute

15 Deed of Trust filed by Petitioner ROSELLER ABELLAN, came on regularly this

16 day for hearing before the Honorable   DOROTHY L. McMATH   , Judge of the

17 Superior Court. Gary R. Lieberman appeared on behalf of Petitioner and

18 Personal Representative ROSELLER ABELLAN. _____ appeared on

19 behalf of himself/herself.

20      Upon oral argument and good cause appearing therefor;

21      THE COURT FINDS as follows:

22      1. Due notice of the time and place of the hearing of the Petition has

23         been regularly given as required by law;

24      2. The Petition is granted and Petitioner is authorized to borrow the

25         gross sum of $29,000.00 and to execute a Note and Deed of Trust

ORDER FOLLOWING HEARING

Estate of Rufina Albania Abellan; Case 280338 - 1

1   As security for the loan on the real property of the estate located

2   at 1609 California Avenue, San Pablo, California, legally described

3   as follows:

4        Lot 28, Block 21, Map of Emeric Subdivision Map #2,
         Filed May 4, 1908, Map Book 1, Page 21, Contra Costa
5        County Records.

6        Assessor's Parcel No. 410-142-007-5

     The terms of the Note and Deed of Trust ~~to be so set~~ *to be asset* forth in the

7    Petition filed herein ~~on~~ 7/6/06.

8

9   Dated: Aug 18 , 2006

10

11                              _____
                                JUDGE OF THE SUPERIOR COURT
12
                                DOROTHY L. McMATH
13                              Judge Pro Tempore

14

15

16

17

18

19

20

21

22

23

24

25

                        ORDER FOLLOWING HEARING

            Estate of Rufina Albania Abellan; Case 280338 - 2

EXHIBIT F

DE-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|

GARY R. LIEBERMAN, ESQ.    (State Bar # 71684)
McCarty & Lieberman
1615 Hill Road, Suite 1
Novato, CA 94947

TELEPHONE NO: (415) 897-2226    FAX NO. *(Optional):* (415) 897-3335
E-MAIL ADDRESS *(Optional):* glieberman11@verizon.net
ATTORNEY FOR *(Name):* ROSELLER ABELLAN, ADMINISTRATOR

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

**FILED**
San Francisco County Superior Court
DEC 2 7 2006
GORDON PARK-LI, Clerk
BY _____
Deputy Clerk

[X] ESTATE OF *(Name):*    [ ] IN THE MATTER OF *(Name):*

RUFINA ALBANIA ABELLAN

[X] DECEDENT    [ ] TRUST    [ ] OTHER

**AFFD. OF MAILING**

EX PARTE    **NOTICE OF HEARING—DECEDENT'S ESTATE OR TRUST**

CASE NUMBER:
280338

**This notice is required by law.**
**This notice does not require you to appear in court, but you may attend the hearing if you wish.**

1. NOTICE is given that *(name):* ROSELLER ABELLAN
   *(representative capacity, if any):* ADMINISTRATOR

   has filed *(specify):*\* EX PARTE PETITION TO ENTER INTO AND EXECUTE EXCLUSIVE LISTING
   AGREEMENT

2. You may refer to the filed documents for more information. *(Some documents filed with the court are confidential.)*

3. A HEARING on the matter will be held as follows:

   a.    Date: EX PARTE    Time:    Dept.: Probate    Room: 204

   b.    Address of court    [X] shown above    [ ] is *(specify):*

| Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Order* (form MC-410). (Civil Code section 54.8.) |  |
|---|---|

\* Do not use this form to give notice of a petition to administer estate (see Prob. Code, § 8100 and form DE-121) or notice of a hearing in a guardianship or conservatorship (see Prob. Code, §§ 1511 and 1822 and form GC-020).

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
DE-120 [Rev. July 1, 2005]

**NOTICE OF HEARING—DECEDENT'S ESTATE OR TRUST**
(Probate—Decedents' Estates)

Probate Code §§ 851, 1211,
1215, 1216, 1230, 17100
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council

| [X] ESTATE OF (Name):   [ ] IN THE MATTER OF (Name): | CASE NUMBER: |
|---|---|
| RUFINA ALBANIA ABELLAN<br>[X] DECEDENT  [ ] TRUST  [ ] OTHER | 280338 |

## CLERK'S CERTIFICATE OF POSTING

1.  I certify that I am not a party to this cause.
2.  A copy of the foregoing *Notice of Hearing—Decedent's Estate or Trust*
    a.  was posted at *(address):*

    b.  was posted on *(date):*

Date: _____    Clerk, by _____, Deputy

## PROOF OF SERVICE BY MAIL *

1.  I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred.
2.  My residence or business address is *(specify):* 1615 Hill Road, Suite 1
    Novato, CA 94947

3.  I served the foregoing *Notice of Hearing—Decedent's Estate or Trust* on each person named below by enclosing a copy in an envelope addressed as shown below AND
    a.  [X]  depositing the sealed envelope on the date and at the place shown in item 4 with the United States Postal Service with the postage fully prepaid.
    b.  [ ]  placing the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4.  a.  Date mailed: December 20, 2006   b.  Place mailed *(city, state):* Novato, California

5.  [X]  I served with the *Notice of Hearing—Decedent's Estate or Trust* a copy of the petition or other document referred to in the Notice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 20, 2006

GARY R. LIEBERMAN
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)          (SIGNATURE OF PERSON COMPLETING THIS FORM)

## NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

| | Name of person served | Address *(number, street, city, state, and zip code)* |
|---|---|---|
| 1. | see attached list | |
| 2. | | |
| 3. | | |
| 4. | | |

[x]  Continued on an attachment. *(You may use Attachment to Notice of Hearing Proof of Service by Mail, form DE-120(MA)/GC-020(MA), for this purpose.)*

\* Do not use this form for proof of personal service. You may use form DE-120(P) to prove personal service of this Notice.

DE-120 [Rev. July 1, 2005]          NOTICE OF HEARING—DECEDENT'S ESTATE OR TRUST          Page 2 of 2
                                            (Probate—Decedents' Estates)

*LexisNexis® Automated California Judicial Council*

**Mailing List**
**Estate of Rufina Albania Abellan**
**Case Number 280338**

Rosemary Abelian Bautista
101 Campbell Ave.
San Francisco, CA 94134

Pepsi Abelian
340 Naple Street
San Francisco, CA 94112

Alicia Abelian Levita
19A 11 'h Street
West Rembo, Manila
Philippines

Philippines Consulate General
447 Sutter Street, 6'h Floor
San Francisco, CA 94108

H.M. Vreeland Agency
1109 Vicente Street, Suite 102
San Francisco, CA 94116



**Mailing List**
**Estate of Rufina Albania Abellan**
**Case Number 280338**

Rizalina Abellan
264 Faxon Street
San Francisco, CA 94112

Antonio Abellan
57 Luassane Ave.
Daly City, CA 94014

Resitituto Abellan
23246 Jorgensen Lane
Hayward, CA 94541

Ester Bantang
112 Tucker Ave.
San Francisco, CA 94134

Roberto Abellan
101 Campbell Ave.
San Francisco, CA 94134

Rosevilla Gaizote
101 Pope Street
San Francisco, CA 94112

Romeo Abellan
101 Campbell Ave.
San Francisco, CA 94134

Roseller Abellan
13400 Twin Cities Road,
Herald, CA 95638

David Abellan
101 Campbell Ave.
San Francisco, CA 94134

Marilyn Abellan
2184 Pyramid Drive
Richmond, CA 94803

Gary R. Lieberman, Esq. SBN #71684
McCarty & Lieberman
1615 Hill Road, Suite 1
Novato, California 94947
Telephone: (415) 897-2226
Facsimile: (415) 897-3335

Attorney for ROSELLER ABELLAN, Administrator

**FILED**
San Francisco County Superior Court

DEC 2 7 2006

GORDON PARK-LI, Clerk
BY_____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

In the Matter of the Estate of

RUFINA ALBANIA ABELLAN,

　　　　　Deceased.

)
)
)
)
)
)
)
)

CASE NO: 280338

EX PARTE PETITION TO ENTER INTO AND
EXECUTE EXCLUSIVE LISTING
AGREEMENT
　　(Probate Code Section 10150)

Petitioner, ROSELLER ABELLAN alleges:

　　1. Petitioner is the duly appointed and acting Administrator of the Estate of RUFINA
ALBANIA ABELLAN, the above-named decedent.

　　2. Petitioner seeks permission to enter into and execute an Exclusive Listing Agreement with
Estate Realty, Inc., a California licensed real estate brokerage, located at 3450 Geary Blvd. Ste. 209, San
Francisco, California 94118; (415) 666-3029 for a period of ninety (90) days, to sell the estate's real
property described as follows:

　　This property is commonly known as 1609 California Avenue, San Pablo, California (hereinafter
the "property") consisting of a single family dwelling which has been condemned and ordered
demolished by the City of San Pablo. The sale is for the lot value only. The property is more particularly
described as:

　　Lot 28, Block 21, Map of Emeric Subdivision Map #2, filed May 4, 1908,
　　Map Book 1, page 21, Contra Costa County Records.
　　Assessor's Parcel No: 410-142-007-5

3. The Exclusive Listing Agreement to be executed is exemplified by Exhibit "A" attached hereto and incorporated herein by this reference.

4. The Court is requested to take Judicial Notice of the pleadings and records of this case regarding Rizalina Abellan's unauthorized and illegal possession, custody and control of the property as well as the unauthorized and illegal renting of the property, which has heretofore precluded the administration of the estate and the ability to have access to the property. Petitioner, by and through his counsel, has only recently discovered that apparently the last tenant (illegal) of Rizalina Abellan, has vacated the property. The property has recently been "red-tagged" for health and safety code violations and has been condemned and ordered to be demolished. The sale is therefore for "Lot Value" only.

5. Petitioner and his counsel have solicited or consulted with several real estate brokers regarding the prospective listing and sale of the property. Of those so solicited or consulted, Estate Realty, Inc. is the only real estate brokerage that will agree to list and sell the property; the reasons therefor are as follows: 1) Because of the history of this case involving the litigious nature of Rizalina Abellan by her repeated motions, appeals, writs and objections, the likelihood that the sale will be completed, and thus payment of the commission, within a reasonable amount of time, if at all, is remote, 2) the fact that the property has been "red-tagged" and ordered demolished, thereby making it difficult to market and show, and, 3) the relatively small amount of potential commission in relation to the amount of work and costs involved.

6. Based upon the foregoing, it is necessary and to the advantage of the estate that such an agreement with Estate Realty, Inc. be executed in order to have the property placed on the multiple listing service so that the property will have the maximum market exposure possible, thus attaining the highest price.

Wherefore, Petitioner prays for an Order of this Court permitting him to enter into and execute an Exclusive Listing Agreement for the sale of the estate's real property located at 1609 California Avenue, San Pablo California with Estate Realty, Inc. a California licensed real estate brokerage, for a period of ninety (90) days and for all other proper Orders.

Dated: ___11/22/___, 2006

ROSELLER ABELLAN

1
2
3
4

## VERIFICATION

5
6

I, ROSELLER ABELLAN, declare:

7

I am the Petitioner in the above-entitled matter. I have read the foregoing and know the contents

8

thereof and the same is true of my own knowledge except as to those matters which are stated on

9

information and belief, and as to those matters, I believe it to be true.

10

I declare under penalty of perjury under the laws of the State of California that the foregoing is true

11

and correct.

12

Dated: 11/22/ , 2006

13
14
15

ROSELLER ABELLAN

16
17
18
19
20
21
22
23
24
25
26
27
28

EX PARTE PETITON TO ENTER INTO EXCLUSIVE LISTING AGREEMENT
ESTATE OF RUFINA ALBANIA ABELLAN; CASE 280338

3



**CALIFORNIA
ASSOCIATION
OF REALTORS®**

# PROBATE LISTING AGREEMENT
### Under Authority of the Probate Code

1. **EXCLUSIVE RIGHT TO SELL:** *ESTATE OF RUFINA ALBANIA ABELLAN*
   the court-appointed representative of the ☒ estate, ☐ conservatorship or ☐ guardianship identified by Superior Court case
   name as _____ *ROSELLER ABELLAN* _____ , case # _____
   ("Seller"), hereby employs and grants *ESTATE REALTY, INC* ("Broker") the exclusive and irrevocable right,
   commencing on (date) _____ and expiring at 11:59 P.M. on (date) _____
   ("Listing Period") (not to exceed 90 days), to sell or exchange the real property in the City of _____ *SAN PABLO* _____
   County of _____ *CONTRA COSTA* _____ , California, described as follows: _____ *1609 CALIFORNIA AVENUE*
   _____ *SAN PABLO, CA* _____ ("Property").

2. **COURT CONFIRMATION** of any sale ☐ is required (limited authority), ☒ may not be required (full authority).

3. **TERMS OF SALE:**
   A. **LIST PRICE:** The listing price shall be: _____
      _____ ($ *(80,000.00)* ).
   B. **PERSONAL PROPERTY:** The following items of personal property are included in the above price: _____
      _____
      _____
   C. **ADDITIONAL TERMS:** *LOT VALUE ONLY, HOUSE HAS BEEN ORDERED TO BE DEMOLISHED BY THE CITY*
      *OF SAN PABLO* _____

4. **MULTIPLE LISTING SERVICE:** Information about this listing ☒ will, ☐ will not, be provided to a multiple listing service
   ("MLS") of Broker's selection and all terms of the transaction will be provided to the MLS for publication, dissemination and use by
   persons and entities on terms approved by the MLS. Seller authorizes Broker to comply with all applicable MLS rules.

5. **TITLE:** Seller warrants that title to the Property is as follows: _____

6. **COMPENSATION TO BROKER:**
   **Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker
   individually and may be negotiable between Seller and Broker. (Local court rules may establish maximum
   permissible amounts.)**
   A. Seller agrees to pay to Broker from the proceeds of the sale, as compensation for services, irrespective of agency
      relationships, and subject to California Probate Code, or an amount determined by the court, either ☒ ___ *6.000* ___
      percent of the sales price, OR ☐ $ _____ , AND
      if Broker, cooperating broker, Seller, or any other person, produces a buyer who purchases the Property on the above price
      and terms or any other terms and conditions acceptable to Seller during the Listing Period or any extension.
   B. Broker is authorized to cooperate with other brokers, and divide with other brokers the above compensation in any manner
      acceptable to Broker, or as allowed or determined by the Court.
   C. Seller warrants that Seller has no obligation to pay compensation to any other Broker regarding the transfer of the Property
      except: _____
      If the Property is sold to anyone listed above during the time Seller is obligated to compensate another broker: (a) Broker is
      not entitled to compensation under this Agreement; and (b) Broker is not obligated to represent Seller with respect to such
      transaction.

Seller and Broker acknowledge receipt of copy of this page, which constitutes Page 1 of ___ *2* ___ Pages.
Seller's Initials ( _____ )( _____ ) ( _____ )( _____ )

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY
PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE,
CONSULT AN APPROPRIATE PROFESSIONAL.
The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or
computerized formats. Copyright © 1988-1999, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

**REBS**
Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

------- OFFICE USE ONLY -------
Reviewed by Broker or Designee _____
Date _____

**REVISED 10/99**
**EXCLUSIVE AUTHORIZATION AND RIGHT TO SELL PROBATE (PL-11 PAGE 1 OF 2)**

GARY R. LIEBERMAN
Estate Realty, Inc.    1615 Hill Road Suite 1, Novato CA 94947    Phone: (415) 666-3029    Fax: (415) 893-0587    1609 CALIFORNIA

Property Address: *1609 CALIFORNIA AVENUE, SAN PABLO   CA* _____  Date: _____

7. **BROKER'S AND SELLER'S DUTIES:** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Agreement, and is authorized to advertise and market the Property in any medium selected by Broker. Seller agrees to consider offers presented by Broker, and to act in good faith toward accomplishing the sale of the Property. Seller further agrees, - regardless of responsibility, to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments and attorney's fees arising from any incorrect information supplied by Seller, whether contained in any document, omitted therefrom, or otherwise, or from any material facts which Seller knows but fails to disclose.

8. **AGENCY RELATIONSHIPS:** Broker shall act as the agent for Seller in any resulting transaction. Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Seller and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Seller any election to act as a dual agent representing both Seller and Buyer. If a Buyer is procured directly by Broker or an associate licensee in Broker's firm, Seller hereby consents to Broker acting as a dual agent for Seller and such Buyer. In the event of an exchange, Seller hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Seller understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or purchase through Broker, property the same as or similar to Seller's Property. Seller consents to Broker's representation of sellers and buyers of other properties before, during, and after the expiration of this Agreement.

9. **DEPOSIT:** Broker is authorized to accept and hold on Seller's behalf a deposit to be applied toward the sales price.

10. **LOCKBOX:**
    A. A lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, and accompanied prospective buyers.
    B. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are not insurers against theft, loss, vandalism or damage attributed to the use of a lockbox. Seller is advised to verify the existence of, or obtain, appropriate insurance through Seller's own insurance broker.
    C. (If checked:) ☒ Seller authorizes Broker to install a lockbox. If Seller does not occupy the Property, Seller shall be responsible for obtaining occupant(s)' written permission for use of a lockbox.

11. **SIGN: (If checked:)** ☒ Seller authorizes Broker to install a FOR SALE/SOLD sign on the Property.

12. **EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state, and local anti-discrimination laws.

13. **ADDITIONAL TERMS:** _____
    ☑ Probate Advisory (C.A.R. Form PAL-11) _____
    _____
    _____
    _____

14. **ENTIRE CONTRACT:** All prior discussions, negotiations, and agreements between the parties concerning the subject matter of this Agreement are superseded by this Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. This Agreement and any supplement, addendum, or modification, including any photocopy or facsimile, may be executed in counterparts.

Seller warrants that Seller has the authority to execute this agreement.
Seller acknowledges that Seller has read and understands this Agreement, and has received a copy.

Date *11/22/6* at _____, California    Date _____ at _____, California
By *Roseller Abellan* _____    By _____
   ROSELLER ABELLAN, ADMIN
Court-Appointed Representative(s) of *ESTATE OF RUFINA ALBANIA ABELLAN*
Address _____    Address _____
City, State, Zip _____    City, State, Zip _____
Phone/Fax/Email _____    Phone/Fax/Email _____
Real Estate Broker (Firm) _____    By (Agent) _____ Date ____
Address _____
City _____ State _____ Zip _____    Phone _____
                                                    Fax/Email _____

This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

**REVISED 10/99**
Page 2 of _2_ Pages.

OFFICE USE ONLY
Reviewed by Broker or Designee _____
Date _____


EQUAL HOUSING OPPORTUNITY

**EXCLUSIVE AUTHORIZATION AND RIGHT TO SELL PROBATE (PL-11 PAGE 2 OF 2)**

1609 CALIFORNIA



**CALIFORNIA ASSOCIATION OF REALTORS®**

## PROBATE ADVISORY
### For Probate, Conservatorship and Guardianship Properties

The sale of the Property described as (address) _____ **1609 CALIFORNIA AVENUE** _____
_____ **SAN PABLO, CA** _____,
pursuant to the attached Probate Listing Agreement (C.A.R. form PL-11) is made under authority of the California Probate Code. The Seller is not the title owner, but instead is a representative of a probate estate, a guardianship or a conservatorship. The sale may require a court order. Many obligations imposed upon sellers, particularly sellers of real property containing one-to-four dwelling units, may not be applicable to the sale of this property. However, even though the seller is exempt from many obligations, the seller must still comply with many others. Further, any real estate licensee representing Buyer or Seller in the transaction may have duties independent of the principals. This Advisory is intended to inform Buyer and Seller of their rights and obligations independent of those established by the attached agreement.

