IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RIZALINA ABELLAN,<br><br>        Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF CALIFORNIA, et al.,<br><br>        Defendants.<br>                                                    / | No. C 08-00252 SI<br><br>**ORDER DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |

      Now before the Court is plaintiff's third amended complaint, filed on April 4, 2008. For the reasons set forth below, the Court hereby DISMISSES plaintiff's complaint without leave to amend.

**BACKGROUND**

      Plaintiff Rizalina Abellan has filed a complaint against the Superior Court of California, an attorney who opposed her interests in a prior state court proceeding, her brother, Roseller Abellan, the Sheriff's Department of San Francisco, Farmers Insurance, and an individual named Phoebe Kwong. Following the filing of her original complaint, plaintiff filed a first amended complaint on February 2, 2008, and subsequently filed a second amended complaint on February 20, 2008. In its February 28, 2008 Order, this Court granted plaintiff's request to proceed *in forma pauperis* ("IFP"), but dismissed all three versions of plaintiff's complaint with leave to amend. *See* Docket No. 13. As noted in the prior order, plaintiff appears to bring suit against these defendants in an attempt to appeal an unfavorable state court ruling. Plaintiff's various complaints mention claims for fraud, obstruction of justice, attorney malpractice, civil RICO, Title VII, and possibly other statutes, though it is unclear what plaintiff's complaints actually allege. What is clear is that plaintiff takes issue with the state court's handling of

her prior lawsuits.

## LEGAL STANDARD

IFP applications are reviewed under a two-part analysis under 28 U.S. C. § 1915. This analysis looks first to whether a plaintiff meets the requisite financial status to be permitted to proceed in federal court without first paying a filing fee. 28 U.S.C. § 1915(a)(1). The second stage of the analysis examines a plaintiff's complaint to ensure that it states cognizable, non-frivolous claims. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Court may, "at any time," dismiss an IFP claim if it determines that "the allegation of poverty is untrue," or the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995) (noting that a court may dismiss an action under § 1915 if the "complaint neither identifies any constitutional or statutory right that was violated nor asserts any basis for federal subject matter jurisdiction . . .").

Courts treat the second prong of the analysis similarly to a motion to dismiss filed by a defendant. If it is "clear that no relief could be granted under any set of facts that could be proved consistent with the [plaintiff's] allegations," then it is proper to dismiss an IFP. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989) (applying standard of review for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)). Also similar to a motion to dismiss, all material allegations in an IFP complaint are taken as true and construed in the light most favorable to the plaintiff. *See NL Ind., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A pro se litigant bringing an IFP suit is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment could cure the defect. *See Cato*, 70 F.3d at 1106.

## DISCUSSION

Having previously granted plaintiff's IFP request, the Court now may review plaintiff's third amended complaint to determine whether it states a cognizable cause of action against defendants. 28

U.S.C. § 1915(e)(2). As stated in the Court's prior order, plaintiff's prior complaints primarily sought review of state court decisions, and strongly suggested that this Court could not exercise subject matter jurisdiction over plaintiff's complaint because there was not complete diversity between the parties and because she had failed to allege any causes of action arising under federal law. *See* February 28, 2008 Order, Docket No. 13. Plaintiff's third amended complaint, self-styled as a "Rejection for Dismissal of my Complaint," does nothing to remedy the deficiencies of her prior complaints. This complaint, like the prior complaints, fails to clarify what causes of action plaintiff seeks to present to the Court and what facts underlie these causes of action. Moreover, it fails entirely to address whether this Court has jurisdiction over the case, and continues to indicate that the parties are not diverse and that plaintiff's claims arise under state law. Accordingly, plaintiff's complaint fails to state a claim upon which relief can be granted, is frivolous, and must be DISMISSED. Because, after four complaints, plaintiff has been unable to explain why this Court has jurisdiction or what claims she is bringing, it is clear to the Court that the deficiencies of plaintiff's complaint cannot be cured by further amendment. *See Cato*, 70 F.3d at 1106. The Court therefore DENIES plaintiff leave to file a fourth amended complaint.

## CONCLUSION

For all of the foregoing reasons, the Court DISMISSES plaintiff's third amended complaint WITHOUT LEAVE TO AMEND [Docket No. 22]. The Court also DENIES AS MOOT the motion to dismiss filed by defendant Fire Insurance Exchange [Docket No. 28].

**IT IS SO ORDERED.**

Dated: April 28, 2008

_____
SUSAN ILLSTON
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RIZALINA ABELLAN,

        Plaintiff,

v.

SUPERIOR COURT OF CALIFORNIA et al,

        Defendant.

Case Number: CV08-00252 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 29, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rizalina Abellan
264 Faxon Ave
San Francisco, CA 94112

Dated: April 29, 2008

        Richard W. Wieking, Clerk
        By: Tracy Sutton, Deputy Clerk