IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 08-252 SI

| | |
|---|---|
| RIZALINA ABELLAN, | Case No. C02252 SI |
| Plaintiff | Leave of Court to amend. |
| Vs. | Notice of Motion for separate |
| SUPERIOR COURT OF CALIFORNIA | Trial of Special Defense |
| ATTY. GARY LIEBERMAN | C.C.P. 597 And Vacation of |
| FIRE INSURANCE EXCHANGE | Order of Denial. Separate |
| MISS PHOEBE KWONG | Trial of Defense as to |
| SAN FRANCISCO SHERIFFS DEPT. | Bifurcation Code of Civ. Proc. |
| Defendants. | 1048 (b. Trial Courts of |
| | Proof Evd. Code Section 320. |
| | Priviledge separately triable |
| | to all causes of action for |
| | separate trial by Jury as to |
| | illegal contract. As to special |
| | affirmative Defense Civ. Proc. |
| | Sub Sec. 632, 634 Rules of Ct. |
| | 3.1590 C.C.P. section 597, as |
| | to evidentiary priviledge. |
| | Disqualification of a Judge, |
| | C.C.P. 170.1,3,6,7 Canon 3b1, |

- 1 -

Canon (b), 6.d (2) (b) (c), Canon 3b (3 and 4) Privilege as to Constitutional Amendment 4, Art. III. Seizure as to RICO Act, Undue Influence, Title VII-1983. Bints of Mind. Quash Service of Summons for Denial.

---

Complaint to set aside denial based on another action pending pursuant to Code of Civ. Proc. Section 430.10 (Code of Civ. Proc. Section 597). Enactment of Govt. Coded section 946.6 as attempt by legislative to eliminate trap for unwary and ignorant claimant against public entity and to alleviate harshness of strict compliance with claim presentation period by lay person such as myself citing Moisel v. San Francisco State University (1982) 134 Cal. as to debtor's a fraudulent conveyance is void and the legal as all as the equitable title remains in the grantor citing my case Sup. Ct. 289338 in my possession and should be restored, see: Byrd v. Hall, 227F, 537, 142 C.CA 169 affirming D.C 1913, 211 F. 182.

A fraudulent conveyance of Attorney Gary Lieberman and Roseller Abellan violates amend four of the constitution's illegal seizure title Remains to Plaintiff Rizalina Abellan and the legal as well as the equitable title remains to me. Void as to purchaser Phoebe Kwong and fraudulent Roseller Abellan and

- 2 -

1  Gary Lieberman, a Judgment debtor. As to Roseller Abellan,
2  Plaintiff claim to inequity in a position for affirmative
3  relief. As defendant so conveyed in fraudulent. One land is
4  liable to its whole extent As I am garnishee amounting to
5  fraudulent conversion. It was proper to change liable not only
6  for collections of bills receivables but also for the value of
7  those remaining in their hands to an amount equal to plaintiffs
8  claim as to damages pre-judgment remedies all cost incurred
9  compensatory damages and mental and emotional distress, see:
10 Klein v. Huffheimer, 10 S. Ct. 130, 132 U.S. 367, 33L. ed. 373.
11     Where fact of fraud in creditor is established under the
12 court of equity for fraud, theft, felony, perjury, contempt of
13 court is suit at law, buyer Phoebe Kwong. Buyer losses property
14 without reference to amount of application should be restored.
15 Property as it existed without references to amount of
16 application of what she has paid and she can have no relief
17 either at law or in equity, Clements v. Moore, 73 US 299, 6 Wall
18 299, 18 L. ed. 786. Equity will give such a creditor a lien
19 upon the premises for that amount, Davill v. Applegate 7F.881
20 C.C. br. 1881 as to Attorney Gary Lieberman, Roseller Abellan as
21 to persistent violation of Federal Law, constitutional
22 application of amend it as to Article III. Impeached by either
23 them or existing creditors C.C.A. Mass 1926, Petition of Allen
24 IF.2d. 209. Successors in interest within statute making
25 conveyances in interest include assignee, Civil Code section