### EXEMPTIONS:
1.  **TDS, NHD, Mello-Roos:** Seller is <u>exempt</u> from providing Buyer with the Real Estate Transfer Disclosure Statement (TDS), Natural Hazard Disclosure Statement (NHD), and a Mello-Roos district lien disclosure, pursuant to California Civil Code either for "transfers pursuant to court order" or for "transfers by a fiduciary in the course of the administration of a decedent's estate, guardianship, conservatorship, or trust."

2.  **Earthquake Guides:** Seller is <u>exempt</u> from providing either a Homeowner's or Commercial Property Owner's Guide to Earthquake Safety.

3.  **Smoke Detectors:** The sale is <u>exempt</u> from the State requirements that, for <u>single family residences</u>, operable smoke detectors be in place and that a written statement of compliance be provided to Buyer.

### REQUIREMENTS:
1.  **Disclosures:** Seller is <u>not exempt</u> from common law and statutory duties concerning fraud and deceit, even though the specific TDS form is not required to be completed. Seller remains obligated to disclose known material facts affecting the value and desirability of the property.

2.  **Hazard Zones:** Seller is <u>not exempt</u> from applicable statutory obligations to disclose earthquake fault zones, seismic hazard zones, state fire responsibility areas, very high fire hazard severity zones, special flood hazard areas and flood hazard zones pursuant to the Public Resources Code, Government Code and United States Code, even though, pursuant to the Civil Code, the specific NHD form is not required to be completed.

3.  **Water Heaters:** The sale is <u>not exempt</u> from the State requirement that water heaters be properly anchored, braced or strapped.

4.  **Lead-based Paint:** The Seller is <u>not exempt</u> from the federal obligation to (i) disclose known lead-based paint and lead-based paint hazards, (ii) provide Buyer copies of reports or studies covering lead-based paint and hazards on the property, (iii) provide Buyer with the pamphlet "Protect Your Family From Lead In Your Home," and (iv) give Buyer a 10-day opportunity to inspect for lead-based paint and hazards, if the Property contains residential dwelling units and was constructed prior to 1978.

5.  **Data Base Disclosure:** The sale is <u>not exempt</u> from the requirement that residential sales contracts contain a notice regarding the availability of information about registered sex offenders.

Seller acknowledge receipt of copy of this page, which constitutes Page 1 of ___2___ Pages.

Seller's Initials ( _____ ) ( _____ )

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1999, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020          REVISED 10/99

OFFICE USE ONLY
Reviewed by Broker
or Designee
Date _____



PROBATE ADVISORY (PAL-11 PAGE 1 OF 2)

GARY R. LIEBERMAN
Estate Realty, Inc.   1615 Egli Road Suite 1, Novato CA 94947        Phone: (415) 666-3029    Fax: (415) 893-0587    1609 CALIFORNI

Gary R. Lieberman, Esq.  SBN #71684
McCarty & Lieberman
1615 Hill Road, Suite 1
Novato, California 94947
Telephone:  (415) 897-2226
Facsimile:  (415) 897-3335

Attorney for ROSELLER ABELLAN, Administrator

**FILED**
San Francisco County Superior Court

DEC 27 2006

GORDON PARK-LI, Clerk
BY _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

In the Matter of the Estate of

RUFINA ALBANIA ABELLAN,

         Deceased.

CASE NO: 280338

DECLARATION OF NOTICE OF
EX PARTE PETITION TO ENTER INTO AND
EXECUTE EXCLUSIVE LISTING
AGREEMENT
    (Probate Code Section 10150)
DATE OF HEARING: EX PARTE
TIME OF HEARING:
DEPARTMENT    :  PROBATE-ROOM 204

I, GARY R. LIEBERMAN, declare:

On December 20, 2006 at 10:00 A.M., I mailed a copy of the Ex Parte Petition to Enter Into and Execute Exclusive Listing Agreement, Order and Notice to all persons listed in the Attached Exhibit "A" which is incorporated herein by this reference. I also mailed a copy of the Petition to David Carter, H.M. Vreeland Agency, at P.O. Box 2628, Petaluma, California 94953 and 1109 Vicente Street, Suite 102, San Francisco, California 94118.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: December 20, 2006

GARY R. LIEBERMAN

Mailing List
Estate of Rufina Albania Abellan
Case Number 280338

Rizalina Abellan
264 Faxon Street
San Francisco, CA 94112

Antonio Abellan
57 Luassane Ave.
Daly City, CA 94014

Resitituto Abellan
23246 Jorgensen Lane
Hayward, CA 94541

Ester Bantang
112 Tucker Ave.
San Francisco, CA 94134

Roberto Abellan
101 Campbell Ave.
San Francisco, CA 94134

Rosevilla Galzote
101 Pope Street
San Francisco, CA 94112

Romeo Abellan
101 Campbell Ave.
San Francisco, CA 94134

Roseller Abellan
13400 Twin Cities Road,
Herald, CA 95638

David Abellan
101 Campbell Ave.
San Francisco, CA 94134

Marilyn Abellan
2184 Pyramid Drive
Richmond, CA 94803

**Mailing List**
**Estate of Rufina Albania Abelian**
**Case Number 280338**

Rosemary Abelian Bautista
101 Campbell Ave.
San Francisco, CA 94134

Pepsi Abelian
340 Naple Street
San Francisco, CA 94112

Alicia Abelian Levita
19A 11 'h Street
West Rembo, Manila
Philippines

Philippines Consulate General
447 Sutter Street, 6'h Floor
San Francisco, CA 94108

H.M. Vreeland Agency
1109 Vicente Street, Suite 102
San Francisco, CA 94116

EXHIBIT G

1  Gary R. Lieberman, Esq.  SBN #71684
2  McCarty & Lieberman
   1615 Hill Road, Suite 1
3  Novato, California 94947
   Telephone: (415) 897-2226
4  Facsimile:  (415) 897-3335

5  Attorney for ROSELLER ABELLAN, Administrator

**FILED**
San Francisco County Superior Court

JAN 0 3 2007

GORDON PARK-LI, Clerk
By:_____
Deputy Clerk

6

7

8                SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF SAN FRANCISCO

10

11  In the Matter of the Estate of        CASE NO: 280338
                                          EX PARTE /                    RENEW
12  RUFINA ALBANIA ABELLAN,               ORDER ON EX PARTE PETITION TO ENTER
                                          INTO AND EXECUTE EXCLUSIVE LISTING
          Deceased.                       AGREEMENT
13
                                          DATE OF HEARING: EX PARTE
14                                        TIME OF HEARING: N/A
                                          DEPARTMENT: PROBATE-ROOM 204
15

16

17  _____

18        The Ex Parte Petition of ROSELLER ABELLAN, Administrator of the Estate of the above-

19  named decedent, to Enter Into and Execute Exclusive Listing Agreement was heard Ex Parte in the

20  above-entitled Court; the Honorable Judge _____, Presiding.

21        GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED THAT:

22        1. The Petition is granted and Petitioner is granted the authority to renew the enter into an Exclusive

23  Listing Agreement with Estate Realty, Inc., 3450 Geary Boulevard, Suite 209, San Francisco, California

24  94118, telephone (415) 666-3029, for the sale of the real property commonly know as 1609 California

25  Avenue, San Pablo, California, in the form set forth in the Petition, subject to Court confirmation filed on 12/27/06 for a period of Ninety (90) days.

26  Dated: Dec 28, 2006

27                                        _____
                                          JUDGE OF THE SUPERIOR COURT
28
                                          DOROTHY L. McMATH
                                          Judge Pro Tempore

ORDER ON EX PARTE PETITON TO ENTER INTO EXCLUSIVE LISTING AGREEMENT
ESTATE OF RUFINA ALBANIA ABELLAN; CASE 280338

EXHIBIT H

DE-265/GC-065

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
*After recording return to:*
GARY R. LIEBERMAN, ESQ.  (State Bar # 71684)
McCarty & Lieberman
1615 Hill Road, Suite 1
Novato, CA 94947
TELEPHONE NO.: (415) 897-2226
FAX NO. *(Optional):* (415) 897-3335
E-MAIL ADDRESS *(Optional):* glieberman11@verizon.net
ATTORNEY FOR *(Name):* ROSELLER ABELLAN,

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

*FOR RECORDER'S USE*

| [X] | ESTATE OF |
| [ ] | CONSERVATORSHIP OF  *(Name):* RUFINA ALBANIA ABELLAN |
| [ ] | GUARDIANSHIP OF |

[X] DECEDENT    [ ] CONSERVATEE    [ ] MINOR

**ORDER CONFIRMING SALE OF REAL PROPERTY**
[ ] **and Confirming Sale of Other Property as a Unit**

CASE NUMBER: 280338

*FOR COURT USE ONLY*

**FILED**
San Francisco County Superior Court

MAY 03 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

1. Hearing date: 04/3/2007        Time: 9:00 A.M. Dept: Probate Rm.: 204

**THE COURT FINDS**

2. All notices required by law were given and, if required, proof of notice of sale was made.
3. a. [ ] Sale was authorized or directed by the will
   b. [X] Good reason existed for the sale
   of the property commonly described as *(street address or location):*
   1609 California Avenue
   San Pablo, California
4. The sale was legally made and fairly conducted.
5. The confirmed sale price is not disproportionate to the value of the property.
6. [X] Private sale: The amount bid is 90% or more of the appraised value of the property as appraised within one year of the date of the hearing.
7. An offer exceeding the amount bid by the statutory percentages [X] cannot be obtained [ ] was obtained in open court. The offer complies with all applicable law.
8. The [X] personal representative [ ] conservator [ ] guardian of the estate of the decedent, conservatee, or minor has made reasonable efforts to obtain the highest and best price reasonably attainable for the property.

**THE COURT ORDERS**

9. The sale of the real property legally described [X] in item 15 on page 2 [ ] on Attachment 9
   [ ] and other property sold as a unit described [ ] in item 15 on page 2 [ ] on Attachment 9 is confirmed to *(name):*

   PHOEBE KWONG

   *(manner of vesting title):* to be designated at close of escrow
   for the sale price of: $ 101,000.00    on the following terms *(use item 15 on page 2 or Attachment 9 if necessary):*
   Property is sold "As-Is". All cash to estate.

   [ ] Continued in item 15 on page 2.    [ ] Continued on Attachment 9.

10. The [X] personal representative [ ] conservator [ ] guardian of the estate of the decedent, conservatee, or minor
    *(name):* ROSELLER ABELLAN
    is directed to execute and deliver a conveyance of the estate's interest in the real property described in item 9
    [ ] and other property described in item 9 sold as a unit  upon receipt of the consideration for the sale.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
DE-265/GC-065 [Rev. January 1, 2008]

**ORDER CONFIRMING SALE OF REAL PROPERTY**
**(Probate—Decedents' Estates and Guardianships and Conservatorships)**

Probate Code, §§ 7443, 10313
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council*

DE-265/GC-065

| [X] ESTATE | [ ] CONSERVATORSHIP | [ ] GUARDIANSHIP | OF | CASE NUMBER: |
| --- | --- | --- | --- | --- |

(Name): RUFINA ALBANIA ABELLAN

CASE NUMBER: 280338

11. a. [ ] No additional bond is required.
 b. [X] Additional bond is required in the amount of: $ 85,000 , surety, or otherwise, as provided by law.
 c. [ ] Net sale proceeds must be deposited by escrow holder in a blocked account to be withdrawn only on court order. Receipts must be filed. *(Specify institution and location):*

12. a. [ ] No commission is payable.
 b. [X] A commission from the proceeds of the sale is approved in the amount of: $ 6,060.00
 to be paid as follows *(specify):* $3,030.00 to Estate Realty, Inc.
 $3,030.00 Exit Realty

13. Other *(specify, use Attachment 13 if necessary):*

14. Number of pages attached: _____

Date:

JUDICIAL OFFICER

[ ] Signature follows last attachment.

15. [X] *(Check all that apply):* [X] Legal description of the [X] real property [ ] personal property in item 9:
 [ ] Additional terms of sale from item 9:

Lot 28, Block 21, Map of Emeric Subdivision Map #2, filed May 4, 1908, Map Book 1, page 21, Contra Costa County Records.
Assessor's Parcel No. 410-142-007-5

MAY - 2 2007

*by* JOHN DEARMAN
*JUDGE OF THE SUPERIOR COURT*

| [SEAL] | **CLERK'S CERTIFICATE** |
| --- | --- |
| | I certify that the foregoing *Order Confirming Sale of Real Property,* including any attached description of real or personal property, is a true and correct copy of the original on file in my office. |
| | Date: _____    CLERK, by _____, Deputy |

**ORDER CONFIRMING SALE OF REAL PROPERTY**
(Probate—Decedents' Estates and Guardianships and Conservatorships)

*LexisNexis® Automated California Judicial Council*

EXHIBIT I

CODDINGTON
HICKS & DANFORTH

ORIGINAL
FILED

FEB 2 2 2008

CAL  3-10-08 2
INIT _____

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Rizalina Abellan

2  264 Faxon Avenue

3  San Francisco, CA 94112

4

5          The United States District Court

6          Nothern District of California

7

8  Rizalina Abellan et. al.        Case No. CO2252 B2    S1

9      Plaintiff                   Leave of Court

10         Vs.                      2nd Amended

11 Superior Court of California    Complaint and Proper Entity

12 Attorney Gary Lieberman         Defendant Fire Insurance

13 Fire Insurance Exchange         Exchange under Bu. And Prof.

14 Miss Phoebe Kwong               Code Violation section 17203

15 San Francisco Sheriffs Dept.    c.c. 3294 UIAA, 17200, 17203,

16                                 790.03 Cartwright Act 16699 &

17                                 16720, 15 USC section 1012(b),

18                                 9390 c.c.p. 377.2 civil

19                                 1380.1 - 1392.1 Cal. Code Reg.

20                                 Sec. 2695.4 (e)

21

22

23      I received your stipulation and proposed order for

24 dismissal of defendant Fire Insurance Exchange as erroneously

25 sued Farmers Insurance.  I can not dismiss as then, I amend to

- 1 -

1   Fire Insurance Exchange, my pleading and lawsuit that these

2   company to protect as  insured against Insurance Fraud

3   Protection Act.  When I bought my policy from the agent Octavio

4   Ramirez.  His office bears the sign, "Farmers Insurance Co." and

5   the envelope when we mailed the payment of premium suggest

6   Farmers Insurance logo.  It is deceptive to a common lay person.

7   Including their correspondence has a logo.  It must be a parent

8   company insurance in compliance is a third party with section

9   9390.  Within the limits of the coverage and not against the

10  property in the Estate as  successor's in interest under C.C.P.

11  377.w (b) C.C.P. 377.2 (b).  The powers of appointment statute,

12  civil code section 1380.1-1392.1.  In probate code section 600-

13  685, Powers of Appointment is the Law of the State (added by

14  statutes 1992 c.3o (A B.1722) section  2 nothing is invalid

15  since 1990 in existence at the time created  added by statute

16  1992, C.30 (AB 1722, section 2).  Genuine dispute issues over

17  coverage, policy negates bad faith, intent is irrelevant.

18  Morris v. Paul  Revere Life Ins. Co. 2003 109 CA 4th 966, 972 135

19  CR. 2d 718, 723,  First Party-Case.  Factual issues, see:

20  Delgado Inter-insurance Exchange of Autoclub of So. Calif. 2007.

21  Powers of appointment is general and special exercisable in

22  favor of the  Donee  as to appointive property and interest or,

23  as to others appointive property added by statutes 1992 c. 30

24  (a-b) 1722 section 2, section 613.  Imperative power and

25  discretionary power, court is not excuse, compliance under

1   section, same statute's 1992 c. 30 (AB 1722) section 2 as

2   preemptory revocation of probate referee section 404, 405,

3   violation of probate codes and violating of insurance exchange

4   Attorney Gary Lieberman, Phoebe Kwong and San Francisco Sheriffs

5   Department.  Penalties for comparable misconduct as tortfeasors,

6   C.C.P. section 877.6  pays its fair share to the injured

7   parties, damages as to property, punitive, criminal and civil.

8   Citing State Farm Mutual Auto Ins. Co. v. Campbell Supra 538,

9   U.S. at 428, 123, S. Ct. at 1526, also BMW of North America Inc.

10  v.  Gore Supra 517, US at 572-573, 116 S.Ct. at 1597, 1593 as to

11  loss of my Business License or forced isgorgements of its

12  illicit profit citing same case law, State Farm v. Campbell

13  Supra  538 US at 428, 128 S. Ct. at 1526.

14       As Insurance Fire Exchange is bound by 1st Party and 3rd

15  Party obligation to defend insured by its losses as is

16  California Property Insured and Third Party claims.  It is the

17  two-fold body of the coverage to property, 1st party and 3rd party

18  liability by the Fire Exchange Insurance Co.

19       These conduct of malice, oppression within willful and

20  intentional fraud must be stopped as to retribution and

21  deterrent to all RICO actor's within the meaning of Civil Code

22  section 3294 (a.  Breach of contract, covenant of good faith and

23  fair dealings obligates insurer to consider the insured's

24  interest and to defend a bad faith "liability" under Unfair

25  Competition Act, Business and Professional Code section 17203.

- 3 -

1  Court can restore money penalties under the person whom we have

2  ownership of interest, personal injuries claimed, restitution,

3  rescission to discharge contractual duties by the  power granted

4  by the agreement who enters into contract.  "Duties" not duress

5  menace oppression and willful intent to defraud by "all".

6  Breach of duty to indemnify coverage with the 1st party and 3rd

7  party coverage of the policy is found.  See: Samson v. Trans-

8  America Ins. Co. (1981) 30 C. 3d. 220, 237, 178 CR 343, 353

9  (emphasis added). Johansen v.  California State Auso Association

10  Inter-Ins. Bureau (1975) 15 C 3d. 912, 123 CR 288 292.  This

11  will give rise to tort, liability to us as refusal to defend

12  when it is covered allowing recovery against my Insurer Fire

13  Insurance Exchange that you have to settle for more than my

14  policy limits as to your malice, oppression and fraudulent set

15  to conceal as the contract bound you people, citing Communale v.

16  Traders and General Ins. Co. (1958) 50 c. 2D. 654, 658, 328, p.

17  2d. 198 200; Samson v. Transamerica Co. Supra. 30. c. 3d at 237

18  178 CR at 353.354 as you failed and resist to settle as your

19  letter and court filing suggest citing Communale v. Traders and

20  General Ins. Co. Supra 50 C. 2d. at 6595, 328 P.2d. at 201.

21  This also is refusal bound by bad faith as to intended refusal

22  to settle nor defend is unconscionable as in bad faith, Campbell

23  v. Sup. Ct. Farmers Insurance Co. (1996 ) 44 C A 4th 1308, 1319,

24  52 CR 2d. 358, 392.  Amato v. Mercury Casualty  Co. (Amato II" )

25  (1997) 53 CA 4th 825 831,61 CR 2d. 909, 912 American  Casualty

- 4 -

1 Co. of Reading, Pa. v. Krieger (9th Cir. 1999) 181 F. 3d. 1113,

2 1123 applying Calif. Law.  As to extra contractual liability

3 should be imposed, all damages proximately caused are

4 recoverable whether or not foreseeable when the contract was

5 executed, Civil Code section  3333 citing again communal v.