1   3439 D.C. Col. 1926, Bair v. Rodrick II F 2d. 984. Such
2   conveyance to be set aside as fraud. It appeared that the
3   plaintiff had bought the property at a sale upon a Judgment in
4   his favor, held that this sale upon was satisfaction of his
5   claim, Walker v. Powers, 104 U.S. 245 26 L. Ed. 729.
6        Personal bias or prejudice if trial Judge which serve as
7   grounds for disqualification under 28 U.S.C.S section 144 and
8   USCS section 455 (b) (i) as to extrajudicial origin. As my
9   allegation therein are ture. In re Turner (1987, SCSD Ohio) 69
10  BR95 as to bend of mind of Judge or in favor of my opponent
11  defendants due to their status as State Court, Insurance Co.
12  Atty. Gary Lieberman and Phoebe Kwong subjected to searches and
13  seizure of mistake and accusability under my Constitutional
14  Rights, Freedom of Speech amend I, Article V of the
15  Constitution, Equal Justice to Justice Act under my 14th
16  amendment that prevented the access through dismissal and alibi
17  of Leave of Court that impede impartiability of Judgment and I
18  was already within the Courts of Jurisdiction to show scapegoat
19  and interference with the case on the merits and equity as to
20  facts and controversy. Such prejudice exist under 42 U.S.C.
21  section 1983, access under Unruh Act for accommodation, waited
22  for timing to sabotage as to denied or dismissal are
23  obstruction of justice abuse of process and are contemptuous
24  subject to disqualification and recusal of justice must prevail
25  as affiant is Prose Litigant, subjected as to harsh punishment,

1  subject to affidavit is in support to impartiability as bent of
2  mind is closed to justice as to complaint on the merits, support
3  in favor of opponent F.I.E., Superior Ct. Sheriffs Dept. and
4  Phoebe Kwong are an attack on the U.S. citizens without
5  consideration of Constitutional claim are impeachable subject
6  to disqualification and recusal as I am violated and profiled
7  as minority violated access to the Court based on my
8  constitutional rights.  Right on the merits, family support,
9  charge of bent of mind. Its duty to allow recusal and
10 disqualification courts are "We the People" , such is a personal
11 bias.  My assertion and Freedom of Speech are privileged that is
12 bound by constitutional rights and not treated as personal,
13 citing my court files and complaints are true facts, ripeness,
14 justiceability was against complainant favoritism against
15 defendant's general attitude common to general public. United
16 States v. Nehas 1973 WD Pa. 368 Supp. 435 as to Ethnic
17 sociological or other extrajudicial grounds.  U.S. v. Garramone
18 (1974, Ed.) PA. 374 F. Supp. 256 as suggestion of non-payment of
19 waiver of fees supported with evidences, defendants were issued
20 Summons and then retracted so personal as reaching for any
21 mistake as to Techria collities and is waiting for defects and
22 cured Sua Sponte recusal under 28 U.S.C.S. sec.144 .  Judge must
23 not proceed any further where under 28 U.S.C.S. section 144
24 disqualifying affidavit is filed as to complainant of denial
25 access to court.  Elemental court procedures were cured Turner

v. American Bar Asso. (1975, D.C. Tax) 407 Supp. 451. Subject of complaint are legal sufficiency in to legal affidavit and statutory standard. U.S. v. Baker (1977) M.D. Tenn.) 441 F. Supp. 612 Prejudice run toward party and that is extrajudicial. See: Davis v. Board of School Comm'rs (1975 CA. 5 Ala. 517 F. 2d. 1044, 21 FR. Serv 2d. 763 reh. Den. (1975, CA 5 Ala.) 52 F. 2d. 818 and Cert. den. (1976) 425 US 944, 48 L. Ed. 2d. 183 95 S. Ct. 1685. Decisions interpreting language of denial has personal bias or prejudice in 28 sec. U.C.S. section 144 are controlling in interpretation on 28 U.S.C.S sec. 455 (b) (c) U.S. v. Olander (1978, CA 9. Wash) 584 F.2d. 876, vacated (1979) 443 U.S. 914, 61, L. Ed. 2d 878, 99 S. Ct. 3104 99 S. Ct.3105 citing my complaint of denial be vacated , illegal search and seizure for alibis, technicalities when merits and justiceability had been proven subject to Anti-SLAPP statute. Because of bias, discriminatory suppression of evidence under evidence as to her denial amend 4, amend I, Artcle III of the Constitution order must be vacated as to obstruct justice based on favoritism access constitutional grounds and assertion under the Law and Equity Rules. Made mandatory and jurisdictions Abelleira v. District Court of Appeal (1941) 17 Cal. 3d. 280, 291, 109 P. 3d 942. Subject due to process requirement duty in favor of the Plaintiff may be entered only by a court having jurisdiction  consistent with Federal due process (Hirseh v. Blue Cross, Blue Shield of Kansas City (9th Cir) 1986, 800 F. 3d