6 Traders & General Ins. Co. (1958) 50 C. 2d. 654, 666, 328 P. 2d.

7 198201 as to  defense, cost damages, causation as to tort, fraud

8 are payable to us by the Insurance Fire Exchange as the Policy

9 apply.  1st Party Property, 3rd Party liability to defend and

10 damages incurred as to resistance must be sanctioned.  Insurer's

11 bad faith under unfair claims practices regulations prohibits

12 insurers claims for dismissal or release, Cal. Code Reg. section

13 2695. 4 e, abusive and  coercive  claims practices section 11.5

14 as to bad faith under General Liability insurer is obliged to

15 deferred statue of limitations 2 years as to contract C.C.P.

16 section 339, C.C.P. 3306 as to breach of contract as to P.C. 548

17 P. C. 484 (c) (a) P.C. 55 c.  Illegal conversion to conveyance

18 1461-1463 recession and damages sanction and sanction to no-

19 contest clause section 21303.

20     Penalties for comparable misconduct, punitive and award to

21 civil or criminal as penalties as to comparable misconduct as to

22 clear and convincing evidence, see: evidence attached and court

23 determination. See: Pistorieus  v. Prudential Ins. Co. of

24 America (1981) 123 CA 3d. 541, 556, 176 CR 660, 669  FN Tibbs

25

1    Great America Ns. Co. 9th Cir. 1985 755 F.2d. 1370 1375 applying

2    the Calif. Law.   See: Evidences attached.

3        Rizalina Abellan et. al, request the courts in Equity and

4    HOnorable Judge under the State and Federal Law to compel

5    defendants to do their obligation under the law in contract or

6    in covenant of good faith and fair dealing to plaintiffs in

7    equity as a Party of Interest.   Insurance acted with malice,

8    duress, menace and fraud intentionally and willfully.   Unfair

9    undert Bus. and Professional code section 17203 and is tortious.

10   Insurance acted at their own risk for extra contractual damages

11   including full amount of any ensuing  Judgments to settle a

12   claim as breach implied convenant. See:  Johansen v. Cal. State

13   Auto Assn. Inter Ins. Bureau (1975) 15C. 3d. 15-16, 123C.R. 288,

14   292.

15       As to my personal injury to comparable misconduct,

16   oppression, malice within C.C. 3294(a) on Wednesday, February 6,

17   2008.  I had an appoinment with the hired attorney's to

18   represent Farmers Insurance Co.  A week earlier, Attorney Lee

19   Dearforth called me and said, "what do I want?"  So I told him

20   that I want to meet them in person.  I was there at 10:00 that

21   morning.  I told them Attorney Lee Dearforth and Kathryn Klaus

22   are together in a small conference room.  They reiterated  that

23   I don't have coverage or in short, the insurance won't cover my

24   losses.  So I told them that the losses amounted to $349,000.00

25   as this was the comparable value based on the existing property

1   "for sale" two(2) houses away from 1609 San Pablo property that

2   I managed and rented for a few years. Both attorneys denied

3   coverage. So I explained why did I buy insurance if they will

4   not cover. They said it is for disaster only. The insurance

5   company is bound by risks and perils. There are no safe harbor

6   for these insurance conduct. See: Goldman v. Standard Ins. Co.

7   (9th Cir. 2003) 341 F. 3d. 1023, 1036, applying California Law,

8   Insurance code section 10144. These are unfair Insurance

9   Practice Act. Insurance code section 790.03 prohibits unfair

10  claims settlement practices by insurer and duty to defend by

11  insurers. Insurance code section 790.03 as under Bus. and Prof.

12  code section 17200 UIPA. Morada-Shalal because there is no

13  private right for vionaltion of UIPA, see: Manufacturers Life

14  Insurance co. v. Sup. Ct. (Wells Ins. Agency, Inc..) 1995 10C

15  4th 257 as to violation of covenant of good faith and fair

16  dealing wiht me as insured as unfair, fraudulent business

17  practice, see: State Farm Fire and Casualty Co. v. Sup. Ct.

18  (Allegro) (1996) 45 CA 4th 1093, 1105 53 CR 2d. 229, 234, also:

19  Mercado v. Allstate Ins. Co. 9th Cir. 2003) 340 F. 3d, 824, 828

20  tr. 3 applying California Law as unlawful Bus. Prof. Code

21  section 17200 should be prevented by the court of equity or

22  Federal Court as it offends public policy or when practice is

23  immoral, unethical, oppressive, unscroupulous or substantially

24  injurious to consumers like us or me (community assisting

25  Recovery Inc. v. Aegis Security INs. Co. (2001) 92 CA 4th 886,

894, 112 CR 2d 304, 310, see: People ex. rel. Bill Lockyer v.

Fremont Life Ins. Co. (2002) 104 CA 4th 508, 515,128, CR 2d

463,469, unfairness as the Farmers insisted unfairness  Prong

intentionaly broad to allow courts maximum discretion to

prohibit schemes to defraud as to the conduct and as to gravity

of harm done to us or victims, the injury inflicted against the

reasons, justifications and motives alleged by insurers,

conspirators and motives of wrongdoer (Wilner v. Sunset LIfe

INs. Co. (2000) 78 CA 4th 952, 965 93 CR 2d. 413, 422 also

Pastorea v. Nationwide Ins. (2003) 112 CA 4th 1490 14986 CR. 3d.

148 154) unfair conduct that threatens anti-trust law violation

or violates the Policy  of one of those law.  Unfair as to

section "5" of the Federal Trade Commission Act.  The injury

must be one that consumers could not reasonably as to corruption

as to RICO Act.  Substantial injury which violates  fundamental

rules of honesty.  Such practices outweigh utility such as

courts can order to restore to any person, any money or property

which may be acquired by means of unfair competition, Bus. And

Prof. Code section 17203, negligent in defending insured's

interest claiming  thru that person third party or fraudulent

act of deceit and malice as to civil penalty imposed Prof. Code

section 17200 as to designated public officials or used

exclusively  to enforce consumer protection laws.  Bus. And

Prof. Code section 17206 a(c)(amended 2004). See: (Kraus v.

Trinity Mgmt. Services Inc. (222) 23 C 4th 116,126-127 96 CR 2d

- 8 -

485,4927) Restitution required or may be ordered on the basis of insurance conduct likely to deceive consumers. See: People ex, rel. Bill Lockyer v. Fremont Life Ins. (22) CA 4th 508,532,128 CR 2d. 463,462, 483 Massachussets Mutual Life Ins. Co. v. Sup. Ct. (Karges) (2002) 97 CA. 4th 1292, 1288-1289, 119 cr. 2d. 190, 193, 194.Disgorgement of Profits, obtained by means of unfair business practices. As money taken from Plaintiff for wrongful fraudulent mortgage of Attorney G. Lieberman and Larceny in the property for illegal sale and taking to Miss Phoebe Lavorny as allowing nonrestitutionary disgorgement of profits would be odds taken from Plaintiff funds in which Plaintiff has an ownership interest is not an authorized remedy under Section 17203 construing Ben. and Prof. Code 173203. Private persons that suffered economic injury would claim on behalf of others as to class action certification under C. C. P. section 382. see; Weil and Brown cal. Practice Guide Div. Proc., before trial (TRG) ch. 14. Thus, also violates consumers legal remedies act civil cir. section 1750 et seq as Insurer engage in unfair deceptive Practices as these can recover actual damages. Punitive and attorney's fees as remedies for violation and class action authorized before cir. C. Section 1781 as to my case as to injunctive and restitution civil code section 1780, Massachussets Mutual Life Ins. Co. v. Sup.ct. (Karges) Supra 97 CAP at 1292, 119, CR 2d. at 197) as to recovery as unlawful under the act, civil code seciton 178a as deception caused as

- 9 -

harm.  As Unfair Insurance Practices Act, Ins. Code section 790.03 prohibits deceptive unfair practices which insurance commissioner must enforce as to Cartwright Act Bu. And Prof. Code sub-section 16600, 16724 et. seq. as to anti-competitive effect that violate both section 790.03 and Cartwright Act. Sec. 16699.16720 following as to damages and attorney's fees can be maintained.  Insurers were sued for boycott of settlement.

This also violates Un-ruh Civil Rights Act as I am a minority female gender, bias, A.D.A. as all persons entitled to accomodation, race, color and natural origin Civil Rights Act as of 1964 section 1981, 1983 as a Prose Litigant, race, color, natural origin as to equal access to goods and services, lawyers and settlements as to Equal Justice Act under the 14th amendment furnished by business establishment such as Insurance Co. claims and defense.  See: Civil Code section 51, remedies as to actual damages civil penalty and attorney fees, see: civil code section 52(b) as dealing with insured prohibits unreasonable discrimination, see: Chabner v. United of Omaha Life Ins. Co. (9th Cr. 2000) 225 F3d. 1042, 1050, 1051, applying Calif. Law as to standard bases as to business and its services as to pricing differentials and settlement differentials.  As to supremacy clause tips are racially discriminatory in favor of Federal anti-discrimination statute ( Saunders v. Farmers Insurance Exchange.  Supra 440 F. 3d. 944 as McCarran-Ferguson Act enacted for the purpose of Regulatory Insurance unless such Federal law

- 10 -

1 specifically relates to the business of insurance as in my case

2 (14 USC section 1012(b) Federal Civil Rights Acts create a

3 private cause of action against anyone acting under the color or

4 State Law who deprives another of rights of property, secured by

5 the constitution or laws of the U.S. 42 U.S.C. section 1983 and

6 my case is these beyond reasonable doubt as to illegal taking of

7 the courts. Attorney Gary Lieberman, Phoebe Kwong, Sheriffs

8 Department of San Francisco and the Insurance Company refused to

9 defend. It is unconscionable, eggregious with malice, deceit as

10 to negligence. As insurance company's contract and acts were

11 unconscionable thus insurance should have that warranty coverage

12 to repair and replacement to money lost. Restitution and

13 attorney's fees, as to compensatory and punitive as to the

14 discussed civil codes statutes and practices act's violation

15 under public policy and public interest as it was covered and

16 should not be denied, impaired, covenant of good faith and fair

17 dealing obligates insurere the insured's interest 1st party or

18 third party liability in bad faith exist. As to direct physical

19 loss, 1st party coverage provision, see: Ward Gen. Ins. Services

20 Inc. v. Employers Fire Ins. Co. Supra 114 CA 4th at 558, 7CR 3d.

21 at 852 as to 1609 San Pablo property that I like to recover for

22 restitution. Hence a question of fact Jury Trial, see:

23 Prudential LMI Commercial Ins. V. Sup. Ct. (Lundberg) Supra,

24 51C 3d. at 699, 274 CR at 404) a cognizable damage to a

25 reasonable man obligated to pay insured's druings policy period

1  and duty to defence udner third party liability coverages.  See:

2  McMillan Scripps   North Partnership v. Royal Ins. Co. of

3  America Supra 19 CA 4th at 1220, 23CR, 2d at 245.  Lost from my

4  earnings, impaired credit and my cost of defending creditors

5  suits are recoverable in bad faith, suit caused by insurer's bad

6  faith as to Farmers Insurance resistance to settle request for

7  Honorable Judge Susan Illston to penalize for compensatory,

8  punitive as to their malice, deceipt, oppressive tactic or

9  scheme to defraud under civil code 3294.  Plaitiff request for

10 Pro-bono assistance to be charged to the Insurance Co. as it was

11 in the two-part coverage of the policy and is the law.  I demand

12 the payment, defense and damages of all conspirator under RICO

13 Act as to their undue influence  recoverable  in bad faith

14 cused by them.  See: Gruenberg v.  Aetna Ins. Co. 9 Cal. 3d.

15 566, 108 Cal. Rptr 480, 510 P.2d. 1032 (1973) as to Breach of

16 Insurance contract.  Larraburn Bros. In. v. Royal Indem. Co. 604

17 F. 2d. 1208 9th Cr. 1979) Lost of equity, cost of borrowing,

18 damage to my financial reputation of a business, recoverable in

19 action against insurer covenant of good faith and fair dealing

20 as to negligent conduct as totious, emotional and physically

21 draining.  All damages insured failed to defend, see: Gray v.

22 Zurich as to my bad faith, tortious, breach of covenant of good

23 faith and fair dealing  implied by law in every contract as to

24 extra-contractual liabililty and damages.  As to punitive and

25 compensatory as unreasonably delaying payment for loss covered

1  by the policy, due under my policy as to my Homeowner's Policy

2  as a wrongful failure to defend.

3    Insurance acted at their own risk.  It will be liable for

4  extracontractual damages, including the full amount of any

5  ensuing Judgment as to my business, lost of earings, credit

6  report,  FICO  score, bills, emotional distress, melnal and

7  physical stress as to bad faith, failure and refusal to settle a

8  claim to have breached implied covenant.

9    Johansen v. Cal. State Auto Assn. Inter. Ins. Bureaus

10  (1975) 15 C. 3d. 15-16, 123C R. 288, 292 is a breach of

11  contract, despicable, the sort of contemplable conduct of al

12  that could be described as despicable as to clear and convincing

13  evidence required for punitive damages to  be punished as to the

14  nationwide policy as to  witless handling bureaucratic inertia

15  and inefficiency.  It's obligation and duty to settle and defend

16  runs direct to First Party and Third Party obligations, see:

17  communale  Traders and Gen. Ins. Co. (1958) 50C2d. 654,328,

18  O,2d, 198.  Supreme Court applied covenant 1st party claim

19  obligated insurance to act fairly and in good faith, handle

20  insured claim as   Gruenberge  defined "obligation and duty"

21  not to withhold unreasonably under a policy due the insured.

22    Wherefore Plaintiffs request for the following as intent

23  not to perform as to absolute inference of fraudulent intent to

24  all.  C.C.3294 and malice:

25    1.  Punitive  in the amount of $2,000,000.00 or based on

- 13 -

conduct, bad faith oppressive, malice as to discriminatory as to insurer's code violation, clear and convincing intentional and willful;

2.  Compensatory as to loss wage, credit, fees, regulation, emotional and physical harm to all - $1,000,000.00;

3.  Restitution  as to mortgage taking, rents, bank account taking, true comparable value of $500,000.00 or as to concealment as to depriving of person of property or legal right causing injry Civ. Code section 3294 (c) (3), devastated my health, business and family.

4.  As the Courts deems proper.


V E R I F I C A T I O N

I declare under penalty of perjury under the laws of the State of California that the foregoing statement of facts and evidences are true and correct.

Dated : 2/20/2008


Respectfully Submitted:

*Rizalina Abellan*

Rizalina Abellan

In Propia Persona

(415) 992-1853

SAN FRANCISCO, CA  RECORDER'S OFFICE
DOC— E591287
FIDELITY NATIONAL TITLE
Tuesday, May 07, 1991       08:00:00am
Rec     5.00 --- Pg      3.00
Mic     1.00 --- Amt     9.00
TOTAL -> $9.00
REEL F376 IMAGE 0074

RECORDING REQUESTED BY:
Fidelity National Title

WHEN RECORDED MAIL TO:
RESTITUTO P. ABELLAN
RUFINA ABELLAN
101 CAMPBELL AVENUE
SAN FRANCISCO, CA  94134

———— RECORDERS USE ONLY ————

ORDER NO.
ESCROW NO. 354760-MO

## GRANT DEED (INDIVIDUAL)

The undersigned grantor(s) declare(s):

Documentary transfer tax: $ 0.00
(XXX) Computed on full value of property conveyed.
(XXX) Computed on full value less value of liens and encumbrances remaining at time of
      sale.
(   ) Unincorporated area (XXX) City of  SAN FRANCISCO
      Tax Parcel No.  6206/1

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Restituto P. Abellan and Rufina Abellan, husband and wife,
            and Marilyn A. Abellan, an unmarried woman

Hereby GRANT(S) to

RESTITUTO P. ABELLAN AND RUFINA ABELLAN, HUSBAND AND WIFE AS JOINT TENANTS

the following described real property in the city of SAN FRANCISCO
County of , State of California:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

Dated_____April 18, 1991_____

_____
Restituto P. Abellan

_____
Rufina Abellan

_____
Marilyn A. Abellan

STATE OF CALIFORNIA        ) s.s.
County of  San Francisco   )

On this _____30th_____ day of _____May_____, 19_91_, before me, the undersigned,
a Notary Public in and for said County and State, personally appeared
     RESTITUTO P. ABELLAN ————
_____ personally
KNOWN XXX XXX (or proved to me on the basis of satisfactory evidence) to be the person
_____ whose name _____is_____ subscribed to the within instrument and
acknowledged that _____ he _____ executed the same.

WITNESS my hand and official seal.

[Notary seal: OFFICIAL SEAL
S.J. WALLER
NOTARY PUBLIC - CALIFORNIA
San Francisco County
My Comm. Expires Jan 13, 1994]

_____
Notary Public in and for said County and State          (Notary Seal)

FD-100 (Rev. 1/89)               MAIL TAX STATEMENT AS DIRECTED ABOVE

STATE OF CALIFORNIA            )
                               )ss.        E901287                    (Acknowledgement)
County of __San Francisco__    )

On this ___1st___ day of _____May_____ ...he year 19__91__, before me, ____S. J. Waller____

a Notary Public in and for the said County and State, residing therein, duly commissioned and sworn, personally
appeared ___RUFINA ABELLAN and MARILYN A. ABELLAN___

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s):

☒ INDIVIDUAL)          Whose name is subscribed to this instrument, and acknowledged
                       that he (she or they) executed it.

(☐ CORPORATION)        Who executed the within instrument as _____ president and
                       _____ secretary, on behalf of the corporation therein named, and
                       acknowledged to me that such corporation executed the within
                       instrument pursuant to its articles and by-laws and a resolution of
                       its Board of Directors.

(☐ PARTNERSHIP)        That _____ executed the within instrument on behalf of the part-
                       nership, and acknowledged to me that the partnership executed it.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, in and for said County and State,
the day and year first above written.

_____
Notary Public in and for said County and State of California
My commission expires: 6/13/1994

FD-18



**Through the courtesy of** — **Fidelity National Title** INSURANCE COMPANY

OFFICIAL SEAL
S. J. WALLER
NOTARY PUBLIC - CALIFORNIA
San Francisco County
My Commission Expires June 13, 1994

RECORDING REQUESTED BY
SAFECO TITLE INSURANCE COMPANY

WHEN RECORDED MAIL THIS DEED AND, UNLESS OTHER-
WISE SHOWN BELOW, MAIL TAX STATEMENTS TO:

86    41179

RECORDED AT REQUEST OF
SAFECO TITLE CO.

NAME    Mr. and Mrs. Restituto Abellan
ADDRESS 101 Campbell Avenue
CITY &   San Francisco, CA 94134
STATE
ZIP

CONTRA COSTA CO.
TRANSFER TAX
PAID $    6.60

MAR 19 1986
O'CLOCK M.
CONTRA COSTA COUNTY RECORDS
J.R. OLSSON
COUNTY RECORDER
FEE $    5.00

Order No. _____    Escrow No.    822089

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

The undersigned declares that the documentary transfer tax is $ 6.60 .......................................... and is

☐ computed on the full value of the interest or property conveyed, or is
☒ computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale. The land,
tenements or realty is located in

☐ unincorporated area  ☒ city of .....San Pablo..................................................... and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

IRA M. SERKES AND CAROL A. SERKES

hereby GRANT(S) to   RESTITUTO ABELLAN AND RUFINA ABELLAN, husband and wife, as community
property

the following described real property in the   City of San Pablo
county of    Contra Costa                          , state of California:

Lot 28, Block 21, Map of Emeric Subdivision Map #2, filed May 4, 1908, Map Book
1, page 21, Contra Costa County Records.

Subject to a Deed of Trust of record in favor of Loren E. Straughn and Carol A.
Straughn, his wife as joint tenants and Mertyl O. Straughn, a widow, all as joint
tenants, recorded on November 27, 1985 in Book 12637, page 790 of Official Records.