1  1474,1477.  Subject to my case in Ram and in Personam must
2  comply with due process requirements regarding personam or
3  action or Rem in decions that must be evaluated as to minimum
4  contact standard.  See: Shuffer v. Heitner (1977) 433 U.S. 186,
5  199 N. 17 207, 97 S. Ct. 256953 L. ed. 2d. As apply to Federal
6  actions under due process Law of fifth and 14th amendment to the
7  U.S. Constitution Notice and opportunity to be heard and not by
8  denial of access are essential ingredients of due process See:
9  Hanseon v. Deneda (1958) 357 U.S. 235, 245, 185 Ct. 1228 2 L.
10 Ed. 3d. 1238 due process required in all types of action
11 defending on the nature of the judgment sought.  Complainant
12 have standing to sue violates of 2 U.S.C. 1983 demonstrated this
13 violation under this United States codes as to fairness 28
14 U.S.C.S. 157 as to due process _____
15 rights and liabilities of Grantees as creditors property taken
16 from Plaintiff's possession violates amend 4 illegal seizure
17 with out consult constituted no defense against defendants
18 proceedings in the Lower court legally binding on the merits and
19 issuance of Prohibition and Remititur ends the Litigation and
20 filling again of case and subject to vexations litigant fraud
21 and obstruction of justice subject of impeachable, perjury,
22 contempt of court of the Superior Court Atty Leiberman of undue
23 influence as to abuse of process subject to Disbarment and court
24 are subject to rule of equity practice rule 29, 30, 33, 28, U.S.
25 DA fall Section 823 See:  Churchward International Steel Co. v.

1  Bethlehem Steel Co. 223 F. 322 not to strike or denied where
2  controversy and facts are meritorious not subject to
3  technicalities. As it conform to complaint and proof.
4  Violation of Judicial code Section 268, 286 U.S.CA Section 385,
5  U.S. v. Lands, 97 F. 3d 378 officer of the court is Bent of mind
6  advice was given otherwise than in good faith and the discharge
7  of their duty is discriminatory as to abuse of process
8  discretion. In re ____23 S. Ct. 718, 190 U.S.I, 47 L. Ed. 933.
9
10 Judgment and relief as privilege in equity admiralty claims
11 under Rule A action "Rem" to properties in possesetory in Rem as
12 to condemnation proceedings such to my action by attachment,
13 garnishment, prejudgment remedies for crimes committed civil and
14 criminal in accordance with state law.
15     An attack as being unsupported by the evidence (See:
16 section 5.18-5.22) by Cal. Court Article VI, section 13 when
17 error is assigned See: Sub. Section  5.29 - 5.39 when there is
18 and error requiring reversal without reasonable doubt as to
19 despicable Fraud Illegal Seizure based on constitutional law
20 amendment 4 of the constitution as to article III of the
21 constitution are subject to reversal and relief under C.C.P.
22 473, 473 (B) as demonstrated error as supported by substantial
23 evidence that the court abuse its discretion, process it was
24 prejudicial and did result in miscarriage of justice as to amend
25 4. Bound by Article III The General Rule is affirmance not to