Dated____March 11, 1986____

_Ira M Serkes_
Ira M. Serkes
_Carol A. Serkes_
Carol A. Serkes

DONITA J. SCHUMAN
NOTARY PUBLIC
Contra Costa County, California
My Commission Expires Feb. 16, 1989

STATE OF CALIFORNIA            } SS.
COUNTY OF ..Contra Costa...........
On this the ____13th____ day of ____March____, 19 86 , before me the undersigned, a
Notary Public in and for said County and State, personally appeared  Ira M. Serkes and Carol A. Serkes

FOR NOTARY SEAL OR STAMP

## IS PROBATE NECESSARY?



ANDREA ANGWIN
115 SIERRA DRIVE
WALNUT CREEK, CA 94596-4712

April 18, 2001

Rizalina Abellan
264 Faxton Avenue
San Francisco, CA  94112

RE:  Abellan v. Reyes
     #059729

Dear Ms. Abellan;

I received your request for the transcript of the proceedings which occurred 2/15/2001 in the above-entitled case in Department 30 of the Contra Costa Superior Court before the Hon. Diana Becton Smith.

The cost for preparation and delivery of the same is $11.00.  Please submit a check to the above address. Enclosed you'll find an envelope for your convenience.

Thank you,

ANDREA ANGWIN, CSR, RPR
Certified Court Reporter

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOR THE

FIRST APPELLATE DISTRICT

DIVISION TWO



Court of Appeal · First App. Dist.

JUN 1 - 2001

RON D. BARROW, CLERK

By _____ DEPUTY

RIZALINA ABELLAN,

    Plaintiff and Appellant,

       vs.

ROSELLER ABELLAN, et al.,

    Defendants and Respondents.

A095079

San Francisco County

Super. Ct. No. 280338

_____/

BY THE COURT:

    The "amended writ of mandate and prohibition or supersedeas to cure defect denied May 14, 2001 be restored or issued" and the "urgent" request for a stay are denied.

Dated _____

                                         _____ P.J.

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 2

In re the Estate of RUFINA ABELLAN, Deceased.

RIZALINA ABELLAN, et al.,
Plaintiffs and Appellants,
v.
ROSELLER ABELLAN,
Defendant and Respondent.

A094392
San Francisco County No. PES00280338

Dear Counsel:

This case is now fully briefed and has been tentatively assigned to the judicial panel indicated below. **Counsel are directed to advise the Court** *immediately* **if settlement discussions are underway or are being considered or if there is any other basis for an early dismissal of the appeal.**

Many cases are submitted for decision without oral argument on the basis of the written briefs which have been thoroughly reviewed by the Court. Such submissions are entirely appropriate. In the rare event the Court determines that oral argument would be helpful in a case where argument has been waived, counsel will be notified when to appear.

Notwithstanding the foregoing, if either party feels that oral argument is necessary, a written request with a proof of service upon all parties must be filed in this Court within ten calendar days of the date of this notice. If no request for oral argument is received within the indicated ten-day period, it will be submitted at such time as the Court approves the waiver. (California Rules of Court, rule 22.5.)

If oral argument is requested by any party or deemed warranted by the Court, counsel will be notified subsequently of the date and time for oral argument. A continuance of argument will be granted only upon a showing of good cause; counsel may not stipulate to a continuance.

Hon. J. Anthony Kline
Presiding Justice

November 16, 2001

The assigned judicial panel is:

_Kline, P.J.    _Haerle, J.    _Lambden, J.    _Ruvolo, J.

wav2

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 2

Rizalina Abellan
264 Faxon Ave.
San Francisco, CA 94112

In re the Estate of RUFINA ABELLAN, Deceased.

RIZALINA ABELLAN, et al.,
Plaintiffs and Appellants,
v.
ROSELLER ABELLAN,
Defendant and Respondent.

A094392
San Francisco County No. PES00280338

## * * REMITTITUR * *

I, Ron D. Barrow, Clerk of the Court of Appeal of the State of California, for the First Appellate District, do hereby certify that the decision entered in the above-entitled cause on March 12, 2002 has now become final.

___Appellant _✓_Respondent to recover costs
___Each party to bear own costs
___Costs are not awarded in this proceeding
___See decision for costs determination

Witness my hand and the Seal of the Court affixed at my office this ⎽⎽⎽ ⎽ 2002

Ron D. Barrow
Clerk of the Court

Deputy Clerk

msck

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

RIZALINA ABELLAN,

    Petitioner,

v.

THE SUPERIOR COURT OF SAN
FRANCISCO COUNTY,

    Respondent;

ROSELLER ABELLAN, ET AL.,

    Real Parties in Interest.

A119359

(San Francisco County
Super. Ct. No. 280338)

> FILED
> Court of Appeal First Appellate District
>
> OCT 2 9 2007
>
> Diana Herbert, Clerk
> By_____Deputy Clerk

BY THE COURT:

    The petition for writ of mandate is denied.

Dated: _____OCT 2 9 2007_____    _____KLINE, P. J._____ P.J.

*Summary denial on the merits*



# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

RIZALINA ABELLAN,

    Petitioner,

v.

THE SUPERIOR COURT OF SAN
FRANCISCO COUNTY,

    Respondent;

ROSELLER ABELLAN,

    Real Party in Interest.

A119686

(San Francisco County
Super. Ct. No. 280338)

**FILED**
Court of Appeal First Appellate...
NOV - 9 2007
Diana Herbert, Clerk
By

**BY THE COURT:**

The petition for writ of prohibition/supersedeas/stay is denied.

Dated: NOV - 9 2007 _____

_____ P.J.
KLINE, P.J.

*Summary denial on the merit*

1

Court of Appeal, First Appellate District, Div. 2 - No. A119359
**S157912**

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

RIZALINA ABELLAN, Petitioner,

v.

SUPERIOR COURT OF SAN FRANCISCO COUNTY, Respondent;

ROSELLER ABELLAN, Real Party in Interest.

The application for stay and petition for review are denied.

SUPREME COURT
**FILED**

NOV 1 5 2007

Frederick K. Ohlrich

**DEPUTY**

*Summary denial on the merits*

**GEORGE**
Chief Justice

*[handwritten notes in top margin]*

*[stamp: NOV 0 6 2007]*

Rizalina Abellan
264 Faxon Avenue
San Francisco, CA 94112

*[stamp: CASE MANAGEMENT CONFERENCE SET]*

Superior Court of California

400 McAllister Street

*[stamp: APR 0 4 2008 - 9:00 AM]*

San Francisco, CA 94112

*[stamp: DEPARTMENT 212]*

Rizalina Abellan    Case No. **CGC-07-468948**

*[handwritten notes]*

Dismissal of Notice
To Vacate Fraud

Abellan
    Vs.                          C.C.P. 3399 and 3294

The Superior Court of California   C.C.P. 581 (d) (e) Estoppel

~~Probate Department~~          CCP 426.50 C.C.P. 426

                              Larceny P.C. 449,  PC 50

Atty. Gary Lieberman          487 (c) 487 (b) P.C. 494

Roseller Abellan              Relief as to c.c. p 473, 473 (d)

*[handwritten: Hearing Date 12/6/07 7:30 A.M. Dept. 302]*

I, Rizalina Abellan and its Remainders request to abate

notice to vacate letter November 01, 2007 be dismissed based on

the following:

1. Superior Ruling is illegal and improper and abuse its
   discretion or in excuse of Jurisdiction see: Clavey v.
   Lord (1891) 67C 413 419, 25 p. 493 also Wilder v. Wilder
   (1932) 214, 783, 7p 3d 103 Court lost jurisdiction upon
   issuance of superseded. Remititur July 14, 2003 oral

California Superior Court

City and County of San Francisco

Law & Motion Department • Room 302

| | |
|---|---|
| RIZALINA ABELLAN et al.,<br><br>    Plaintiff,<br><br>vs.<br><br>THE SUPERIOR COURT OF<br>CALIFORNIA, COUNTY OF SAN<br>FRANCISCO<br><br>    Defendant. | No. 468948<br><br>**Certificate of Service by Mail**<br>**(CCP § 1013a(4))** |

I, Gordon Park-Li, Clerk of the Superior Court of the City and County of San Francisco, certify that:

    1) I am not a party to the within action;

    2) On     DEC 0 6 2007    , I served the attached:

### ORDER OF RECUSAL AND TRANSFER

by placing a copy thereof in a sealed envelope, addressed to the following:

Rizalina Abellan
264 Faxon Avenue
San Francisco, CA 94112

David Abellan
101 Campbell Street
San Francisco, CA 94134

Romeo Abellan
101 Campbell Street
San Francisco, CA 94134

Roberto Abellan
101 Campbell Street
San Francisco, CA 94134

    3) I then placed the sealed envelope in the outgoing mail at 400 McAllister St., San Francisco, CA 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practice.

Dated:     DEC 0 6 2007    

GORDON PARK-LI, Clerk

By:     MARJORIE SCHWARTZ-SCOTT
                deputy

**DEPARTMENT OF INSURANCE**
CONSUMER SERVICES AND MARKET CONDUCT BRANCH
CLAIMS SERVICES BUREAU
300 SOUTH SPRING STREET
LOS ANGELES, CA  90013
www.insurance.ca.gov

November 09, 2007

Rizalina Abellan
264 Faxon Ave
San Francisco, CA 94112

**Department of Insurance File Number:  CSB - 6289343**
Regarding: Fire Insurance Exchange

Dear Ms. Abellan:

Thank you for contacting the California Department of Insurance.  We received your request for assistance and have sent the insurance company an inquiry.

So that you may anticipate what will happen with your file, the following is a brief explanation of the complaint review process:

- If you have given permission to do so, we have furnished the insurance company with a copy of your request.  This is because you are best able to explain your problem.   If you have not given permission, your concerns have been paraphrased and summarized for the insurance company's response.

- The insurance company will re-evaluate its handling of your claim and will respond to both you and the Department.  Insurance laws provide the insurance company with twenty-one days to respond to the Department's letter, although this period may extend a few days longer, taking into account mailing times.

- If the insurance company acknowledges that a mistake has been made by the insurance company, it will correct what is wrong because it is the insurer's responsibility to correct its mistakes.

- If the insurance company takes a position unfavorable to you, we will determine if it has adequate legal or contractual support for its position.  We will also determine if the insurer has complied with applicable California insurance laws, but the regulatory process of ensuring compliance is a separate function from our trying to resolve your insurance problem.

We will make every effort to complete our investigation process quickly. However, due to the complexity of some claim issues, we may need to communicate several times with the insurer and conduct research into disputed points. This may result in your file being open sixty days or longer, but please be assured that your concerns are important to us. We will advise you of our findings when we conclude our investigation.

Often, disputes of this nature deal with questions of fact or law that the Department of Insurance may not be empowered to resolve.  While **this Department does not have the legal authority to determine the amount of damages you may recover as a result of your claim or decide matters of legal liability**, we understand your concerns and are making every effort to gather information and evaluate the circumstances of your complaint.  If your issue is not resolved by our intervention, we will advise you of any alternative avenues you can take to attempt a positive resolution to your complaint.

Department of Insurance
Claims Services Bureau
Department of Insurance File Number:  CSB - 6289343
November 9, 2007

We hope the information contained in this letter is useful and will help you understand the complaint review process.  Again, thank you for contacting us with your concerns.

Sincerely,

L. Tran
**Associate Insurance Compliance Officer**
Ph 213.346.6567
Fx 213.897.5891
Em TranL@insurance.ca.gov

Please refer to our file number on all correspondences.

LINA ABELLAN

# NDCData.com

**Single Property Profile**

| Property Location | Last Updated: 5/17/2007 | | | |
|---|---|---|---|---|
| Address: | 101 CAMPBELL AVE | City: | SAN FRANCISCO | Zip: 94134 |
| APN#: | 6206 -001 | Use Code: | Single Family Residence | County: San Francisco |
| Driving Directions | | Tract: 0 | Census Tract 264.02 | Zone: RH1 |
| Map Page/Grid: | 68B/A2 | Legal Desc: | BLK 44 | |

| Appraisal Tax Information | | | |
|---|---|---|---|
| Total Assessed Value: | 116,718.00 | Tax Amount: | 1,277.48 |
| Percent Improvement: | 61.04 | Tax Year: | 2006 |

| Current Owner Information | | | |
|---|---|---|---|
| Current Owner: | ABELLAN,RESTITUTO P & RUFINA | Owner Address: | 101 CAMPBELL AVE |
| City, State: | SAN FRANCISCO CA | Zip: | 94134 |
| Last Transaction: | | Deed Type: | |
| Amount: | 0 | Document | |

| Last Sale Information | | REVIEW DEED DOCUMENT | VIEW DEEDS |
|---|---|---|---|
| Transferred From: | | Seller Address: | |
| Sale Date: | | Prior Sale Date: | |
| Most Recent Sale Price: | 0 | Prior Sale Price: | 0 |
| Document Number: | | Prior Document No.: | |
| Document Type: | | Prior Document Type: | |

| Lender Information | | | |
|---|---|---|---|
| Lender: | | Full/Partial: | |
| Loan Amount / 2nd Trust Deed: | 0 / NA | Loan Type: | |

| Physical Information | | | | | |
|---|---|---|---|---|---|
| Building Area: | 1458 | # of Bedrooms: | 2 | Lot Size: | 1189 |
| Additional: | 0 | # of Bathrooms: | 1.00 | Year Built/Effective: | 1947 / 0 |
| Garage: | 0 | # of Stories: | 2 | Heating: | |
| First Floor: | 0 | Total Rooms: | 5 | Cooling: | |
| Second Floor: | 0 | # of Units: | 1 | Roof Type: | |
| Third Floor: | 0 | Garage/Carport: | yes / | Construction/Quality: | wood frame / 0 |
| Basement Finished: | 0 | Fireplaces: | | Building Shape: | irregular |
| Basement Unfinished: | 0 | Pool/Spa: | | View: | |

| Flood Data | | | ? | FLOOD MAP | GET FLOOD DATA |
|---|---|---|---|---|---|
| Panel Date: | | Comm/Panel Number: | | Flood Zone: | |

Copyright © 1998-2005 NDCData.com

LINA ABELLAN

## Property Details

**For Property Located At**
**1609 California Ave**
**San Pablo, CA 94806-4777**
**Contra Costa County**

**Owner Info:**

| | | | |
|---|---|---|---|
| Owner Name: | Abellan Restituto | Tax Billing Zip+4: | 4777 |
| Owner Name 2: | Abellan Rufina | Recording Date: | 11/27/1985 |
| Tax Billing Address: | 1609 California Ave | Annual Tax: | $1,015 |
| Tax Billing City & State: | San Pablo, CA | County Use Code: | Single Family |
| Tax Billing Zip: | 94806 | Universal Land Use: | SFR |

**Location Info:**

| | | | |
|---|---|---|---|
| School District: | W Contra Costa Unif | Panel Date: | 04/16/2004 |
| Subdivision: | Emeric | Flood Zone Code: | X |
| Census Tract: | 3680.00 | Zoning: | R1 |
| Carrier Route: | C030 | Map Page/Grid: | 588-G4 |
| Flood Zone Panel: | 0600360001E | | |

**Tax Info:**

| | | | |
|---|---|---|---|
| Tax ID: | 410-142-007-5 | Total Assessment: | $43,694 |
| Tax Year: | 2006 | % Improv: | 41% |
| Annual Tax: | $1,015 | Tax Area: | 11019 |
| Assessment Year: | 2006 | Legal Description: | Emeric Subn #2 Lot 28 Blk 21 |
| Land Assessment: | $25,782 | Lot Number: | 28 |
| Improved Assessment: | $17,912 | Block ID: | 21 |

**Characteristics:**

| | | | |
|---|---|---|---|
| Lot Acres: | .0723 | Bedrooms: | 2 |
| Building Sq Ft: | 630 | Total Baths: | 1 |
| Ground Floor Area: | 630 | Full Baths: | 1 |
| Total Rooms: | 5 | Year Built: | 1942 |

**Last Market Sale:**

| | | | |
|---|---|---|---|
| Recording Date: | 11/27/1985 | Deed Type: | Grant Deed |
| Settle Date: | 11/00/1985 | Owner Name: | Abellan Restituto |
| Sale Price: | $90,000 | Owner Name 2: | Abellan Rufina |
| Document No: | 12637-787 | Seller: | Straughn Loren E |

**Sales History:**

| | | |
|---|---|---|
| Recording Date: | 03/19/1986 | 11/27/1985 |
| Sale Price: | $6,000 | $90,000 |
| Buyer Name: | Abellan Restituto & Rufina | Serkes Ira M |
| Seller Name: | Serkes Ira M | Straughn Loren E |
| Document No: | 12789-460 | 12637-787 |
| Document Type: | Grant Deed | Grant Deed |

**Mortgage History:**

| | | | | |
|---|---|---|---|---|
| Mortgage Date: | 09/07/2006 | 03/19/1986 | 03/19/1986 | 11/27/1985 |
| Mortgage Amt: | $29,000 | $2,900 | $27,000 | $86,970 |
| Mortgage Lender: | Budget Fin Co | | | |
| Mortgage Type: | Conventional | Private Party Lender | Private Party Lender | Private Party Lender |

| NDC | HOME | BACK | SEARCHTYPE | NEWSEARCH | PRINT | SUPPORT | LOG OUT |

PARCEL SEARCHES    MAP LOCATION    COMP SEARCH    VIEW PLAT MAP    GET FLOOD DATA
ADD APPRAISER DATA    CREATE EXPORT FILE

### Property Location — Last Updated: 8/2/2007

| | | | | |
|---|---|---|---|---|
| **Address:** | 1609 CALIFORNIA AVE | **City:** SAN PABLO | | **Zip:** 94806 |
| **APN#:** | 410-142-007-5 | **Use Code:** Single Family Residence | | **County:** Contra Costa |
| **Driving Directions** | | **Tract** 0 | **Census Tract** 3680.00 | **Zone:** R1 |
| **Map Page/Grid:** | 588/G4 | **Legal Desc:** EMERIC SUBN #2 LOT 28 BLK 21 | | |

### Appraisal Tax Information

| | | |
|---|---|---|
| **Total Assessed Value:** | 43,694.00 | **Tax Amount:** 1,014.78 |
| **Percent Improvement:** | 40.99 | **Tax Year:** 2006 |

### Current Owner Information

| | | |
|---|---|---|
| **Current Owner:** | KWONG,PHOEBE | **Owner Address:** 18819 CREST AVE |
| **City, State:** | CASTRO VALLEY CA | **Zip:** 94546 |
| **Last Transaction:** | 07/02/2007 | **Deed Type:** deed of trust |
| **Amount:** | 0 | **Document** 0000190727 |

REVIEW DEED DOCUMENT    VIEW DEEDS

### Last Sale Information

| | | |
|---|---|---|
| **Transferred From:** | ABELLAN,RUFINA A | **Seller Address:** |
| **Sale Date:** | 05/11/2007 | **Prior Sale Date:** 03/19/1986 |
| **Most Recent Sale Price:** | 101,000.00 | **Prior Sale Price:** 6,000.00 |
| **Document Number:** | 139403 | **Prior Document No.:** 12789460 |
| **Document Type:** | grant deed/deed of trust | **Prior Document Type:** |

### Lender Information

| | | |
|---|---|---|
| **Lender:** | | **Full/Partial:** F |
| **Loan Amount / 2nd Trust Deed:** | 0 / 0 | **Loan Type:** conventional |

### Physical Information

| | | | | | |
|---|---|---|---|---|---|
| **Building Area:** | 630 | **# of Bedrooms:** | 2 | **Lot Size:** | 3150 |
| **Additional:** | 0 | **# of Bathrooms:** | 1.00 | **Year Built/Effective:** | 1942 / 0 |
| **Garage:** | 0 | **# of Stories:** | 0 | **Heating:** | |
| **First Floor:** | 630 | **Total Rooms:** | 5 | **Cooling:** | |
| **Second Floor:** | 0 | **# of Units:** | 1 | **Roof Type:** | |
| **Third Floor:** | 0 | **Garage/Carport:** | / | **Construction/Quality:** | 0 / 0 |
| **Basement Finished:** | 0 | **Fireplaces:** | | **Building Shape:** | 0 |
| **Basement Unfinished:** | 0 | **Pool/Spa:** | | **View:** | |

### Flood Data

| | | |
|---|---|---|
| | ? | FLOOD MAP    GET FLOOD DATA |
| **Panel Date:** | **Comm/Panel Number:** | **Flood Zone:** |

PARCEL SEARCHES    MAP LOCATION    COMP SEARCH    VIEW PLAT MAP
ADD APPRAISER DATA    CREATE EXPORT FILE

Copyright © 1998-2005 National Data Collective. All rights reserved.