1  sabotage or Scapegoat as to access to court as to Prose Litigant
2  or as to agent for Good cause as Proxy Litigant as Emergency
3  Causes arise and the Law is based on statutory rule code,
4  constitutional Law and Calif. Constitution such affirmance ends
5  the litigation as to appeals court's decision.
6      The Pleader is entitled to further relief in Gemane to the
7  original pleadings or demurers subject to affirmance and relief
8  should be granted C.CA III 1938 See: Connett v. City of Jersey
9  Ville 96 F. 3d 392 In order that we can enjoy the fruits of
10 victory in the suit and none lessee so there is a final
11 termination of the case District Court has the power to present
12 it's own process from working injustice and this power must be
13 invoked.  It is addressed to the court an Equity cause
14 Permitting amendment is controlled by the Rules of Equity
15 Practice 29, 30, 33, 38 U.S.CA Foll Section 724 motion or answer
16 to strike or denial of such defense is inapplicable D.C. PA 1915
17 Churhward Intel. Steel Co v. Bethlehem Steel Co. 233 F. 322
18 subject to article in of the constitution are subject to
19 reversal and relief C.C.P. 473 473(H) as to substantial evidence
20 evid. Code 115 C.C.P. 791.
21     Cal. Constitution Article XX Section 3 and statutes to
22 those office are duties as to the truth of testimony See: E.G.
23 Evid. code 791 as to C.C.P. Section 2094 affirmation as to
24 joined action C.C.P.    389.5 Recovery of Property which is
25 subject of the action under C.C.P. 389.(a) C.C.P. 3399 for

1 compensatory and punitive damages permissive to parties joined.
2 Notices of Process under C.C.P. sub-section ____app. 3d. 689,
3 694-695,184 Cal Rptr. 694 right to recovery for fraudulent
4 conveyance as a common law right which exist independent of
5 statute.     See:    D.    CHE    1932    Hadlock    v.
6 Eris, 23 F. Supp. 692.

7     Honorable Judge Susan Illston cannot set aside a nor
8 dessert my case because my right really fall and exist within
9 the District Federal Jurisdiction independent and common law
10 right that & asserts under amend 4, amend I article I & III
11 which exist independent of statute and denied in obstruction of
12 justice violates equal rights under my 14th amendment 5th is the
13 constitution.  The court take it too personal and it should not
14 be the case.  Subject to U.S.CA constitutional amend 1, gives me
15 the right to trial by jury in actions at law. U.S. v. Ingate 48
16 F 251 courts will not go beyond issues not contained action the
17 frame world of pleadings and evidence. Knematzer v. U.S. (1944)
18 323 U.S. 21489 L. . Ct. 193 red. Den (1745) 324 U.S. 88389 L.
19 Ed. 1435.65 S. Ct. 674 Enroadment of such probation of
20 constitutional appears and denial of legislative act should not
21 be denied unless its unconstitutionality appears doubtful and
22 such ruling is necessary for disposition as to constitutional
23 guarantee.

**Waiver of Objection Raised by Demurers and Answer**

Findings of fact and conclusion of law on all issues if required see: code proc. 1111632, 634 and cal. Rules of ct. rule 3.1590 including special defense and Judgment is entered accordingly and the entire matter is receivable on appeal. Judgment including findings of facts and conclusions of Law of desired see: C.C.P. 111632, 634 and Rules of Ct. 31590.

Statement of the Decision be issued judgment should be entered thereon on the same matter or manner and with the same effect as if the issues in the case had been tried at one time (C.C.P. 11597) issues, discoveries dictate whether a noticed motion is necessary and whether my motion is properly brought before the same judge that presided at the trial of the special defense. Standing Trial Court delay reduction act. Government code section 68600 et. Seq. as ultimate resolution of litigation. Government code 111168605.5.68, 607, 686 3d (a) as to judge council standard as to pleadings, discovery, amendments as to merits Cal. Rules of ct. ruled 3.715 as claimee meritorious as to judicial council standard for disposition as all was filed subject to trial or trial de novo. Subject to Canon 3 B (1) as to administration of justice 6 D (2)(B) 8 (C) as to public confidence Canon (2) as to courteous treatment 3 B (3)(4) wherefore complainant Rizalina et.al prays for

- 11 -

prejudgment remedies on filed and the following:

1. Compensatory damages on file $2,000,000.00;

2. Exemplary $1,000,000.00

3. Restitution or restoration of property valued appraisal $349 x 3 $1,400,000.00

4. Cost lawsuit $80,000 and or as the courts deems proper.

## VERIFICATION

I Rizalina Abellan, declare under the penalty of perjury under the Law of State of California that the foregoing is true and correct.

Dated: June 25, 2008

Respectfully,

*Rizalina Abellan* (signature)

Rizalina Abellan
In Propia Persona

- 12 -