Print/E Mail This Listing

Virtual Earth™ ® 2006 Microsoft Corporation © 2006 NAVTEQ © AND

600 yds

| **1613 CALIFORNIA AVE** | **SAN PABLO** | | | | 94806-4777 | 1601 | **$350,000** |
|---|---|---|---|---|---|---|---|
| **RESIDENTIAL   Detached** | **New** | | | | | | **SP:** |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Dir:** | 23RD TO CALIFORNIA | **Bldr/A:** | | **Beds:** 2 | **# of Units:** | **SqFt:** | 805   / Public Records |
| **Cross St:** | 23RD | **Model:** | | **Baths:** 1 / 0 | **%OwnOcc:** | | **$/SqFt:** 435 |
| **D/N/S:** | SAN PABLO PROP | **Style:** Cottage | | **# Rms:** 5 | **Unit's Flr:** | | **Lot Ac:** 0.07 |
| **TB Map:** | 588G4 | **Story:** One Story | | **Yr Blt:** 1926 | **TIC%:** | **Pool:** No | **Lot SF:** 3150 |
| **Complex:** | | | | **Const:** Existing | | | |
| **Unit Info:** | | | | | | | |
| **Pets:** | Allowed - Yes | | | | | | |
| **Sales Ofc:** | | | **Subdiv:** | | | | |

**Features**

| | | | |
|---|---|---|---|
| **M Level:** | 2 Bedrooms, 1 Bath | | |
| **U Level:** | No Steps to Entry | **L Level:** | No Steps to Entry |
| **+ Rooms:** | No Additional Rooms | | |
| **Kitchen:** | Range/Oven Free Standing, Refrigerator | | |
| | | | |
| **Ba Non-Mstr:** | Shower Over Tub, Tile, Updated Baths | | |
| **Mstr Bath:** | Other | | |
| **Heat:** | Wall Furnace | **Fireplace:** | 0 / None |
| **Cool:** | Ceiling Fan(s) | | |
| **Garage:** | 0 / Side Yard Access, None | | |
| **Equipment:** | Other | | |
| **Flooring:** | Linoleum, Tile, Wall to Wall Carpeting | **Laundry:** | Hookups Only, In Laundry Room |
| **Lot:** | Level | **Wtr/Sewr:** | Sewer System - Public, Water - Public |
| **Exterior:** | Wood Siding | **Pool:** | None |
| **Roof:** | Composition Shingles | **Foundatn:** | |
| **View:** | Other | **Disabled:** | Other |
| **Yard Desc:** | Back Yard, Front Yard, Side Yard, Tool Shed | | |

**Schools**

| | | | | | |
|---|---|---|---|---|---|
| **District:** | West Contra Costa (510) 234-3825 | **Elem:** Call School District | **Jr Hi:** Call School District | **Sr Hi:** Call School District |

**Homeowner's Association**

| | | | | | |
|---|---|---|---|---|---|
| **HOA:** | No | **Name:** | **Fee:** | **Pd:** | **Trans Fee:** | **Lit Pend:** |
| **Fee Inc:** | | | | | |
| **Docs:** | | | | | |
| **Ameni:** | | | | | |

**Remarks**

READY TO MOVE IN, NEW TILE FLOOR IN KITCHEN AND BATHROOM, NEW BATH TUB, NEW PAINT INSIDE & OUTSIDE, BIG BACK YARD AND A LONG DRIVE WAY.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Orig List $:** $350,000 | **Sale $/Orig $:** | % | **Last List $:** 350,000 | **Sale $/Last $:** | % | **Sale $/SF:** | **Market:** 7/9/2007 |
| | | | | | | | **Pend:** |
| | | | | | | | **COE:** |
| | | | | | | | **Off Mrkt:** |

Prepared By   FLORA REYES        07/14/200...   © 2007 BEAR, CCAR, EBRD. This information is deemed reliable, but not guaranteed.

STATE OF CALIFORNIA

Steve Poizner, Insurance Commissioner

# DEPARTMENT OF INSURANCE
## CLAIMS SERVICES BUREAU
300 SOUTH SPRING STREET, SOUTH TOWER
LOS ANGELES, CA 90013
www.insurance.ca.gov
CCB-010 P
Revised: 12/21/06



## REQUEST FOR ASSISTANCE

Work Phone: *(N) 992-1853-cell*

Home Phone: *(N) 334-5085*

**RIZALINA ABELLAN**
Name

**264 FAXON AVENUE**
Address

**SAN FRANCISCO, CA 94112-**
City                              Zip

Before you file a complaint with the Department of Insurance, you should first contact your insurance company, agent or broker in an effort to resolve the issue(s). If you do not receive a satisfactory response, then complete this form, attach copies of any important papers that relate to your complaint and mail to address shown above.

Please be aware that a copy of this Request for Assistance and other documentation submitted by you may be provided to the insurance company, agent or broker unless you indicate that you do not want a copy of your correspondence forwarded by checking the box:

☐  Do **not** forward a copy of the completed form and the documentation provided. However, please contact the insurance company and investigate the complaint on my behalf.

Complete name of insurance company involved: *Farmers*

Type of Insurance:    Auto ☐    Home ☒    Life ☐    Health ☐    Other ☐

(a) Name of policyholder if different from your name: *Rizalina Abellan*

(b) If a group policy, provide the group name: *Claim unit no. 1010596025-1-2*
*Policy no - 96-092425929*

Policy identification or certificate number: *96-092742 5929*

Claim number (if applicable) *1010596025-1-2*

Date loss occurred or began (if applicable)

Broker/Agent (if applicable) *7/18/2007 or 5/71/07*     *Mr. Estanio Ramires*

Street address *1611 El camino Real*  City/State *Milbraye CA*   *Senia Field Rep Ebony High*   Zip *94030*

Broker/Agent License number

Have you contacted your company or broker/agent? Yes ☒   No ☐

If yes, state the date(s) and person(s) contacted *7/8/07   8/20/07   9/11/07 Telephone discussion*
(Provide copies of all correspondence)

(COMPLETE REVERSE SIDE)

Have you reported this to a governmental agency?   Yes   No

If yes, please give: _district attorney of S.F and contra costa district attor_

(1) Name of agency: _courts of appeal, supreme ct. attorney general_

(2) File number, if known.

10. Have you previously written to the Department of Insurance about this matter?

Yes ☐   No ☒   File number (if available) _____   Date 9/11/07

11. Is there attorney representation in this matter?   Yes ☐   No ☒   _I won_

12. Is a lawsuit currently on-going or pending?   Yes ☒ _but resolved_   ☐   _Remittur issued by appeal_

If yes, our ability to mediate this matter is limited, but we will investigate your inquiry for any regulatory issues. We may defer the regulatory investigation until the finality of the litigation. We ask that you still complete this form so we have a record of your issue. Once the matter is concluded, we would welcome any information regarding violations of law by the insurer that you or your attorney are willing to provide.

13. Briefly, describe your problem (use additional paper if needed):

_This property they try to Probate but lost in court administrator is fraud. Supersedes for administrator won by me. Remittur was issued by court of appeal I filed relief for damages in court but Probate Judge John Pearman. and attorney conspired for conspiracy sale + demolished property are Fraud. Insurance refused to investigate records are indexed. I insured it for 9 yrs. and in possession and had been rented before for 10 yrs. Enclosed are evidence to support and agencies that had complained to investigate and put this people responsible for Fraud concealment and negligence_

4. What do you consider to be a fair resolution to your problem? _Pay the existing fair market value of damages and losses. as their Fiduciary duties not consummated and all evidence were given to Ebony Hyde as Fraud. and conspire with attorney Listen myr_

_Rizahm Atellar_ _Subject to Restitution and_
(Signature) _conversion. Insurance should be penalized 9/11/07 and suspension of Business license in California_
(Date)

| | |
|---|---|
| Roberto I. Abellan  David Abellan  Romeo Abellan<br>101 Campbell Street<br>San Francisco, CA 94134 | |
| San Francisco - Superior Court<br>400 McAllister Street<br>San Francisco, CA  94102 | San Francisco Sheriff  Civil Section<br>1 Dr. Carlton B. Goodlett PL<br>Rm 456  Civil Divison<br>San Francisco, CA  94102<br><br>(415) 554-7235 |
| Roseller Abellan, Administrator Estate of<br><br>Roberto Abellan, David Abellan, and Romeo Abellan | |

| Notice to Vacate | 2007347237 | 280338 |
|---|---|---|

By virtue of the Writ of Execution for Possession/Real Property (eviction), issued out of the above court, you are hereby ordered to vacate the premises described on the writ.

| Eviction Address: | 101 Campbell Street<br>San Francisco, CA 94134 |
|---|---|

Final notice is hereby given that possession of the property must be turned over to the landlord on or before:

| Eviction day, date and time: | Wednesday, November 07, 2007, at 6:01 AM |
|---|---|

Should you fail to vacate the premises within the allotted time, I will immediately enforce the writ by removing you from the premises.  All personal property upon the premises at that time will be turned over to the landlord, who must return said personal property to you upon your payment of the reasonable cost incurred by the landlord in storing the property from the date of eviction to the date of payment.  If the property is stored on the landlord's premises, the reasonable cost of storage is the fair rental value of the space necessary for the time of storage.  If you do not pay the reasonable storage cost and take possession within fifteen (15) days, the landlord may either sell your property at a public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CCC), or, if the property is valued at less than $300.00, the landlord may dispose of your property or retain it for his own use.(715.010(b)(3), 1174 CCP)

If you claim a right of possession of the premises that accrued prior to the commencement of this action, or if you were in possession of the premises on the date of the filing of the action and you are not named on the writ, complete and file the attached Claim of Right to Possession form with this office.  No claim of right to possession can be filed if box 9a(1) located on the back of the writ is checked.

Michael Hennessey, Sheriff

By: _____
                Sheriff's Authorized Agent

EJ-130

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number and address):*<br>GARY R. LIEBERMAN, ESQ. (State Bar # 71684)<br>McCarty & Lieberman<br>1615 Hill Road, Suite 1<br>Novato, CA 94947<br><br>TELEPHONE NO.: (415) 897-2226  FAX NO. *(Optional):* (415) 897-3335<br>E-MAIL ADDRESS *(Optional):* glieberman11@verizon.net<br>ATTORNEY FOR *(Name):*<br>[X] ATTORNEY FOR [X] JUDGMENT CREDITOR [ ] ASSIGNEE OF RECORD | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 MCALLISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

PLAINTIFF: ROSELLER ABELLAN, ADMINISTRATOR ESTATE OF RUFINA ALBANIA

DEFENDANT: ROBERTO ABELLAN, DAVID ABELLAN, and ROMEO ABELLAN

| | | | |
|---|---|---|---|
| **WRIT OF** | [ ] EXECUTION (Money Judgment)<br>[X] POSSESSION OF [ ] Personal Property<br> [X] Real Property<br>[ ] SALE | **CASE NUMBER:**<br><br>280338 | |

**1. To the Sheriff or Marshal of the County of:** San Francisco

You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

**2. To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

**3.** *(Name):* Roseller Abellan, Administrator Estate of Rufina Albania Abellan

is the [X] judgment creditor [ ] assignee of record whose address is shown on this form above the court's name.

**4. Judgment debtor** *(name and last known address):*

> ROBERTO ABELLAN
> 101 CAMPBELL STREET
> SAN FRANCISCO, CA 94134

> DAVID ABELLAN
> 101 CAMPBELL STREET
> SAN FRANCISCO, CA 94134

[ ] Additional judgment debtors on next page

**5. Judgment entered on** *(date):*
April 3, 2007

**6.** [ ] **Judgment renewed on** *(dates):*

**7. Notice of sale** under this writ
 a. [X] has not been requested.
 b. [ ] has been requested *(see next page).*

**8.** [ ] Joint debtor information on next page.

[SEAL] Superior Court of California County of San Francisco

**9.** [X] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
**10.** [ ] This writ is issued on a sister-state judgment.
**11.** Total judgment . . . . . . . . . . . . . . . . . $
**12.** Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . . $
**13.** Subtotal (add 11 and 12) . . . . . . . $ _0.00_
**14.** Credits . . . . . . . . . . . . . . . . . . . $
**15.** Subtotal *(subtract 14 from 13)* . . . . . . $ _0.00_
**16.** Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees). . . $
**17.** Fee for issuance of writ . . . . . . . . . . . . $
**18. Total** *(add 15, 16, and 17)* . . . . . . . . . . $ _0.00_
**19.** Levying officer:
 (a) Add daily interest from date of writ *(at the legal rate on 15)* (not on GC 6103.5 fees) of. . . . . . $
 (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3; CCP 699.520(i)) . . . . . . . . $
**20.** [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Issued on *(date)* OCT 12 2007 Clerk, by _____, Deputy

GORDON PARK-LI

**NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.**

Page 1 of 2

Form Approved for Optional Use<br>Judicial Council of California<br>EJ-130 [Rev. January 1, 2006]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010,<br>Government Code, § 6103.5<br>www.courtinfo.ca.gov

CODDINGTON, HICKS & DANFORTH
A PROFESSIONAL CORPORATION
LAWYERS

RANDOLPH S. HICKS
LEE J. DANFORTH
RICHARD G. GROTCH
DAVID W. WESSEL
R. WARDELL LOVELAND
RICHARD S. BAUM
KATHRYN C. KLAUS
LISA A. COSTELLO
HYON M. KIENTZY
CHRISTIANE SINCLAIR
MATTHEW K. GOOD
RACHEL E. CARR
DAVID C. WEAVER
SARVENAZ J. FAHIMI
ANDREW P. COLLIER
NICOLE P. SCHIERECK

555 TWIN DOLPHIN DRIVE, SUITE 300
REDWOOD SHORES
REDWOOD CITY, CA 94065-2133
TEL · (650) 592-5400
FAX · (650) 592-5027

WWW.CHDLAWYERS.COM

OF COUNSEL
CLINTON H. CODDINGTON

February 13, 2008

Rizalina Abellan
264 Faxon Avenue
San Francisco, CA 94112

Re:    *Abellan v. Farmers*
Case No. CGC-98-468948

Dear Ms. Abellan:

We would like to thank you again for visiting our offices and taking the time to speak with us about the matter of reference. Based on our meeting, we understand that you claim that Farmers[1] is obligated under the policy of insurance to provide you with an attorney to prosecute your claims against the other named parties. As promised, we outline our position on the claims that you have made against Farmers.

Although the only claim you articulated for us was that you believe you are entitled to the services of an attorney, according to your First Amended Complaint, a copy of which you provided to us at the meeting, you allege that Farmers violated Insurance Code Sections 1871.4 and 1871.7. (See First Amended Complaint at p.1.) However, these sections have no bearing on your lawsuit. These laws fall under the purview of the "Insurance Frauds Protection Act" and

---

[1] "Farmers Insurance" is not your insurer nor is it a legal entity that may properly be sued. You purchased a policy with Fire Insurance Exchange and we will be requesting that you dismiss the matter as against "Farmers Insurance" and amend your pleadings to reflect the proper entity, i.e., Fire Insurance Exchange.

Rizalina Abellan
February 13, 2008
Page 2

make it a crime to knowingly submit a false or fraudulent claim for benefits under a policy of insurance. The statutes upon which you rely basically make it possible for insurance companies as well as law enforcement agencies to prosecute the crime of insurance fraud. As the court in *Longval v. Workers' Comp. Appeals Bd.,* 51 Cal. App. 4th 792, 801 (1996) stated, "[t]he clear aim of the legislation was to control fraudulent claim practices by increasing professional and criminal penalties and actively investigating and prosecuting fraud." They are usually invoked when someone fakes an injury for the express purpose of obtaining insurance coverage. You simply do not have standing under these statutes and therefore your Insurance Code claims are subject to dismissal.

Elsewhere in the First Amended Complaint, you vaguely allege that Farmers breached its fiduciary duties. (See First Amended Complaint at p.10:14-15.) Please note that, in California, it is well-established that insurance companies do not owe fiduciary duties to insureds. *Vu v. Prudential*, 26 Cal. 4th 1142 (2001). As a matter of law, you cannot make this claim and it is therefore subject to dismissal.

Finally, you allege that Farmers breached the contract of insurance. (First Amended Complaint at p. 11:5-6.) As we explained to you at the meeting, we do not believe that you can prove this claim. Regarding the contention that you are entitled to an attorney or monies for an attorney, the most basic explanation is that the insurance contract does not provide coverage for an attorney to facilitate and/or prosecute your action against the other parties. In California, it is generally understood that an insurer does not have a duty to prosecute actions on behalf of insureds. See *James 3 Corp. v. Truck Ins. Exchange*, 91 Cal. App.4th 1093, 1104-1106 (insurer not obligated to fund and prosecute cross-complaints even if related to or intertwined with action against insured); *Barney v. Aetna Casualty & Surety Co.*, 185 Cal. App. 3d 966, 975 (1986) (insurer has no contractual duty to file cross-complaint on behalf of insured); *3250 Wilshire Boulevard Bldg. v. Employers Ins. of Wausau*, 39 Cal. App.4th 1277, 1280 (1995) (insurer has no duty to prosecute insured's affirmative claims). Similar to your other claims set forth in the pleadings, you will not be successful in persuading the court that Farmers should provide you with an attorney and/or coverage in the form of money to facilitate your action against the other parties - this simply is not an insurable claim.

At our meeting you complained that no coverage was provided to you after the house in San Pablo was leveled by new owners. The policy, a copy of which is enclosed for your convenience, will not provide coverage for this event. The Landlord's Protector Package 1st Edition specifically states as follows:

*the policy [blank] booklet*

Rizalina Abellan
February 13, 2008
Page 3

## CONDITIONS

1.  *Insurable Interest and Limit of Insurance.* Even if more than one **person** or organization has an insurable interest in the covered property we shall *not* pay more than:

    a.  An amount equal to the **insured's** interest, or
    b.  The applicable amount of insurance.

The facts are that the property was ordered sold by the court on April 3, 2007 and that it sold shortly thereafter on or about May 10, 2007. As of the date of sale, you did not have an interest in the property and any demolition of the residence structure on the property that occurred thereafter was not damage to property in which you had an interest.

I understand that you dispute the validity of your brother and his attorney's right to sell the property, but your legal recourse does not include any tenable claims against Farmers. Because you admitted at our meeting that you had not actually read your policy, we have enclosed one for your convenience. We ask that you review the terms and conditions of the policy, along with the legal citations discussed herein, with an attorney.

We have enclosed for your consideration a Stipulation and Proposed Order of Dismissal as well as a self-addressed stamped envelope. If, after reviewing the matter, you agree that Farmers is not a proper party to your action, we ask that you sign the enclosed dismissal and return it to us for filing. We will cover the necessary filing fees and forward to you a file-endorsed copy of the dismissal for your records.

As we advised at the meeting, we look forward to an efficient resolution of this matter. Please do not hesitate to contact my associate, Kathryn Klaus, if you should have any questions or concerns.

Very truly yours,

Lee J. Danforth

LJD:skd
Enclosures

1  Lee J. Danforth, Esq. - SBN 73695
   Richard S. Baum, Esq. - SBN 178760
2  Kathryn C. Klaus, Esq. - SBN 205923
   **CODDINGTON, HICKS & DANFORTH**
3  **A Professional Corporation, Lawyers**
   555 Twin Dolphin Drive, Suite 300
4  Redwood City, California 94065-2133
   Tel. (650) 592-5400
5  Fax.(650) 592-5027

6  **ATTORNEYS FOR** Defendant
   Fire Insurance Exchange
7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11  RIZALINA ABELLAN,                    No. CV 08 0252BZ

12              Plaintiff,
                                         STIPULATION AND [PROPOSED]
13  vs.                                  ORDER FOR DISMISSAL OF
                                         DEFENDANT FIRE INSURANCE
14  SUPERIOR COURT OF CALIFORNIA,        EXCHANGE [ERRONEOUSLY SUED
    ATTY GARY LIEBERMAN, ROSELLER        HEREIN AS FARMERS INSURANCE]
15  ABELLAN, SHERIFF DEPT OF SAN         ONLY [FRCP 41]
    FRANCISCO, FARMERS INSURANCE,
16  PHOEBE KWONG,

17              Defendants.

18  _____/

19      IT IS HEREBY STIPULATED, by and between plaintiff RIZALINA ABELLAN and

20  defendant FIRE INSURANCE EXCHANGE, erroneously sued herein as FARMERS INSURANCE,

21  that this action shall be dismissed with prejudice, as against defendant FIRE INSURANCE

22  EXCHANGE *only*. It is further stipulated that each side shall bear his or its own attorneys fees and

23  costs of suit.

24      SO STIPULATED.

25  Dated: _____, 2008        By:_____
                                          Rizalina Abellan
26                                        Plaintiff *In Propria Persona*

27  ///

28

    _____
    Stipulation and [Proposed] Order for Dismissal of
    Defendant Fire Insurance Exchange, Erroneously Sued
    Herein as Farmers Insurance, Only
    [FRCP 41]

Dated: February 13, 2008                    CODDINGTON, HICKS & DANFORTH


By:_____
      Kathryn C. Klaus
      Attorneys for Defendant
      Farmers Insurance Exchange


<u>O R D E R</u>

The Court, having reviewed the foregoing stipulation,

IT IS HEREBY ORDERED that this action shall be dismissed with prejudice against defendant FIRE INSURANCE EXCHANGE, erroneously sued herein as FARMERS INSURANCE, *only*. Each side shall bear his or its own attorneys fees and costs of suit.

SO ORDERED.

Dated:_____                _____
                                    Honorable Susan Illston

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
Twin Dolphin Drive, #560
Redwood City, CA 94065
(650) 592-5400

Stipulation and [Proposed] Order for Dismissal of
Defendant Fire Insurance Exchange, Erroneously Sued
Herein as Farmers Insurance, Only
[FRCP 41]

2



## Landlords Protector Package

# INDEX

**Agreement** ......................................................... 3
**Definitions** ......................................................... 3

## SECTION I - PROPERTY

Coverages:
Coverage A - Dwelling .......................................... 4
Coverage B - Separate Structures ...................... 4
Coverage C - Landlords Personal Property .......... 4
    Special Limits on Certain Personal Property ... 4
Coverage D - Loss of Rents ................................. 4
Additional Coverages .......................................... 5

Perils Insured Against:
Coverage A - Dwelling .......................................... 5
Coverage B - Separate Structures ...................... 5
Coverage C - Landlords Personal Property .......... 5

Exclusions:
Applying to Coverage A and B ............................. 6
Applying to Coverage C ....................................... 7
    Property Not Covered .................................... 7
    Losses Not Covered ...................................... 7
Applying to Coverage A, B and C ........................ 7
Applying to Coverage D ....................................... 8

Applying to Additional Coverages ...................... 8
Conditions:
    Your Duties After Loss .................................. 8

## SECTION II - LIABILITY

Coverages:
Coverage E - Business Liability ........................... 10
Coverage F - Medical Payments to Others .......... 11
Additional Coverages .......................................... 11

Exclusions:
Applying to Coverage E ....................................... 11
Applying to Coverage F ....................................... 11
Applying to Coverage E and F ............................. 12

Conditions:
    Duties After Loss .......................................... 12

## GENERAL CONDITIONS

Applying to the Entire Policy ............................... 13

## RECIPROCAL PROVISIONS ...................... 14

This policy is a legal contract between you (the policyholder) and us (the Company).

READ YOUR POLICY CAREFULLY.

## AGREEMENT

We shall provide the insurance described in this policy. In return you will pay the premium and comply with all policy conditions.

## DEFINITIONS

Throughout this policy "you" and "your" mean the "named insured" shown in the Declarations. "We" "us" and "our" mean the Company named in the Declarations which provides this insurance. In addition certain words appear in bold type. They are defined as follows:

1. **Actual Cash Value** means replacement cost of the property at time of loss less depreciation. In California, Actual Cash Value means fair market value at the time of loss.
2. **Bodily Injury** means bodily harm, sickness or disease, including care, loss of services and death resulting from the injury.
3. **Business** - means the rental or holding for rental of any one or two family dwelling by the **insured**. It also means any full or part time trade, profession or occupation.
4. **Business Property** - means property pertaining to or intended for use in **business**. It does not mean **Landlords Personal Property.**
5. **Earth Movement** means movement of earth, including, but not limited to the following:
   a. Earthquake, landslide or mudflow, all whether combined with water or not.
   b. Collapse, settling, cracking, shrinking, bulging, subsidence, erosion, sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not.
   c. Volcanic eruption including explosion, lava flow and volcanic action.
6. **Insured** means:
   a. The **person** or organization named in the Declarations.
   b. You and your spouse if you are a sole proprietor.
   c. Partners and members of a joint venture while acting for the partnership or joint venture within the scope of their duties.
   d. Your officers, directors, and stockholders while acting for the corporation within the scope of their duties.
   e. Your employees while acting within the scope of their duties.
   f. Any **person** or organization while acting as a real estate manager for you.
7. **Insured location** means:
   a. The **residence premises.**
   b. Any other one or two family dwelling acquired by you during the policy period if you notify us of your intent to insure it with us within 30 days of acquisition.
   c. The one or two family dwelling, other structures and grounds shown in the Declarations and used by you as a private rental residence.
8. **Landlords Personal Property** means the property owned by the **insured** and usual to the occupancy or maintenance of the **residence premises.**
9. **Motor Vehicle** means:
   a. A motorized land vehicle, including a trailer, a semi-trailer, or motorized bicycle, designed for travel on public roads.
   b. Any other motorized land vehicle designed for recreational use off public roads.
   c. Any vehicle while being towed by or carried on a vehicle described in 9a.

   None of the following is a **motor vehicle:**
   d. A motorized golf cart while used for golfing purposes.
   e. A motorized land vehicle used only on an **insured location** and not subject to motor vehicle registration.
   f. A watercraft, camp, home, or utility trailer, not being towed or carried on a vehicle described in 9a.
10. **Nuclear Hazard** means nuclear reaction, radiation, radioactive contamination or any result of these. This includes the negligent, defective, or improper design, construction or maintenance of a nuclear facility, or any other act or omission which results in a **nuclear hazard.**



11. Under Section II - Liability - **occurrence** means: a sudden event, including continuous or repeated exposure to the same condition, resulting in **bodily injury** or **property damage** neither expected nor intended by the **insured**. It also means an act or series of acts of the same or similar nature, resulting in **personal injury**.

12. **Person** or **Persons** shall mean and include an individual, corporation, company, firm, association, partnership, trust, estate, governmental agency or division, or any other legal entity.

13. **Personal Injury** means any injury arising from one or more of the following offenses:
    a. False arrest, imprisonment, malicious prosecution and detention.
    b. Wrongful eviction, wrongful entry or invasion of rights of privacy.
    c. Libel, slander, defamation of character.

14. **Property damage** means physical injury to or destruction of tangible property including loss of its use.

15. **Residence premises** means the one or two family dwelling, separate structures, or that part of any other building used as a private rental and shown in the Declarations. Under Section II - Liability, - **residence premises** includes the grounds.

16. **Water Damage** means loss caused or contributed by:
    a. Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether driven by wind or not.
    b. Water which backs up through sewers or drains, or water which accumulates in and overflows from a sump pump, sump pump well or any other type system designed to drain subsurface water away from the foundation area.
    c. Water below ground level, including water which exerts pressure or flows, seeps or leaks through any part of a building or other structure, sidewalk, driveway, foundation, or swimming pool.

## SECTION I - PROPERTY

### Coverages

### Coverage A - Dwelling

We cover:
1. The dwelling, including attached structures, on the **residence premises** and used principally as a private rental residence.
2. Material and supplies on or adjacent to the **residence premises** for use in construction, alteration or repair of the dwelling or other structures on the **residence premises.**
   Wall-to-wall carpeting attached to the dwelling is part of the dwelling.

### Coverage B - Separate Structures

We cover other structures on the **insured location** separated from the dwelling or connected to the dwelling by only a fence, utility line or similar connection.

We do *not* cover separate structures used in whole or in part for manufacturing, commercial or farming purposes.

We *do* cover separate structures used solely as a private garage and rented or held for rental to a non-tenant of the dwelling.

Wall-to-wall carpeting attached to a structure is part of the structure.

### Coverage C - Landlords Personal Property

We cover personal property owned or used by an **insured** which is rented or held for rental with the **residence premises.** This coverage applies only while the personal property is on the **residence premises** or temporarily removed for repairs.

### Coverage D - Loss of Rents

1. *Loss of Rents* - If a covered property loss makes the **residence premises** rented to others or held for rental by you unfit to live in, we cover the Loss of Rents. We shall pay for the shortest time needed to make the rental fit to live in but not to exceed 12 consecutive months from the date of loss.
   The time period is not limited by expiration of the policy.

2. *Prohibited Use* - If a civil authority prohibits you from use of the **residence premises** because of direct damage to neighboring premises by a Peril Insured Against in this policy we cover resulting Loss of Rents for not more than 2 weeks during which use is prohibited.

No deductible applies to 1 or 2 above.



## Additional Coverages

1. *Debris Removal.* We shall pay for reasonable debris removal expense following a covered loss. When the amount of loss plus debris removal exceeds the limit of insurance, we shall pay up to an additional 5% of the limit of insurance on the damaged property.

2. *Necessary Repairs.* We shall pay the reasonable cost incurred by you for necessary repairs made solely to protect covered property from further damage caused by a Peril Insured Against. This coverage does not increase the limit of insurance applying to the property being repaired.

3. *Trees, Shrubs, Plants and Lawns.* We cover trees, shrubs, plants and lawns on the **residence premises** for loss caused by the following insured perils:

   Fire or Lightning, Explosion, Riot, or Civil Commotion, Aircraft, Vehicles not owned or operated by a resident of the **residence premises**, Vandalism, Malicious Mischief and Theft.

   The limit of insurance for any one loss shall not exceed 5% of the limit applying to the dwelling, nor more than $500 for any one tree, shrub, or plant. This coverage is in addition to the limit applying to the dwelling.

4. *Fire Department Service Charge.* We shall pay up to $500 as an additional amount of insurance for service charges made by a Fire Department when called to protect covered property from an insured peril. In no event will we pay more than $500 in charges resulting from any one service call. No deductible applies to this coverage.

5. *Emergency Removal of Property.* We shall pay for direct loss from any cause to covered property while being removed from a premises endangered by a Peril Insured Against, and while removed for not more than 30 days. This coverage does not change the amount of insurance applying to the covered property.

6. *Collapse of Buildings.* We insure for accidental direct physical loss to covered property under Section I involving collapse of a building or any part of a building caused only by one or more of the following:

   a. Perils Insured Against in Coverage C - Landlord's Personal Property. These perils apply to covered buildings and landlords personal property for loss insured by this additional coverage;

   b. Weight of contents, equipment, animals, or people;

   c. Weight of rain which collects on a roof;

   d. Use of defective material or methods in construction, remodeling or renovation if the collapse occurs during the course of the construction, remodeling or renovation;

   e. Insects, vermin or hidden decay as regards Coverage C - **Landlords Personal Property** only. We do *not* cover loss to the dwelling or separate structure itself when collapse is caused by insects, vermin or hidden decay. Loss to an awning, fence, patio, pavement, swimming pool, underground pipe, flue, drain, cesspool, septic tank, foundation, retaining wall, bulkhead, pier, wharf, or dock is not included under items b, c, d, and e unless the loss is a direct result of the collapse of a building.

   Collapse does not include settling, cracking, shrinking, bulging, expansion or earth movement. This coverage does not increase the limit of insurance applying to the damaged covered property.

## Perils Insured Against
## Coverage A - Dwelling
## Coverage B - Separate Structures

We insure for accidental direct physical loss to property described in Coverage A and B, subject to the exclusions and limitations described elsewhere in Section I of this policy, except we do *not* insure for loss where **earth movement, water damage,** or **nuclear hazard** occur, however caused, as further explained in this policy.

## Coverage C - Landlords Personal Property

We insure for accidental direct physical loss to property described in Coverage C, subject to the exclusions and limitations described elsewhere in Section I of this policy, caused only by these perils:

1. Fire or lightning;
2. Windstorm or hail;
3. Explosion;
4. Riot or civil commotion, including direct loss from looting;
5. Aircraft, including self-propelled missiles and spacecraft;
6. Vehicles;
7. Smoke, if loss is sudden and accidental;

8. Vandalism or Malicious Mischief;

9. Falling objects. This peril does not include objects which fall as a result of **earth movement;**

10. Weight of ice, snow, or sleet, if property is contained in a building;

11. Accidental discharge or overflow of water or steam from a plumbing, heating or air conditioning system, or household appliance.
    This peril does not include loss:
    a. To the appliance from which the water or steam escaped.
    b. Caused by or resulting from freezing.
    c. On the **residence premises** caused by accidental discharge or overflow which occurs *off* the **residence premises.**
    d. Caused by accidental discharge or overflow from a sump pump, sump pump well or any other device used to drain subsurface water away from the foundation area.

12. Burglary - including loss of personal property from a known location within a building or separate structure on the **residence premises** when: a. it is probable the property has been stolen and b. there is visible evidence of forcible entry to or forcible exit from that building.

13. Sudden and accidental tearing apart, cracking, burning or bulging of a steam, hot water, or air conditioning system, or appliance for heating water.
    This peril does not include loss caused by or resulting from freezing.

14. Freezing of a plumbing, heating, air conditioning system or household appliance.
    This peril does not include loss on the **residence premises** while the dwelling is unoccupied unless you have used reasonable care to:
    a. Maintain heat in the building, or
    b. Shut off the water supply and drain the system and appliance of water.

15. Sudden and accidental damage from artificially generated electrical current. This peril does not include loss to a tube, transistor or similar electronic component.

# EXCLUSIONS
## Applying to Coverage A & B
## Dwelling and Separate Structures

We do *not* cover direct or indirect loss from:

1. *Freezing* of a plumbing, heating, air conditioning system or household appliance, discharge, leakage or overflow from such system or appliance caused by freezing while the dwelling is vacant or unoccupied *unless* you have used reasonable care to:
   a. Maintain heat in the building, or
   b. Shut off the water supply and drain the system and appliance of water.

2. *Freezing, thawing or pressure of water or ice,* whether wind driven or not, to a fence, pavement, patio, swimming pool, foundation, retaining wall, bulkhead, pier, wharf, or dock.

3. *Theft* in or to a dwelling under construction, or of construction material and supplies until the dwelling is completed and occupied.

4. *Vandalism* or *Malicious Mischief,* breakage of glass and safety glazing materials if the dwelling has been vacant for more than 30 consecutive days just before the loss. A dwelling under construction is not considered vacant.

5. *Continuous or repeated seepage or leakage of water or steam* over a period of weeks, months or years from a plumbing, heating, air conditioning system or household appliance.

6. *Wear and tear;* marring; deterioration; inherent vice; latent defect; mechanical breakdown; rust; mold; wet or dry rot; contamination; smog; smoke from farm smudging or industrial operations; settling, cracking, shrinking, bulging or expansion of pavements, patios, foundation, walls, floors, roofs or ceiling; birds, vermin, rodents, insects or domestic animals. If any of these cause water to suddenly and accidentally escape from a plumbing, heating, air conditioning system or household appliance, we cover loss caused by water. We also cover the cost of tearing out and replacing any part of a building necessary to repair the system or appliance not otherwise excluded under item 5 above. We do *not* cover loss to the system or appliance from which the water escaped.
   Under item 1 through 6, any ensuing loss not excluded is covered.

7. *Collapse,* other than as provided in item 6, under Additional Coverages.

**FARMERS**
75 YEARS SERVING AMERICA

## Applying to Coverage C - Landlords Personal Property
## Property Not Covered

We do *not* cover:

1. Personal property insured elsewhere in this or any other policy.

2. Animals, birds, or fish.

3. **Motor vehicles** except those used solely for the service of the **residence premises** and not licensed for use on public highways.

4. Any sound equipment operated from the electrical system of a **motor vehicle,** watercraft, camp or home trailer while any of this equipment is in, upon, or installed in a **motor vehicle,** watercraft, camp or home trailer.

   Such equipment includes: citizen band radios, radio telephones, radio transceivers, radio transmitters, two-way mobile radios, scanning monitor receivers, car radio receivers, tape players, tape recorders, and any accessories or antennas, or any tapes, reels, cassettes, cartridges, carrying cases or other devices used with such sound equipment.

5. Aircraft and parts. Aircraft means any device used or designed for flight, except model or hobby aircraft not used or designed to carry people or cargo.

6. Property of roomers, boarders and other tenants, whether on or off the **residence premises.**

7. Property rented or held for rental to others off the **residence premises** unless temporarily removed for repairs.

8. **Business property.**

## LOSSES NOT COVERED

We do *not* cover loss:

1. *To property in a building caused directly or indirectly by rain, snow, sleet, sand, or dust,* unless the force of the wind or hail first damages the roof or walls and these elements enter the building through the opening made by the wind or hail.
2. *Caused by smoke* from farm smudging or industrial operations.
3. *To property in a building caused by falling object,* unless the object first damages the roof or an outside wall of the building.
4. Caused by settling, cracking, shrinking, bulging, or expansion.

## Applying To Coverage A, B and C

We do *not* cover direct or indirect loss from;

1. Enforcement of any ordinance or law regulating construction, repair or demolition of a building or other structure, unless endorsed to this policy.

   We *do* cover loss caused by order of civil authorities to prevent the spread of fire from a Peril Insured Against.

2. **Earth Movement.** Acts or omissions of **persons** can cause, contribute to or aggravate **earth movement.** Also **earth movement** can occur naturally to cause loss, or combine with acts or omissions of **persons** to cause loss. Whenever **earth movement** occurs, the resulting loss is always excluded under this policy, however caused; except we *do* cover direct loss by fire or explosion resulting from **earth movement.**

   The following examples are set forth to help you understand this exclusion and are not meant to be all-inclusive.
   Example 1:
   Rain falls on soil inadequately compacted or maintained by dwelling builder or neighbor. As a result a landslide occurs causing loss to the dwelling or personal property. Such loss is not covered by this policy.
   Example 2:
   An earthquake occurs which shakes a dwelling poorly built or maintained, causing loss to the dwelling or personal property. Such loss is not covered by this policy.

Example 3:

Acts of a builder result in leaking of water from a pipe which causes settling and loss to the dwelling or personal property. Such loss is not covered by this policy.

3. **Water Damage.** Acts or omissions of **persons** can cause, contribute to or aggravate **water damage.** Also **water damage** can occur naturally to cause loss or combine with acts or omissions of **persons** to cause loss. Whenever **water damage** occurs, the resulting loss is always excluded under this policy, however caused; except we do cover direct loss by fire or explosion resulting from water damage.

The following examples are set forth to help you understand this exclusion and are not meant to be all-inclusive.

Example 1:

A rainstorm occurs which causes water to run into flood control devices. Because of poor design, construction or maintenance of the flood control devices, water escapes causing loss to the dwelling or personal property. Such loss is not covered by this policy.

Example 2:

Improper construction or planning by a builder or developer allows water below the surface of the ground to cause loss to the dwelling or personal property. Such loss is not covered by this policy.

Example 3:

Rain water collects on the ground surface. Because of faulty design, construction or maintenance of the **residence premises** or of a neighbor's **residence premises,** the water causes loss to the dwelling or personal property. Such loss is not covered by this policy.

4. Interruption of power or other utility service which originates *off* the **residence premises.** If a Peril Insured Against ensues *on* the **residence premises** we shall pay only for loss caused by the ensuing peril.

5. Neglect of an **insured** to use all reasonable means to protect covered property at and after the time of loss, or when property is endangered by a Peril Insured Against.

6. The result of intentional acts of an **insured.**

7. War, including undeclared war, civil war, insurrection, rebellion, revolution or warlike act by military personnel. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental.

8. **Nuclear hazard.** Acts or omissions of **persons** can cause, contribute to or aggravate **nuclear hazard.** Also, **nuclear hazard** can occur naturally to cause loss, or combine with acts or omissions of **persons** to cause loss. Whenever **nuclear hazard** occurs, the resulting damage is always excluded under this policy, however caused, except we do cover direct loss by fire resulting from **nuclear hazard.**

## Applying To Coverage D - Loss of Rents

We do *not* cover:

1. Loss or expense due to cancellation of a lease or agreement.

2. Any expense that does not continue while the **residence premises** is unfit to live in.

## Applying to Additional Coverages

We do *not* cover:

1. Under Trees, Shrubs, Plants and Lawns, property grown for **business** purposes.

## CONDITIONS

1. *Insurable Interest and Limit of Insurance.* Even if more than one **person** or organization has an insurable interest in the covered property we shall *not* pay more than:

   a. An amount equal to the **insured's** interest, or

   b. The applicable amount of insurance.

2. *Your Duties After Loss.* If a covered loss occurs, you will perform the following duties;

   a. Give written notice to us or our agent without unnecessary delay. In case of theft, also notify the police.

   b. Make necessary repairs to protect the property from further damage. Keep records of repair costs.

   c. Make a list of all damaged or destroyed personal property showing in detail the quantity, description, **actual cash value,** and amount of loss. Attach all bills, receipts and related records that support your figures.

FARMERS
INSURANCE GROUP
75 YEARS SERVING AMERICA

d. As often as we request:
 (1) Exhibit damaged property.
 (2) Provide us with records and documents, including banking and other financial records, if obtainable, and permit us to make copies.
 (3) Submit to examination under oath upon our request.

e. Submit to us within 60 days after the loss, your signed sworn statement showing:
 (1) Time and cause of loss.
 (2) Interest of the **insured** and all others in the property involved.
 (3) All legal claims against the property.
 (4) Other insurance which may cover the loss.
 (5) Changes in title or occupancy of the property during the term of the policy.
 (6) Specifications and detailed repair estimates of any damaged building.
 (7) A list of damaged or destroyed personal property described in 2c.
 (8) Receipts and records that support loss of rents.

3. *Loss Settlement*
 a. Except as stated in item b below, covered loss to buildings under Coverage A and B will be settled at replacement cost without deduction for depreciation subject to the following:
  (1) Settlement under replacement cost will not be more than the smallest of the following:
   (a) the limit of insurance under this policy applying to the building;
   (b) the replacement cost of that part of the building damaged for equivalent construction and use on the same premises;
   (c) The amount actually and necessarily spent to repair or replace the building intended for the same occupancy and use.
  (2) When the cost to repair or replace is more than $1000 or more than 5% of the limit of insurance in this policy on the building, whichever is less, we shall pay no more than the **actual cash value** of the damage until repair or replacement is completed.
  (3) At your option, you may make a claim under this policy on an **actual cash value** basis for loss or damage to buildings. Within 180 days after loss you may make a claim for any additional amount on a replacement cost basis if the property has been repaired or replaced.

 b. Covered loss to the following types of property will be settled at **actual cash value.** Payments will not exceed the amount necessary to repair or replace the damaged property, whichever is less.
  (1) Personal property and structures that are not buildings.
  (2) Carpeting, including wall-to-wall carpeting, domestic appliances, awnings, outdoor equipment and antennas, all whether attached to buildings or not.

4. *Value Protection Clause.* We may increase the limit of insurance applying to Coverage A, B, C and D to reflect changes in cost of construction and personal property values. Any such increase will be made on the renewal date of this policy, or on the anniversary date of 3-year policies paid annually.

5. *Other Insurance.* If both this and other insurance apply to the same loss, we shall pay our share. Our share will be the amount that this insurance bears to the total limit of all insurance applying to the loss, collectible or not.

6. *Deductible Clause.* We shall pay for loss to covered property less the deductible amount shown in the Declarations.

7. *Loss to a Pair or Set.* We may elect to;

 a. Repair or replace any part of the pair or set to restore it to its value before the loss, or

 b. Pay the difference between **actual cash value** of the property before and after the loss. Loss to a part does not mean total loss to the pair or set.

8. *Glass Replacement.* Glass damage caused by Peril Insured Against will be replaced with safety glazing materials when required by law.

9. *Appraisal.* If you and we fail to agree on the amount of loss, either one may make a written demand for appraisal. Each party will choose an able disinterested appraiser and notify the other of the appraiser's identity within 20 days after demand is received. The appraisers will choose an able, impartial umpire. If the appraisers cannot agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the State where the **residence premises** is located to choose an umpire.

The appraisers will then set the amount of loss. If the appraisers submit a written agreement to us, the agreed amount shall be the amount of loss. If the appraisers cannot agree, they will submit their differences to the umpire. A written agreement signed by any two shall set the amount of loss.

Each party will pay the appraiser it chooses. The umpire and all other expenses of the appraisal will be paid equally by you and us.

10. *Permission Granted*
   a. The **residence premises** may be vacant or unoccupied without limit of time, except where this policy states otherwise.
   b. You may make alterations, additions, and repairs to the **residence premises** and complete structures under construction.

11. *Control of Property.*   Any act or neglect of another **person** will not impair this insurance, if not within your control.

12. *Suit Against Us.* We may not be sued unless there has been full compliance with all the terms of this policy. Suit on or arising out of this policy must be brought within one year after the loss.

13. *Our Options.* We may repair or replace the damaged property with equivalent property. We may also take all or part of the damaged property at the agreed or appraised value. We shall give you written notice of our intention within 30 days after receipt of your signed sworn statement of loss.

14. *Loss Payment.* We shall adjust all losses with you. We shall pay you unless another payee is named in the policy. We shall pay within 60 days after:
   a. We reach agreement with you, or
   b. A court judgement, or
   c. An appraisal award.
   A loss payment will not reduce the applicable limit of insurance.

15. *Abandoned Property.* We need not accept property abandoned by an **insured.**

16. *Mortgage Clause.* The word "mortgagee" includes trustee or loss payee. If a mortgagee is named in this policy, a covered loss will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of the mortgages.
   If we deny your claim, such denial will not apply to a mortgagee's valid claim if the mortgagee:
   a. knows and notifies us of any change of ownership, occupancy, or substantial change in risk.
   b. pays on demand any premium due if you have failed to do so.
   c. submits a signed sworn statement of loss within 60 days after we notify the mortgagee of your failure to do so. Policy conditions relating to Other Insurance, Appraisal, Suit Against Us, and Loss Payment apply to the mortgagee.
   We shall give the mortgagee 10 days notice before cancelling this policy.
   If we pay the mortgagee for any loss and deny payment to you;
   a. we have the right of recovery against any party responsible for the loss, or
   b. at our option, we may pay off the entire mortgage debt to the mortgagee. In this event we receive full transfer of the mortgage.
   A mortgagee's claim will not be impaired by transfer of a right of recovery.

17. *No Benefit to Bailee.* This insurance will not benefit any person or organization who may be caring for or handling property for a fee.

## Section II - Business Liability
## Coverages
## Coverage E - Business Liability

We shall pay all damages from an **occurrence** which an **insured** is legally liable to pay because of **bodily injury**, personal injury, or **property damage** arising out of the ownership, maintenance, or use of the **insured location** covered by this policy.



At our expense we shall defend an **insured** against any covered claim or suit. We may investigate and settle any claim or suit that we consider proper.

## Coverage F - Medical Payments to Others

We shall pay the necessary medical expenses incurred by a **person** other than an **insured** within three years from the date of an **occurrence** causing **bodily injury**. Medical expenses means reasonable charges for medical, surgical, x-ray and dental services, prosthetic devices, eyeglasses, hearing aids, pharmaceuticals, ambulance, hospital, licensed nursing, and funeral services.

*Limitations* - This coverage applies only if **bodily injury**:

    a. arises from a condition on the **insured location**, and
    b. arises from an **occurrence** for which an **insured** is covered under this policy.

This coverage does not apply to **persons** injured as a result of their intentional acts.

## Additional Coverages

We shall pay in addition to our limit of liability.

1. *Claim Expenses Incurred Before our Limit of Liability is Paid:*
    a. All costs we incur in the settlement of a claim or defense of a suit.
    b. Premiums on bonds required in a suit we defend but not for bond amounts greater than the Coverage E limit of liability.
    c. Reasonable expenses incurred by an **insured** at our request, to help us investigate or defend a claim or suit. These include loss of earnings (but not other income) of up to $60 per day.
    d. Interest on judgments awarded against you on that part of the judgment we must pay that does not exceed our limit of liability.

2. *First Aid Expenses.* Expenses for necessary first aid to others incurred by an **insured** at the time of **occurrence** for **bodily injury** covered by this policy.

    We shall not pay for first aid to you or any other **insured**.

# EXCLUSIONS
## Applying to Coverage E - Business Liability

We do *not* cover:

1. Liability of **persons** other than the **insured** assumed under any contract or agreement, or under *any* contract or agreement in connection with any **business** of the **insured** other than the rental or holding for rental of the **insured location**.
2. **Property damage** to property owned by an **insured**.
3. **Property damage** to non-owned property in the care, custody or control of an **insured**.
4. **Bodily injury** or **personal injury** to any **person** if any **insured** has or is required to have a policy providing Worker's Compensation, occupational disease or non-occupational disability benefits covering the **bodily injury** or **personal injury**.
5. **Bodily injury, personal injury, or property damage** when an **insured** is covered under any nuclear energy liability policy. This exclusion applies even if the limits of that policy have been exhausted.
6. **Personal injury** caused by a violation of penal law or ordinance committed by or with the knowledge or consent of any **insured**.
7. **Personal injury** sustained by any **person** as a result of an offense directly or indirectly related to the employment of this **person** by the **insured**.
8. **Personal injury** caused by a written or spoken statement that is first made by any **insured** prior to the effective date of this policy.
9. **Personal injury** caused by a written or spoken statement made at your direction if you know it is false.

## Applying to Coverage F - Medical Payments to Others

We do *not* cover **bodily injury**:

1. To any **person** eligible to receive benefits provided or mandated under any workers' compensation, occupational disease or non-occupational disability law.

2. From any **nuclear hazard.**

3. To any **person** regularly residing on the **residence premises** or to any employee of the **insured** if the **bodily injury** arises from employment by the **insured.**

4. To any tenant if the **bodily injury** occurs on the part of the **residence premises** rented from the **insured.**

5. To any employee of any tenant if the **bodily injury** arises from employment by the tenant.

6. To any **person** while engaged in maintenance, alteration, demolition or new construction at the **insured location.**

## Applying to Coverage E and F - Business Liability and Medical Payments to Others

We do *not* cover **bodily injury, personal injury** or **property damage:**

1. Arising from any **business** pursuits other than the rental of the **insured location.**

2. For which any **insured** may be liable as a result of:

   a. Contributing to or causing the intoxication of a **person,**

   b. The furnishing of alcoholic beverages to any **person** under the legal drinking age.

   c. Any statute, ordinance, or regulation relating to the sale, gift, distribution, or use of alcoholic beverages.

   This exclusion applies only if any **insured** is in the **business** of manufacturing, distributing, selling, servicing, or furnishing alcoholic beverages.

3. Resulting from the rendering or failure to render professional services.

4. Resulting from the ownership, maintenance, use, loading or unloading of any aircraft, watercraft or **motor vehicle** owned or operated by or rented or loaned to an **insured.**

5. Resulting from the entrustment of any aircraft, watercraft or **motor vehicle. Entrustment** means the permission you give to any other **person** for the use of any personal aircraft, watercraft or **motor vehicle** owned or controlled by you.

6. Caused directly or indirectly by war, including undeclared war, civil war, insurrection, rebellion, revolution, warlike act by military personnel. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental.

7. Arising from any **occurrence** caused by an intentional act of any **insured person** where the results are reasonably foreseeable.

## CONDITIONS

1. *Limit of Liability.* Our total liability under Coverage E for damages resulting from one **occurrence** will not exceed the limit shown in the Declarations. This limit applies regardless of the number of **insureds,** claims made, or **persons** injured.

   Our total liability under Coverage F for all medical expenses for **bodily injury** to one **person** resulting from one **occurrence** will not exceed the limit shown in the Declarations.

2. *Separate Insurance.* This insurance applies separately to each **insured.** This condition does not increase our limit of liability for any one **occurrence.**

3. *Duties After Loss* - In case of an **occurrence** the **insured** must perform the following duties:

   a. As soon as possible give written notice to us or our agent stating:

      (1) The policy number and name of **insured.**

      (2) The time, place and circumstances of the **occurrence.**

      (3) names and addresses of claimants and witnesses.

   b. Promptly send us copies of any notice or legal papers received relating to a claim or suit.

   c. Cooperate with and assist us in any matter relating to a claim or suit.

   d. Attend hearings and trials.

   e. Assist us in enforcing any right of recovery against any **person** or organization that may be liable to an **insured** for the loss.

   f. The **insured** will not, except at the **insured's** own cost, voluntarily make any payment, assume any obligation or incur any expense except First Aid Expense.

4. *Duties of any Injured Person - Coverage F - Medical Payments to Others.* The injured **person** or someone acting on behalf of the injured **person** will:

   a. As soon as possible give us written proof of claim, under oath if required.

   b. Authorize us to obtain medical records and reports.

   The injured **person** will submit to a physical examination by a doctor we choose as often as we reasonably require.

5. *Payment of Claim - Coverage F - Medical Payments to Others* - Payment under this coverage is not an admission of liability by an **insured** or us.

6. *Suit Against Us.* We may not be sued unless there has been full compliance with the terms of this policy. No one shall have any right to make us a party to a suit to determine the liability of a **person** we insure. We may not be sued under Coverage E - Business Liability until the obligation of the **insured** has been determined by final judgment or agreement signed by us.

7. *Bankruptcy of an Insured* or insolvency of an **insured** will not relieve us of our duties under this policy.

8. *Other Insurance - Coverage E - Business Liability.* This insurance is excess over any valid and collectible insurance. But if other insurance is specifically written as excess coverage over this policy, the limit of this policy applies first.

   If other insurance is written by us, only the highest limit of any one policy applies to the loss.

## GENERAL CONDITIONS
### Applying to the Entire Policy

1. *Entire Contract. This policy, the Declarations, and any endorsements include all the agreements between you and us relating to this insurance.*

2. *Policy Period.* This policy applies to loss under Section I or **bodily injury, personal injury** or **property damage** under Section II which occurs during the policy period as shown in the Declarations.

3. *Concealment or Fraud.* This policy is void if any **insured** has willfully concealed or misrepresented any material fact or circumstance relating to this insurance before or after the loss.

4. *Coverage Changes.* We may change this policy or replace it to conform to coverage currently in use. If any coverage under this policy is broadened without additional premium within 60 days prior to or during the policy period, the broadened coverage will apply immediately. Any restrictions of coverage will not apply until the next renewal. The change or new policy will be delivered to you or mailed to you at your mailing address shown on the Declarations at least 30 days before its effective date.

   No other change or waiver in this policy is valid except by endorsement, new Declarations, or a new policy issued by us.

   If a premium adjustment is necessary we will make the adjustment as of the effective date of the change.

5. *Cancellation*

   a. You may cancel this policy by:

     (1) Returning it to us, or

     (2) Notifying us in writing when cancellation takes effect.

   b. We may cancel this policy only for the reasons stated below.

   **Cancellation Reasons**

     (1) Non-payment of premium,

     whether payable to us or our agent. We may cancel at any time by notifying you at least 10 days before the date cancellation takes effect.

     (2) Any reason,

     When this policy has been in effect for less than 60 days and is not a renewal with us. We shall notify you at least 10 days before the date cancellation takes effect.

     If this policy has been in effect for 60 days or more or if the policy period is longer than one year, we may cancel at the annual renewal or anniversary date. We shall notify you at least 31 days before the cancellation takes effect.

     (3) Fraud, concealment, material misrepresentation of fact or substantial change in risk, when this policy has been in effect for 60 days or more or at any time if a renewal with us. We shall notify you at least 31 days before the cancellation takes effect.

     We shall notify you in writing when cancellation takes effect. This cancellation notice may be delivered to you or mailed to you at your mailing address shown in the Declarations. The mailing of it will be sufficient proof of notice.

    c. Return of premium:
      If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we shall refund it within a reasonable time after the date cancellation takes effect.
      (1) If you cancel this policy, we shall return the short rate unused share of the premium.
      (2) If we cancel this policy, we shall return the prorated unused share of the premium.

6. *Non-Renewal.* We may elect not to renew this policy. We may do so by delivering to you, or mailing to you at your mailing address shown in the Declarations, written notice at least 30 days before the expiration date of this policy. The mailing of it will be sufficient proof of notice.

7. *Assignment.* Your interest in this policy may not be transferred to another **person** without our written consent. If you should die, we cover:
    a. Your legal representative, but only with respect to your premises and property covered under this policy at the time of death.
    b. Any **person** having proper custody of your insured property until a legal representative is appointed.

8. *Subrogation.* An **insured** may waive in writing before a loss all rights of recovery against any **person**. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

    If we seek an assignment, an **insured** will help us to secure these rights and do nothing to impair them.

    Subrogation does not apply under Section II to Medical Payments to Others.

9. *Conflict of Terms.* If there are terms of this policy which conflict with the statutes of the state where issued, the terms are amended to conform to such statutes.

10. *Policy Fees.* (Applies only if policy is issued by Mid-Century Insurance Company.) If you pay a Policy Fee it is fully earned when the policy is issued. It is not part of the premium. It is not returnable. However, you may apply it as a credit toward policy fees required for other insurance accepted by us.

## RECIPROCAL PROVISIONS
## (Applicable Only If This Policy Is Issued By The Fire Insurance Exchange)

This policy is made and accepted in consideration of your premium payment to us. It is also in consideration of the power of attorney you signed as part of your application and the information you gave to us on your application. Some of your statements actually become a part of the policy which we call "The Declarations."

When you signed the power of attorney authority on your application, you authorized the Underwriters Association to execute interinsurance policies between you and other subscribers.

Nothing in this policy is intended, or shall be construed, to create either:

1. A partnership or mutual insurance association, or
2. Any joint liability.

We may sue or be sued in our own name, as though we were an individual, if necessary to enforce any claims which arise under this policy. In any suit against us, service of process shall be upon the Underwriters Association, Attorney-in-Fact.

Membership fees which you pay are not part of the premium. They are fully earned when you are granted membership and coverage is effective. They are not returnable. However, they may be applied as a credit to membership fees required of you for other insurance which we agree to write.

We hold the Annual Meeting of the members of the Fire Insurance Exchange at our Home Office at Los Angeles, California, on the first Monday following the 15th day of March of each year at 10:00 a.m.

The Board of Governors may elect to change the time and place of the meeting. If they do so, you will be mailed a written or printed notice at your last known address at least ten (10) days before such a time. Otherwise, no notice will be sent to you.

The Board of Governors shall be chosen by subscribers from among yourselves. This will take place at the Annual Meeting or at any special meeting which is held for that purpose. The Board of Governors shall have full power and authority to establish such rules and regulations for our management as are not inconsistent with the subscriber's agreements.



Your premium for this policy and all payments made for its continuance shall be payable to us at our Home Office or such location named by us in your premium invoice.

The funds which you pay shall be placed to your credit on our records. They will be applied to the payment of your proportion of losses and expenses and to the establishment of reserves and general surplus. The Board of Governors or its Executive Committee has the authority to deposit, withdraw, invest, and reinvest such funds. You agree that any amount which the Board of Governors allocates to our surplus fund may be retained by us. Also, after provision is made for all of our liabilities, it may be applied to any purpose deemed proper and advantageous to you and other policyholders.

This policy is non-assessable.

This policy shall not be effective unless countersigned on the Declarations Page by a duly authorized representative of the Company named on the Declarations Page.

The Company named on the Declarations has caused this policy to be signed by the officers shown below.

**FIRE INSURANCE EXCHANGE®**
by Fire Underwriters Association,
Attorney-in-fact

**MID-CENTURY INSURANCE COMPANY®**

Farmers Insurance Co. of Arizona
Farmers Insurance Co. of Idaho
Farmers Insurance Co. of Oregon
Illinois Farmers Insurance Company
Farmers Insurance Co., Inc.
Farmers Insurance of Columbus, Inc.
Farmers Insurance Co. of Washington

*Secretary*

*Vice-President*

WACHOVIA
February 04, 2008                                    Loan Number: 0045099488

NOTICE OF INTENT TO FORECLOSE

002525 M9DLCOTA
Rizalina Abellan
264 Faxon Ave
San Francisco, CA 94112 2214

Property Address: 264 Faxon Ave, San Francisco CA 94112

Dear Rizalina Abellan :

Our records indicate we have not received the last 2 mortgage
payment(s).  This loan is in default and due for the January 01, 2008
payment, and all subsequent payments and late charges.  The total
amount due is $ 4,460.16, which includes $ 103.04 in late
charges.  Charges may also be assessed for any additional amounts
we may incur including, but not limited to, attorney fees, property
tax and insurance payments, property inspections and other assessments.

Payment must be received in the form of a cashier's check, money order
or certified check within 30 days of the date of this notice.  Any
funds received, that are less than the total amount due, will be
considered a partial payment and applied towards the arrearages
due on the delinquent loan.  Application of a partial payment is
not an acceptance in full satisfaction of the delinquent amount
due.  Please mail payment(s) to: Wachovia Mortgage, Cashiering Dept.,
TX1361, P.O. Box 659568, San Antonio, TX 78265-9568.

If you are unable to cure this default, on or before March 05, 2008,
it may result in the acceleration of the sums secured by the Security
Instrument, making the entire loan immediately due and payable. The
lender may seek foreclosure, which may result in the forced sale of
the property. You have the right to reinstate after the acceleration
and the right to bring a court action to assert the non-existence
of a default or any other defense available to the acceleration and
forced sale.

You may have contacted Wachovia Mortgage and made a promise to pay by
a certain date, in order to bring the loan to a current status.
If the promise to pay is fulfilled, please disregard this notification.
If you are unable to make the full promised payment in good funds,
on or before 6:00 p.m. Eastern Time, on the promised date; or if
there is a violation of any other terms of the Security Instrument,
this notice will be kept in full force and effect.

You may be eligible for Home Ownership Counseling through the Housing
and Community Development Act of 1987.  Please call the Community
Development Agency at 800-569-4287.  Section 6050J of the 1984 Tax
Reform Act requires lenders to report foreclosures and abandonments
to the Internal Revenue Service.

Should you have any questions, please contact us at 800-282-3451.
A representative is available to assist you Monday through Friday,
9:00 a.m. to 11:00 p.m., and Saturday, 9:00 a.m. to 6:00 p.m.,
Eastern Time.

Loan Counseling Department
Enclosure(s)
CO726 051 CPI
*NOTICE REQUIRED BY FEDERAL LAW: Please be advised that Wachovia
Mortgage may be attempting to collect a debt.  If you are currently
in bankruptcy or your debt has been discharged in bankruptcy,
Wachovia  Mortgage is only exercising its rights against the property
and is not attempting to hold you personally liable on the Note.

2008-10844
Ref:801110096

# NOTICE OF PENDING LIEN SALE FOR VEHICLE VALUED $4000 OR LESS
(Civil Code Section 3072)

Certified to DMV, # 7007 2560 0001 6395 5097

**NOTE TO THE LIENHOLDER:**
This notice is to be sent to the registered owner, legal owner, Department of Motor Vehicles, and any other person interested in this vehicle, 31 to 41 days before the date of sale (do not count day notice mailed). Send notice certified mail, return receipt requested, or U.S.Postal Service Certificate of Mailing.

EXCEPTION: Notice to the department must be sent by certified mail, return receipt requested.

At least 10 days before the sale, a copy of this notice shall be posted in a conspicuous place on the premises of the lienholder. If the place of the lienholder is not open to the public during business hours or if the sale occurs at a place other than the business office of the lienholder, and if the sale occurs at a place other than the business office, a notice must be posted at the site of the forthcoming sale.

**REGISTERED OWNER**
ABELLAN RIZLINA
264 FAXON AVE.
SAN FRANCISCO, CA  94112

**LEGAL OWNER**

**INTERESTED PARTIES**
Department of Motor Vehicles
Lien Sale Unit
P.O. Box 932317
Sacramento, CA 94232-3170

**TO WHOM IT MAY CONCERN:**
This is to notify you that I intend to sell this vehicle at a Lien Sale (public sale) because my towing, storage or repair bill has not been paid. You may wish to take one of the following actions:
1. Pay my bill and reclaim the vehicle before the sale date.
2. Stop the Sale and dispute the lien in court. You may stop the sale by completing the Declaration of Opposition below and forward this notice to the DMV in the enclosed envelope within 10 days of the date this notice was mailed.
3. Disregard this notice if you no longer own or want this vehicle so I can proceed with the sale. However, if you are the last owner of record, you may be liable for removal and disposition costs and lien not satisfied by sale of the vehicle.

**VEHICLE DESCRIPTION**

| LICENSE NUMBER | STATE REGISTERED | LICENSE EXPIRATION DATE |
|---|---|---|
| 3AIC453 | CA | 05/22/06 |

| MAKE | YEAR | MODEL | BODY TYPE | ENGINE NUMBER (MOTORCYCLES ONLY) | VEHICLE IDENTIFICATION NUMBER (VIN) |
|---|---|---|---|---|---|
| MERCEDES-B | 1972 | 280 SERIES | SD | | 10806712014209 |

**INFORMATION ABOUT MY LIEN**

| DATE VEHICLE CAME INTO MY POSSESSION | DATE OWNER BILLED FOR SERVICES/STORAGE | DATE WORK OR SERVICES COMPLETED | ANY TOWING AND STORAGE WAS AUTHORIZED BY A PUBLIC AGENCY |
|---|---|---|---|
| 01/11/08 | 02/11/08 | | [X] YES  [ ] NO |

The amount based is for my lien and outstanding parking violation bail is:

| STORAGE TO DATE | AT THE RATE OF | PER DAY | TOWING | REPAIRS | PKV VIOLATIONS DTC 22651.1 | COST TO CONDUCT LIEN SALE |
|---|---|---|---|---|---|---|
| $750.00 | $50.00 | $238.75 | $ | $ | $ | $70.00 |

This vehicle will be available for inspection at least one hour prior to the sale.

| DATE NOTICE OF SALE MAILED | DATE OF SALE | HOUR OF SALE |
|---|---|---|
| 02/11/08 | 03/13/08 | 10:00 AM |

**LOCATION OF SALE (STREET ADDRESS)**

| | CITY | STATE | ZIP CODE |
|---|---|---|---|
| PIER 70 | SAN FRANCISCO | CA | 94103- |

**CERTIFICATION**

I hereby certify under penalty of perjury under the laws of the State of California that the information entered by me on this document is true and correct and I have no information or belief that there is a valid defense to the claim which gives rise to the lien.

| DATE | SIGNATURE OF LIENHOLDER OR AGENT ACTING FOR LIENHOLDER |
|---|---|
| 02/11/08 | X SAN FRANCISCO AUTO RETURN |

| LIENHOLDER NAME | TELEPHONE NO. | BUREAU OF AUTOMOTIVE REPAIR # |
|---|---|---|
| SAN FRANCISCO AUTO RETURN by | | |

| ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 450 7TH STREET | SAN FRANCISCO | CA | 94103- |

**AGENT ACTING FOR LIENHOLDER (NAME)**

| | TELEPHONE NO. | REGISTRATION SERVICE NO. |
|---|---|---|
| PAT'S LIEN SERVICE | (415)865-8200 | 02146 |

| ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| PO BOX 2189 | LIVERMORE | CA | 94550- |

**DECLARATION OF OPPOSITION**

**TO: DEPARTMENT OF MOTOR VEHICLES**
Please stop the lien sale of this vehicle because I wish to contest the claim of the lienholder. I understand the lienholder may file an action in court and if judgment is given in his/her favor, I may be liable for the court costs. The address at which may be served or notified in person of any court action is:

| PRINT TRUE FULL NAME | TELEPHONE NUMBER |
|---|---|
| | ( ) |

| ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE INFORMATION ENTERED BY ME ON THE DECLARATION HEREON ARE TRUE AND CORRECT.

| MAILING ADDRESS IF DIFFERENT FROM ABOVE | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

| SIGNATURE | DATE |
|---|---|
| X | |

**ATTENTION:** This Declaration of Opposition will not be valid unless you have signed, provided your true full name and a valid address. If the lienholder is unable to serve you with a court action, he/she will be allowed to continue with the lien sale (Civil Code 3072).

REG 668 (REV. 1/99)     *www.ezSoftware.com*

2008-10844

Possessory Lienholder

**SAN FRANCISCO AUTO RETURN**
**450 7TH STREET**
**SAN FRANCISCO, CA 94103**

Telephone Number **(415) 865-8200**

| | Control Number | Date of Possession | Notice Date |
|---|---|---|---|
| | 2008-10844 | 01/11/08 | 02/11/08 |

Last Registered Owner or transferee of record

ABELLAN RIZLINA
264 FAXON AVE
SAN FRANCISCO, CA 94112

| Fees charged to vehicle | | |
|---|---|---|
| Towing.........................$ | 238.75 | |
| Storage at the rate of................$ | 50.00 | Per Day |
| Lien Processing.........................$ | 70.00 | |

| Vehicle Description | STATE | LICENSE NUMBER | VEHICLE IDENTIFICATION NO. | | |
|---|---|---|---|---|---|
| | CA | 3AIC453 | 10806712014209 | | |
| | YEAR | MAKE | MODEL | | STYLE |
| | 1972 | MERCEDES-BENZ | 280 SERIES | | SEDAN |

## ATTENTION REGISTERED OWNER: YOUR CREDIT FILE MAY BE AFFECTED

California Civil Code Section 3068.2 states that you are liable to us for the total charges and fees, (towing, storage and lien processing), less the amount we receive from the sale of this vehicle.

It is important that you reclaim your vehicle as soon as possible since storage charges are accumulating daily. If you do not reclaim your vehicle prior to our lien sale, you may be liable to us for up to 60 days storage cost, plus fees shown above for a total of **$3308.75**, less the amount we receive from the sale of this vehicle. We may refer our deficiency claim to a collection agency if you do not act soon.

## IF YOU ARE NOT GOING TO RECLAIM YOUR VEHICLE, YOU CAN PARTICIPATE IN OUR AMNESTY PROGRAM

If you pay us **$588.75**, (towing fees plus 7 days storage), **before** the date we conduct a lien sale we will waive our deficiency claim. If you would like to take our offer, sign the statement at the bottom of the letter and bring it, along with any title or other paperwork you have for this vehicle, to our office address shown above along with the Amnesty amount you are paying. If you fail to act before our lien sale is completed, you will no longer be eligible for this Amnesty offer. Save your credit standing and act now.

Remember, your options are:
1. Pay your bill and reclaim this vehicle.
2. Pay us **$588.75**, (towing fees plus 7 days storage), and relieve yourself of further liability when we receive title to this vehicle and sell it.
3. Do nothing and face a collection agency for our deficiency claim. You will owe us for the total charges, (including: towing, lien processing costs, and up to 60 days storage cost), less the amount we receive from the sale of this vehicle.

---

Ref: 801110096

## AMNESTY OFFER

Control Number
2008-10844

I agree to pay the lienholder, **SAN FRANCISCO AUTO RETURN**, the sum of **$588.75**. The lienholder, upon receipt of this payment, agrees to waive any remaining deficiency claim that they will be entitled to when they receive title to this vehicle and it is sold.

| DATE | SIGNATURE OF VEHICLE OWNER |
|---|---|
| | X |
| DAYTIME TELEPHONE NUMBER | PRINT TRUE FULL NAME |
| ( ) | |
| DATE | SIGNATURE OF LIENHOLDER |
| | X SAN FRANCISCO AUTO RETURN |

 

# FAMILY HEALTH CENTER

**SAN FRANCISCO GENREAL HOSPITAL MEDICAL CENTER**
**995 PORTRERO AVE      SAN FRANCISCO, CA 94110**
**Tel. 415-476-5252**

Dear Rosalina Abellan:

I want to thank you for the trust you have had in me as your doctor. It has been an honor for me to care for you and your family and you have enriched my life.

I am writing let you know that you that I am taking a new job and I will no longer be working at the Family Health Center.  I have transferred your care to another doctor or nurse practitioner at the clinic. As of today your new primary care provider will be, Jennifer Kanenaga, NP.  Many of you have already seen other doctors at the clinic and I tried to honor those new relationships by transferring you to someone that you already know.   I did my best to choose a new doctor for you who I believe will work well with you and give you the best care possible.

If there is a different doctor or nurse practitioner at the Family Health Center whom you would like to see, please let Dr. Hali Hammer know by calling her at (415) 206-5122. If another person in your family was transferred to another doctor or nurse practitioner by mistake, please let us know that so that you all can see the same doctor.

If you would like to make an appointment to see your new doctor soon, please call Ana at (415) 206-6530. If you do not reach Ana, you can leave a message for her.

Please call me if you want to talk about any of your concerns.  I want you to know that this has not been an easy decision.  I will miss you and want to thank you for sharing this part of your life with me.

Sincerely,

Elena Tootell, MD
Family Health Center
(415) 206- 6497 option 7



COMMUNITY HEALTH NETWORK
DEPARTMENT OF PUBLIC HEALTH
CITY & COUNTY OF SAN FRANCISCO

FAMILY PRACTICE RESIDENCY PROGRAM
UNIVERSITY OF CALIFORNIA, SAN FRANCISCO

MC-950

| | | CASE NUMBER |
|---|---|---|
| PLAINTIFF/PETITIONER: *Rizalina Abella Et. al.* | | |
| DEFENDANT/RESPONDENT: *Superior ct of San Francisco* | | *No. C08-0252 SI* |
| OTHER: *atty Gary Silverman & Fire* | | |

*Insurance Exchange, Phoebe Kwong, S.F. Sheriffs Dept.*

## PROOF OF SERVICE BY FIRST-CLASS MAIL

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):* *71 Tioga St. S.F. Calif 94134*

2. I served copies of the *Notice of Limited Scope Representation* (form MC-950) by enclosing each of them in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☒ deposited the sealed envelopes with the United States Postal Service.
   b. ☒ placed the sealed envelopes for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. Copies of the *Notice of Limited Scope Representation* (form MC-950) were mailed *at onon Saga Branch*
   a. on *(date):* *2/20/08*   *U.S. Postal Service S.F.*
   b. from *(city and state):*  *Calif 94117*

4. The envelopes were addressed and mailed as follows:
   a. Name of person served: *atty Gary Silverman* — Name of person served: *Fire Ins Exchang,*
      Street address: *Rosellen Sheldon*  Street address: *PPC Rin Oklahoma*
      City: *7675 South Hill Rd. Suite 7*  City: *city Oklahoma 73126 -*
      State and zip code: *Novato Calif 94945*  State and zip code: *8994*

   b. Name of person served: *Miss Phoebe Kwong*  Name of person served: *S.F. Sheriffs Dept.*
      Street address: *1889 Crest ave curted*  Street address: *RM 456 city Hall*
      City:   City: *S.F. Calif 94107*
      State and zip code: *Vallejo Calif 94590*  State and zip code:

   ☒ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing and all attachments are true and correct.

Date: *2/20/08*

*Robert V. Roth*
_____    ▶    _____
(TYPE OR PRINT NAME OF DECLARANT)         (SIGNATURE OF DECLARANT)

NOTICE OF LIMITED SCOPE REPRESENTATION

Page 3 of 3

## NAMES AND ADDRESSES OF PERSONS
## NOTICE WAS MAILED

1. Rizalina Abellan, Daughter, adult, 264 Faxon Street, San Francisco, Ca 94112

2. Antonio Abellan, Son, adult, 57 Luassane Avenue, Daly City, Ca 94014

3. Restituto Abellan, Sr., son, adult, 23246 Jorgensen Lane, Hayward, Ca 94541

6. Rosevilla Galzote, daughter, adult, 101 Pope Street, San Francisco, Ca 94112

7. Romeo Abellan, son adult, 101 Campbell Avenue, San Francisco, Ca 94134

8. Roseller Abellan, son, adult, 13400 Twin Cities Road, Herald, Ca 95638

9. David Abellan, son adult, 101 Campbell Avenue, San Francisco, Ca 94134

10. Marilyn Abellan, daughter, adult, 2184 Pyramid Dr., Richmond, Ca 94803

11. Rosemary Abellan Bautista, daughter, adult, 101 Campbell Ave., SF. Ca 94134

12. Pepsi Abellan, daughter, adult, 340 Naple Street, San Francisco, CA 94112

13. Alicia Abellan Levita, daughter, adult, 19-A 11th Str. West Rembo., Manila, Philippines

14. Gary Lieberman, attorney, 60 East Sir Francis Drake Blvd, S-286, Larkspur, California 94939

15. Superior Court, 400 McAllister Street, San Francisco, Ca 94102

16. court of appeals 350 McAllister St. S.F. calif. 94102

17. Supreme court of california 350 McAllister St. S.F.CA

18. District court of calif. (Northern) 450 Harrington ave. S.F. calif. 94102

19. Sheriff Dept of San Francisco from the city Hall S.F. CA 94102

Respectfully submitted
Rizalina Abellan
415-992-1889